1 | PATRICK M. RYAN (SBN 203215)
      *pryan@bzbm.com*
2 | STEPHEN C. STEINBERG (SBN 230656)
      *ssteinberg@bzbm.com*
3 | P. CASEY MATHEWS (SBN 311838)
      *cmathews@bzbm.com*
4 | BARTKO ZANKEL BUNZEL & MILLER
   | A Professional Law Corporation
5 | One Embarcadero Center, Suite 800
   | San Francisco, California 94111
6 | Telephone: (415) 956-1900
   | Facsimile:  (415) 956-1152
7 |
8 | Attorneys for Plaintiffs NICKY LAATZ and
   | NICKY LAATZ CREATIONS UK LTD.
9 |

10 | UNITED STATES DISTRICT COURT

11 | NORTHERN DISTRICT OF CALIFORNIA

12 | SAN JOSE DIVISION

13 |

14 | NICKY LAATZ and NICKY LAATZ
   | CREATIONS UK LTD.,
15 |
   |                 Plaintiffs,
16 |
   |        v.
17 |
   | ZAZZLE, INC. and MOHAMED ALKHATIB,
18 |
   |                 Defendants.
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

Case No.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**

**1. FRAUDULENT MISREPRESENTATION, CAL. CIV. CODE § 1572
2. FRAUDULENT CONCEALMENT, CAL. CIV. CODE § 1572
3. PROMISSORY FRAUD, CAL. CIV. CODE § 1572
4. INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS
5. FEDERAL COPYRIGHT INFRINGEMENT, 17 U.S.C. §§ 101
6. FEDERAL TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114
7. BREACH OF CONTRACT**

**[DEMAND FOR JURY TRIAL]**

Plaintiffs Nicky Laatz and Nicky Laatz Creations UK Ltd. (collectively, "Nicky Laatz"), by and through their attorneys, Bartko Zankel Bunzel & Miller, for their Complaint against Defendants Zazzle, Inc. ("Zazzle") and Mohamed Alkhatib ("Mr. Alkhatib"), allege as follows:

## I.   <u>INTRODUCTION</u>

1.      Zazzle is an enormously profitable business worth up to $2 billion, built on a lie that it supports, promotes, and fairly compensates artists and designers for their creative work. In reality, Zazzle's high valuation and hundreds of millions of dollars in annual profits are largely due to the intellectual property of designers whom Zazzle has stolen from and failed to properly compensate, if at all. Nicky Laatz is one such victim whose custom premium fonts were brazenly stolen by Zazzle, which it then unlawfully profited by allowing tens of millions of designers and customers to access and use Nicky Laatz's popular fonts without any compensation to her.

2.      Zazzle promotes itself as a one-stop platform for online design and on-demand production of customized products in over a thousand different product and design categories.

3.      Zazzle claims that its business supports artists and designers by allowing them to focus on designing products while Zazzle does all the back-end work, including ensuring that designers whose works are offered on Zazzle are properly compensated through royalty payments.

4.      Custom fonts and the software used to implement custom fonts on computers are widely used in graphic design, including on invitations, business cards, signs, websites, and other applications. Artists and designers like Nicky Laatz commercialize custom fonts by designing the letters for a new font, creating software to implement the font on computers, and licensing this software to users who wish to use the custom font for their own purposes. But the unauthorized use of such font software without, or in violation of, a license represents a growing threat to the livelihood of artists and designers who create and depend on the income from these font creations.

5.      Nicky Laatz is one of the leading custom premium font designers in the world.

6.      Accordingly, in late 2016, Zazzle attempted to obtain a very broad license to use three of Nicky Laatz's fonts—the Blooming Elegant Trio—on Zazzle's servers, in order to make the fonts available to all of its designers and customers, but Zazzle failed to obtain such a license.

7.      Based on information and belief, Zazzle believed that obtaining a license to use

1   Nicky Laatz's fonts and offering them to Zazzle's customers would drive up Zazzle's profits.

2   8.   Thus, months after failing to obtain an appropriate license, on or about May 4,

3   2017, Zazzle directed its Senior Network Engineer, Mr. Alkhatib, to secretly purchase a one-user

4   (also known as a single "seat") license for the Blooming Elegant Trio in his own name.

5   9.   After Mr. Alkhatib surreptitiously obtained the Blooming Elegant Trio font

6   software for Zazzle, Zazzle improperly copied the software onto its servers, used the fonts on its

7   website, and made them available to all of its hundreds of thousands of designers and tens of

8   millions of individual users until at least early August 2022.

9   10.   This is not an isolated occurrence, as Zazzle has engaged in similar illegal conduct

10   toward other designers of custom fonts whose fonts have also been exploited by Zazzle without

11   compensation to the designers.

12   11.   The Blooming Elegant Trio became some of Zazzle's most popular fonts among its

13   designers and individual users.

14   12.   For instance, Blooming Elegant was listed as Zazzle's #2 handwriting font from

15   May 2019 through at least August 2022.

16   13.   Zazzle's most successful commercial designers, who have each sold hundreds of

17   thousands of dollars in goods through their own Zazzle storefronts, overwhelmingly picked

18   Blooming Elegant as the font for their top products designed and sold on Zazzle, likely unaware

19   that Zazzle was illegally allowing them to use the Blooming Elegant Trio without a license.

20   14.   Even though Nicky Laatz put Zazzle on notice on or about August 26, 2020 that it

21   was illegally using her font software, Zazzle continued violating Nicky Laatz's intellectual

22   property rights without abatement, while reaping massive profits from these violations.

23   15.   For nearly two more years after being put on notice, through at least early August

24   2022, Zazzle continued actively promoting Nicky Laatz's Blooming Elegant Trio of fonts to its

25   millions of users, and offering numerous designs and customizable products using the fonts.

26   16.   Since making the Blooming Elegant Trio available to Zazzle's users, based on

27   information and belief, ***Zazzle has made hundreds of millions of dollars in profits from designs***

28   ***and sales of products using the Blooming Elegant Trio font software***.

17.     In sum, Zazzle built a $2 Billion business by stealing intellectual property from artists and designers—the very people Zazzle claims to support and help. In this lawsuit, among other things, Nicky Laatz seeks the disgorgement of the hundreds of millions of dollars in profits that Zazzle obtained using her stolen intellectual property, and recovery of full damages, including compensatory damages and unjust enrichment.

18.     Nicky Laatz also seeks injunctive relief to protect her intellectual property rights and to enjoin Zazzle from further unlawful and infringing conduct.

## II.     THE PARTIES

19.     Plaintiff Nicky Laatz is an individual residing in Launceston, United Kingdom.

20.     Plaintiff Nicky Laatz Creations UK Ltd. is private limited company incorporated under the laws of the United Kingdom and headquartered in Truro, United Kingdom.

21.     Defendant Zazzle, Inc. is a California corporation with its principal place of business at 1200 Chestnut Street, Menlo Park, California, 94025.  Zazzle is rumored to be preparing for an IPO with an initial valuation of up to $2 billion.

22.     Defendant Mohamed Alkhatib is an individual residing in Campbell, Santa Clara County, California.

## III.     JURISDICTION AND VENUE

23.     This action arises under the Copyright Act, 17 U.S.C. §§ 101 *et seq.* and related causes of action. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338(a) and (b).

24.     This action also arises under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act") and related causes of action. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a), and 28 U.S.C. §§ 1331 and 1338(a) and (b).

25.     This Court has supplemental subject matter jurisdiction over the pendent state law claims under 28 U.S.C. § 1367 because these claims are so related to Nicky Laatz's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative facts.

26.     This Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2). Nicky Laatz and Nicky Laatz Creations UK Ltd. are both citizens of a foreign state and Defendants are citizens of the State of California, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

27.     This Court has personal jurisdiction over Defendant Zazzle, Inc., which is incorporated under the laws of the State of California and which has its principal place of business in California, and Defendant Mohamed Alkhatib, who is a resident of California.

28.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b-c) in that a substantial part of the events or omissions giving rise to the claims occurred here and Defendants are subject to personal jurisdiction in this District.

## IV.    DIVISIONAL ASSIGNMENT

29.     In accordance with Civ. L.R. 3-2(c) and U.S. District Court, Northern District of California, General Order No. 44(D)(1), this action is properly assigned to the San Jose Division because the action arises in Santa Clara County in that:

    a.     On information and belief, Mr. Alkhatib was in Santa Clara County when he committed the fraudulent acts alleged herein; and

    b.     On information and belief, Mr. Alkhatib was in Santa Clara County when he entered into and breached the Blooming Elegant License as alleged herein.

## V.    FACTUAL ALLEGATIONS

### A.    *Nicky Laatz's Font Design Business and the Blooming Elegant Trio of Fonts*

30.     Nicky Laatz is an expert font designer, has been involved in the graphic design industry for nearly two decades, and has created over 110 unique fonts (including the software to implement those fonts) for use in graphic design.

31.     Nicky Laatz designs and creates original premium font designs and the computer software necessary to implement those font designs on a computer system.

32.     Nicky Laatz offers licenses for limited use of her font software through her website (https://nickylaatz.com), and through certain online markets such as Creative Market (https://creativemarket.com/Nickylaatz).

33.     Nicky Laatz relies on these licenses as her primary source of income and these licenses are her primary means of monetizing her creative works.

34.     Nicky Laatz has experienced incredible success with her font designs. Nicky Laatz made her first $1 million in revenue through selling licenses on Creative Market in 2015 and has continued to earn significant amounts through licensing fees ever since.

35.     On Creative Market alone, Nicky Laatz has been followed by over 30,000 Creative Market designers, customers, and users due to the popularity of her designs and the extensive offering of premium fonts that she has created.

36.     In 2016, Nicky Laatz designed and created a unique trio of fonts titled "Blooming Elegant," "Blooming Elegant Hand," and "Blooming Elegant Sans" (collectively, "Blooming Elegant Trio"). Nicky Laatz has offered the font software to implement the Blooming Elegant Trio for licensing since at least 2016.

37.     The "Blooming Elegant" font is a handwriting-style font. Blooming Elegant includes stylistic alternative characters (e.g. multiple design versions of the same character so that when the same character is used multiple times in a given typesetting, they appear differently to mimic handwritten text), ligatures (e.g. connections between certain combined characters when used next to each other, like "fl" or "fi," to improve legibility and mimic the connections in handwritten text), as well as individual swashes (e.g. flourishes such as tails or exaggerated serifs that can be stylistically added to certain characters to enhance the visual representation of such characters).

38.     These unique features make the "Blooming Elegant" font particularly valuable and difficult to replace with another script that will have the same proportions of elegance, weight, and playfulness.

39.     The "Blooming Elegant Sans" font is a set of uppercase sans serif characters, and the "Blooming Elegant Hand" font is a set of hand-lettered uppercase characters, both designed to complement the Blooming Elegant font.

40.     The "Blooming Elegant" font software is protected by U.S. Copyright Registration No. TX0008984766. The "Blooming Elegant Hand" font software is protected by U.S. Copyright Registration No. TX0008984764. The "Blooming Elegant Sans" font software is protected by U.S. Copyright Registration No. TX0008984762. The corresponding Registration Certificates are attached hereto as **Exhibit A**.

41.     Nicky Laatz has also obtained U.S. Trademark Registration No. 6,626,946 for the mark "BLOOMING ELEGANT" for use in connection with "Downloadable printing fonts; Printing fonts that can be downloaded provided by means of electronic transmission; Typeface fonts recorded on magnetic media," which Nicky Laatz has used in commerce since at least 2016. A copy of the corresponding Registration Certificate is attached hereto as **Exhibit B**.

42.     The licenses offered by Nicky Laatz for the Blooming Elegant Trio font software are limited in scope. A user can pay a one-time fee of either $17 to Nicky Laatz directly or $20 to Creative Market to download and for limited use of the Blooming Elegant Trio font software. The standard license offered through Creative Market contains the following express limitations:

  a. The license is specifically limited to "one seat per license," which "covers one user, which we call a seat," and that user can install the font software "on up to two computers used by the end user, so long as only one computer is used at a time";

  b. The license prohibits a user from "sublicens[ing], … shar[ing], transfer[ing], or otherwise redistribut[ing]e the [fonts] (e.g. as stock, in a tool or template, with source files, and/or not incorporated into an End Product) under any circumstances, not even for free";

  c. The license prohibits a user from "mak[ing] the [fonts] available on a digital asset management system, shared drive, or the like for the purposes of sharing or transferring the [fonts], and [the user] must not permit an end

user of the end product to extract the [fonts] and use [them] separately from the End Product"; and

d. The license grants the licensee a "non-transferable right to use" the font software.

### B.   Zazzle's Design Business

43.   According to Zazzle's website, "Zazzle is the world's leading people-powered design platform. Our proprietary technology connects consumers, designers, manufacturers, and major brands, such as Disney and Marvel, to design, customize and make anything imaginable. Zazzle's rapidly expanding product base of over 1000+ different product and design categories includes everything from apparel and accessories, invitations, art, home goods, office supplies, electronics, and custom gifts. Zazzle provides tools to design digital and physical products, coupled with content and images for inspiration. Upon creation, products and designs are instantly and accurately visualized and offered in the Zazzle marketplace. When ordered, products are made on-demand, typically within 24 hours. We've built never-before-seen hardware and manufacturing systems along with patented, cutting-edge software and tools to achieve all of this. Established in 2005, Zazzle is based in Menlo Park, California, with locations in Cork, Ireland, and Reno, Nevada. Zazzle has grown from a Silicon Valley startup to a global brand with multiple international domains and a worldwide ecosystem of makers and designers."

44.   Based on information and belief, Zazzle's affiliated design professionals can design, offer, and sell their products through Zazzle, while individual users can design and order their own products directly from Zazzle using an online design customization tool available on the Zazzle website.

45.   Once an order is placed, Zazzle handles the production logistics for the products its designers and users design and order.

46.   Zazzle then reaps the profits from each product sold, while providing a percentage of those profits to each affiliated design professional in the form of royalty payments when that professional's designs are ordered by Zazzle customers.

47.     One artist that Zazzle uses on its website to promote itself attests that: "Zazzle allows me to earn a living by doing what I'm truly passionate about which is art and design."

48.     Zazzle then explains that "[o]n Zazzle, you set the royalty rate* for your designs and **you receive a royalty payout for every product sold with your design. Zazzle handles all of the product fulfillment and customer service while you collect a paycheck**." (Emphasis added.)

49.     Based on information and belief, users of Zazzle's website can use fonts and graphics provided by Zazzle, and can also upload their own graphics to combine with what Zazzle offers.

50.     One of the key features on Zazzle's website is the online design customization tool, which provides designers and individual users with access to and the ability to choose from and use various fonts in designing and customizing products, including from around May 2017 until at least early August 2022, the Blooming Elegant Trio of fonts.

51.     Based on information and belief, Zazzle users have created over 600 million different designs.

**C.     Zazzle's Scheme to Unlawfully Use Nicky Laatz's Font Software**

52.     On November 2, 2016, a Senior Product Marketing Manager for Zazzle, Monica McGhie, contacted Nicky Laatz through the Creative Market chat system, stating that Zazzle wanted to make the Blooming Elegant Trio available to Zazzle's designers and customers for designing products using its customization tool, and noting that Zazzle houses fonts on its internal servers.

53.     In her November 2, 2016 message to Nicky Laatz, Ms. McGhie told Nicky: "Saw your Blooming Elegant Font Trio and believe that **our Designers would love it!**" (Emphasis added.)

54.     Knowing that a standard, single-seat license from either Creative Market or Nicky Laatz's own website would not cover Zazzle's intended use, she also asked Nicky Laatz, "Do you offer a license in perpetuity for server-based use?"

55.     Nicky Laatz did not respond to this inquiry, as she never offers the type of server-based license for her font software that Zazzle would require.

56.     Indeed, Zazzle's intended use of Nicky Laatz's Blooming Elegant Font Trio went far beyond even the "server license" that is offered by some other font licensing websites for other fonts (not the Blooming Elegant Font Trio).

57.     But, based upon information and belief, Zazzle wanted Nicky Laatz's popular and premium quality fonts in order to improve its customization tool for its designers and customers and thereby increase its profits, so it sought to find a surreptitious way to acquire them without the needed server license.

58.     To that end, on or about May 4, 2017, Zazzle instructed a Senior Network Engineer for Zazzle, Mohamed Alkhatib, to buy a standard, single-seat license for the Blooming Elegant Trio from Creative Market ("Blooming Elegant License").

59.     Doing so allowed Mr. Alkhatib to download the Blooming Elegant Trio font software and install such software on Zazzle's servers, making the Blooming Elegant Trio available to all of Zazzle's designers and customers.

60.     Mr. Alkhatib paid for and agreed to the standard, single-seat license in his name as an individual, concealing the facts that he was a Zazzle employee, that he was acting on Zazzle's behalf, and that he entered into the Blooming Elegant License so that Zazzle could acquire the fonts, use them on its website, and make them available to all of its designers and customers to use with no compensation to Nicky Laatz.

61.     At all relevant times when entering into a license agreement to purchase a copy of Nicky Laatz's Blooming Elegant Trio font software and when uploading the software to Zazzle's servers, Mr. Alkhatib was acting in his capacity as an employee of, on behalf of, and at the direction of Zazzle.

62.     Zazzle has admitted that the standard, single-seat license purchased by Mr. Alkhatib was purchased on behalf of Zazzle for the express purpose of improperly and unlawfully allowing Zazzle to make the Blooming Elegant Trio of fonts available for use by Zazzle's users on its website.

63.     Specifically, on October 8, 2021, Zazzle's Senior Director of Legal, Liana Larson, admitted in writing "that the Blooming Elegant font was among four fonts purchased on a

company card by Mohamed Alkhatib, our Sr. Network Engineer, ***for use on our site … .***"
(Emphasis added.)

64.     Beginning on or about May 4, 2017 and continuing to the present, Zazzle copied the Blooming Elegant Trio font software onto its servers and made the Blooming Elegant Trio available on its website for designers and individual users to use in their designs.

65.     Zazzle's copying of the Blooming Elegant Trio font software is in violation of the Blooming Elegant License Mr. Alkhatib entered into with Nicky Laatz for the use of her font software. Further, Zazzle's use of the Blooming Elegant Trio font software is not covered by the Blooming Elegant License purchased by Mr. Alkhatib, and is in violation of Nicky Laatz's copyrights to the Blooming Elegant Trio font software and trademark rights in the use of the "BLOOMING ELEGANT" trademark.

66.     Based on information and belief, since making the Blooming Elegant Trio available to its users, Zazzle has made hundreds of millions of dollars in profits from offering and selling products using the Blooming Elegant Trio font software.

67.     The Blooming Elegant Trio became one of Zazzle's most popular fonts for use by its designers and individual users.

68.     The Blooming Elegant Trio became a popular font in part because, as one Zazzle user put it, Zazzle's "font selection is very limited as far as variety" and Blooming Elegant is one of the few fonts offered on Zazzle "with universal swashes that can be added onto the start and end of any word."

69.     Blooming Elegant Trio's special qualities made these fonts uniquely valuable and uniquely profitable for Zazzle.

70.     Users on Zazzle had no material alternative to turn to for many of their designs.

71.     Zazzle offered numerous customizable products using the Blooming Elegant fonts, including many of its most popular items.

72.     For example, at least five of Zazzle's twelve most popular business cards and ten of Zazzle's twenty-four most popular business cards until at least early August 2022 used one or more of the Blooming Elegant fonts, e.g.:





73.     As another example, at least up until early August 2022, several of Zazzle's most popular wedding invitations used one or more of the Blooming Elegant fonts, e.g.:

COMPLAINT





74.    At least up until early August 2022, Zazzle also enabled its individual users to design their own products using the Blooming Elegant fonts:

75.    As reflected on Zazzle's website as of at least up until August 2022, Zazzle ranked and recommended to its users Blooming Elegant as its *#2 handwriting font since 2019*:

https://www.zazzle.com/ideas/lifestyle/top-handwriting-fonts

**Ideas** **Zazzle**

Home    Occasions ⌄

HOME  /  LIFESTYLE  /  TOP 10 HANDWRITING FONTS

# Top 10 Handwriting Fonts

PUBLISHED ON MAY 17, 2019  BY ZAZZLE CONTRIBUTOR

## 2. Sophisticated Penmanship: Blooming Elegant

Blooming Elegant is a very popular, refined cursive font. It's all lower case, generating a high-energy vibe that looks totally put together. It creates a distinctly modern style and feels relaxed chic rather than stiff and formal.

76.      Zazzle's most successful commercial designers and sellers overwhelmingly picked Blooming Elegant as their font of choice for their products, particularly their top-selling products.

77.      In particular, Zazzle's Diamond Sellers ($500K+ earnings), Platinum Sellers ($250K+ earnings), and Gold Sellers ($100K+ earnings) made extensive use of Blooming Elegant.

78.      For example, Elke Clarke, a Diamond Seller on Zazzle who has multiple online storefronts and teaches others how to use Zazzle successfully, used one or more of the Blooming Elegant fonts in at least seven of her eight most popular products, eleven of her sixteen most popular products, and seventeen of her twenty-four most popular products, e.g.:





79.     Audrey Chenal, another Diamond Seller on Zazzle, used one or more of the Blooming Elegant fonts in at least seven of her top twelve most popular products and fourteen of her top twenty-four most popular products, e.g. (the third example circled below shows only one side of the product, but Blooming Elegant Sans was used on the other side):





2885.000/1767932.1

COMPLAINT

80.    Christine Kovacs, another Diamond Seller on Zazzle, used one or more of the Blooming Elegant fonts in at least six of her top eight, nine of her top sixteen, and eleven of her top twenty-four most popular products in her store called "Violet and Pine," e.g.:





1

**D.      *Nicky Laatz's Discovery of Zazzle's Theft and Abuse of Her IP Rights***

2      81.      Nicky Laatz had no knowledge of Zazzle's use of the Blooming Elegant Trio font

3   software until August 25, 2020 when a Zazzle user contacted her directly to request assistance

4   with an issue related to the use of the Blooming Elegant Trio fonts on Zazzle's website.

5      82.      Upon learning of Zazzle's unlawful use of her designs, Nicky Laatz contacted

6   Zazzle to inquire about the unlawful use of the Blooming Elegant Trio font software. In response,

7   Zazzle sent back the receipt for Mr. Alkhatib's purchase of the Blooming Elegant License, and

8   suggested that it covered Zazzle's use.

9      83.      Nicky Laatz sent further correspondence pointing out that the Blooming Elegant

10   License purchased by Mr. Alkhatib did not cover Zazzle's use of the Blooming Elegant Trio font

11   software and demanded that Zazzle cease and desist from any further unlawful use of the

12   Blooming Elegant Trio font software.

13      84.      Zazzle refused and continued to illegally use the Blooming Elegant Trio of fonts.

14      85.      Instead, Zazzle once again asked if it could purchase a perpetual, server-based

15   license that would cover its use of the Blooming Elegant Trio of fonts.

16      86.      Though Nicky Laatz does not provide perpetual, server-based licenses for her fonts,

17   she was willing to consider providing Zazzle with such a license to avoid damaging the designs of

18   the many independent graphic designers who sell designs on Zazzle that use the Blooming Elegant

19   Trio of fonts.

20      87.      But Nicky Laatz was only willing to consider providing Zazzle with a server-based

21   license if Zazzle would provide data about the numbers of Zazzle designers and customers who

22   have used the Blooming Elegant Trio of fonts and numbers of unique designs that Zazzle

23   designers and customers had created and purchased using the Blooming Elegant Trio of fonts, and

24   appropriately compensate her for Zazzle's illegal use of the Blooming Elegant Trio of fonts.

25      88.      Zazzle, however, refused to provide the data or appropriately compensate Nicky

26   Laatz for its illegal use of her fonts; thus, no license was granted to Zazzle.

27      89.      Undaunted, Zazzle brazenly continued to exploit Nicky Laatz's fonts for massive

28   profits until at least early August 2022.

90.     Zazzle's continued, widespread infringement of Ms. Laatz's copyrights and trademark rights was entirely willful.

### E.      *Zazzle Replaces Blooming Elegant with a Cheap Imitation*

91.     On or about August 5, 2022, perhaps aware that it was about to be sued, Zazzle began unilaterally removing the Blooming Elegant Trio of fonts from its website.

92.     Zazzle did so by removing the Blooming Elegant Trio of fonts from the Zazzle design tool and automatically replacing each of the Blooming Elegant Trio of fonts with cheap imitations that attempt to mimic the look and feel of the Blooming Elegant Trio, but are materially inadequate for designers in many ways.

93.     For instance, the "Blooming Elegant" font was automatically swapped with a font called "Morgana."

94.     The designer of the Morgana font copied it from Blooming Elegant.

95.     The Morgana font infringes on Nicky Laatz's copyrights to "Blooming Elegant" and the Blooming Elegant font software.

96.     Even though the designer of Morgana copied it from Blooming Elegant, it is not an exact copy and not an adequate substitute.

97.     On information and belief, when Zazzle began using the Morgana font in place of the Blooming Elegant font in early August 2022, Zazzle knew, or should have known, that Morgana was copied from Blooming Elegant and infringed on Nicky Laatz's copyrights to Blooming Elegant and the Blooming Elegant font software.

98.     Regardless, on or about August 8, 2022, Zazzle was informed by the licensor of the Morgana font that Morgana was a copy of Blooming Elegant and should be taken down from Zazzle's website.

99.     Yet Zazzle kept using the Morgana font and failed to remove or replace it for at least weeks thereafter.

100.    In automatically swapping the Blooming Elegant Trio of fonts for cheap imitations, Zazzle materially altered the designs of many Zazzle designers.

101.    As one Zazzle designer put it, "It doesn't seem like they fully grasp that retiring fonts would greatly affect hundreds and thousands of already published designs. We designers are not here writing essays on a word document where changing a font from Times New Roman to Garamond is inconsequential. The FONTs we selected to use are very much a part of the design. When we choose a font it is because the selected font works very well with the rest of the other elements in the design, you can't simply do a switcheroo with fonts, that would throw off the entire design."

102.    Indeed, the fonts that Zazzle chose to replace the Blooming Elegant Trio of fonts created substantial defects in the designs of many of the designers who publish their works on Zazzle.

103.    For instance, a font called "Dongle," the font that replaced the "Blooming Elegant Sans" font, "is smaller, has no auto caps, and the line spacing is much wider," as one Zazzle designer commented.

104.    Another Zazzle designer lamented that "Dongle" is an inadequate replacement because it "has rounded edges and looks rather childish."

105.    The loss of the "Blooming Elegant Sans" font from the Zazzle design tool led one designer to worry because it is "most used" on certain parts of holiday cards and invitations.

106.    Similarly, switching the "Blooming Elegant" font out with the "Morgana" font created substantial difficulties for many Zazzle designers.

107.    One Zazzle designer had wedding invitations for a customer printed incorrectly due to the automatic swapping of "Blooming Elegant" and "Morgana."

108.    Indeed, multiple Zazzle designers noted that for customers who ordered products in batches (such as wedding-related paper products) or re-order products (such as business cards) they may end up having to choose different fonts and designs for later purchases and end up with non-matching products.

109.    Even where swapping out "Morgana" for "Blooming Elegant" did not impair existing and in-progress orders, "Morgana" has not served the needs of designers who previously used "Blooming Elegant."

110.     As one Zazzle designer put it, "Morgana is not an adequate replacement, I doubt any font can be. Some have found issues with the slashes, I've found issues with its terrible kerning."

111.     Another designer commented that among the unique benefits of using the Blooming Elegant font are the "leading and trailing swashes," and that she "checked all of the new fonts and none of them will replace the swashes."

112.     Another Zazzle designer lamented "it looks like we lost the beautiful Blooming Elegant script font, which was the only font that could create these nice swirls in front and after a word. I don't see anything that replaces this option. What is sort of doing that, but not as well, is a font that is much thinner (Morgana) and now looks really horrible in all designs (a lot!) in which I used the Blooming font."

113.     The removal of the Blooming Elegant Trio of fonts from Zazzle will likely cause substantial economic harm to Zazzle designers who have used the Blooming Elegant Trio as well, due to the unique and appealing features of the Blooming Elegant Trio.

114.     One Zazzle designer noted that the "Blooming Elegant" font is on 69% of her bestselling products and is on 51% of her last sold products.

115.     Yet another Zazzle designer noted that "[m]any of [her] best sellers have Blooming Elegant Script and Blooming Elegant Sans, and [she] do[es] prefer the look of Blooming Elegant Script over Morgana."

116.     In complaining about the loss of Blooming Elegant, one Zazzle designer described Blooming Elegant as "the very font that some Elite designers utilize in their myriad of bestsellers."

117.     Another Zazzle designer expressed concern that removing the Blooming Elegant Trio of fonts would "jeopardiz[e] current bestsellers ability to sell."

118.     Other designers expressed disbelief that the most popular and commonly used fonts on Zazzle's platform were gone, with one writing "I'm not understanding how the literally most popular font may be gone entirely, and another that "I am STUNNED that they got rid of THE most common font family on Zazzle!"

119.    In addition to losing the unique appeal that comes from the Blooming Elegant Trio of fonts, many Zazzle designers had to undertake extensive work in order to re-edit designs that previously used the Blooming Elegant Trio so that the designs would work with new fonts.

120.    One such Zazzle designer estimated that she had "hundreds if not thousands of designs that will need to be fixed."

121.    Another Zazzle designer encountered a similar problem, noting that she would have "at least a couple thousand" designs impacted by the removal of the Blooming Elegant Trio of fonts.

122.    Indeed, one Zazzle designer noted that "editing several thousand items and even finding the ones with issues isn't an option for many of us."

123.    In the end, Zazzle's illegal scheme to steal and exploit Nicky Laatz's fonts garnered Zazzle hundreds of millions of dollars in profits, but severely harmed both Nicky Laatz and Zazzle's own designers and users who came to rely and depend upon access to the Blooming Elegant Trio of fonts that Zazzle illegally provided to them.

### F.    Nicky Laatz's State Law Tort Claims Are Not Preempted by the Copyright Act

124.    In the Ninth Circuit, a state law tort claim is not preempted by the Copyright Act if the state law claim "includes an 'extra element' that makes the right asserted *qualitatively different* from those protected under the Copyright Act." *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089 (9th Cir. 2005) (emphasis in original). When the extra element changes "the nature of the action so that it is qualitatively different from a copyright infringement claim," the state law claim is not preempted. *Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc.*, 7 F.3d. 1434, 1440 (9th Cir. 1993).

125.    Nicky Laatz's claims for fraud contain multiple elements that make the claims qualitatively different from a copyright infringement claim. In California, a party to a contract commits fraud where, "with the intent to deceive another party [to the contract], or to induce him to enter into the contract," does, *inter alia*, any of the following:

> a.    Suggests, as a fact, "that which is not true, by one who does not believe it to be true";

1              b.      Suppresses "that which is true, … having knowledge or belief of the fact";

2              or

3              c.      Makes a promise "without any intention of performing it."

4  Cal. Civ. Code § 1572.

5      126.   Nicky Laatz's claims for fraud thus are qualitatively different than a claim for

6  copyright infringement, because they relate to the false statements, false promises, and omissions

7  of Zazzle and Mr. Alkhatib when entering into the Blooming Elegant License, and Nicky Laatz's

8  claims for fraud would exist irrespective of the copyright infringement that Zazzle engaged in after

9  wrongfully obtaining access to the Blooming Elegant Trio font software and continued to engage

10  in at least until August 2022.

11     127.   A state law claim for intentional interference with contractual relations that is based

12  on interference with a license of copyrighted material is also not preempted by the Copyright Act

13  where the "licensing agreement … limited the party's use [of] a copyrighted work to specific

14  circumstances, and a third party used the copyrighted work outside the scope of the license."

15  *Media.net Advertising FZ-LLC v. NetSeer, Inc.*, 156 F. Supp. 3d 1052, 1072 (N.D. Cal. 2016).

16  This is so where "specific provisions of [the license] agreements … created rights in the parties"

17  and those rights are "qualitatively different and not the equivalent of a copyright infringement

18  claim." *Id.* That is to say, a state law claim for intentional interference with contractual relations is

19  not preempted where the copyright holder seeks to "enforce contractual rights … that are not

20  equivalent to any of its exclusive rights of copyright." *MDY Indus., LLC v. Blizzard Entm't, Inc.*,

21  629 F.3d 928, 957 (9th Cir. 2010).

22     128.   Nicky Laatz's claim for intentional interference with contractual relations seeks to

23  enforce contractual rights that are separate and apart from Nicky Laatz's copyrights in the

24  Blooming Elegant Trio font software. Specifically, the Blooming Elegant License limits use of the

25  Blooming Elegant Trio font software to one user, and gives the licensee a non-transferrable right

26  to use the font software. These restrictions on who can ***access*** and ***use*** the Blooming Elegant Trio

27  font software are contractual rights separate, apart, and substantively different from Nicky Laatz's

28  rights to control who can ***reproduce and/or distribute*** the Blooming Elegant Trio font software.

## VI.   <u>FIRST CLAIM FOR RELIEF</u>

### *Fraudulent Misrepresentation (Fraud/Deceit) Against All Defendants*

### *(California Civil Code § 1572)*

129.   Nicky Laatz hereby incorporates by reference each of the allegations in paragraphs 1 through 128 of this Complaint as if fully set forth herein.

130.   Mr. Alkhatib misrepresented (as did Zazzle, by and through its agent/employee, Mr. Alkhatib) that the Blooming Elegant License was to be used in accordance with the terms of the Blooming Elegant License, including that it was for a single user named Mohamed Alkhatib.

131.   Mr. Alkhatib and Zazzle knew that the Blooming Elegant License purchased by Mr. Alkhatib did not cover Zazzle's intended use of Nicky Laatz's fonts and font software.

132.   Thus, Mr. Alkhatib and Zazzle knew that the representation that the Blooming Elegant License was for a single user was false.

133.   Mr. Alkhatib and Zazzle intended for Nicky Laatz to rely on this false representation in agreeing to license the Blooming Elegant Trio font software to Mr. Alkhatib.

134.   Nicky Laatz did in fact rely on the false representation that the Blooming Elegant License was for a single user when entering into the license agreement with Mr. Alkhatib for the use of the Blooming Elegant Trio font software.

135.   Had the false representation not occurred, Nicky Laatz would not have entered into the Blooming Elegant License with Mr. Alkhatib for the use of the Blooming Elegant Trio font software.

136.   As a direct and proximate result of the false representation, Nicky Laatz has suffered damage to her business.

## VII.   <u>SECOND CLAIM FOR RELIEF</u>

### *Fraudulent Concealment (Fraud/Deceit) Against All Defendants*

### *(California Civil Code § 1572)*

137.   Nicky Laatz hereby incorporates by reference each of the allegations in paragraphs 1 through 136 of this Complaint as if fully set forth herein.

138.   Mr. Alkhatib concealed (as did Zazzle, by and through its agent/employee, Mr. Alkhatib) the fact that he and Zazzle did not intend to use Nicky Laatz's font software in accordance with the terms of the Blooming Elegant License, including concealing that the intended use was not for a single user named Mohamed Alkhatib, and was actually for Zazzle.

139.   Mr. Alkhatib and Zazzle concealed the following material facts:

  a. Mr. Alkhatib's employment and agency relationship with Zazzle; and

  b. The true intention in M. Alkhatib entering into the Blooming Elegant License was to allow Zazzle to install the Blooming Elegant Trio font software on its servers, roll it out to Zazzle's entire user base, and exploit the font software for Zazzle's benefit and enrichment without Zazzle compensating Nicky Laatz, the owner and creator.

140.   These facts were known and accessible exclusively to Mr. Alkhatib and Zazzle.

141.   Mr. Alkhatib and Zazzle knew that these facts were not known or reasonably discoverable by Nicky Laatz.

142.   Had Mr. Alkhatib and Zazzle not concealed the facts listed in Paragraph 139, Nicky Laatz would not have entered into the Blooming Elegant License with Mr. Alkhatib.

143.   As a direct and proximate result of the fraudulently concealed facts, Nicky Laatz has suffered damage to her business.

## VIII.   <u>THIRD CLAIM FOR RELIEF</u>

### *Promissory Fraud (Fraud/Deceit) Against All Defendants*

### *(California Civil Code § 1572)*

144.   Nicky Laatz hereby incorporates by reference each of the allegations in paragraphs 1 through 143 of this Complaint as if fully set forth herein.

145.   Mr. Alkhatib falsely promised (as did Zazzle, by and through its agent/employee, Mr. Alkhatib) that:

    a.   They would comply with the terms of the Blooming Elegant License, including that use of the font software would be limited to one user;

    b.   The fonts would not be made available on a digital asset management system, shared drive, or the like for the purposes of sharing or transferring the fonts; and

    c.   They would not permit an end user of the end product to extract the fonts and use them separately from the end product.

146.   Mr. Alkhatib and Zazzle intended for Nicky Laatz to rely on the false promises listed in Paragraph 145 in agreeing to license the Blooming Elegant Trio font software to Mr. Alkhatib.

147.   Nicky Laatz did in fact rely on Mr. Alkhatib's and Zazzle's and false promises listed above when entering into the license agreement with Mr. Alkhatib for the use of the Blooming Elegant Trio font software.

148.   Had Mr. Alkhatib and Zazzle not made the false promises listed above, Nicky Laatz would not have entered into the Blooming Elegant License with Mr. Alkhatib for the use of the Blooming Elegant Trio font software.

149.   As a direct and proximate result of the false promises, Nicky Laatz has suffered damage to her business.

## IX.  FOURTH CLAIM FOR RELIEF

### *Intentional Interference with Contractual Relations Against Zazzle*

150.   Nicky Laatz hereby incorporates by reference each of the allegations in paragraphs 1 through 149 of this Complaint as if fully set forth herein.

151.   On or about May 4, 2017, Nicky Laatz and Mohamed Alkhatib entered into the Blooming Elegant License, which is a valid contractual agreement to license Nicky Laatz's Blooming Elegant Trio font software to Mr. Alkhatib.

152.    Zazzle knew of the existence of the Blooming Elegant License as of the time of the execution of the Blooming Elegant License.

153.    Zazzle intended to interfere with the Blooming Elegant License between Nicky Laatz and Mr. Alkhatib by directing Mr. Alkhatib to download the Blooming Elegant Trio font software to Zazzle's servers and to provide access and use by all of Zazzle's designers and individual users.

154.    At the direction of Zazzle, Mr. Alkhatib did in fact download the Blooming Elegant Trio font software to Zazzle's servers and provide for access and use by Zazzle's designers and individual users.

155.    By downloading the Blooming Elegant Trio font software and uploading it to Zazzle's servers for access and use by Zazzle's designers and individual users, Mr. Alkhatib breached the terms of the Blooming Elegant License.

156.    As a direct and proximate result of Zazzle's intentional interference, Nicky Laatz has suffered damage to her business.

## X.    FIFTH CLAIM FOR RELIEF

### *Federal Copyright Infringement Against Zazzle*

### **(17 U.S.C. §§ 101 *et seq.*)**

157.    Nicky Laatz hereby incorporates by reference each of the allegations in paragraphs 1 through 123 through of this Complaint as if fully set forth herein.

158.    At all relevant times, Nicky Laatz has been the exclusive holder of the copyrights to the Blooming Elegant Trio font software.

159.    Without the permission or consent of Nicky Laatz, Zazzle reproduced and distributed the Blooming Elegant Trio font software by installing it on Zazzle's servers, and thereby made the fonts available to everyone of Zazzle's designers and individual users. In doing so, Zazzle violated Nicky Laatz's exclusive rights of reproduction and distribution. Zazzle's actions constitute infringement of Nicky Laatz's exclusive rights protected under the Copyright Act of 1976 (17 U.S.C. § 101 *et seq.*).

160.    Without the permission or consent of Nicky Laatz, Zazzle reproduced and distributed, and continues to reproduce and distribute the Morgana font software by installing it on Zazzle's servers, and thereby making the Morgana font available to everyone of Zazzle's designers and individual users. The Morgana font also infringes on Nicky Laatz's copyrights to the Blooming Elegant font and font software.  By installing Morgana on Zazzle's servers and making it available to its designers and individual users, Zazzle has violated Nicky Laatz's exclusive rights of reproduction and distribution. Zazzle's actions constitute infringement of Nicky Laatz's exclusive rights under the Copyright Act of 1976 (17 U.S.C. § 101 *et seq.*)

161.    Zazzle's acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Nicky Laatz.

162.    As a direct and proximate result of Zazzle's infringement of Nicky Laatz's copyrights and exclusive rights under copyright, Nicky Laatz is entitled to damages and Zazzle's profits pursuant to 17 U.S.C. § 504(b) for each infringement.

163.    Zazzle's conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Nicky Laatz substantial and irreparable harm to her business that cannot be fully compensated or measured monetarily.

164.    As a direct and proximate result of Zazzle's infringing actions, Nicky Laatz has suffered damage to her business.

## XI.    SIXTH CLAIM FOR RELIEF

### *Federal Trademark Infringement Against Zazzle*

### (15 USC §§ 1114 et seq.)

165.    Nicky Laatz hereby incorporates by reference each of the allegations in paragraphs 1 through 123 of this Complaint as if fully set forth herein.

166.    Nicky Laatz's "BLOOMING ELEGANT" mark is a valid mark entitled to protection under the Lanham Act and registered on the principal register in the United States Patent and Trademark Office. Nicky Laatz is the exclusive owner and registrant of the mark.

167.    Without Nicky Laatz's consent or authorization, Zazzle is using, and will continue to use, in commerce, reproductions, copies, or colorable imitations of the "BLOOMING

ELEGANT" mark in connection with the sale, offering for sale, distribution, or advertising of Zazzle's goods and services.

168.   Zazzle's infringing activities have caused, are causing, or are likely to cause, confusion, mistake, and deception among the consuming public as to the origin, sponsorship, and quality of Zazzle's products that use the "BLOOMING ELEGANT" trademark.

169.   On information and belief, Nicky Laatz alleges that Zazzle's conduct was committed willfully, in bad faith, and with knowledge of Nicky Laatz's exclusive rights to its mark, or with willful blindness to the same, and with intent to cause confusion, mistake, and/or to deceive.

170.   As a direct and proximate result of Zazzle's infringing activities, Nicky Laatz has suffered irreparable harm and damage to her valuable marks and damage to her reputation and goodwill.

171.   Pursuant to 15 U.S.C. § 1116(a), Nicky Laatz is entitled an order for the destruction of all infringing materials, as well as all monetary relief and other remedies available under the Lanham Act, including, but not limited to, treble damages and/or profits, statutory damages, reasonable attorneys' fees, costs, and prejudgment interest under 15 U.S.C. § 1117(a).

## XII.   SEVENTH CLAIM FOR RELIEF

### *Breach of Contract Against Mr. Alkhatib*

172.   Nicky Laatz hereby incorporates by reference each of the allegations in paragraphs 1 through 128 of this Complaint as if fully set forth herein.

173.   Nicky Laatz entered into a contract to license the software for the Blooming Elegant Trio of fonts with Mr. Alkhatib (the "Blooming Elegant License").

174.   The Blooming Elegant License prohibits a user from "mak[ing] the [fonts] available on a digital asset management system, shared drive, or the like for the purposes of sharing or transferring the [fonts], and [the user] must not permit an end user of the end product to extract the [fonts] and use [them] separately from the End Product."

175.    The Blooming Elegant License is limited to one single user and permits the user to install the software for the Blooming Elegant Trio of fonts on only "up to two computers used by the end user, so long as only one computer is used at a time."

176.    The license to use the software for the Blooming Elegant Trio of fonts is "non-transferrable."

177.    Mr. Alkhatib breached the Blooming Elegant License by, *inter alia*, copying the software for the Blooming Elegant Trio of fonts onto Zazzle's own internal servers and permitting each of Zazzle's hundreds of thousands of designers and tens of millions of customers to use the Blooming Elegant Trio in their custom designs.

178.    As a direct and proximate result of Mr. Alkhatib's breach of the Blooming Elegant License, Nicky Laatz has suffered irreparable harm and damage to her business.

**PRAYER FOR RELIEF**

WHEREFORE, Nicky Laatz respectfully prays for the following relief:

A.    For an entry of judgment in favor of Nicky Laatz that Zazzle and Mr. Alkhatib committed fraud on Nicky Laatz in violation of California Civil Code § 1572;

B.    For an entry of judgment in favor of Nicky Laatz that Zazzle intentionally interfered with Nicky Laatz's contractual relationship with Mr. Alkhatib;

C.    For an entry of judgment in favor of Nicky Laatz that Zazzle infringed Nicky Laatz's copyrights rights under 17 U.S.C. §§ 101 *et seq*;

D.    For an entry of judgment in favor of Nicky Laatz that Zazzle infringed Nicky Laatz's trademark rights under 15 U.S.C. § 1114;

E.    For an entry of judgment in favor of Nicky Laatz that Mr. Alkhatib breached the contract with Nicky Laatz;

F.    An injunction enjoining Zazzle and its subsidiaries, parents, agents, officers, members, directors, servants, employees, attorneys, successors, assigns, affiliates, and joint ventures, and any person(s) in active concert or participation with them, and/or any person(s) acting for, with, by, through, or under them, from ever using the Blooming Elegant Trio of fonts

1  and font software, or anything substantially similar (e.g. the Morgana font software that was first

2  used by Zazzle in early August 2022) on Zazzle's website, and related injunctive relief;

3        G.    An order that Zazzle must immediately produce to Nicky Laatz a complete list of

4  all individuals, businesses, and entities who have accessed the Blooming Elegant Trio of fonts and

5  font software through Zazzle's website, including the date and extent of such use;

6        H.    Nicky Laatz to recover all damages and remedies, including compensatory

7  damages, lost profits, prospective profits, and profits of Zazzle attributable to Zazzle's

8  infringement in an amount to be proven at trial;

9        I.    Nicky Laatz to be awarded punitive damages from Zazzle and Mr. Alkhatib;

10        J.    An accounting of each Zazzle's profits attributable to their illegal and infringing

11  acts and an award of: (1) Zazzle's profits; and (2) all of Nicky Laatz's damages pursuant to 15

12  U.S.C. § 1117;

13        K.    Nicky Laatz to be awarded all of Zazzle's ill-gotten profits and gains, and/or any

14  other unjust benefits received by Zazzle from Zazzle's manufacture, sale, and/or distribution of

15  products using the "BLOOMING ELEGANT" trademark;

16        L.    Treble damages and/or enhanced damages;

17        M.    An order to freeze Zazzle's assets pending a final determination of liability and

18  damages;

19        N.    An order for an accounting of and imposition of a constructive trust on all of

20  Zazzle's funds and assets connected to their infringing acts;

21        O.    Pre- and post-judgment interest;

22        P.    All costs and investigative expenses associated with Zazzle's infringing acts; and

23        Q.    Any and all other relief the Court deems just, proper, fair and equitable.

24                          **<u>DEMAND FOR JURY TRIAL</u>**

25        Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Nicky Laatz demands a

26  trial by jury of all claims asserted in this Complaint so triable in this action.

27

28

1    DATED:  August 24, 2022                          Respectfully submitted,

2                                              BARTKO ZANKEL BUNZEL & MILLER
                                                A Professional Law Corporation
3

4                                              By:        /s/ Patrick M. Ryan
5                                                      PATRICK M. RYAN
                                                      Attorneys for Plaintiffs
6                                                       NICKY LAATZ and
                                               NICKY LAATZ CREATIONS UK LTD.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

## TX 8-984-766

**Effective Date of Registration:**
February 18, 2021
**Registration Decision Date:**
July 16, 2021

## Title

**Title of Work:** Blooming Elegant

## Completion/Publication

**Year of Completion:** 2016
**Date of 1st Publication:** February 16, 2016
**Nation of 1st Publication:** United States

## Author

- **Author:** Nicky Laatz
  **Author Created:** Font Data
  **Work made for hire:** No
  **Domiciled in:** United Kingdom

## Copyright Claimant

**Copyright Claimant:** Nicky Laatz
PO Box 172, Launceston, PL150BN, United Kingdom

## Rights and Permissions

**Organization Name:** Bartko Zankel Bunzel & Miller
**Name:** Stephen Steinberg
**Email:** ssteinberg@bzbm.com
**Telephone:** (415)291-4523
**Alt. Telephone:** (925)457-0353
**Address:** One Embarcadero Ctr., Ste. 800
San Francisco, CA 94111 United States

## Certification

Page 1 of 2

|                              |                   |
|-----------------------------:|:------------------|
| **Name:**                    | Stephen C Steinberg |
| **Date:**                    | February 18, 2021 |
| **Applicant's Tracking Number:** | 2885.000       |

---

|                     |     |
|--------------------:|:----|
| **Correspondence:** | Yes |

# Certificate of Registration




This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

## TX 8-984-764

**Effective Date of Registration:**
February 18, 2021
**Registration Decision Date:**
July 16, 2021

---

## Title _____

**Title of Work:** Blooming Elegant Hand

## Completion/Publication _____

**Year of Completion:** 2016
**Date of 1st Publication:** February 16, 2016
**Nation of 1st Publication:** United States

## Author _____

- **Author:** Nicky Laatz
  **Author Created:** Font Data
  **Work made for hire:** No
  **Domiciled in:** United Kingdom

## Copyright Claimant _____

**Copyright Claimant:** Nicky Laatz
PO Box 172, Launceston, PL150BN, United Kingdom

## Rights and Permissions _____

**Organization Name:** Bartko Zankel Bunzel & Miller
**Name:** Stephen Steinberg
**Email:** ssteinberg@bzbm.com
**Telephone:** (415)291-4523
**Alt. Telephone:** (925)457-0353
**Address:** One Embarcadero Ctr., Ste. 800
San Francisco, CA 94111 United States

## Certification _____

**Name:** Stephen C Steinberg
**Date:** February 18, 2021
**Applicant's Tracking Number:** 2885.000

---

**Correspondence:** Yes

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

## TX 8-984-762

**Effective Date of Registration:**
February 18, 2021
**Registration Decision Date:**
July 16, 2021

---

## Title
 

**Title of Work:**  Blooming Elegant Sans

## Completion/Publication
 

**Year of Completion:** 2016
**Date of 1st Publication:** February 16, 2016
**Nation of 1st Publication:** United States

## Author
 

- **Author:** Nicky Laatz
  **Author Created:** Font Data
  **Work made for hire:** No
  **Domiciled in:** United Kingdom

## Copyright Claimant
 

**Copyright Claimant:**  Nicky Laatz
PO Box 172, Launceston, PL150BN, United Kingdom

## Rights and Permissions
 

**Organization Name:**  Bartko Zankel Bunzel & Miller
**Name:**  Stephen Steinberg
**Email:**  ssteinberg@bzbm.com
**Telephone:**  (415)291-4523
**Alt. Telephone:**  (925)457-0353
**Address:**  One Embarcadero Ctr., Ste. 800
San Francisco, CA 94111 United States

## Certification
 

|  |  |
|---|---|
| **Name:** | Stephen C Steinberg |
| **Date:** | February 18, 2021 |
| **Applicant's Tracking Number**: | 2885.000 |

---

|  |  |
|---|---|
| **Correspondence:** | Yes |

# EXHIBIT B

# United States of America

## United States Patent and Trademark Office

# BLOOMING ELEGANT

**Reg. No. 6,626,946**

**Registered Jan. 25, 2022**

**Int. Cl.: 9**

**Trademark**

**Principal Register**

Laatz, Nicky (UNITED KINGDOM INDIVIDUAL), DBA Nicky Laatz Creations

106 Kenwyn Street
Truro, UNITED KINGDOM TR1 3BX

CLASS 9: Downloadable printing fonts; Printing fonts that can be downloaded provided by means of electronic transmission; Typeface fonts recorded on magnetic media

FIRST USE 2-16-2016; IN COMMERCE 2-16-2016

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 90-535,226, FILED 02-19-2021





Performing the Functions and Duties of the
Under Secretary of Commerce for Intellectual Property and
Director of the United States Patent and Trademark Office

