QUINN EMANUEL URQUHART & SULLIVAN, LLP
RACHEL HERRICK KASSABIAN (Bar No. 191060)
  *rachelkassabian@quinnemanuel.com*
OLGA SLOBODYANYUK (Bar No. 311194)
  *olgaslobodyanyuk@quinnemanuel.com*
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065-2139
Telephone: (650) 801 5000
Facsimile: (650) 801 5100

ANDREW SCHAPIRO (*Pro Hac Vice*)
  *andrewschapiro@quinnemanuel.com*
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606-1881
Telephone: (312) 705 7400
Facsimile: (312) 705 7401

DANIEL C. POSNER (Bar No. 232009)
  *danposner@quinnemanuel.com*
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443 3000
Facsimile: (213) 443 3100

Attorneys for Defendant ZAZZLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ and NICKY LAATZ CREATIONS UK LTD,<br><br>Plaintiffs,<br><br>vs.<br><br>ZAZZLE, INC. and MOHAMED ALKHATIB,<br><br>Defendants. | Case No. 5:22-cv-04844-BLF<br><br>**ZAZZLE'S MOTION TO CONFIRM OR CHANGE TIME REGARDING THE DEADLINE TO OPPOSE PLAINTIFFS' EARLY SUMMARY JUDGMENT MOTION PURSUANT TO CIV. LOCAL RULE 6-3** |

Defendant Zazzle Inc. ("Zazzle") respectfully requests that the Court confirm that its deadline to oppose Plaintiffs' early summary judgment motion shall be 21 days following its responsive pleading deadline, as prescribed by the Federal Rules. *See* Fed. R. Civ. P. 56 advisory committee's note to 2009 Amendment ("If a motion for summary judgment is filed before a responsive pleading is due from a party affected by the motion, the time for responding to the motion is 21 days after the responsive pleading is due.") Alternatively, Zazzle requests that the Court enlarge Zazzle's response time to effectuate the same result, which would serve the interests of justice in this case and avoid undue prejudice to Zazzle.

**PROCEDURAL BACKGROUND**

Plaintiffs Nicky Laatz and Nicky Laatz Creations UK Ltd. ("Plaintiffs") filed this action on August 24, 2022. ECF 1. Defendant Zazzle Inc. ("Zazzle") was properly served on August 26, 2022.[1] Zazzle's deadline to respond to the Complaint is October 17, 2022. ECF 21.

On September 21, 2022, nearly one month before Zazzle's deadline to respond to the Complaint, Plaintiffs filed a motion for partial summary judgment ("Early MSJ"), seeking summary judgment as to liability on all claims and against all defendants. ECF 26. In its Early MSJ, Plaintiffs represented that "no discovery is needed to prove liability" in this case. *Id.* at 1. Plaintiffs' Early MSJ is set for a hearing on January 19, 2023, and if this were a regularly timed summary judgment motion, Zazzle's response would have been due on October 5, 2022. *See* ECF 26; Civil L.R. 7-3.

On September 23, this Court issued an Order cautioning Plaintiffs that "under its Standing Orders each side may file only one motion for summary judgment in the life of the case," and that "if Plaintiffs would prefer to reserve the opportunity to seek summary adjudication for a later time, they may withdraw the motion." ECF 29. Plaintiffs did not respond to the Court's Order. Zazzle's counsel thereafter inquired of Plaintiffs' counsel, and was informed on the evening of September 27, 2022 that Plaintiffs will not be withdrawing their Early MSJ. *See* Declaration of

---

[1] Individual defendant Mohamed Alkhatib is a resident of the country of Jordan, and has not yet been properly served with process under Fed. R. Civ. P 4(f). *See* ECF 18.

Andrew Schapiro, filed herewith, ¶ 3.  Zazzle's counsel also pointed out that by operation of Federal Rule of Civil Procedure 56 (2009 Amendment Committee Notes) in this unique circumstance, Zazzle's deadline to oppose the Early MSJ would be 21 days after its responsive pleading is due, and asked if Plaintiffs would join in Zazzle's request to the Court for clarification of the briefing schedule.  *Id.*  Zazzle also offered Plaintiffs an extension on their Reply deadline.  *Id.*  Plaintiffs disagreed with Zazzle's reading of the rules and declined to join in Zazzle's request for clarification.  *Id.*  Plaintiffs also offered a mutual extension of dates, but then retracted their offer approximately 48 hours later.  *Id.*  This Motion followed.

## ARGUMENT

Given the unique circumstance presented here, where Plaintiffs have (improvidently) filed for summary judgment just four weeks after initiating this lawsuit and almost one month before defendant Zazzle's deadline to respond to the Complaint, this Court should confirm that the special scheduling provision set forth in Rule 56 (2009 Amendment Committee Notes) applies:

> "[i]f a motion for summary judgment is filed before a responsive pleading is due from a party affected by the motion, the time for responding to the motion is 21 days after the responsive pleading is due."

Fed. R. Civ. P. 56 Advisory Committee's Note to 2009 Amendment.

This provision makes good sense, as it would put the proverbial cart before the horse to force a defendant who has not yet even appeared in an action to brief summary judgment before responding to the complaint.  This is particularly true where, as here, the defendant plans to move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12.

The Local Rules of this District "supplement the applicable Federal Rules," Civil L.R. 1-2(b), and there is no Local Rule addressing the unique circumstance presented here, *see* Civil L.R. 56.  Nor can local rules "diminish rights afforded to parties" by the Federal Rules of Civil Procedure.  *Johnson v. United States*, 460 F.3d 616, 620 (5th Cir. 2006).  "Although not binding, the interpretations in the Advisory Committee Notes are nearly universally accorded great weight in interpreting federal rules."  *Horenkamp v. Van Winkle And Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005) (citations omitted); *see also Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316 (1988).

This Court previously has relied on other parts of the Advisory Notes to guide interpretation of timing issues. *See Nowak v. XAPO, Inc.*, No. 20-CV-03643-BLF, 2020 WL 5877576, at *3 (N.D. Cal. Oct. 2, 2020) (Freeman, J.) (citing to 1993 Advisory Committee Notes for support regarding timing of service under Rule 4(f)). Rule 56's scheduling provision for early-filed summary judgment motions should apply here, and Zazzle's deadline to oppose Plaintiffs' Early MSJ should be 21 days following its deadline to file its responsive pleading.

Alternatively, if the Court declines to impose the Rule 56 (2009 Amendment Committee Notes) deadline, Zazzle requests that the Court exercise its discretion to extend the default deadline set by local rule to oppose motions, to effectuate the same result. The Commentary to Civil Local Rule 7-2 expressly provides that "[t]he time periods set forth in Civil L.R. 7-2 and 7-3 regarding notice, response, and reply to motions are minimum time periods," and that the "parties are encouraged to stipulate to or seek a Court order establishing a longer notice period with correspondingly longer periods for response or reply" where appropriate, as Zazzle believes is the case here. *See* Civil L.R. 7-2.

Under Civil Local Rule 6-3, a motion to extend deadlines set by the Court must: (a) set forth with particularity the reason for the requested enlargement of time, (b) describe the efforts the party has made to obtain a stipulation to the time change, (c) identify the substantial harm or prejudice that will occur if the Court does not alter the schedule, (d) disclose any previous time modifications in the case, whether by stipulation or Court order, and (e) describe the effect the requested modification would have on the overall schedule for the case. Civil L.R. 6-3. All of these factors weigh in favor of Zazzle's requested relief.

<u>First</u>, Zazzle's reason for requesting an enlargement of time to oppose Plaintiffs' Early MSJ is because it has just retained counsel and has not yet even responded to the Complaint; in this procedural posture, the 2009 Committee Notes to Rule 56 provide that such an early summary judgment motion may be opposed 21 days after the filing of the defendant's responsive pleading.

<u>Second</u>, Zazzle solicited Plaintiffs' stipulation to this enlargement of time, but Plaintiffs' counsel disagreed with Zazzle's reading of the rules, and also retracted its agreement to an enlargement of time shortly before this filing.

<u>Third</u>, Zazzle would suffer extreme and undue prejudice if it were forced to oppose Plaintiffs' Early MSJ at this nascent stage in the case, and before its responsive pleading is even due. Zazzle retained counsel only a few weeks ago, and is working on preparing its motion to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12, as the Complaint is deficient in many respects. Plaintiffs have not filed a request for emergency relief, nor have they identified any other legitimate basis for forcing Zazzle to substantively oppose summary judgment just three weeks after its counsel appeared in this case. While Plaintiffs certainly have the right to roll the dice and file their one and only summary judgment motion four weeks after initiating their lawsuit, they should not be permitted to deprive Zazzle of a full and fair opportunity to mount its defense as Zazzle sees fit.

<u>Fourth</u>, there has been one previous time modification in the case, by stipulation, to extend Zazzle's deadline to respond to the Complaint to October 17, 2022.

<u>Fifth</u>, the requested time modification would have no impact on the schedule for the case, because no scheduling order has yet issued. Furthermore, the modification will not impact the January 19, 2023 hearing date on Plaintiffs' Early MSJ.

## CONCLUSION

Because Plaintiffs filed for summary judgment nearly a month before Zazzle's October 17 deadline to file its responsive pleading, which is the precise circumstance addressed by Rule 56 (2009 Amendment Committee Notes), Zazzle respectfully requests that the time for responding to Plaintiffs' Early MSJ be set for "21 days after [defendant's] responsive pleading is due," either by operation of Rule 56 or pursuant to the Court's discretion to modify briefing schedules.

DATED: September 30, 2022                Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By      /s/ Andrew Schapiro
         Andrew Schapiro
         Attorneys for Defendant ZAZZLE INC.