QUINN EMANUEL URQUHART & SULLIVAN, LLP
RACHEL HERRICK KASSABIAN (Bar No. 191060)
  rachelkassabian@quinnemanuel.com
OLGA SLOBODYANYUK (Bar No. 311194)
  olgaslobodyanyuk@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

ANDREW SCHAPIRO (*pro hac vice*)
  andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606-1881
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

DANIEL C. POSNER (Bar No. 232009)
  danposner@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Defendants Zazzle Inc.
and Mohamed Alkhatib

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ and NICKY LAATZ CREATIONS UK LTD., <br><br> Plaintiffs, <br><br> v. <br><br> ZAZZLE INC. and MOHAMED ALKHATIB, <br><br> Defendants. | Case No. 5:22-cv-04844-BLF <br><br> **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS** <br><br> Date: March 2, 2023 <br> Time: 9:00 a.m. <br> Courtroom: 3 <br> Judge: Hon. Beth L. Freeman <br><br> Trial Date: None Set |

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................................... 1

ARGUMENT ............................................................................................................................. 2

I. DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IS PROPER AND DOES NOT CONVERT THEIR MOTION INTO ONE FOR SUMMARY JUDGMENT ............. 2

II. PLAINTIFFS' PROFFER OF A FACT WITNESS DECLARATION IN OPPOSITION TO A MOTION TO DISMISS IS IMPROPER AND SHOULD BE DISREGARDED ................................................................................................................. 3

III. PLAINTIFFS CONCEDE THAT THEIR TRADEMARK INFRINGEMENT AND INTENTIONAL INTERFERENCE CLAIMS FAIL, AND THAT THE ENTITY PLAINTIFF LACKS STANDING ..................................................................................... 4

IV. PLAINTIFFS' OPPOSITION FAILS TO IDENTIFY ANY EXTRA ELEMENT PLEADED IN PLAINTIFFS' STATE LAW CLAIMS, WHICH ARE THUS PREEMPTED BY THE COPYRIGHT ACT .................................................................... 5

V. PLAINTIFFS' OPPOSITION FAILS TO SHOW THEY HAVE PROPERLY PLEADED THE REMAINDER OF THEIR CLAIMS ..................................................... 9

    A. Plaintiffs Fail To Show They Stated A Valid Claim For Copyright Infringement ........................................................................................................... 9

        1. Plaintiffs Misconstrue Defendants' Argument That They Have Failed to Properly Allege Ownership of a Valid Copyright ......................... 9

        2. Plaintiffs Fail to Identify a Pleaded Instance of Copyright Infringement ............................................................................................. 11

    B. Plaintiffs Fail To Show They Have Pleaded Valid Fraud-Based Claims ............. 12

    C. Plaintiffs Fail To Show They Stated A Valid Claim For Breach Of Contract ......... 13

CONCLUSION ....................................................................................................................... 15

**TABLE OF AUTHORITIES**

Page

**Cases**

*Ajaxo, Inc. v. Bank of Am. Tech. & Operations, Inc.*,
 2007 WL 4180361 (E.D. Cal. Nov. 21, 2007) .................................................................... 2

*Altera Corp. v. Clear Logic, Inc.*,
 424 F.3d 1079 (9th Cir. 2005) ................................................................................... 6, 7, 8

*Bugarin v. All Nippon Airways Co., Ltd.*,
 513 F. Supp. 3d 1172 (N.D. Cal. Jan. 19, 2021) ............................................................... 3

*Choyce v. SF Bay Area Indep. Media Ctr.*,
 2014 WL 5597274 (N.D. Cal. Nov. 3, 2014), *aff'd*, 669 F. App'x 863 (9th Cir. 2016) ............ 10

*Clinton v. Boladian*,
 2013 WL 12126107 (C.D. Cal. May 2, 2013) .................................................................. 10

*Crafty Productions, Inc. v. Michaels Companies, Inc.*,
 389 F. Supp. 3d 876 (2019) ............................................................................................ 6, 7

*Daniels-Hall v. Nat'l Educ. Ass'n*,
 629 F.3d 992 (9th Cir. 2010) ............................................................................................. 3

*Daniher v. Pixar Animation Studios*,
 2022 WL 1470480 (N.D. Cal. May 10, 2022) ................................................................... 7

*Diva Limousine, Ltd. v. Uber Techs., Inc.*,
 392 F. Supp. 3d 1074 (N.D. Cal. 2019) ............................................................................. 3

*Esplanade Productions, Inc. v. Walt Disney Company*,
 2017 WL 5635027 (C.D. Cal. Nov. 8, 2017) ................................................................... 11

*F.D.I.C. v. Frankel*,
 2011 WL 5975262 (N.D. Cal. Nov. 29, 2011) ................................................................. 14

*Facebook, Inc. v. Sluchevsky*,
 2020 WL 5823277 (N.D. Cal. Aug. 28, 2020) ................................................................. 13

*Feist Publications Inc. v. Rural Tel Serv. Co.*,
 499 U.S. 340 (1991) .......................................................................................................... 9

*Giddings v. Vison House Prod., Inc.*,
 2007 WL 2274800 (D. Ariz. Aug. 7, 2007) ....................................................................... 7

*Green Desert Oil Grp. v. BP W. Coast Prods.*,
 2012 WL 555045 (N.D. Cal. Feb. 21, 2012) ..................................................................... 4

*Homsy v. Bank of Am., N.A.*,
 2013 WL 2422781 (N.D. Cal. June 3, 2013) ..................................................................... 4

*Hsu v. OZ Optics Ltd.*,
 211 F.R.D. 615 (N.D. Cal. 2002) .................................................................................... 13

*Kabehie v. Zoland*,
 102 Cal. App. 4th 513 (2002) ............................................................................................ 8

*Kanaan v. Yaqub*,
 2022 WL 3357834 (N.D. Cal. Aug. 15, 2022) .................................................................. 4

*Khoja v. Orexigen Therapeutics, Inc.*,
 899 F.3d 988 (9th Cir. 2018) ............................................................................................. 2

*Klinger v. Modesto Fruit Company*,
    107 Cal. App. 97 (1930) .................................................................................................. 14

*Louisiana Mun. Police Employees' Ret. Sys. v. Wynn*,
    829 F.3d 1048 (9th Cir. 2016) ........................................................................................... 4

*MDY Indus., LLC v. Blizzard Entm't, Inc.*,
    629 F.3d 928 (9th Cir. 2010) ......................................................................................... 6, 7

*Media.net Advertising FZ-LLC v. NetSeer, Inc.*,
    156 F. Supp. 3d 1052 (N.D. Cal. 2016) .......................................................................... 7, 8

*Miller v. Ford Motor Co.*,
    2022 WL 3229503 (E.D. Cal. Aug. 10, 2022) .................................................................. 4

*Oracle USA, Inc. v. Rimini Street, Inc.*,
    6 F. Supp. 3d 1108 (D. Nev. 2014) ................................................................................. 11

*Peter T. Erdelyi and Associates v. Optimum Seismic, Inc.*,
    2021 WL 4775635 (C.D. Cal. July 1, 2021) ..................................................................... 9

*Rentmeester v. Nike, Inc.*,
    883 F.3d 1111 (9th Cir. 2018) ........................................................................................... 9

*Schneider v. Calif. Dep't of Corrections*,
    151 F.3d 1194 (9th Cir. 1998) ........................................................................................... 3

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ........................................................................................... 14

*Sybersound Records, Inc. v. UAV Corp.*,
    517 F. 3d 1137 (9th Cir. 2008) .......................................................................................... 7

*Terarecon, Inc. v. Fovia, Inc.*,
    2006 WL 1867734 (N.D. Cal. July 6, 2006) ..................................................................... 8

*Ticketmaster LLC v. Prestige Ent't, Inc.*,
    306 F. Supp. 3d 1164 (C.D. Cal. Jan. 31, 2018) ................................................... 9, 12, 13

*Ticketmaster LLC v. Prestige Ent't, Inc.*,
    306 F. Supp. 3d 1164 (C.D. Cal. Jan. 31, 2018) .............................................................. 12

*UAB Planner v. Facebook, Inc.*,
    2019 WL 6219223 (N.D. Cal Sep. 21, 2019) .................................................................... 9

*Valente-Kritzer Video v. Pinckney*,
    881 F.2d 772 (9th Cir. 1989) ............................................................................................. 6

*Wright v. Or. Metallurgical Corp.*,
    360 F.3d 1090 (9th Cir. 2004) ......................................................................................... 14

*Zeleny v. Burge*,
    2022 WL 3013138 (C.D. Cal. July 1, 2022) ..................................................................... 2

**Statutory Authorities**
17 U.S.C. §106 .......................................................................................................................... 6

17 U.S.C. § 301 ..................................................................................................................... 5, 8

**Rules and Regulations**
Fed. R. Civ. P. 12(d) ................................................................................................................. 3

Fed. R. Evid. 201 ...................................................................................................................... 2

# INTRODUCTION

Plaintiffs' opposition confirms that they have failed to plead valid claims. At the outset, Plaintiffs' argument that only documents mentioned in the Complaint can be judicially noticed incorrectly conflates two separate doctrines, judicial notice and incorporation by reference. Defendants have properly invoked both doctrines, as the Ninth Circuit permits. Should the Court decline to take judicial notice of any particular document, that document simply is not considered in the Court's ruling—it does not convert Defendants' motion into one for summary judgment.

<u>Conceded Dismissals</u>. Plaintiffs do not address Defendants' motion to dismiss the trademark infringement claim, thus conceding it must be dismissed. Nor do they meaningfully dispute that their intentional interference claim fails as a matter of law because Zazzle cannot interfere with a contract to which it was a party. Plaintiffs likewise fail to substantively oppose Defendants' argument that the entity Plaintiff—Nicky Laatz Creations UK Ltd.—lacks standing to assert any claims against Defendants, so that entity's claims must be dismissed.

<u>Disputed Arguments</u>. Plaintiffs submitted a veritable treatise on copyright preemption, but none of it establishes that their state-law claims allege any "extra element" that removes them from the ambit of copyright preemption. Plaintiffs also tacitly concede by their improper submission of new facts via a witness declaration that they have failed to allege facts showing they own valid copyrights in the Blooming Elegant font software. Plaintiffs point to no allegations showing they hand-coded font software that is eligible for copyright protection; rather, the record on this motion shows they used a commonly available font program to create their software files, which the Copyright Office has said (in judicially noticeable correspondence) cannot be registered. Plaintiffs likewise fail to identify any allegations showing Defendants violated any of their alleged exclusive rights in the Blooming Elegant font software; Plaintiffs' bare allegation that Defendants "installed" the font software on a server is insufficient. As for their fraud claims, Plaintiffs point to no factual allegations, let alone any that comply with Rule 9(b), of Defendants' material misstatements or omissions or fraudulent intent, or of Plaintiffs' reasonable reliance. Lastly, Plaintiffs' citation to an inapposite, century-old, state case regarding waiver of arguments on appeal does not change the fact that Plaintiffs have pleaded themselves out of court on their

contract claim by alleging that Mr. Alkhatib was acting as an agent of Zazzle at all relevant times. The Complaint should be dismissed in full.

## ARGUMENT

### I.  DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IS PROPER AND DOES NOT CONVERT THEIR MOTION INTO ONE FOR SUMMARY JUDGMENT

In contravention of settled law, Plaintiffs urge that Defendants' motion to dismiss ("MTD") must be converted into a motion for summary judgment ("MSJ") because Defendants ask the Court to take notice of certain matters outside the pleadings. But consideration of documents outside the pleadings does not convert a MTD into a MSJ if the documents are subject to (1) the incorporation-by-reference doctrine, or (2) judicial notice under Federal Rule of Evidence 201. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). "Both of these procedures permit district courts to consider materials outside a complaint, but each does so for different reasons and in different ways." *Id.* "It is well settled law that facts, of which judicial notice may be taken, need not [also] be alleged in the complaint." *Ajaxo, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 2007 WL 4180361, at *1 (E.D. Cal. Nov. 21, 2007) (internal quotations omitted). Thus, Plaintiffs' objection to Defendants' request for judicial notice on the basis that the subject exhibits are not *also* explicitly referenced in the Complaint (Opp. at 3-5) fails because it erroneously conflates these doctrines, suggesting incorrectly that the latter depends on the former. Though Plaintiffs cite decisions in which the documents at issue satisfied both exceptions (Opp. at 4), they cite no authority refusing to take judicial notice because the documents were not incorporated by reference, which is unsurprising, as that is not the law.

Plaintiffs' remaining arguments fare no better. ***First***, they inexplicably argue that their own correspondence with, and deposit materials submitted to, the Copyright Office might not be reliable enough for judicial notice purposes and should not be considered to the extent they conflict with the Complaint's allegations. Opp. at 3-5. Setting aside Plaintiffs' troubling tacit admission that they have told the Copyright Office one thing and this Court another (both in sworn documents), they cite no cases refusing to take judicial notice of Copyright Office records, which of course are routinely subject to such notice. *See, e.g., Zeleny v. Burge*, 2022 WL 3013138, at *4

(C.D. Cal. July 1, 2022) (taking judicial notice of Copyright Office correspondence files and of the deposit copy for the copyright registration at issue).

*Second*, the fact that judicially noticeable materials may contradict the allegations of the complaint is no bar to taking notice of them in the first place, and in fact, is the very point of doing so—to ferret out meritless lawsuits like this one. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (taking judicial notice of documents and noting "[w]e are not … required to accept as true allegations that contradict … matters properly subject to judicial notice….").

Finally, even if this Court were to conclude that one or more of the judicially noticeable or incorporated-by-reference documents did not satisfy those doctrines, the Court may disregard them without converting this MTD into an MSJ.  *See* FED. R. CIV. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to **and not excluded by the court**, the motion must be treated as one for summary judgment….") (emphasis added).  For avoidance of doubt, Defendants do not wish or intend that their MTD be converted into their one and only MSJ.  Dkt. 29.  If this case survives past the pleadings stage, Defendants intend to file for summary judgment after discovery, on a fully developed factual record.

## II. PLAINTIFFS' PROFFER OF A FACT WITNESS DECLARATION IN OPPOSITION TO A MOTION TO DISMISS IS IMPROPER AND SHOULD BE DISREGARDED

With their opposition brief, Plaintiffs submit new evidence in the form of a declaration of Nicky Laatz in which Plaintiffs attempt to remedy their pleading deficiencies by alleging new factual information not contained or referenced in the Complaint and not otherwise subject to judicial notice.  The Court should disregard this new declaration under the well-settled rule that "[a] plaintiff cannot avoid dismissal by alleging new facts in an opposition to a rule 12(b)(6) motion."  *See Schneider v. Calif. Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("'new' allegations contained in the [plaintiff]'s opposition motion, however, are irrelevant for Rule 12(b)(6) purposes"); *see, e.g.*, *Bugarin v. All Nippon Airways Co., Ltd.*, 513 F. Supp. 3d 1172, 1180-81 (N.D. Cal. Jan. 19, 2021) (Freeman, J.) (facts contained in declaration could not be considered in evaluating a 12(b)(6) motion to dismiss); *Diva Limousine, Ltd. v. Uber Techs., Inc.*, 392 F. Supp. 3d 1074, 1083 (N.D. Cal. 2019) (rejecting plaintiffs' "attempts to remedy its

pleading deficiency by supplying supplemental facts [via declarations attached to] its opposition"); *see also Kanaan v. Yaqub*, 2022 WL 3357834, at *2 (N.D. Cal. Aug. 15, 2022) (Freeman, J.) (on a Rule 12 motion, court considers "only the allegations of the complaint, documents incorporated into the complaint by reference, and matters which are subject to judicial notice") (citing *Louisiana Mun. Police Employees' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1063 (9th Cir. 2016)).

Plaintiffs also proffer an attorney declaration attaching various pages from the online public catalog of the U.S. Copyright Office, reflecting what Plaintiffs assert are "examples" of hits on the term "FontLab" anywhere in the registration. Matthew Decl. ¶¶ 2-3. After apparently scouring the catalog, Plaintiffs proffer four such examples, dated in 2013, 2014 and 2017. *Id*. These records do not save Plaintiff's Complaint from dismissal, in the face of correspondence between Nicky Laatz's attorneys and the Copyright Office Examiner specifically instructing that if Ms. Laatz used FontLab to "generate" her software, it would *not* be eligible for registration. *See* Request for Judicial Notice ("RJN") Ex. 4 at 5; Ex. 5 at 5; Ex. 6 at 6. Nor do these proffered catalog entries provide the context, file history, deposit materials, or other information regarding the nature of the copyrighted works to permit any meaningful understanding of the facts and circumstances of those registrations.

### III. PLAINTIFFS CONCEDE THAT THEIR TRADEMARK INFRINGEMENT AND INTENTIONAL INTERFERENCE CLAIMS FAIL, AND THAT THE ENTITY PLAINTIFF LACKS STANDING

Three issues in Defendants' motion that are easily decided in Defendants' favor because Plaintiffs literally or effectively failed to respond to them, thus conceding the points. *See, e.g.*, *Homsy v. Bank of Am., N.A.*, 2013 WL 2422781, at *5 (N.D. Cal. June 3, 2013) ("In instances where a plaintiff simply fails to address a particular claim in its opposition to a motion to dismiss that claim, courts generally dismiss it with prejudice."); *Green Desert Oil Grp. v. BP W. Coast Prods.*, 2012 WL 555045, at *2 (N.D. Cal. Feb. 21, 2012) (dismissing abandoned claims without leave to amend); *Miller v. Ford Motor Co.*, 2022 WL 3229503, at *11 (E.D. Cal. Aug. 10, 2022) ("[p]laintiffs' failure to respond to [d]efendant's arguments is a concession of those arguments").

*First*, Plaintiffs fail to even mention, let alone respond to, Defendants' argument that Plaintiffs' trademark infringement claim is barred by the doctrine of nominative fair use.  MTD at 1, 20-21.  The Court should therefore dismiss Plaintiffs' claim for trademark infringement.

*Second*, Plaintiffs do not dispute the argument made in Defendants' opening brief that the intentional interference claim cannot survive because as a matter of law a party cannot interfere with its own contract.  *See* MTD at 1, 16 n.3, 20.  Plaintiffs present no opposition on the merits, instead positing that they pleaded this claim only "in the alternative," and will "withdraw" it if the Court "recogniz[es]" Zazzle's "agency relationship" with Mr. Alkhatib.  Opp. at 13.  Plaintiffs' procedural waffling does not save this claim, because (i) nothing in the Complaint suggests it was pleaded "in the alternative"; (ii) Defendants have never disputed the "agency relationship" as is clear from the Plaintiffs' own allegations (*see, e.g.*, Compl. ¶ 82); and (iii) Plaintiffs' assurances of impending dismissal ring hollow as they **already moved for summary judgment** on this claim as currently pleaded against Zazzle.  The improperly pleaded claim should be dismissed.

*Third*, Plaintiffs make only a passing reference in their introduction to Defendants' argument that all claims raised by the entity Plaintiff, Nicky Laatz Creations UK Ltd., fail for lack of standing.  Plaintiffs concede that the entity lacks standing to pursue the federal claims, but protests (without argument or authority) as to the state claims.  Opp. at 3.  The Court is not obliged to craft such arguments for Plaintiff.  All claims as raised by the entity Plaintiff should be dismissed for this additional reason.

### IV. PLAINTIFFS' OPPOSITION FAILS TO IDENTIFY ANY EXTRA ELEMENT PLEADED IN PLAINTIFFS' STATE LAW CLAIMS, WHICH ARE THUS PREEMPTED BY THE COPYRIGHT ACT

In assessing preemption, the Court need not accept Plaintiffs' invitation to wade into decades-old law review articles, the Airline Deregulation Act, or legislative history (*cf.* Opp. at 5-6).  The text of the Copyright Act itself establishes that "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright" are preempted by federal law.  17 U.S.C. § 301.  Plaintiffs identify no legal or equitable *rights* with regard to their state law claims that they allege have been violated other than the exclusive rights under the Copyright Act—*i.e.*, reproduction, distribution, public display, public performance, or creation of

derivative works. 17 U.S.C. §106; *compare* Opp. at 10 (alleging Defendants wrongfully reproduced, distributed, and displayed the work).

Contrary to the impression Plaintiffs attempt to convey, the Ninth Circuit has not established a bright-line rule that breach of contract claims—or any other state law claim—are never preempted. Rather, the determination depends on the facts of the case. And the operative facts in the decisions on which Plaintiffs rely (Opp. at 5, 12, 19) are inapposite. For example, the contract terms interfered with in *MDY Indus., LLC v. Blizzard Entm't, Inc.*, prohibited gameplay by bots—an activity outside the Copyright Act's scope. 629 F.3d 928, 938 (9th Cir. 2010). Similarly, the breached license term in *Altera Corp. v. Clear Logic, Inc.* limited use of the copyrighted software to "the sole purpose of programming logic devices manufactured by [the plaintiff] and sold by [the plaintiff] or its authorized distributors." 424 F.3d 1079, 1082 (9th Cir. 2005). Likewise, the oral contract in *Valente-Kritzer Video v. Pinckney*, which was allegedly fraudulently induced, went beyond the exclusive rights of the Copyright Act, concerning "the exclusive right to shop for a home video deal and to negotiate with major home video cassette manufacturer/distributors for the production and distribution of a home video based upon the book." 881 F.2d 772, 773, 777 (9th Cir. 1989). Thus, the rights asserted in these cases were "qualitatively different from those protected under the Copyright Act." *Altera*, 424 F.3d at 1089.

In contrast, Plaintiffs' claims turn on the alleged reproduction, distribution, public display, and creation of derivative works of the copyrighted work. *See* Compl. ¶ 177 (basing breach claim on "copying," *i.e.*, reproduction, distribution, and allowing third parties to make derivative works); ¶153 (basing tortious interference claim on directing same), ¶¶ 132, 139 145 (basing fraud claims on allegedly promising not to reproduce, display, or allow creation of derivative works and misrepresenting and concealing intent re: same); *accord* Opp. at 10. Thus, the facts here align more closely with *Crafty Productions, Inc. v. Michaels Companies, Inc.* (which Plaintiffs ignored), in which the plaintiffs' interference claim fundamentally accused defendants "of distributing and/or selling [p]laintiffs' copyrighted designs without [p]laintiffs' authorization." 389 F. Supp. 3d 876 (2019). Because "[t]hese rights are already protected by federal copyright law," the court dismissed the plaintiffs' state law claims as preempted, despite allegations that the

reproduction tortiously interfered with the plaintiffs' contracts. *Id.* (citing, *inter alia*, *Media.net Advertising FZ-LLC v. NetSeer, Inc.,* 156 F. Supp. 3d 1052, 1072 (N.D. Cal. 2016) (holding intentional interference claims preempted and distinguishing *Altera* and *Blizzard*)).

Vaguely characterizing Defendants' allegedly wrongful conduct as "use" (Opp. at 10) does not change the substantive equivalency to the Section 106 rights of reproduction, display, distribution, and creation of derivative works. Nor do Plaintiffs' allegations that Defendants derived benefits from reproduction and distribution that exceeded the license terms. *See Daniher v. Pixar Animation Studios*, 2022 WL 1470480, at *5 (N.D. Cal. May 10, 2022) (state law claim preempted notwithstanding allegation "that Pixar unfairly benefitted from its unauthorized use [*i.e.*, beyond the scope of the contract] of the Vanicorn without remunerating Ms. Daniher"); Comp. ¶ 139 (alleging "true intention in M. Alkhatib entering into the Blooming Elegant License was to allow Zazzle to install the Blooming Elegant Trio font software on its servers [*i.e.*, reproduce], roll it out to Zazzle's entire user base [*i.e.*, distribute], and exploit the font software for Zazzle's benefit and enrichment without Zazzle compensating Nicky Laatz").

Rather, like the plaintiff in *Giddings v. Vison House Prod., Inc.*, "an artist who entered into a contract with [d]efendants, giving them limited permission to reproduce and distribute [p]laintiff's copyrighted artwork," Plaintiffs' allegations that defendants "reproduced and distributed the art in a way that violated the contract" do not convert the gravamen of the claim into something beyond the scope of the Copyright Act. 2007 WL 2274800, at *1 (D. Ariz. Aug. 7, 2007) (dismissing fraud claim as preempted). In none of these cases did the mere additional legal elements of a claim (*e.g.*, existence of a contract, contractual relationship with third parties, misrepresentation) dictate whether preemption applies; the substance of the claimed wrongdoing is what mattered. *See also, e.g.*, *Sybersound Records, Inc. v. UAV Corp.*, 517 F. 3d 1137, 1151 (9th Cir. 2008) (affirming preemption of state law claim because "to the extent an alleged wrongful act by … [d]efendants is based on copyright infringement, it is preempted").

To the extent Plaintiffs' preemption authority rests on the simplistic notion that the very fact of a contract (*e.g.*, mutual promises), misrepresentation, or some other legal element is sufficient to provide the "extra element" necessary to survive preemption, the reasoning of those

cases contradicts the plain language of the Copyright Act, which focuses on equivalent **rights**—not whether extra elements must be pled in seeking enforcement of those rights through other claims. 17 U.S.C. § 301. As Judge Chen explained in *Media.net*:

> To the extent Plaintiff argues there is an extra element of intent, Plaintiff still cannot avoid preemption. The question is whether the added element *qualitatively* changes the nature of the claim. *See Altera Corp.*, 424 F.3d at 1089. Defendants' alleged intent does not qualitatively change the nature of the claim here which is predicated on a copyright violation.

156 F. Supp. 3d at 1023 (holding intentional interference with contract and with prospective economic advantage claims preempted). Any other result misconstrues the purpose of preemption, which is to prevent differing schemes for the protection of copyrighted works, including the range of remedies available for infringement. *See, e.g.*, *Sybersound*, 517 F.3d at 1150 (explaining that allowing plaintiffs to litigate copyright rights through "state claims would defeat Congress's intent to have federal law occupy the entire field of copyright law").

Although Plaintiffs assert that their "Complaint seeks to enforce contract rights that are apart from and in addition to rights under the Copyright Act" (Opp. at 11), they fail to identify such rights—pointing only to terms that are equivalent to reproduction and distribution. Similarly, while Plaintiffs contend that the operative license "includes numerous contractual rights different from those covered by the Copyright Act," they fail to cite any. Opp. at 5. Moreover, the fact that a license may contain additional terms beyond the scope of the Copyright Act is immaterial when Plaintiffs do not allege that those additional terms were breached. *See, e.g.*, *Kabehie v. Zoland*, 102 Cal. App. 4th 513, 526 (2002) (finding breach of contract claim preempted where claim was predicated on alleged breach of reproduction of copyrighted music, not on contract terms about delivering masters and compositions).

Finally, while Plaintiffs cite to various decisions finding fraud claims not preempted, they point to no binding authority that Section 301's equivalent rights analysis should be overlooked in fraud claims. Opp. at 19-20. In fact, Judge Wilken found in the wake of *Valente* that fraud claims remain subject to that standard. *See Terarecon, Inc. v. Fovia, Inc.*, 2006 WL 1867734, at *3 (N.D.

Cal. July 6, 2006) ("Courts do not automatically conclude that, if misrepresentation or deceit is alleged, a claim is not preempted by the Copyright Act."). And unlike the plaintiff in *Valente*, Plaintiffs fail to allege that they were induced to accept contract terms that were qualitatively different from the exclusive rights of the Copyright Act. *See also Ticketmaster LLC v. Prestige Ent't, Inc*., 306 F. Supp. 3d 1164, 1170 (C.D. Cal. Jan. 31, 2018) (allegedly fraudulently induced contract terms related to prohibitions outside of the scope of copyrights—*i.e.*, using bots and other automated means to interact with service; preemption not discussed) (cited in Opp. at 20-21).

In sum, Plaintiffs' failure to identify any allegation of a relevant contract term or other wrongful conduct that is qualitatively different from the scope of rights protected by the Copyright Act renders their state law claims preempted.

## V.  PLAINTIFFS' OPPOSITION FAILS TO SHOW THEY HAVE PROPERLY PLEADED THE REMAINDER OF THEIR CLAIMS

### A.  Plaintiffs Fail To Show They Stated A Valid Claim For Copyright Infringement

Plaintiffs fail to show that they have adequately pleaded ownership of a valid copyright or copyright infringement. Their copyright claim should be dismissed.

#### 1.  Plaintiffs Misconstrue Defendants' Argument That They Have Failed to Properly Allege Ownership of a Valid Copyright

Plaintiffs insist that because they have made a bare-bones allegation that "the software has been copyrighted," their copyright claim is adequately pleaded. Opp. at 21 (citing Compl. ¶ 40). But that ignores Ninth Circuit law holding that a Plaintiff must show ownership of a valid copyright. *Feist Publications Inc. v. Rural Tel Serv. Co.*, 499 U.S. 340, 361 (1991) (emphasis added); *UAB Planner v. Facebook, Inc.*, 2019 WL 6219223 (N.D. Cal Sep. 21, 2019) ("To state a claim for copyright infringement, a plaintiff must plausibly allege two elements: (1) ownership of a valid copyright, and (2) copying of elements of the work that are original.") (citing *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1116-17 (9th Cir. 2018)).

Plaintiffs are tellingly silent on this issue. They misplace reliance on a single district court case holding that a "plaintiff's failure to register certain works within five years after the work's initial publication date" does not, standing alone, warrant dismissal. *Peter T. Erdelyi and*

*Associates v. Optimum Seismic, Inc.*, 2021 WL 4775635, at *3 (C.D. Cal. July 1, 2021). The basis for Defendants' motion is not merely that Plaintiffs lack the five-year presumption, but **also** that (1) Plaintiffs failed to allege ownership of a valid copyright, (2) Plaintiffs failed to support such claim with facts plausibly alleging validity (such as that Ms. Laatz actually did hand code the software at issue, which the Copyright Office confirmed in judicially noticeable correspondence was required for registration), and (3) judicially noticeable materials **contradict** any such validity, presumed or otherwise. (MTD at 8-10; RJN Ex. 1 at 2; Ex. 2 at 6; *see generally* Exs. 4-6); *compare* Opp. at 4 (conceding Complaint "made no reference to nor alleged any details of the contents of the code for the software used to implement the Blooming Elegant Trio of fonts").

Defendants are not litigating an affirmative defense of copyright invalidity, as Plaintiffs would have the Court believe (Opp. at 22-23), but rather are pointing to the insufficiency of Plaintiffs' allegations. Because Plaintiffs have failed to allege validity nor any facts attesting to validity in this unusual circumstance where judicially noticeable Copyright Office records confirm the **invalidity** of the registrations at issue, Plaintiffs have failed to plead ownership of valid copyrights. *See, e.g.*, *Clinton v. Boladian*, 2013 WL 12126107, at * 2 (C.D. Cal. May 2, 2013) (dismissing with prejudice copyright infringement claims where plaintiff failed to plausibly "allege present copyright ownership by the plaintiff, proper registration, and infringement by defendant"); *Choyce v. SF Bay Area Indep. Media Ctr.*, 2014 WL 5597274, at *2 (N.D. Cal. Nov. 3, 2014), *aff'd*, 669 F. App'x 863 (9th Cir. 2016) (dismissal granted where plaintiff could not show registration within five years of publication and failed to allege "additional well-pled factual allegations from which it is plausible to conclude that Plaintiff [] owns a valid copyright").

Plaintiffs set up a proverbial strawman by arguing they need not plead their copyright claim "with particularity" (Opp. at 22)—which Defendants never argued they did. Yet Plaintiffs' own authorities (*id*.) show that adequately pled ownership of valid copyrights is not subject to a rubber stamp; rather, the plaintiff must, at a minimum, plead "present copyright ownership …, **proper registration**, and infringement by defendant." *Clinton*, 2013 WL 12126107, at *2 (emphasis added). Here, facts appropriate for consideration on this MTD demonstrate that Plaintiffs' registration allegations fall short because judicially noticeable documents show they do

not have a "proper registration" as they registered font software generated by Fontlab, as the Copyright Office instructed was not registrable.  *See generally* RJN at 1-2, *see also* RJN Exs. 1-3).

### 2. Plaintiffs Fail to Identify a Pleaded Instance of Copyright Infringement

Plaintiffs contend that Defendants "reproduced" the software by "installing" it on Zazzle's server (Opp. at 24) and argue at length about how the case law defines a server.  But they point to no allegations of an infringing reproduction of the font software at issue, thus confirming the deficiency of the Complaint.  Nor do Plaintiffs identify an allegation that users did "access" that font software (as opposed to the uncopyrightable Blooming Elegant font/typeface).  Indeed, Plaintiffs' actual allegations (which they ignore in their brief) are that "by installing [the software] on Zazzle's servers," Defendants "made ***the fonts*** available to everyone of Zazzle's designers and individual users."  Compl. ¶ 159.  Because the font software, not the font, is the asserted copyrighted work, Plaintiffs' infringement allegations are deficient.

Plaintiffs misplace reliance on *Oracle USA, Inc. v. Rimini Street, Inc.*, 6 F. Supp. 3d 1108 (D. Nev. 2014).  There, the evidence on summary judgment showed that the defendant exceeded its licensed right to download a single copy of a software product by actually downloading the software at least 25 times and by placing more than 200 copies of the ***software*** on its servers— "well above the single copy authorized by the" license.  *Id*. at 1117-18.  In contrast here, Plaintiffs allege at most that Defendants downloaded and installed a single copy of the Blooming Elegant font software onto the Zazzle server.  *Oracle* does not save the Complaint from dismissal.

Plaintiffs likewise fail to show that their allegation that Zazzle "installed" their software onto its server is sufficient to state a valid claim for infringement of their alleged exclusive right to "distribute" or "display" the software.  Again, this allegation fails to state that Defendants shared a copy of the Blooming Elegant ***font software*** with anyone.  Plaintiffs' citation to *Esplanade Productions, Inc. v. Walt Disney Company* (which is actually a cite to the Nimmer treatise as quoted in that decision) is misplaced because it concerns the inapt concept of "intermediate copying," and has no bearing on whether Defendants' alleged "installation" of the software on Zazzle's server violated Plaintiffs' distribution rights.  *See* 2017 WL 5635027, at *18 (C.D. Cal. Nov. 8, 2017).

### B. Plaintiffs Fail To Show They Have Pleaded Valid Fraud-Based Claims

Plaintiffs concede that their theories of fraud are based on nothing beyond Mr. Alkhatib's generic, online purchase of the Blooming Elegant Trio License, which, they suggest, was made with fraudulent intent. They plead no misrepresentation or omission outside that routine transaction. As Defendants demonstrated in their opening brief, those allegations fail to state a claim, and additionally fall well short of Rule 9(b)'s particularity requirement. MTD at 17-19.

Unable to point to any concrete misrepresentation or instance of omission, Plaintiffs put all their eggs in the *Ticketmaster* basket, contending that Mr. Alkhatib's purported acceptance of Ms. Laatz's terms of service was in and of itself a false statement, false promise, and omission upon which fraud claims can be based. Opp. at 14-15 (citing *Ticketmaster LLC v. Prestige Ent't, Inc.*, 306 F. Supp. 3d 1164, 1169-70, 1178 (C.D. Cal. Jan. 31, 2018)). But even if it were binding on this Court, *Ticketmaster* could not bear the weight that Plaintiffs place on it. *Ticketmaster* involved a complex scheme by ticket scalpers to utilize "bots" to create thousands of phony accounts and scrape the company's website for data. *See Ticketmaster*, 306 F. Supp. 3d at 1170-71. The defendants also "used colocation facilities with high speed bandwidth, random number and letter generators, and other evasive methods in order to avoid detection by Ticketmaster." *Id.* at 1170. Ticketmaster's terms of use, to which the defendants agreed every time they created one of the accounts in their scheme, affirmatively conditioned the transaction on the user's agreement not to, among other things, use robots, "spiders," or other means to mine data. *Id.*

That is a far cry from the allegations here, which involve just a single transaction and conclusory assertions of intent and reliance far too thin satisfy either *Iqbal*/*Twombly* or Rule 9(b). *Ticketmaster* is best understood for what it was: a case involving highly detailed allegations of a complex scheme from which one could readily and plausibly infer the elements of fraud. Reading it as anything more would transform virtually any disagreement about a party's intention when clicking "I Accept" into a fraud case. Fortunately, that is not the law, and it is why *Ticketmaster* is the sole decision that Plaintiffs could cite in which an allegation of a breach of clickwrap terms was held adequate to support a claim of fraud.

Plaintiffs are thus left with no meaningful response to the points established in Zazzle's opening brief.  While it may be true that "intent can be averred generally under Rule 9(b), a plaintiff still must point to *facts* which show that defendant harbored an intention not to be bound by terms of the contract at formation."  *Hsu v. OZ Optics Ltd.*, 211 F.R.D. 615, 620 (N.D. Cal. 2002) (emphasis added) (dismissing fraud claim under Rule 9(b)).  Plaintiffs have failed to do so.  Nor have they adequately alleged that Mr. Alkhatib made any false statements, to anyone.  He did nothing more than make on online purchase, even on Plaintiffs' version of events.  Their allegations of reliance are equally deficient.  The Complaint offers no facts or allegations to suggest that any human anywhere reviewed or even saw any "representations" embodied in Mr. Alkhatib's online purchase.  And Plaintiffs' claims for concealment or omission fare no better.  They are based entirely on the theory that Mr. Alkhatib—who, as acknowledged in the Complaint (at ¶ 63) used a company credit card for the purchase—should somehow have "told" Ms. Laatz that he was buying the license for his employer.  Plaintiffs do not allege that there was any field in the online purchase form by which a buyer could do so, nor do they allege that there was some way that Mr. Alkhatib could have carried out the transaction using anything other than his name.  Accordingly, the fraud claims are deficiently pleaded and must be dismissed.[1]

### C.   Plaintiffs Fail To Show They Stated A Valid Claim For Breach Of Contract

Plaintiffs argue in opposition that their claim for breach of contract against Mr. Alkhatib should not be dismissed because both Zazzle and Mr. Alkhatib can be sued for breach of contract if Mr. Alkhatib, as the agent of Zazzle, did not disclose the agency, pointing to three paragraphs in the Complaint where they claim to have so alleged.  *See* Compl. ¶¶ 8, 9, 58.  But none of these paragraphs alleges that Mr. Alkhatib failed to disclose Zazzle's name—presumably because

---

[1] Plaintiffs also rely on Magistrate Judge Scott Corley's ruling in another data-scraping case, *Facebook, Inc. v. Sluchevsky*, 2020 WL 5823277 (N.D. Cal. Aug. 28, 2020), but fail to point out that this decision involved a defaulted party who presented no briefing, and that the passing discussion of the relevance of the terms of service cited no legal authority.

Plaintiffs knew that would be a false allegation.  Instead, those allegations dance around the issue, claiming a "secret" and "surreptitious license" purchase, without actually alleging that Mr. Alkhatib did not disclose his employer's name (or any other information that he could have provided on the online form he used).  None saves this claim from dismissal.

The lone case Plaintiffs cite in opposition, *Klinger v. Modesto Fruit Company*, 107 Cal. App. 97 (1930), concerns a sale of fruit that took place some years before the Great Depression. There, the Plaintiff had sued **both** the agent and the principal (who admittedly was undisclosed). *Id.* at 128.  The defendants did not demur or otherwise complain on this issue, and a judgment was entered against both of them. *Id.* at 102.  On appeal, the court held that in not objecting, defendants' "right to compel an election is thereby waived and may not be raised for the first time on appeal." *Id.* at 105.  That holding has no bearing on the scenario here.

More importantly, elsewhere in the Complaint Plaintiffs have doomed this claim with fatal allegations, asserting that "[a]t all relevant times when entering into a license agreement… Mr. Alkhatib was acting in his capacity as an employee of, on behalf of, and at the direction of Zazzle." Compl. ¶ 61.  Plaintiffs do not meaningfully address this issue, which is dispositive. *F.D.I.C. v. Frankel*, 2011 WL 5975262 (N.D. Cal. Nov. 29, 2011), is squarely on point.  There, the plaintiff alleged exactly as Plaintiffs do here—that the individual defendant was an "employee and/or agent of" his employer and was "at all times relevant to this Complaint, . . . acting in his capacity as an employee and/or agent of" his employer. *Id*. at *5.  Upon the individual defendant's motion to dismiss, Judge Koh agreed that on such allegations, the individual defendant "cannot be held personally liable for contractual breach." *Id*.  On that basis the Court dismissed the claim with prejudice, given the futility of amendment. *Id*. at *1. While Plaintiffs strain to distance themselves from their own near-identical allegations here, they cannot do so. *See Wright v. Or. Metallurgical Corp.*, 360 F.3d 1090, 1098 (9th Cir. 2004) (upholding dismissal of claims precluded by plaintiff's factual allegations); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001) ("[A] plaintiff can . . . plead himself out of a claim by including unnecessary details contrary to his claims.").

## CONCLUSION

Defendants respectfully request that the Court grant this Motion in full, and without leave to amend, given the futility of amendment.

DATED: November 7, 2022                QUINN EMANUEL URQUHART & SULLIVAN, LLP


By    */s/ Rachel Herrick Kassabian*
　　　Rachel Herrick Kassabian

　　　Attorney for Defendants Zazzle Inc.
　　　and Mohamed Alkhatib