QUINN EMANUEL URQUHART & SULLIVAN, LLP
RACHEL HERRICK KASSABIAN (Bar No. 191060)
rachelkassabian@quinnemanuel.com
OLGA SLOBODYANYUK (Bar No. 311194)
olgaslobodyanyuk@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA   94065-2139
Telephone:   (650) 801-5000
Facsimile:   (650) 801-5100

ANDREW SCHAPIRO (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606-1881
Telephone:   (312) 705-7400
Facsimile:   (312) 705-7401

DANIEL C. POSNER (Bar No. 232009)
danposner@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA   90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443 3100

Attorneys for Defendants Zazzle Inc.
and Mohamed Alkhatib

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ and NICKY LAATZ CREATIONS UK LTD., <br><br> Plaintiffs, <br><br> vs. <br><br> ZAZZLE INC. and MOHAMED ALKHATIB, <br><br> Defendants. | Case No. 5:22-cv-04844-BLF <br><br> **DEFENDANTS' OBJECTIONS TO PLAINTIFFS' IMPROPER SUMMARY JUDGMENT REPLY EVIDENCE** <br><br> Date:   January 19, 2023 <br> Time:   9:00 a.m. <br> Crtrm.:   3 <br> Judge:   Hon. Beth L. Freeman <br><br> Trial Date:   None Set |

Plaintiffs have improperly filed *more declarations with their reply brief* (five) than with their original summary judgment motion itself (four)—a telling sign that they failed to meet their summary judgment burden in the first place. Dkts. 51-4, 51-6, 51-7, 51-9 ("Reply Declarations"). Plaintiffs' attempt to obtain summary judgment by ambush is improper in any context, but particularly here, where Plaintiffs moved for summary judgment less than a month after they filed suit, claiming neither party needed discovery to determine liability. The Court should disregard or strike Plaintiffs' new reply evidence in full, and deny Plaintiffs' MSJ.

## I.  ALL FIVE OF PLAINTIFFS' NEW REPLY DECLARATIONS ARE IMPROPER

Courts in this District routinely strike or disregard reply declarations. *See, e.g.*, *Tae Youn Shim v. Lawler*, 2019 WL 2996443, at *7 (N.D. Cal. July 9, 2019) (striking new exhibits on reply because "[the] submission of new facts in [a] reply brief is improper") (citations omitted); *Rodgers v. Chevys Restaurants*, LLC, 2015 WL 909763, at *5 (N.D. Cal. Feb. 24, 2015) (refusing to consider new declaration submitted in reply); *Lam Rsch. Corp. v. Schunk Semiconductor*, 2014 WL 1995799, at *2 (N.D. Cal. May 15, 2014) (declining to consider new evidence attached to reply brief). This is particularly true where, as here, the proffering party could have submitted the reply evidence with its opening submission. *See Ward v. Sutter Valley Hosps.*, 2022 WL 2805965, at *5 (E.D. Cal. July 18, 2022) (excluding supplemental reply declaration that introduced new evidence that declarant could have included in initial declaration). The Court should strike all five Reply Declarations for this reason alone.

## II.  PLAINTIFFS' THREE NEW EXPERT DECLARATIONS ARE IMPROPER

Plaintiffs submitted declarations in support of their Reply from three supposed experts:

- **Stuart Sandler**, a self-proclaimed "font licensing expert," who opines that (1) fact witnesses Ms. Laatz and Mr. Steinberg are telling the truth; (2) Ms. Laatz's inputting of information into FontLab equates to "hand coding;" (3) Zazzle's rasterized images depicting product mockups constitute derivative works of software; and (4) Zazzle breached the license agreement.
- **Thomas Phinney**, who works for "Font Detective LLC," and echoes Mr. Sandler's "opinion" that using FontLab constitutes "hand coding," states that Ms. Laatz's declaration is "consistent," that he doesn't personally know anyone who creates fonts without programs like

DEFS' OBJECTIONS TO PLAINTIFFS' IMPROPER MSJ REPLY EVIDENCE

FontLab, and implies that the Copyright Examiner who instructed Ms. Laatz's counsel that font software generated by FontLab could not be registered was wrong.

- **Sara Parikh,** a claimed survey expert, who presents the results of an online survey she conducted in August 2022 (before the Complaint was even filed) involving 136 respondents to confirm her hypothesis that the Blooming Elegant font is "important and popular."

The Court should disregard all three declarations because Plaintiffs did not disclose them before moving for summary judgment. *See, e.g.*, *Rojas v. Bosch Solar Energy Corporation*, 2022 WL 717567, at *4 (N.D. Cal. March 9, 2022) (Freeman, J.) (declining to consider expert declaration filed on reply where expert "has not previously been disclosed … and now offers expert opinion on a key issue"). Nor is there any reason why Plaintiffs could not have submitted these declarations with their moving papers, as all appear to have been previously retained, and Ms. Parikh conducted her survey before Plaintiffs even filed the Complaint. *See Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010, 1027-28 (C.D. Cal. 2018) (striking expert report submitted with reply where "the timing of Plaintiffs' disclosure of the new evidence thus appears aimed at strategically limiting Defendants' opportunity to respond").

**Additional Objections To Sandler Declaration:**

¶ 6: Sandler purports to be "an expert in font software copyright, font name trademark filings, and font infringement policing," but offers no substantiating credentials. F.R.E. 702.

¶¶ 11, 12, 18: Sandler's statements are improper expert testimony. F.R.E. 702(c)-(d). Sandler does not explain how he applied reliable principles and methods of technical knowledge and analysis to reach his conclusions. *See, e.g.*, Sandler Decl. ¶ 18 ("[t]he work that designers do in font-generating engines like FontLab can *only* be characterized as "hand coding"). These purported opinions fail to meet the basic requirements for expert testimony. *See, e.g.*, *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993) (Rule 702 requires the court to "'ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand'"). He also improperly attempts to lend credibility to the testimony of fact witnesses Laatz and Steinberg. *See, e.g.*, Sandler Decl. ¶ 18 ("it was perfectly accurate for Nicky Laatz's counsel [Mr. Steinberg] to refer to the work she did in FontLab as 'hand coding'"); *see also, e.g.*, *U.S. v.

*Canoli*, 870 F.2d 496, 506 (9th Cir. 1989) ("An expert witness is not permitted to testify specifically to a witness' credibility or to testify in such a manner as to improperly buttress a witness' credibility."); *Ellis v. Hobbs Police Dep't*, 472 F. Supp. 3d 1087, 1096 (D.N.M. 2020) ("experts should not 'serv[e] as a mere mouthpiece for the expression of [one party's] version of events.'") (citations omitted).   Sandler's opinions as to the contents and meaning of Laatz's Declaration and her counsel's communications with the Copyright Examiner also violate the best-evidence rule.   F.R.E. 1002.

¶¶ 20, 21: Sandler speculates, without any supporting data, that there are "thousands" of font software files created with the assistance of font generating engines that have received copyright protection.   F.R.E 702, 402; *Mesfun v. Hagos*, 2005 WL 5956612, at *11 (C.D. Cal. Feb. 16, 2005) (excluding expert testimony where proffered opinions were based on "subjective belief or unsupported speculation").   Sandler also purports to have "personally registered approximately 581 individual pieces of font software" that were "created using the font generating engines," but provides no supporting data, or explanation of relevance.   F.R.E. 702, 901, 402.

¶ 27: Sandler offers improper legal opinions about "derivative works," and posits that the "Blooming Elegant License at issue in this case explicitly states that all derivative works are subject to the same terms as the Blooming Elegant License."   These are improper legal opinions. F.R.E. 704; *United States v. Diaz*, 876 F.3d 1194, 1197 (9th Cir. 2017) ("'an expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law'") (citation omitted) (emph. in original); *Bona Fide Conglomerate, Inc. v. SourceAmerica*, 2019 WL 1369007, at *3 (S.D. Cal. Mar. 26, 2019) (citation omitted) (experts may not "opine on the meaning and import of disputed [contract] terms."); *Aerojet Rocketdyne, Inc. v. Glob. Aerospace, Inc.*, 2021 WL 1839695, at *3 (E.D. Cal. May 7, 2021) (excluding expert opinions re contract interpretation).

**Additional Objections To Phinney Declaration:**

¶¶ 18, 21-24:   Like Sandler, Phinney improperly purports to corroborate the testimony of fact witness Nicky Laatz.   F.R.E. 702; *Canoli*, 870 F.2d at 506; *Ellis*, 472 F. Supp. 3d at 1096.

¶¶ 21-22: Phinney's statement that the Blooming Elegant Trio was "crafted by human effort" is irrelevant.   F. R. E. 402.   And despite claiming to be a "font forensic specialist,"

1   Phinney does not claim he reviewed the font software, or that he based his opinion on any other
2   independently verifiable method.   Rather, he adopts Laatz's descriptions of her work from her
3   October 31, 2022 declaration, which is not even part of the MSJ record.   F.R.E. 702, 901.

4   ¶ 25: Phinney offers improper legal conclusions regarding copyright protection and
5   Copyright Office registration procedures.   F.R.E. 704; *Diaz*, 876 F.3d at 1197.

6   ¶ 26: Phinney opines as to how each of the claimed thousands of font registrations issued
7   in the past 25 years by the Copyright Office have been created, but provides no examples, data, or
8   survey, nor other basis for his sweeping statement.   F.R.E. 702(b).

9   ¶¶ 13-22: These paragraphs are irrelevant to, and do not support, what they are cited for
10   (Reply at 12).   F.R.E. 402, 702; *Canoli*, 870 F.2d at 506; *Ellis*, 472 F. Supp. 3d at 1096.

11   **Additional Objections To the Parikh Declaration and Expert Report:**

12   Parikh's Declaration and Report are also irrelevant under F.R.E. 402.   Plaintiffs cite it
13   only once (*see* Reply at 12), and do not explain how its contents are relevant to any issues pending
14   before the Court.   Parikh did not perform a confusion survey, but instead claims she tested the
15   "popularity" of Plaintiffs' fonts, which is irrelevant to the MSJ.   See *Baker v. SeaWorld Ent.,*
16   *Inc.*, 423 F. Supp. 3d 878, 916 (S.D. Cal. 2019) (quoting *Daubert*, 509 U.S. at 591) ("'Expert
17   testimony which does not relate to any issue in the case is not relevant and must be excluded.'").

18   **III.   PLAINTIFFS' SUPPLEMENTAL FACT DECLARATIONS ARE IMPROPER**

19   Defendants object to the Supplemental Declarations of Stephen Steinberg (offering further
20   testimony regarding claimed events covered by paragraphs 6-7 and Exhs. 11-12 of his first
21   declaration) and Nikki Laatz (offering further testimony regarding her creation of the Blooming
22   Elegant fonts as described in paragraphs 4-6 of her first declaration).   Both contain new facts and
23   testimony that Plaintiffs could have, but did not, submit with their opening MSJ brief, and should
24   be disregarded.   See *Rojas*, 2022 WL 717567, at *4; *Townsend*, 303 F. Supp. 3d at 1027, *supra*.

25   **Additional Objections to the Supplemental Declaration of Nikki Laatz:**

26   ¶ 9: Laatz's testimony as to the meaning of the FontLab reference lacks foundation, and
27   she lacks qualifications to opine on the meaning of markings created by a program or their import
28   for registration purposes.   F.R.E. 602, 703, 704.

**¶ 14:** Laatz's testimony on pirate sites lacks relevance or foundation.   F.R.E. 402, 602.

**¶ 27:** This paragraph contains inappropriate argument and legal conclusions.   F.R.E. 704; N.D. Cal. Civ. Local Rule 7-3.

**¶ 28:** This paragraph is irrelevant and lacks foundation.   F.R.E. 402, 602.

**¶¶ 29-30:** Laatz's testimony that the Creative Market TOS is binding via the links violates the best-evidence rule, lacks foundation and is an improper legal conclusion; her claims regarding a single seat license are irrelevant and improper legal conclusions.   F.R.E. 1002, 402, 602, 704.

**¶¶ 32, 33, and 37:** Laatz's testimony regarding Zazzle's purported intent is speculative and lacks foundation; her claim that Zazzle's conduct is illegal is an improper legal conclusion. F.R.E. 602, 704; N.D. Cal. Civ. Local Rule 7-3.

**¶ 36:** These new facts regarding Plaintiffs' sales data are irrelevant.   F.R.E. 402.

**<u>Additional Objections to the Supplemental Declaration of Stephen Steinberg:</u>**

Steinberg's Supplemental Declaration is irrelevant.   F.R.E. 402.   Steinberg does not dispute that the communications at issue arose *after* he sent Zazzle a demand letter accusing it of copyright infringement and threatening litigation while inviting engagement to resolve the matter out of court.   *See* Dkt. 27-11.   Where, as here, a dispute has arisen and plaintiffs have threatened litigation, Rule 408 is triggered and subsequent compromise negotiations are inadmissible.   *See, e.g.*, *Samsung Elecs. Co. v. Quanta Computer, Inc.*, 2006 WL 2850028, at *5 (N.D. Cal. Oct. 4, 2006) (communications regarding licensing negotiations were "not standard 'business communications'" where plaintiff "demanded that [defendant] 'immediately cease the infringement of [plaintiff's] patents," because plaintiff had "expressly and impliedly threatened suit throughout negotiations").   Steinberg's statements also draw improper legal conclusions (¶¶ 2-7) and insert extraneous argument (¶¶ 4-6), contrary to N.D. Cal. Civ. Local Rule 7-5 (a "declaration … *must avoid conclusions and argument*) (emph. added).

\*\*\*

Defendants respectfully request that the Court sustain these objections and disregard the Reply Declarations.   Alternatively, Defendants request leave to file a sur-reply brief 30 days from the Court's ruling.   *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).

DATED: November 17, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Rachel Herrick Kassabian
    Rachel Herrick Kassabian

Attorneys for Defendants Zazzle Inc. and Mohamed Alkhatib