QUINN EMANUEL URQUHART & SULLIVAN, LLP
RACHEL HERRICK KASSABIAN (Bar No. 191060)
  *rachelkassabian@quinnemanuel.com*
OLGA SLOBODYANYUK (Bar No. 311194)
  *olgaslobodyanyuk@quinnemanuel.com*
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

ANDREW SCHAPIRO (*pro hac vice*)
  *andrewschapiro@quinnemanuel.com*
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606-1881
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

DANIEL C. POSNER (Bar No. 232009)
  *danposner@quinnemanuel.com*
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Defendants Zazzle Inc.
and Mohamed Alkhatib

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ and NICKY LAATZ CREATIONS UK LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>ZAZZLE INC. and MOHAMED ALKHATIB,<br><br>Defendants. | Case No. 5:22-cv-04844-BLF<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO ADVANCE HEARING DATE FOR MOTION TO DISMISS [CIVIL L.R. 7-11]**<br><br>Trial Date:    None Set |

Defendants respectfully request that the Court deny Plaintiffs' administrative motion to advance the hearing on Defendants' pending Motion to Dismiss from March 2, 2023 to January 19, 2023 (the current hearing date for Plaintiffs' pending Motion for Summary Judgment). Instead of hearing these two motions simultaneously, Defendants submit that the better course is to *switch* the hearing dates, such that the Court hears Defendants' Motion to Dismiss first, on January 19, 2023, and Plaintiffs' Motion for Summary Judgment second, on March 2, 2023. This way, the hearing on the Motion for Summary Judgment can be vacated as moot if the Court grants Defendants' Motion to Dismiss (as Defendants submit the Court should do). This sequence promotes the interests of judicial economy, and avoids the need for the Court and the parties to prepare for a hearing that may be unnecessary. Plaintiffs' suggestion that the two pending motions involve some overlapping issues is unsurprising, as the same Complaint and claims are at issue. But the similarities are far outweighed by the different standards, procedural postures and records on these motions, and the inefficiency of arguing a motion (Plaintiffs' MSJ) that may be entirely mooted by dismissal of the operative Complaint. In any event, Defendants of course defer to the Court's usual practices and preference as to when and in what order the Court wishes to hear argument on these motions.

Defendants also request that the Court disregard or strike Plaintiffs' unnecessary four-page "analysis" on its hearing date request. Dkt. 52 at pp. 2-5. This "analysis" is in fact a supplemental brief further arguing the merits of the two pending motions, filed in circumvention of the Court's page limit rules set forth in Civ. L. R. 7-4(b), and in violation of Civil Local Rule 7-3(d) ("Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval, except … Objection[s] to Reply Evidence [and] … Statement[s] of Recent Decision.")

DATED:  November 17, 2022              QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                       By      */s/ Rachel Herrick Kassabian*
                                           Rachel Herrick Kassabian
                                           Attorney for Defendants Zazzle Inc.
                                           and Mohamed Alkhatib