UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ZAZZLE, INC., et al.,<br><br>    Defendants. | Case No. 22-cv-04844-BLF (VKD)<br><br>**ORDER RE JUNE 15, 2023 DISCOVERY DISPUTE RE CONFIDENTIALITY DESIGNATIONS; ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. Nos. 116, 117 |

Plaintiff Nicky Laatz and defendant Zazzle, Inc. ("Zazzle") dispute whether Zazzle is entitled to a protective order limiting access to certain portions of the deposition transcript of Zazzle's CTO Robert Beaver III. Dkt. No. 116.[1] The Court held a hearing on the matter on June 20, 2023. Dkt. No. 119.

In advance of Mr. Beaver's deposition, the parties entered into a stipulation regarding the handling of confidential testimony. *See* Dkt. No. 116-1. That stipulation contemplated that testimony could be designated "confidential" or "highly confidential – attorneys' eyes only," depending on its sensitivity and the risk of harm from disclosure to the public or to another party. *See* Dkt. No. 116 at 1; Dkt. No. 116-1 §§ 2.2, 2.8. According to the stipulation, the parties and their counsel may view "confidential" material; outside counsel, but not the parties themselves, may view "highly confidential – attorneys' eyes only" material. Dkt. No. 116-1 §§ 7.2, 7.3. The stipulation was not entered as a court order.

---

[1] Ms. Laatz originally filed a unilateral discovery dispute letter (Dkt. No. 112) accompanied by an administrative motion to seal another party's materials (Dkt. No. 111). Both of these filings have been superseded, *see* Dkt. Nos. 116, 117 and the matters they address are now moot or are otherwise resolved by this order.

Pursuant to the parties' stipulation, Zazzle has designated portions of Mr. Beaver's April 5, 2023 deposition testimony "confidential" and other portions "highly confidential." Ms. Laatz complains that Zazzle has "over-designated" Mr. Beaver's deposition transcript "imposing unnecessary burdens and expenses" on her. Dkt. No. 116 at 6. Zazzle responds that it has designated only 6% of Mr. Beaver's nearly 200-page deposition transcript, and that it has good cause for each of those designations. *See* Dkt. No. 116 at 2-5.

Ms. Laatz is correct that Zazzle, as the party seeking a protective order, must show that it will suffer particularized harm or prejudice from disclosure of the information. *In re Roman Catholic Archbishop of Portland in Oregon v. Various Tort Claimants*, 661 F.3d 417, 424 (9th Cir. 2011). The Court concludes that Zazzle has met this showing based on the declarations of Mr. Beaver and Ms. Larson. *See* Dkt. Nos. 117-1, 117-2. While the Court is skeptical that some of Zazzle's designations could withstand more rigorous scrutiny, such as the scrutiny the Court is required to apply to evidence submitted in the context of a dispositive motion or trial, Zazzle's showing is adequate for purposes of the exchange of information in discovery, as it has described with particularity the harm it believes it will suffer if the material in question were publicly disclosed or, for material designated "highly confidential," disclosed to Ms. Laatz and her husband.

The Court next considers whether Zazzle and Mr. Beaver's private interests in protecting the designated testimony from disclosure outweigh the public's interest and Ms. Laatz's interest in disclosure. *See In re Roman Catholic Archbishop*, 661 F.3d at 424 and n.5 (citing seven factors for consideration). Here, Ms. Laatz identifies no issue of public health and safety or of other importance to the public that is implicated by the designated testimony. *See id.* (describing factors four and seven). As discussed at the hearing, the most critical factor, in the Court's view, is whether Ms. Laatz's preparation of her case will be prejudiced if testimony designated "highly confidential" cannot be shared with her or if testimony designated "confidential" cannot be disclosed publicly. *See id.* (describing factors two and five).[2] Ms. Laatz conceded that she has

---

[2] None of the remaining factors bears on this dispute.

access to and can discuss with outside counsel all of the material Zazzle has designated "confidential," and she has identified no prejudice to her ability to prosecute her claims if she does not have access to the material Zazzle has designated "highly confidential." Dkt. No. 119.

Ms. Laatz argued at the hearing that her principal concern is that the Court vigorously police Zazzle's designations so that Zazzle will be discouraged from over-designating materials in discovery. Given Zazzle's limited designations[3] of Mr. Beaver's deposition transcript, the Court is not persuaded that Ms. Laatz has any genuine cause for alarm.

Having considered the private and public interests identified above, the Court finds that the applicable factors favor protecting the information Zazzle has designated "confidential" and "highly confidential" in Mr. Beaver's deposition transcript according to the terms of the parties' stipulation. For the same reasons, the Court grants Zazzle's administrative motion to file the disputed portions of Mr. Beaver's deposition transcript under seal. *See* Dkt. No. 117.

**IT IS SO ORDERED.**

Dated: June 20, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[3] The parties disagree only about portions of 9 pages with "confidential" designations and 13 pages with "highly confidential designations. *See* Dkt. Nos. 117-5, 117-7.