UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICKY LAATZ, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ZAZZLE, INC., et al.,<br><br>    Defendants. | Case No. 22-cv-04844-BLF<br><br>**ORDER GRANTING ADMINISTRATIVE MOTIONS TO SEAL REGARDING SUMMARY JUDGMENT BRIEFING AND EXHIBITS**<br><br>Re: ECF Nos. 88, 95, 101 |

Before the Court are (1) Plaintiff Nicky Laatz's ("Plaintiff") administrative motion, filed in connection with her pending Refiled Motion for Partial Summary Judgment ("MSJ"), to consider whether another party's material should be sealed, ECF No. 88; (2) Defendant Zazzle, Inc.'s ("Zazzle") sealing statement regarding Plaintiff's administrative motion, ECF No. 95; and (3) Zazzle's administrative motion to seal regarding an exhibit filed in support of its opposition to Plaintiff's MSJ, ECF No. 101. Having reviewed the parties' submissions and applicable sealing law, the Court GRANTS Zazzle's requests to seal.

## I.    LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the

1    general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at

2    1178–79 (internal quotation marks and citation omitted).

3          Compelling reasons justifying the sealing of court records generally exist "when such

4    'court files might . . . become a vehicle for improper purposes,'" *Kamakana*, 447 F.3d at 1179

5    (quoting *Nixon*, 435 U.S. at 598), such as: "to gratify private spite, promote public scandal,

6    circulate libelous statements," *id.*; to "release trade secrets," *id.*; or "as sources of business

7    information that might harm a litigant's competitive standing," *Ctr. for Auto Safety*, 809 F.3d at

8    1097 (quoting *Nixon*, 435 U.S. at 598–99). On the other hand, "[t]he mere fact that the production

9    of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation

10   will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.

11   "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will

12   not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation

13   omitted). And although a protective order sealing the documents during discovery may reflect a

14   court's previous determination that good cause—a lower threshold than that required for finding a

15   compelling reason to seal—exists to keep the documents sealed, *see Kamakana*, 447 F.3d at 1179–

16   80, a blanket protective order that allows the parties to designate confidential documents does not

17   provide sufficient judicial scrutiny to determine whether each particular document should remain

18   sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a

19   party to designate certain documents as confidential is not sufficient to establish that a document,

20   or portions thereof, are sealable.").

21         In addition, the Local Rules of this Court require that all requests to seal be "narrowly

22   tailored to seek sealing only of sealable material." Civ. L.R. 79-5(a). That is, the sealing motion

23   must include "a specific statement of the applicable legal standard and the reasons for keeping a

24   document under seal, including an explanation of: (i) the legitimate private or public interests that

25   warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive

26   alternative to sealing is not sufficient." *Id.* at 79-5(c)(1).

27   **II.  DISCUSSION**

28         The material under consideration for sealing concerns information that Zazzle has deemed

confidential, *i.e.*, information related to (1) Zazzle's network infrastructure and security practices, ECF No. 95, at 1, and (2) its internal financial and business strategies as revealed in certain pricing terms and conditions, ECF No. 101, at 1.  With regard to the former, Zazzle requests the Court seal approximately two pages of deposition testimony and four lines in Plaintiff's MSJ citing the same deposition testimony on the basis that Zazzle's network infrastructure and security practices are "sensitive business information" that if disclosed publicly could put Zazzle at a competitive business disadvantage or "jeopardize the security of Zazzle's network."  Decl. of Liana Larson ¶ 4, ECF No. 95-1; *see also* ECF Nos 89, 89-47.  As for the latter request, Zazzle requests the court seal portions of one line of a licensing agreement under the heading "Payment and Taxes" on the basis that public disclosure of its pricing terms and conditions would permit both future licensors and Zazzle's competitors access to Zazzle's confidential business thinking and thereby harm Zazzle's competitive standing and ability to negotiate future agreements.  Decl. of Patrick Haley ¶ 4, ECF No. 101-1; *see also* ECF No. 102-15.

The Court finds that Zazzle has established compelling reasons to seal information that would reveal its network security information and internal business and financial decision-making strategies.  *See, e.g.*, *In re Elec. Arts*, 298 F. App'x. 568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business information that might harm a litigant's competitive strategy"); *Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015) ("[T]he Court finds a compelling reason to seal the portions of this exhibit that discuss Plaintiff's network infrastructure and security systems."); *In re Google Location Hist. Litig.*, No. 5:18-cv-05062-EJD, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports[.]'") (citation omitted).  The public interest in this information is limited where the content sought to be sealed is irrelevant to the issues raised in the related MSJ.  *See Kamakana*, 447 F.3d at 1179 (finding that the reason for the higher standard for sealing documents related to dispositive motions is because "resolution of a dispute on the merits . . . is at the heart of" the public interest so the public has less of a need to access documents that are "unrelated or only tangentially related" to the merits of the motion).

3

Additionally, the Court finds Zazzle's sealing requests to be narrowly tailored so that there is no less restrictive alternative to redacting the information at issue.

Accordingly, the Court GRANTS Zazzle's sealing requests as set forth in the table below:

| **Public ECF No. / (Sealed ECF No.)** | **Document to be Sealed** | **Result** | **Reasoning** |
|---|---|---|---|
| 89 / (88-1) | Plaintiff's brief in support of her MSJ (highlighted portions at 2:6; 4:13; 8:13; and 25:18). | GRANTED. | The portions of the document that Zazzle seeks to seal cites to deposition testimony revealing confidential network infrastructure and security information. *See* ECF No. 95-1 ¶ 3. Public disclosure of this information could cause competitive harm to Zazzle by harming its network security. *See id.* ¶ 4. |
| 89-47 / (88-4) | Ex. 3 to Declaration of Patrick Ryan in Support of Plaintiff's MSJ (highlighted portion at 164:15–166:20). | GRANTED. | The portions of the document that Zazzle seeks to seal constitutes deposition testimony revealing confidential network infrastructure and security information. *See* ECF No. 95-1 ¶ 3. Public disclosure of this information could cause competitive harm to Zazzle by harming its network security. *See id.* ¶ 4. |
| 102-15 / (101-4) | Ex. 1 to Declaration of Patrick Haley in Support of Defendants' Opposition to Plaintiff's MSJ (highlighted portion at p. 2, ¶ 4). | GRANTED. | The line of the document that Zazzle seeks to seal contains confidential information regarding Zazzle's pricing terms and conditions in a license agreement. *See* ECF No. 101-1 ¶ 3. Public disclosure of this information would reveal Zazzle's internal business and financial strategies and therefore harm Zazzle's position relative to its competitors and future licensors. *See id.* ¶ 4. |

**IT IS SO ORDERED.**

Dated: August 3, 2023

_____
BETH LABSON FREEMAN
United States District Judge