QUINN EMANUEL URQUHART & SULLIVAN, LLP
RACHEL HERRICK KASSABIAN (Bar No. 191060)
*rachelkassabian@quinnemanuel.com*
OLGA SLOBODYANYUK (Bar No. 311194)
*olgaslobodyanyuk@quinnemanuel.com*
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA   94065-2139
Telephone:   (650) 801-5000
Facsimile:   (650) 801-5100

ANDREW SCHAPIRO (admitted *pro hac vice*)
*andrewschapiro@quinnemanuel.com*
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606-1881
Telephone:   (312) 705-7400
Facsimile:   (312) 705-7401

DANIEL C. POSNER (Bar No. 232009)
*danposner@quinnemanuel.com*
THOMAS NOLAN (Bar No. 238213)
*thomasnolan@quinnemanuel.com*
865 South Figueroa Street, 10th Floor
Los Angeles, CA   90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443 3100

Attorneys for Defendants Zazzle Inc.
and Mohamed Alkhatib

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ,<br><br>             Plaintiff,<br><br>        vs.<br><br>ZAZZLE INC. and MOHAMED ALKHATIB,<br><br>             Defendants. | Case No. 5:22-cv-04844-BLF VKD<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT;**<br>**ZAZZLE, INC.'S COUNTERCLAIM**<br><br>Judge:      Hon. Beth Labson Freeman<br><br>Trial Date:   July 14, 2025 |

1      Defendants Zazzle Inc. ("Zazzle") and Mohamed Alkhatib submit the following Answer to

2    Plaintiff's First Amended Complaint.

3                                    **INTRODUCTORY STATEMENT**

4      The gravamen of Plaintiff's lawsuit is that Defendant Zazzle Inc.'s ("Zazzle") employee,

5    Defendant Mohamed Alkhatib, bought a license for Plaintiff's fonts as part of a routine online

6    transaction, and that Zazzle made these fonts available on its website allegedly in excess of its

7    rights.    But Zazzle simply purchased the license that, as advertised by Plaintiff, allowed for

8    unlimited and commercial use.    Zazzle used it consistent with the scope of that license's terms as

9    disclosed on the webpage offering the license for sale.    Every claim in Plaintiff's First Amended

10   Complaint suggesting that Zazzle is bound by other more onerous and restrictive terms is flawed

11   and incorrect, as those terms are not a part of any enforceable contract between the parties.

12     Plaintiff's attempt to gin up a copyright infringement lawsuit concerning uncopyrightable

13   fonts is destined to fail, as is her attempt to manufacture a trademark infringement lawsuit out of

14   Zazzle's reference to her own fonts by their actual name, which unquestionably constitutes a

15   nominative fair use.    Plaintiff's claims are also time-barred and her accusations of wrongful

16   intent are a complete fabrication, among other deficiencies.    Finally, Plaintiff's heavy-handed

17   election to personally sue Zazzle's employee for effectuating the license transaction using his

18   company credit card and company email account is both meritless and a testament to Plaintiff's

19   questionable motivations.

20     Defendants look forward to defeating this lawsuit, invalidating Plaintiff's purported

21   copyright registrations, and recovering their attorneys' fees incurred in connection with this

22   spurious lawsuit.

23

24

25

26

27

28

**RESPONSES TO SPECIFIC ALLEGATIONS OF THE COMPLAINT**

**INTRODUCTION**

1.      Defendants deny the allegations in Paragraph 1.

2.      Defendants admit that Zazzle operates a design platform that provides tools that users can use to design and order digital and physical products such as invitations, T-shirts, holiday cards, coffee mugs and the like.    Defendants admit that Zazzle has a product base of over 1000+ different product and design categories.   Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 2.

3.      Defendants admit that creators get to set the royalty rate for their designs and receive a royalty payout for every product sold on Zazzle with their design, while Zazzle handles all of the product fulfillment and customer service.    Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 3.

4.      Defendants admit that fonts are used in graphic design.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 4, and on that basis deny them.

5.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 5, and on that basis deny it.

6.      Defendants admit that according to a document attached as Exhibit 5 to Plaintiff's declaration in support of her April 7, 2023 motion for summary judgment, Plaintiff claims that on November 2, 2016, she received a message from Zazzle employee Monica McGhie via the Creative Market website inquiring about a license to the Blooming Elegant computer files. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6, and on that basis deny them.

7.      Defendants deny the allegation in Paragraph 7.

8.      Defendants deny the allegation in Paragraph 8.

9.      Defendants admit that on May 4, 2017, Zazzle Senior Network Engineer Mr. Alkhatib purchased a license for the Blooming Elegant computer files at Zazzle's direction. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 9.

10. Defendants deny the allegations in Paragraph 10.

11. Defendants deny the allegations in Paragraph 11.

12. Defendants deny the allegations in Paragraph 12.

13. Defendants admit that some of Zazzle's designers published designs on Zazzle's website depicting the Blooming Elegant typefaces.   Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 13.

14. Defendants deny the allegations in Paragraph 14.

15. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 15, and on that basis deny them.

16. Defendants admit that a post published on May 17, 2019 on Zazzle.com included a reference to "2. Sophisticated Penmanship: Blooming Elegant."   Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 16.

17. Defendants deny that Zazzle was illegally allowing designers to use the Blooming Elegant typefaces.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17, and on that basis deny them.

18. Defendants deny the allegations in Paragraph 18.

19. Defendants admit that products depicting the Blooming Elegant typefaces were available through August 2022.   Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 19.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and on that basis deny them.

21. Defendants deny the allegations in Paragraph 21.

22. Defendants admit that in the Prayer for Relief of the First Amended Complaint, Plaintiff states that Plaintiff seeks injunctive relief.   Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 22.

**THE PARTIES**

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 23, and on that basis deny it.

**ANSWER AND COUNTERCLAIM TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

24.     Defendants admit that Zazzle Inc. is a California corporation.    Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 24.

25.     Defendants deny the allegations in Paragraph 25.

## JURISDICTION AND VENUE

26.     Paragraph 26 contains legal conclusions to which no response is required.

27.     Paragraph 27 contains legal conclusions to which no response is required.

28.     Paragraph 28 contains legal conclusions to which no response is required.

29.     Paragraph 29 contains legal conclusions to which no response is required.

30.     Defendants deny that Mr. Alkhatib "was a resident of California when all of the events described herein took place."    The remaining allegations in Paragraph 30 are legal conclusions to which no response is required.

31.     Paragraph 31 contains legal conclusions to which no response is required.

32.     Paragraph 32 contains legal conclusions to which no response is required.

## DIVISIONAL ASSIGNMENT

33.     Defendants admit that this action has already been assigned to the San Jose Division in accordance with Civ. L.R. 3-2 and U.S. District Court, Northern District of California, General Order No. 44(D)(1).

## FACTUAL ALLEGATIONS

34.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34, and on that basis deny them.

35.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35, and on that basis deny them.

36.     Defendants admit that Plaintiff offered a license to the Blooming Elegant computer files through the Creative Market website which was advertised as commercial and unlimited. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 36, and on that basis deny them.

37.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37, and on that basis deny them.

38.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38, and on that basis deny them.

39.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39, and on that basis deny them.

40.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40, and on that basis deny them.

41.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41, and on that basis denies them.

42.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42, and on that basis deny them.

43.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43, and on that basis deny them.

44.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44, and on that basis deny them.

45.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45, and on that basis deny them.

46.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46, and on that basis deny them.

47.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47, and on that basis deny them.

48.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48, and on that basis deny them.

49.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49, and on that basis deny them.

50.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50, and on that basis deny them.

51.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51, and on that basis deny them.

52.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52, and on that basis deny them.

53.     Paragraph 53 contains legal conclusions to which no response is required.

54.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54, and on that basis deny them.

55.     Defendants admit Plaintiff claims to attach as Exhibit A to the First Amended Complaint documents purporting to show copyright registrations.   Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55, and on that basis deny them.

56.     Defendants admit that Plaintiff claims to attach as Exhibit B to the First Amended Complaint documents purporting to show a trademark registration.   Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56, and on that basis deny them.

57.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57, and on that basis deny them.

58.     Defendants deny the allegations in Paragraph 58.

59.     Defendants deny the allegations in Paragraph 59.

60.     Defendants admit that Plaintiff claims to attach as Exhibit C a copy of the Creative Market Terms of Service from in or around May 2017, which purports to state in part that "By creating an account and checking the 'I agree' box or accessing or using the Service, you agree you have read, understood, and agree to be bound by the terms and conditions of these Terms of Service, including the License Terms ('Terms'), which constitute a binding agreement between us . . . ."   Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 60.

61.     Defendants admit that Plaintiff claims to attach as Exhibit D a copy of the Creative Market License Terms from in or around May 2017, which purports to state in part that "The following License Terms together with the Creative Market Terms of Service ('TOS') as the same may be amended or updated from time to time (collectively the 'Agreement') constitute an agreement between you ('Buyer' or 'you'), the seller ('Shop Owner') and Creative Market Labs,

Inc. . . . setting forth the rights and obligations with respect to the digital content ('Items') licensed by you."   Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 61.

62.   Defendants admit that the offering page describes the Blooming Elegant license as unlimited and commercial.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 62, and on that basis deny them.

63.   Defendants admit that Plaintiff claims to attach as Exhibit E to the First Amended Complaint what she purports to be a copy of the offering page for the Blooming Elegant computer files as it existed in or around May 2017.   Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 63.

64.   Defendants admit that Plaintiff claims to attach as Exhibit F to the First Amended Complaint what she purports to be a copy of the Creative Market License FAQ as it existed in or around May 2017.   Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 64.

65.   Defendants admit that Plaintiff collectively refers to Exhibits C, D, E, and F as the "Blooming Elegant License."   Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 65.

66.   Paragraph 66 contains legal conclusions to which no response is required.   To the extent a response is deemed to be required, Defendants deny the allegations of Paragraph 66.

67.   Paragraph 67 contains legal conclusions to which no response is required.   To the extent a response is deemed to be required, Defendants deny the allegations of Paragraph 67.

68.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68, and on that basis deny them.

69.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69, and on that basis deny them.

70.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70, and on that basis deny them.

71.     Paragraph 71 contains legal conclusions to which no response is required.   To the extent a response is deemed to be required, Defendants deny the allegations of Paragraph 71.

72.     Defendants admit Zazzle's website features the quoted language in Paragraph 72.

73.     Defendants admit the allegations in Paragraph 73.

74.     Defendants admit that Zazzle operates a design platform that provides tools that users can use to design and order digital and physical products such as invitations, T-shirts, holiday cards, coffee mugs and the like.   Except as expressly admitted, Defendants deny the allegations in Paragraph 74.

75.     Defendants deny the allegations in Paragraph 75.

76.     Defendants admit that the quoted language presently appears on zazzle.com.   Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76, and on that basis deny them.

77.     Defendants admit the quoted language appears presently on zazzle.com.   Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77, and on that basis deny them.

78.     Defendants admit that Zazzle designers can select typefaces and graphics through Zazzle's online design tool to design items, or upload their own graphics.   Except as expressly admitted, Defendants deny the allegations in Paragraph 78.

79.     Defendants admit that designers can select from a variety of typefaces through Zazzle's online design tool.   Defendants admit that Zazzle designers could select the Blooming Elegant typefaces through Zazzle's online design tool between October 2017 and August 2022. Except as expressly admitted, Defendants deny the allegation in Paragraph 79.

80.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80, and on that basis deny them.

81.     Defendants deny the allegations in Paragraph 81.

82.     Defendants admit that according to a document attached as Exhibit 5 to Plaintiff's declaration in support of her April 7, 2023 motion for summary judgment, Plaintiff claims that on November 2, 2016, she received a message from Zazzle employee Monica McGhie via the

**ANSWER AND COUNTERCLAIM TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Creative Market website inquiring about a license to Blooming Elegant.    Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 82, and on that basis deny them.

83.    Defendants admit that according to a document attached as Exhibit 5 to Plaintiff's declaration in support of her April 7, 2023 motion for summary judgment, Plaintiff claims that on November 2, 2016, she received a message from Zazzle employee Monica McGhie via the Creative Market website inquiring about a license to Blooming Elegant.    Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 83, and on that basis deny them.

84.    Defendants deny the allegations in Paragraph 84.

85.    Defendants deny the allegation in Paragraph 85.

86.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86, and on that basis deny them.

87.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87, and on that basis deny them.

88.    Defendants deny the allegations in Paragraph 88.

89.    Defendants admit that Mr. Alkhatib purchased a license for the Blooming Elegant computer files at Zazzle's direction.    Except as expressly admitted, Defendants deny the allegations in Paragraph 89.

90.    Defendants admit that on May 4, 2017, Mr. Alkhatib purchased a license for the Blooming Elegant computer files at Zazzle's direction.    Defendants admit that Plaintiff claims to attach as Exhibit F to the First Amended Complaint a document purporting to be a "copy of the receipt from Alkhatib's purchase of the Blooming Elegant License."    Except as expressly admitted, Defendants deny the allegations in Paragraph 90.

91.    Defendants admit that the Creative Market website appears to permit only account holders to make purchases.    Defendants admit that Mr. Alkhatib has an account on the Creative Market website.    Defendants admit that on May 4, 2017, Mr. Alkhatib purchased a license for the Blooming Elegant computer files at Zazzle's direction.    Defendants admit that on or around May

4, 2017, Mr. Alkhatib received an email from Creative Market containing a link to download the Blooming Elegant computer files.   Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 91, and on that basis deny them.

92.   Defendants admit that Mr. Alkhatib downloaded the Blooming Elegant computer files to a computer.   Except as expressly admitted, Defendants deny the allegations in Paragraph 92.

93.   Paragraph 93 contains legal conclusions to which no response is required.   To the extent a response is deemed to be required, Defendants deny the allegations of Paragraph 93.

94.   Defendants admit that designers could select the Blooming Elegant typefaces through Zazzle's online design tool between approximately October 2017 and August 2022.   Except as expressly admitted, Defendants deny the allegations in Paragraph 94.

95.   Defendants deny that it "allowed millions of its designers, users, and customers to use" the Blooming Elegant computer files.   Defendants admit that some of Zazzle's designers published designs on Zazzle's website depicting the Blooming Elegant typefaces between October 2017 and August 2022.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 95, and on that basis deny them.

96.   Defendants admit designers could select the Blooming Elegant typefaces through Zazzle's online design tool to design items between approximately October 2017 and August 2022.   Defendants admit Zazzle identified the Blooming Elegant typefaces using their names "Blooming Elegant," "Blooming Elegant Sans," and "Blooming Elegant Hand".   Defendants admit that Zazzle operates a design platform that provides tools to design and order digital and physical products such as invitations, T-shirts, holiday cards, coffee mugs and the like.   Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 96.

97.   Defendants deny the allegations in Paragraph 97.

98.   Defendants admit that when Mr. Alkhatib purchased a license to the Blooming Elegant computer files, Mr. Alkhatib was acting at the direction of Zazzle.   Except as expressly admitted, Defendants deny the allegations in Paragraph 98.

99.     Defendants deny the allegations in Paragraph 99.

100.    Defendants admit that on October 8, 2021, Zazzle's Senior Director of Legal, Liana Larson, stated in an email "that the Blooming Elegant font was among four fonts purchased on a company card by Mohamed Alkhatib, our Sr. Network Engineer, for use on our site ….".   Except as expressly admitted, Defendants deny the allegations in Paragraph 100.

101.    Defendants admit that on October 8, 2021, Zazzle's Senior Director of Legal, Liana Larson, stated in an email "that the Blooming Elegant font was among four fonts purchased on a company card by Mohamed Alkhatib, our Sr. Network Engineer, for use on our site ….".   Except as expressly admitted, Defendants deny the allegations in Paragraph 101.

102.    Defendants deny the allegations in Paragraph 102.

103.    Paragraph 103 contains legal conclusions to which no response is required.   To the extent a response is deemed to be required, Defendants deny the allegations in Paragraph 103.

104.    Paragraph 104 contains legal conclusions to which no response is required.   To the extent a response is deemed to be required, Defendants deny the allegations in Paragraph 104.

105.    Paragraph 105 contains legal conclusions to which no response is required.   To the extent a response is deemed to be required, Defendants deny the allegations in Paragraph 105.

106.    Defendants deny the allegations in Paragraph 106.

107.    Paragraph 107 contains legal conclusions to which no response is required.   To the extent a response is deemed to be required, Defendants deny the allegations in Paragraph 107.

108.    Defendants admit that Blooming Elegant was a popular font.   Except as expressly admitted, Defendants deny the allegations in Paragraph 108.

109.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109, and on that basis deny them.

110.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110, and on that basis deny them.

111.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111, and on that basis deny them.

112.     Defendants admit that between October 2017 and August 2022 Zazzle designers published products on Zazzle's website depicting the Blooming Elegant typefaces.   Defendants deny   Zazzle, or Zazzle designers, offered products depicting the Blooming Elegant computer files.   Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 112, and on that basis deny them.

113.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113, and on that basis deny them.

114.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114, and on that basis deny them.

115.     Defendants admit Zazzle's online design tool allowed Zazzle designers to design products depicting the Blooming Elegant typefaces.   Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 115.

116.     Defendants deny the allegations in Paragraph 116.

117.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117, and on that basis deny them.

118.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118, and on that basis deny them.

119.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119, and on that basis deny them.

120.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120, and on that basis deny them.

121.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121, and on that basis deny them.

122.     Defendants deny the allegations in Paragraph 122.

123.     Defendants admit that on or about August 26, 2020, Zazzle received an email from John Laatz, "requesting [] proof of [Zazzle's] license" for the Blooming Elegant computer files. Defendants admit that Liana Larson responded attaching a copy of the receipt for the purchase of a

1   license to the Blooming Elegant computer files from Creative Market.   Except as expressly

2   admitted, Defendants deny the remaining allegations in Paragraph 123.

3        124.    Defendants admit Zazzle received further correspondence from John Laatz

4   claiming that the "[l]icense [Zazzle] currently hold[s] is inadequate for Zazzle Inc's usage…."

5   Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 124.

6        125.    Defendants deny the allegations in Paragraph 125.

7        126.    Defendants deny the allegations in Paragraph 126.

8        127.    Defendants lack knowledge or information sufficient to form a belief as to the truth

9   of the allegations in Paragraph 127, and on that basis deny them.

10        128.    Defendants lack knowledge or information sufficient to form a belief as to the truth

11   of the allegations in Paragraph 128, and on that basis deny them.

12        129.    Defendants deny the allegations in Paragraph 129.

13        130.    Defendants deny the allegations in Paragraph 130.

14        131.    Defendants deny the allegations in Paragraph 131.

15        132.    Defendants admit that Zazzle removed the Blooming Elegant typefaces from

16   Zazzle's online design tool in August 2022.   Except as expressly admitted, Defendants deny the

17   remaining allegations in Paragraph 132.

18        133.    Defendants admit that Zazzle removed the Blooming Elegant typefaces from

19   Zazzle's online design tool in August 2022.   Except as expressly admitted, Defendants deny the

20   remaining allegations in Paragraph 133.

21        134.    Defendants admit that Zazzle programmatically replaced the Blooming Elegant

22   typefaces with other typefaces, including the Morgana typeface.   Except as expressly admitted,

23   Defendants deny the remaining allegations of Paragraph 134.

24        135.    Defendants lack knowledge or information sufficient to form a belief as to the truth

25   of the allegations in Paragraph 135, and on that basis deny them.

26        136.    Paragraph 136 contains legal conclusions to which no response is required.

27        137.    Defendants lack knowledge or information sufficient to form a belief as to the truth

28   of the allegations in Paragraph 137, and on that basis deny them.

138.    Defendants deny the allegations of Paragraph 138.

139.    Defendants admit that on August 8, 2022, the licensor contacted Zazzle to report that John Laatz had contacted the licensor alleging that the "Morgana Script Font is a traced majority outline copy (plagiarized version) of Blooming Elegant Font…."    Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 139.

140.    Defendants admit that a version of Morgana, to which Zazzle holds a license, remains available for Zazzle designers to select through Zazzle's online design tool.    Except as expressly admitted, Defendants deny the allegations in Paragraph 140.

141.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141, and on that basis deny them.

142.    Defendants admit that the quoted language presently appears on community.zazzle.com.    Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142, and on that basis deny them.

143.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143, and on that basis deny them.

144.    Defendants admit that language similar, but not identical, quoted language presently appears on community.zazzle.com.    Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144, and on that basis deny them.

145.    Defendants admit that the quoted language presently appears on community.zazzle.com.    Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145, and on that basis deny them.

146.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146, and on that basis deny them.

147.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147, and on that basis deny them.

148.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148, and on that basis deny them.

149.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149, and on that basis deny them.

150.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150, and on that basis deny them.

151.    Defendants admit that the quoted language appeared on community.zazzle.com. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151, and on that basis deny them.

152.    Defendants admit that the quoted language presently appears on community.zazzle.com.   Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 and on that basis deny them.

153.    Defendants admit that the quoted language presently appears on community.zazzle.com.   Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153, and on that basis deny them.

154.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154, and on that basis deny them.

155.    Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155, and on that basis deny them.

156.    Defendants admit that the quoted language presently appears on community.zazzle.com.   Except as expressly admitted, Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156, and on that basis deny them.

157.    Defendants admit that the quoted language appeared on community.zazzle.com. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157, and on that basis deny them.

158.     Defendants admit that the quoted language appeared on community.zazzle.com. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158, and on that basis deny them.

159.     Defendants admits that the quoted language presently appears on community.zazzle.com.   Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159, and on that basis deny them.

160.     Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160, and on that basis deny them.

161.     Defendants admit that the quoted language appeared on community.zazzle.com. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161, and on that basis deny them.

162.     Defendants admit that the quoted language presently appears on community.zazzle.com.   Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162, and on that basis deny them.

163.     Defendants admit that the quoted language presently appears on community.zazzle.com.   Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163, and on that basis deny them.

164.     Paragraph 164 contains legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations in Paragraph 164.

165.     Defendants deny the allegations in Paragraph 165.

166.     Paragraph 166 contains legal conclusions to which no response is required.

167.     Paragraph 167 contains legal conclusions to which no response is required.

168.     Paragraph 168 contains legal conclusions to which no response is required.

169.     Paragraph 169 contains legal conclusions to which no response is required.

170.     Paragraph 170 contains legal conclusions to which no response is required.

171.   Paragraph 171 contains legal conclusions to which no response is required.

172.   Paragraph 172 contains legal conclusions to which no response is required.

173.   Paragraph 173 contains legal conclusions to which no response is required.

174.   Paragraph 174 contains legal conclusions to which no response is required.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

175.   Defendants hereby incorporate by reference the responses to each of the allegations in Paragraphs 1 through 174 of the First Amended Complaint as if fully set forth herein.

176.   Defendants deny the allegations in Paragraph 176.

177.   Defendants deny the allegations in Paragraph 177.

178.   Defendants deny the allegations in Paragraph 178.

179.   Defendants deny the allegations in Paragraph 179.

180.   Defendants deny the allegations in Paragraph 180.

181.   Defendants deny the allegations in Paragraph 181.

182.   Defendants deny the allegations in Paragraph 182.

**SECOND CLAIM FOR RELIEF**

183.   Defendants hereby incorporate by reference the responses to each of the allegations in Paragraphs 1 through 182 of the First Amended Complaint as if fully set forth herein.

184.   Defendants deny the allegations in Paragraph 184.

185.   Defendants deny the allegations in Paragraph 185.

186.   Defendants deny the allegations in Paragraph 186.

187.   Defendants deny the allegations in Paragraph 187.

188.   Defendants deny the allegations in Paragraph 188.

189.   Defendants deny the allegations in Paragraph 189.

**THIRD CLAIM FOR RELIEF**

190.   Defendants hereby incorporate by reference the responses to each of the allegations in Paragraphs 1 through 189 of the First Amended Complaint as if fully set forth herein.

191.   Defendants deny the allegations in Paragraph 191.

1    192.   Defendants deny the allegations in Paragraph 192.

2    193.   Defendants deny the allegations in Paragraph 193.

3    194.   Defendants deny the allegations in Paragraph 194.

4    195.   Defendants deny the allegations in Paragraph 195.

5                    **FOURTH CLAIM FOR RELIEF**

6    196.   Defendants hereby incorporate by reference the responses to each of the allegations

7    in Paragraphs 1 through 195 of the First Amended Complaint as if fully set forth herein.

8    197.   Defendants deny the allegations in Paragraph 197.

9    198.   Defendants deny the allegations in Paragraph 198.

10   199.   Defendants deny the allegations in Paragraph 199.

11   200.   Defendants deny the allegations in Paragraph 200.

12   201.   Defendants deny the allegations in Paragraph 201.

13   202.   Defendants deny the allegations in Paragraph 202.

14   203.   Defendants deny the allegations in Paragraph 203.

15                     **FIFTH CLAIM FOR RELIEF**

16   204.   Defendants hereby incorporate by reference the responses to each of the allegations

17   in Paragraphs 1 through 203 of the First Amended Complaint as if fully set forth herein.

18   205.   Defendants deny the allegations in Paragraph 205.

19   206.   Defendants deny the allegations in Paragraph 206.

20   207.   Defendants deny the allegations in Paragraph 207.

21   208.   Defendants deny the allegations in Paragraph 208.

22   209.   Defendants deny the allegations in Paragraph 209.

23   210.   Defendants deny the allegations in Paragraph 210.

24                     **SIXTH CLAIM FOR RELIEF**

25   211.   Defendants hereby incorporate by reference the responses to each of the allegations

26   in Paragraphs 1 through 210 of the First Amended Complaint as if fully set forth herein.

27   212.   Defendants deny the allegations in Paragraph 212.

28   213.   Defendants deny the allegations in Paragraph 213.

**ANSWER AND COUNTERCLAIM TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

214.   Defendants deny the allegations in Paragraph 214.

215.   Defendants deny the allegations in Paragraph 215.

216.   Defendants deny the allegations in Paragraph 216.

217.   Defendants deny the allegations in Paragraph 217.

218.   Defendants deny the allegations in Paragraph 218.

219.   Defendants deny the allegations in Paragraph 219.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendants plead the following affirmative and other defenses, and do so on information and belief as to the actions of others.   Defendants do not concede that they bear the burden of proof or burden of persuasion on any of these defenses.   Defendants reserve the right to assert additional defenses in the event that discovery or further investigation demonstrates that any such additional defenses are appropriate or applicable.

## FIRST DEFENSE

### (Standing)

The First Amended Complaint, Cause of Action VI, is barred, in whole or in part, because Plaintiff Nicky Laatz lacks standing to bring her claims.

## SECOND DEFENSE

### (Statute of Limitations)

The First Amended Complaint and each purported cause of action alleged therein is barred, in whole or in part, due to the applicable statute of limitations, including California Civil Procedure Code §§ 337, 338, Title 17 of the United States Code § 507(b), and any other statutes that may be found to apply.

## THIRD DEFENSE

### (Failure to Join Indispensable Party)

The First Amended Complaint, Causes of Action I, II, III, and VI are barred, in whole or in part, because Creative Market is an indispensable party to this action and its absence prevents complete and effective adjudication of the matters at issue.

## FOURTH DEFENSE

### (Invalid Copyright Registration)

The First Amended Complaint, Cause of Action IV, is barred, in whole or in part, because Plaintiff Nicky Laatz's copyrights, Registration Numbers TX 8-984-766, TX 8-984-764, TX 8-984-762 are each invalid.

**FIFTH DEFENSE**

**(Equitable Estoppel)**

The First Amended Complaint and each purported cause of action therein is barred, in whole or in part, by the doctrine of equitable estoppel.

**SIXTH DEFENSE**

**(Nominative Fair Use)**

The First Amended Complaint, Cause of Action V, is barred, in whole or in part, by the doctrine of nominative fair use.

**SEVENTH DEFENSE**

**(Unclean Hands)**

The First Amended Complaint and each purported cause of action therein is barred, in whole or in part, by the doctrine of unclean hands.

**EIGHTH DEFENSE**

**(License)**

The First Amended Complaint, Cause of Action VI, is barred, in whole or in part, to the extent the allegedly unlawful or infringing use of the works at issue was licensed or otherwise authorized by persons or entities with the right to license or authorize such use.

**NINTH DEFENSE**

**(Fraud in the Inducement)**

The First Amended Complaint, Cause of Action VI, is barred, in whole or in part, as Defendants claim that the contract as Plaintiff's alleged is invalid because Defendant's consent was obtained by fraud.   Plaintiff represented on the Offering Page, as of May 4, 2017, that the license allowed for "unlimited" and "commercial" use, by using those specific terms on that Offering Page as of that date.   Plaintiff secretly intended to try to enforce other contradictory terms upon her licensees.   Plaintiff made the representation to persuade Defendants to agree to the contract.   Defendants reasonably relied on this representation, and would not have entered into the contract if they had known that the representation was not true.   Defendants suffered harm as a result.

## ZAZZLE INC.'S COUNTERCLAIM

### INTRODUCTION

1.      This case is about an individual who allegedly created three fonts (i.e., typefaces) using a computer program (rather than by writing original computer code), made material misrepresentations to the United States Copyright Office about how she created the typefaces to obtain copyright registrations, and then asserted groundless copyright (and other) claims against Zazzle Inc. ("Zazzle") based in part on her invalid copyrights.

2.      By its counterclaim, Zazzle seeks a declaration to invalidate these copyrights and recover all its costs, including its attorneys' fees, incurred in connection with the instant litigation.

### PARTIES

3.      Plaintiff and Counter-Defendant Nicky Laatz ("Laatz") is an individual residing in Launceston, Cornwall, United Kingdom.

4.      Defendant and Counter-Claimant Zazzle, Inc. is a California corporation with its principal place of business at 1200 Chestnut Street, Menlo Park, California 94025.

### JURISDICTION AND VENUE

5.      This countersuit seeks a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and other relief.

6.      An actual controversy exists between the parties regarding Laatz's alleged copyright registrations referenced in this Counterclaim.

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.      This Court has personal jurisdiction over Laatz by virtue of Laatz's filing the instant action in this Court.

9.      Venue in this Court is proper by virtue of Laatz's filing the instant action in this Court.

## BACKGROUND

**Zazzle is a Design Platform that Supports Individual Users and Independent Creators**

10.     Zazzle offers services that individuals can use to design items for their personal use.   Zazzle's marketplace also serves independent creators who design and sell their products using Zazzle's online design and customization tools.    These tools provide designers with access to everything they need to design their own digital and physical products, including illustrations, templates, icons, shapes, backgrounds, images, filters, fonts and drawing tools.    Zazzle also has content partnerships with popular brands like Disney™, Marvel™, Harry Potter™, Sesame Street™, Dr. Seuss™, Star Wars™, and others, to offer licensed merchandise featuring users' favorite characters that can be customized and personalized to make unique gifts.

11.     Brothers Bobby and Jeff Beaver and their father Robert Beaver founded Zazzle more than 17 years ago.   Since then the company has grown substantially, and now employs several hundred people with its headquarters in Menlo Park, California.

**Zazzle's Acquisition of a License for Blooming Elegant**

12.     On May 4, 2017, Zazzle purchased a license to the computer files for three typefaces: Blooming Elegant, Blooming Elegant Hand, and Blooming Elegant Sans (collectively, "Blooming Elegant").

13.     Zazzle subsequently used Blooming Elegant in accordance with the advertised license terms, including that Blooming Elegant was for "Commercial Use," "Unlimited Number of Projects," and "Unlimited End Products For Sale."

14.     Years later, on August 26, 2020, Laatz's husband and purported business partner John Laatz contacted Zazzle demanding proof of Zazzle's license to Blooming Elegant.   Zazzle provided a copy of the receipt it had received after its May 4, 2017 purchase of the license.    John Laatz responded by alleging that Zazzle's use exceeded the scope of the license.

**Laatz Makes Material Misrepresentations to the Copyright Office**

15.     On February 18, 2021, more than five years after she claims to have created Blooming Elegant, Laatz sought to register copyrights in the three computer files pertaining to

**ANSWER AND COUNTERCLAIM TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

1   Blooming Elegant, Blooming Elegant Hand, and Blooming Elegant Sans ("Blooming Elegant

2   Computer Files").

3        16.    Typefaces are not copyrightable.    But under appropriate circumstances it is

4   permissible to register the implementing font data files as computer programs (if they are written

5   in computer code), or as text files written in markup language code (if they are not).

6        17.    To be registerable as a computer program, a work must be written in a computer

7   programming language (*i.e.*, Java, C++, etc.).    If font data is written in a markup language, such

8   as XML or HTML – which is not computer code, but rather a text file that can implement pre-

9   existing computer code – it cannot be registered as a computer program (because it is not written

10  in a computer programming language).    It *may* be registerable as a text file, *provided that* it was

11  hand-coded by a human author (*i.e.*, actually, manually typed out in the markup language by the

12  putative registrant) rather than generated by a computer program.    If the text file is computer-

13  generated, rather than written by a human author, it is not copyrightable.

14       18.    Laatz (through authorized representative(s)) initially submitted applications to

15  register the Blooming Elegant Computer Files as computer programs.    Upon receipt of the

16  applications, the Copyright Office Examiner ("Examiner") responded that the Copyright Office

17  could not accept the applications because "the deposit . . . submitted does not contain a computer

18  program" and "appear[ed] to be a font."    Attached hereto as Exhibits A, B and C are the three

19  email threads in which Laatz (through authorized representative(s)) communicated with the

20  Examiner concerning these three registration applications.

21       19.    The Examiner noted: "Typically, fonts come in as XML.    If this is XML, please

22  confirm.    In this case, we must amend the author created space from 'computer program' to

23  'XML code.'"    *See* Exhs. A, B, C.    And finally, the Examiner warned: "In addition, if this is

24  XML please let us know if it was hand-coded by a human author or if it was generated by a font

25  program, such as FontLab or Fontographer.    ***If the XML was merely generated by a font***

26  ***program and was not hand coded by a human author, it cannot be registered.***" *Id*. (emphasis

27  added).

28

**ANSWER AND COUNTERCLAIM TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

20.     Laatz (through authorized representative(s)) responded: "You are correct that the work is a font, but what we submitted is not XML.   Rather, it is a PDF file containing source code for an installable OTF file containing the work…."   *See* Exhs. A at 6; B at 6; C at 6.   Laatz (through authorized representative(s)) then asserted that the computer files should be registered as "computer programs."   *See id*.

21.     The Examiner responded by clarifying that the Copyright Office "no longer register[s] fonts as 'computer programs' as they are not eligible for the registration."   *See* Exhs. A at 5; B at 5; C at 5.   The Examiner again asked Laatz to "[p]lease confirm what language or format the code is written in AND that it was hand-coded rather than generated by a font design program.   If this code was merely generated by a font program and was not hand coded by a human author, it cannot be registered."   *See* Exhs. A at 5-6; B at 5-6; C at 5-6 (capitalization in original).

22.     Laatz (through authorized representative(s)) replied, without addressing the question directly, that she "personally created the designs and instructions in the font software file we submitted, including instructions for linking, spacing, kerning, and outlining characters, all of which is packaged as an OTF installable computer program file, which is what was attached to my last email."   *See* Exhs. A at 5; B at 5; C at 5.   Laatz (through authorized representative(s)) added that the font data "was generated by a font program in a sense, but it also reflects [her] original creative work."   *Id*.

23.     The Examiner again confirmed that "deposits that contain all font data (or XML, HTML, etc.)" must be registered as "font data," and asked for a third time that Laatz "please confirm if the information in the PDF that you submitted is hand-coded and that it contains the entire work."   *See* Exhs. A at 4; B at 4; C at 4.

24.     Laatz (through authorized representative(s)) again urged the Examiner to approve registration of the "installable OTF file" as a "computer program."   *See* Exhs. A at 3; B at 3; C at 3.   The Examiner responded unequivocally: "The compiled version (OTF file) is not an acceptable deposit.   The PDF contains the font data that we can register upon your approval to change the author created space to 'font data' and confirmation of if it was hand-coded.   If you

**ANSWER AND COUNTERCLAIM TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

respond and do not authorize the change to 'font data' or confirm if the font data in the PDF file was hand-coded, I will refuse this registration with no further action."   *See* Exhs. A at 2; B at 2; C at 2.

25.     Only then did Laatz (through authorized representative(s)) respond to the question directly, to represent that "Ms. Laatz hand-coded the designs and instructions in the font data that we submitted as a pdf file."   *See* Exhs. A at 2; B at 2; C at 2.

26.     On information and belief, and as Laatz knew at the time she submitted her applications to the Copyright Office, Laatz did *not* hand-code the data contained in the files her counsel submitted for registration to the Copyright Office.

27.     Rather, Laatz selected coordinates and various other points of instruction in FontLab's automated font-editing interface, such that FontLab, not Laatz, wrote the corresponding code to implement the visual typefaces.

28.     On information and belief, Laatz knowingly and intentionally provided misleading material information to the Examiner for the purposes of securing copyright registrations for the Blooming Elegant Computer Files ("Blooming Elegant Copyrights"), which were issued following Laatz's misrepresentations.   The issued copyright registration certificates are attached hereto as Exhibits D, E, and F.

29.     Laatz cannot claim ignorance of the legal requirement that only "hand-coded" font data is eligible for registration.   The Examiner instructed Laatz multiple times that to be registrable, the Blooming Elegant Computer Files had to be "hand-coded" by a human author and *not* merely generated by a font program.

30.     Moreover, on information and belief, Laatz knew that "personally creat[ing] the designs and instructions in the software file . . . including instructions for linking, spacing, kerning, and outlining characters," did *not* constitute hand-coding for purposes of copyright registration, as the Examiner rejected this as an insufficient basis to proceed and responded by asking for confirmation that Laatz had hand-coded the font data in the files, and if so, in what language. *See* Exhs. A at 5; B at 5; C at 5.

31.     It was only after the Examiner made clear he would "refuse this registration with no further action" if she did not "confirm if the font data in the PDF file was hand-coded" that she, through authorized representative(s), rephrased and stated that she "hand-coded the designs and instructions in the font data."   *See* Exhs. A at 2; B at 2; C at 2.   On information and belief, this artful phrasing was intended to, and did, mislead the Examiner as to whether Laatz had hand-coded the font data.   In fact, Laatz merely used FontLab to draw and/or select the coordinates to create a digital representation of each typeface, and FontLab's software – not Laatz – automatically generated the implementing code contained in the Blooming Elegant Computer Files.

32.     On information and belief, because the code itself, not the "instructions" or "designs" that are implemented by the code, must be hand-coded to be registrable, had the Examiner known that FontLab (not Laatz) generated the code, the Copyright Office would not have approved the registrations.

**Laatz Initiates Litigation Against Zazzle**

33.     On August 24, 2022, Laatz filed a complaint against Zazzle alleging, among other things, a federal copyright infringement claim against Zazzle, based on the Blooming Elegant Copyrights she obtained through material misrepresentations to the Examiner.   Dkt. 1.

34.     As a direct result of Laatz's wrongful acts, including obtaining invalid copyright registrations concerning uncopyrightable subject matter and filing this instant litigation, Zazzle has incurred significant costs, including attorneys' fees.

**COUNT I**

**(Invalidity of the Blooming Elegant Copyrights)**

35.     Zazzle incorporates the allegations in the foregoing paragraphs as if the same were set forth herein.

36.     Laatz claims to be the owner of the Blooming Elegant Copyrights.

37.     In connection with applying for the Blooming Elegant Copyrights, Laatz knowingly and intentionally provided materially inaccurate information to the Copyright Office

**ANSWER AND COUNTERCLAIM TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Case 5:22-cv-04844-BLF   Document 144   Filed 08/30/23   Page 29 of 30

regarding the manner in which she created the Blooming Elegant Computer Files, including by falsely representing that Laatz had hand-coded those files.

38.     In fact, the FontLab software actually generated the Blooming Elegant Computer Files by automated means.

39.     On information and belief, at the time Laatz provided this materially inaccurate information to the Copyright Office about the manner in which the Blooming Elegant Computer Files were created, Laatz knew of the requirement that only hand-coded font data files are eligible for copyright registration.

40.     Even if Laatz had not knowingly misrepresented these facts to the Copyright Office, the fact that the Blooming Elegant Computer Files were not hand-coded but were generated by FontLab renders the Blooming Elegant Computer Files uncopyrightable.

41.     The Blooming Elegant Copyrights are thus invalid as (1) the Blooming Elegant Computer Files are uncopyrightable as a matter of law, and also because (2) Laatz secured the registrations by knowingly providing inaccurate information to the Copyright Office—including within the meaning of 17 U.S.C. § 411(b)(2)) (providing that, when this "is alleged, the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration").

42.     Zazzle is thus entitled to a declaration pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 that the Blooming Elegant Copyrights are invalid.

- 29 -                    Case No. 5:22-cv-04844-BLF VKD
ANSWER AND COUNTERCLAIM TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1

2                                    **REQUEST FOR RELIEF**

3        43.       **WHEREFORE**, Zazzle requests the following relief against Laatz:

4               (a)       A Declaration that the Blooming Elegant Copyrights are invalid and

5                         unenforceable;

6               (b)       An order directing Laatz to file a request to cancel the registrations of the

7                         Blooming Elegant Copyrights with the Copyright Office;

8               (c)       An award of attorneys' fees and costs associated with this countersuit and

9                         the underlying action pursuant to 17 U.S.C. § 505; and

10              (d)       Any and all further relief as the Court deems just and proper.

11                                       **JURY DEMAND**

12       44.       Pursuant to Fed. R. Civ. P. 38(b), Counter-Claimant Zazzle demands a trial by jury

13 of all issues raised by its Counterclaim that are triable by jury.

14

15 DATED:     August 30, 2023          QUINN EMANUEL URQUHART & SULLIVAN, LLP

16                                       By  */s/ Rachel Herrick Kassabian*
                                         ─────────────────────────────────
17                                       Rachel Herrick Kassabian
                                         Attorneys for Defendants Zazzle Inc. and Mohamed Alkhatib
18

19

20

21

22

23

24

25

26

27

28