UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICKY LAATZ, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>ZAZZLE, INC., et al.,<br><br>        Defendants. | Case No. 22-cv-04844-BLF<br><br>**ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER DEFENDANTS' ANSWER IN RULING ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: ECF No. 145 |

On September 1, 2023, Plaintiff Nicky Laatz ("Plaintiff") filed an administrative motion requesting that the Court, in deciding Plaintiff's pending motion for partial summary judgment, consider Defendants Zazzle, Inc. and Mohammed Alkhatib's (together, "Defendants") Answer and Counterclaim ("Answer"), which Defendants filed on August 30, 2023. ECF No. 145. Plaintiff asserts that the Court should consider the Answer because the Answer was originally due to be filed on July 31, 2023, and Defendants' receipt of a 30-day filing extension prevented Plaintiff from presenting argument based on admissions in the Answer at the August 3, 2023 hearing on Plaintiff's motion for partial summary judgment. *Id.* at 1. Plaintiff now presents the Court with such argument about various admissions in the Answer that purportedly narrow the scope of issues to be decided on partial summary judgment. *See id.* at 2–3. Defendants oppose Plaintiff's request, arguing that her administrative motion violates this district's local rules and that the Answer does not contain any substantive new admissions. *See* ECF No. 146.

As an initial matter, after a reply has been filed in support of a motion, "no additional memoranda, papers or letters may be filed without prior Court approval." Civil L.R. 7-3(d); *see also* ECF No. 143 (striking Plaintiff's counsel's errata for violation of Civil L.R. 7-3(d)). Neither

of the two exceptions to this rule applies. *See id.* at 7-3(d)(1)–(2) (permitting a party to file an objection to new evidence submitted in the reply or—before the noticed hearing date—a statement of recent decision). Accordingly, the Court STRIKES Part I(B) of Plaintiff's administrative motion for presenting argument related to Plaintiff's motion for partial summary judgment.

With respect to Plaintiff's request that the Court consider Defendants' Answer in ruling on Plaintiff's motion for partial summary judgment, the Court notes that Plaintiff elected to file her motion for partial summary judgment approximately one week after Defendants filed a motion to dismiss the operative complaint, and thus well before any answer was due from Defendants. *See* ECF Nos. 86, 89. If Plaintiff wanted the benefit of presenting argument on Defendants' Answer, she needed only to wait to file her partial summary judgment motion until after the resolution of the motion to dismiss. The Court further notes that Plaintiff's current request for the Court to consider Defendants' Answer is an echo of her opposition to Defendants' request to extend their deadline for filing the Answer, where she argued that the extension would "hamper the Court's resolution of [Plaintiff's] currently pending Refiled Motion for Partial Summary Judgment." ECF No. 128, at 1. The Court considered that argument and nonetheless found that Defendants showed good cause for an extension of their deadline to file the Answer. *See* ECF No. 129. The Court now DENIES Plaintiff's administrative motion requesting that the Court consider Defendants' Answer in its decision on Plaintiff's motion for partial summary judgment.

**IT IS SO ORDERED.**

Dated: September 6, 2023

BETH LABSON FREEMAN
United States District Judge