UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ,<br><br>   Plaintiff,<br><br> v.<br><br>ZAZZLE, INC., et al.,<br><br>   Defendants. | Case No. 22-cv-04844-BLF (VKD)<br><br>**ORDER RE SEPTEMBER 22, 2023 DISCOVERY DISPUTE RE PROTECTIVE ORDER**<br><br>Re: Dkt. No. 149 |

   Plaintiff Nicky Laatz and defendants Zazzle, Inc. and Mohamed Alkhatib (collectively, "Zazzle") ask the Court to resolve a dispute over certain terms to be included in a blanket protective order governing information and items that are produced in discovery.[1] Dkt. No. 149. As a starting point, the parties propose to use this district's two-tier model order, which provides that materials produced in discovery may be designated "Confidential" or "Highly Confidential—Attorneys' Eyes Only" ("AEO"). However, the parties disagree whether the protective order should include a term prohibiting certain categories of financial and other information from being designated "AEO." They also disagree about the proper definition of an "Expert." For the reasons discussed below, the Court will enter Zazzle's proposed protective order.

   Absent a court order to the contrary for good cause shown, there is a general presumption of access to documents and information produced in discovery. *See In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). A blanket protective order is a prophylactic

---

[1] The matter is deemed suitable for determination without oral argument. Civil L.R. 7-1(b).

measure taken to facilitate the exchange of information in discovery and the prompt resolution of disputes over confidentiality. *See generally M.H. v. City of San Bernardino*, No. EDCV 20-242-JGB (KKx), 2020 WL 7247341, at *7 (C.D. Cal. Nov. 10, 2020).

The parties' respective proposals each define "AEO" materials as "extremely sensitive 'Confidential Information or Items,' disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means." *See* Dkt. No. 149-1 ¶ 2.8; Dkt. No. 149-2 ¶ 2.8. Ms. Laatz proposes to include additional language prohibiting an "AEO" designation for materials relating to (1) "the profits, revenues, or costs that [Zazzle] has incurred in connection with sales of products that use the Blooming Elegant Trio of fonts" or (2) "the manner and extent to which Defendants implemented the Blooming Elegant Trio of font software on Zazzle['s] website[.]" *See* Dkt. No. 149-2 ¶ 2.8. Zazzle objects to any such provision that would limit Zazzle's ability to apply the "AEO" designation to financial and other documents that have not yet even been produced. *See* Dkt. No. 149 at 4.

There may be some financial and other information, the "disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means." However, that may not be true of all financial and other information. Absent information about what specific documents for which an "AEO" designation is actually disputed, the Court cannot properly decide such designation issues in a vacuum. Accordingly, the Court adopts Zazzle's proposed definition of "AEO" materials, without the additional language proposed by Ms. Laatz. In so ruling, the Court notes that the designating party "must take care to limit any such designation to specific material that qualifies under the appropriate standards," and that "[m]ass, indiscriminate, or routinized designations are prohibited." *See* Dkt. No. 149-1 ¶ 5.1.

With respect to the parties' competing definitions of the term "Expert," Zazzle proposes to use the standard provision from this district's two-tier model order, defining an expert as "a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action; (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor." Dkt.

No. 149-1 ¶ 2.7. Ms. Laatz proposes to use the provision from this district's model order for standard litigation, which defines an expert as "a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action." Dkt. No. 149-2 ¶ 2.7. Zazzle argues that Ms. Laatz's proposal does not provide adequate protections against the possibility that she may "retain as experts past, current, or anticipated-future employees of Zazzle or Zazzle's competitors, and provide them with Zazzle's designated information, including AEO materials." Dkt. No. 149 at 4. Ms. Laatz expresses concern that Zazzle's proposal will preclude her ability to retain expert witness(es) in this litigation that she says concerns "a very small industry where Zazzle is the dominant player." *Id*. at 7.

In view of Zazzle's representation that it "has many former, current, and future employees and competitors" (Dkt. No. 149 at 4), the Court finds that Zazzle's proposed provision is appropriate to safeguard against the risk of improper disclosure. Ms. Laatz may seek relief in the event she has difficulty identifying an expert who needs access to Confidential or AEO material. Additionally, the Court expects that Zazzle will identify for Ms. Laatz its principal competitors well in advance of the deadline for the parties' expert disclosures.

The Court will separately enter Zazzle's proposed protective order, with some additional modifications this Court customarily makes to such orders.

**IT IS SO ORDERED.**

Dated: September 29, 2023

*Virginia K. DeMarchi*
Virginia K. DeMarchi
United States Magistrate Judge