UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICKY LAATZ, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ZAZZLE, INC., et al.,<br><br>    Defendants. | Case No. 22-cv-04844-BLF<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; DIRECTING PLAINTIFF TO FILE RESPONSE REGARDING REQUEST FOR CLARIFICATION**<br><br>Re: ECF No. 159 |

Presently before the Court is Defendants Zazzle, Inc. ("Zazzle") and Mohamed Alkhatib's (together, "Defendants") Motion for Leave to Seek Clarification and Reconsideration (the "Motion") of the Court's Order on Plaintiff Nicky Laatz's ("Plaintiff") Motion for Partial Summary Judgment (the "MSJ Order"). *See* Mot., ECF No. 159. Defendants seek leave to request (1) clarification that they dispute the existence of mutual assent to the License Terms document that Plaintiff alleges is part of a four-document contract between the parties, and (2) reconsideration of the portion of the MSJ Order finding Defendants demonstrated mutual assent to the License Terms. *See id.* at 2–4.

**I.   LEGAL STANDARD**

    **A.   Clarification**

Under Federal Rule of Civil Procedure 60, a court may "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. Proc. 60(a). "[T]he clarification process presumes some legitimate need supporting relief, such as the existence of ambiguity or confusion that can be corrected with further explanation." *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co., Ltc.*, No.

16-cv-06370, 2020 WL 3893869, at *1 (N.D. Cal. July 10, 2020) (quoting *Padgett v. Loventhal*, No. 04-cv-03946, 2015 WL 13753300, at *1 (N.D. Cal. May 13, 2015)) (alteration in original). The Local Rules of this district do not require a party to seek leave to move for clarification.

### B. Leave to File Motion for Reconsideration

A motion for leave to file a motion for reconsideration may be filed prior to the entry of a final judgment in the case. Civ. L.R. 7-9(a). "The moving party must specifically show reasonable diligence in bringing the motion" and one of the following circumstances:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). Whether to grant leave to file under Rule 7-9 is committed to the Court's sound discretion. *See United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000). Defendants request leave to file a motion for reconsideration under Local Rule 7-9(b)(3). *See* Mot. 3–4.

## II. DISCUSSION

The Court addresses Defendants' request for leave to file a motion for reconsideration before turning to the request for clarification.

### A. Leave to File Motion for Reconsideration

The MSJ Order granted in part Plaintiff's motion for partial summary judgment, finding that Defendants demonstrated mutual assent to two of the four documents—the License Terms and the Service Terms—that Plaintiff alleges comprise the parties' contract allegedly breached by Defendants. *See* MSJ Order 10–15, ECF No. 155. The MSJ Order otherwise denied Plaintiff's motion for partial summary judgment on her claims for breach of contract, fraudulent misrepresentation, fraudulent concealment, promissory fraud, and copyright infringement. *See id.* at 20. Defendants now request leave to file a motion for reconsideration of the Court's holding

1  that they demonstrated mutual assent to the License Terms, arguing that the "reasoning and legal
2  authority that applies to the License FAQ"—a document for which the Court concluded Plaintiff
3  had failed to establish mutual assent—"applies equally to the License Terms," so that the Court's
4  differing conclusion regarding mutual assent to the License Terms constitutes a "manifest failure"
5  supporting reconsideration. *See* Mot. 3–4.

6  The Court finds that there is no basis for reconsideration under the "manifest failure"
7  criteria set by the Local Rules of this district, *i.e.*, that the Court failed to "consider material facts
8  or dispositive legal arguments which were presented to the Court." Civ. L.R. 7-9(b)(3). The facts
9  to which Defendants point in the Motion are the very documents on which the Court relied in
10 discussing the distinctions between the steps required to reach—and the placement and
11 prominence of—the License Terms and the License FAQ. *Compare* Mot. 3 (citing Steinberg
12 Decl. Exhs. 24–25, ECF No. 89-14), *with* MSJ Order 12–14 (citing same). And although
13 Defendants suggest that the Court may have misapprehended Defendants' position on mutual
14 assent (*i.e.*, that there was no mutual assent to the License Terms, or any of the alleged contract
15 documents), *see* Mot. 3, the MSJ Order begins the discussion of mutual assent by noting this very
16 argument. *See* MSJ Order 11 ("Defendants respond that there are disputes of fact as to which
17 documents constituted the contract and whether there was mutual assent to the terms of the
18 License FAQ and License Terms.") (citing Defs.' Opp'n to Mot. Partial Summ. J. 12–14, ECF No.
19 104). The thrust of Defendants' argument instead appears to be that Defendants continue to
20 believe that "there are factual and legal issues that should preclude summary judgment on mutual
21 assent to the License Terms," *see* Mot. 3, but this is not a ground for reconsideration. Because
22 Defendants have pointed to no "material facts or dispositive legal arguments" that the Court
23 manifestly failed to consider—or any other basis for reconsideration under Local Rule 7-9(b)—the
24 Court will deny Defendants' motion for reconsideration of its finding that Defendants
25 demonstrated mutual assent to the License Terms. *See Argenal v. Reassure Am. Life Ins. Co.*, No.
26 C 13-01947, 2014 WL 12644227, at *2 (N.D. Cal. May 12, 2014) ("Plaintiff is of course entitled
27 to disagree with the Court's conclusions. But such disagreement does not render the Court's
28 analysis a manifest failure, nor warrant a motion for reconsideration that rehashes arguments

1     already made in briefing.").

**B.    Clarification**

Defendants additionally request that the Court, if it denies leave to file a motion for reconsideration, amend the MSJ Order at page 4 to "remove the sentence 'Defendants do not submit a specific combination of documents, but state that the Blooming Elegant License may only include the License Terms' . . . and to clarify that Defendants dispute whether there was mutual assent to the License Terms, including because like the FAQ terms, they are two voluntary clicks away from the required account creation and purchase paths." Mot. 4.  The Court will consider this clarification request, and will direct Plaintiff to file a brief response thereto.

**III.   ORDER**

Based on the foregoing, it is hereby ORDERED that:

1. Defendants' motion for leave to file a motion for reconsideration of the finding in the MSJ Order that Defendants demonstrated mutual assent to the License Terms is DENIED;
2. Plaintiff SHALL file a response of no more than three pages to Defendants' request for clarification made in Section C of the Motion within one week of the entry of this order; and
3. No reply will be permitted.

**IT IS SO ORDERED.**

Dated: November 27, 2023

_____
Beth Labson Freeman
United States District Judge

4