UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICKY LAATZ, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>ZAZZLE, INC., et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-04844-BLF<br><br>**ORDER REGARDING DEFENDANTS' MOTION TO BIFURCATE DISCOVERY AND SUMMARY ADJUDICATION OF AFFIRMATIVE DEFENSES**<br><br>Re: ECF No. 161 |

Pending before the Court is Defendants Zazzle Inc. ("Zazzle") and Mohamed Alkhatib's ("Alkhatib" and, with Zazzle, "Defendants") Motion to Bifurcate Discovery and Summary Adjudication of Affirmative Defenses (the "Motion"). *See* Mot., ECF No. 161. Plaintiff Nicky Laatz ("Plaintiff") opposes the Motion. *See* Opp'n, ECF No. 168. Defendants filed a reply on December 15, 2023. *See* Reply, ECF No. 170. The Court finds the Motion suitable for adjudication without a hearing. *See* Civil L.R. 7-1(b); *see also* Order, ECF No. 164.

**I.　BACKGROUND**

Plaintiff brought this suit on August 24, 2022. *See* Compl., ECF No. 1. On February 1, 2023, the Court adopted the pre-trial schedule proposed by Zazzle in the parties' jointly filed scheduling proposals. *See* ECF Nos. 66, 71. There has been no modification to date of this schedule.

Plaintiff filed the operative First Amended Complaint ("FAC") on March 14, 2023. *See* FAC, ECF No. 82. The FAC asserts claims for (1) fraudulent misrepresentation, (2) fraudulent concealment, and (3) promissory fraud, all in violation of Cal. Civ. Code § 1572, as well as (4) federal copyright infringement under 17 U.S.C. § 101, (5) federal trademark infringement under 15 U.S.C. § 1114, and (6) breach of contract. *See id.* ¶¶ 175–219.

1    Defendants filed a motion to dismiss the FAC on March 31, 2023.  *See* ECF No. 86.  In
2    that motion and the supporting reply brief, Defendants argued that Plaintiff was not properly a
3    party to the license contract at issue, and thereby lacked standing.  *See id.* at 4, 15; *see also* ECF
4    No. 96, at 8–9.  The Court denied Defendants' motion to dismiss on July 17, 2023, holding that
5    Plaintiff had sufficiently pled her status as an original party to the contract.  *See* ECF No. 124.
6    On April 7, 2023, while Defendants' motion to dismiss was pending, Plaintiff filed a
7    Refiled Motion for Partial Summary Judgment ("Partial MSJ"), seeking judgment in her favor as
8    to all claims except federal trademark infringement.  *See* ECF No. 89.  Defendants opposed the
9    Partial MSJ, in part on the affirmative defense grounds that Plaintiff's claims are all time-barred
10   and that Plaintiff lacks standing to bring her state law claims.  *See* ECF No. 104, at 8–10.  On
11   October 23, 2023, the Court granted in part the Partial MSJ as to the issue of whether Defendants
12   demonstrated mutual assent to certain document alleged to be part of the parties' contract, and
13   otherwise denied the Partial MSJ.  *See* ECF No. 155.  The Court declined to consider Defendants'
14   affirmative defense arguments in its ruling on Plaintiff's Partial MSJ, finding that the evaluation of
15   the Partial MSJ "concern[ed] only the question of whether Plaintiff has shown that the undisputed
16   facts establish Plaintiff's claims for breach of contract, fraudulent misrepresentation, fraudulent
17   concealment, promissory fraud, and copyright infringement."  *See id.* at 10.
18   Additionally, Defendants filed an answer to the FAC on August 30, 2023.  *See* Answer,
19   ECF No. 144.  The Answer includes affirmative defenses of standing and statute of limitations,
20   among others.  *See id.* at 21.  Appended to the Answer is Zazzle's counterclaim against Plaintiff,
21   in which it seeks declaratory relief regarding the alleged invalidity of Plaintiff's copyrights
22   regarding the Blooming Elegant Trio.  *See id.* at 23–29.  Plaintiff has filed a motion to dismiss
23   Zazzle's counterclaim, which is set for hearing on February 29, 2024.  *See* ECF No. 148.
24   Defendants filed the pending Motion to bifurcate discovery and summary adjudication on
25   November 28, 2023; it was fully briefed on December 15, 2023.  *See* Mot.; Opp'n; Reply.

26   **II.    LEGAL STANDARD**
27   "The district court is given broad discretion in supervising the pretrial phase of litigation."
28   *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth*

*Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)). This discretion includes modifying scheduling orders not only with respect to discovery deadlines, but also to scheduling decisions that may affect the presentation of legal issues at trial. *See Bright v. Mercer Advisors Inc.*, 502 F. App'x 710, 711 ("The district court did not abuse its discretion in modifying the scheduling order to allow defendant to amend its answer because defendant showed good cause.") (citation omitted); *Raybould v. Rushmore Loan Mgmt. Servs., LLC*, 854 F. App'x 227, 227 (9th Cir. 2021) ("The district court did not abuse its discretion in issuing its scheduling order, case management order, or orders granting extensions of time.") (citation omitted) (mem.); *Penk v. Or. State Bd. of Higher Educ.*, 816 F.2d 458, 466 (9th Cir. 1987) ("The court has broad discretion in fashioning appropriate scheduling orders.") (citation omitted).

A party requesting a scheduling modification must show "good cause." *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *see also Zivkovic*, 302 F.3d at 1087 ("In general, the pretrial scheduling order can only be modified 'upon a showing of good cause.'") (quoting *Johnson*, 975 F.2d at 608). In the scheduling context, and particularly where a party seeks to continue a deadline that has already passed, "good cause" generally means that a party cannot meet its scheduling deadlines despite exercising reasonable diligence. *See, e.g.*, *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017) ("Where, as here, a party seeks leave to amend after the deadline set in the scheduling order has passed, the party's request is judged under Federal Rule of Civil Procedure ("FRCP") 16's "good cause" standard . . . [and] [t] central inquiry . . . is whether the requesting party was diligent in seeking the amendment."); *Johnson*, 975 F.2d at 609 (noting that "focus of inquiry" in evaluating "belated motion to amend" was "upon the moving party's reasons for seeking modification").

Further, in evaluating motions to bifurcate pre-trial proceedings, district courts have looked to the standards for bifurcating trial set forth in Federal Rule of Civil Procedure 42(b), which provides that a court may, "[f]or convenience, to avoid prejudice, or to expedite and economize . . . order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." "Courts consider several factors in determining whether bifurcation is appropriate,

3

1  including separability of the issues, simplification of discovery and conservation of resources, and
2  prejudice to the parties." *McDermott v. Potter*, No C 07–06300, 2010 WL 956808, at *1 (N.D.
3  Cal. Mar. 12, 2010) (citations omitted).  The party seeking bifurcation bears the burden of
4  establishing that it is warranted in the case at hand, such as by promoting judicial economy or
5  avoiding inconvenience or prejudice to the parties.  *See McDermott*, 2010 WL 956808, at *1
6  (citing *Spectra–Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 102 (N.D.Cal. 1992));
7  *Wixen Music Publ'g, Inc. v. Triller, Inc.*, No. 20-cv-10515, 2021 WL 4816627, at *1 (C.D. Cal.
8  Aug. 11, 2021) (citing *Karpenski v. Am. Gen. Life Cos.*, 916 F. Supp. 2d 1188, 1190 (W.D. Wash.
9  2012)).

## III.   DISCUSSION

Defendants seek to bifurcate this action into two phases—(1) discovery and summary adjudication of their affirmative defenses on the statute of limitations and standing issues, and (2) all remaining claims and defenses, and Zazzle's counterclaim—and to modify the scheduling order accordingly.  *See* Mot. 1, 9–10.  Defendants argue that bifurcation would avoid significant and extensive fact and expert discovery on various substantive issues because—they assert—all six of Plaintiff's claims are time-barred under the relevant statutes of limitation, and her four state law claims for fraud and breach of contract fail for lack of standing.  *See id.* at 4–8.  They further argue that bifurcation and the potential disposition of a large portion of this action on these threshold issues is possible with minimal modification of the deadlines, so that there is good cause to modify the scheduling order.  *See id.* at 1, 9; *see also* Reply 2–3.

Plaintiff opposes bifurcation and modification of the scheduling order, arguing that Defendants cannot show good cause because (1) they have not been diligent in bringing this motion nearly 10 months after the entry of the scheduling order, *see* Opp'n 6–7; (2) the proposed bifurcation will not streamline this case, and would in fact result in further inefficiencies by delaying all substantive discovery, *see id.* at 7–9; and (3) the bifurcation is at bottom an attempt to evade Defendants' present discovery obligations, *see id.* at 9–10.

Having reviewed the parties' arguments and evaluated its own docket, the Court will not bifurcate discovery.  The current discovery order has been in place since February 1, 2023, and

4

Defendants have failed to raise the issue of bifurcation at any point prior to filing the present Motion, despite having repeatedly raised the issue of their affirmative defenses in other contexts. *See supra*, at Part I. It appears that substantial discovery is well underway covering all issues in this action, *see* Decl. of Casey Matthews ¶¶ 2–10, ECF No. 168-1, and although the Court does not find the motion to be untimely, the effect of the schedule modification would place a hardship on Plaintiff. Defendants' request would reduce Plaintiff's time to conduct discovery and allow Defendants to sideline already propounded discovery that Plaintiff needs to prosecute her claims. Moreover, it is the Court's experience that phased discovery leads to inefficient disputes regarding whether a particular discovery request belongs in the first phase or the second phase. And finally, it appears that Defendants have actively gathered evidence that they need to support their affirmative defenses. That said, the Court recognizes that its standing order limiting each side to one summary judgment motion may impede early resolution of these affirmative defenses. Thus, as an alternative, relief from that portion of the standing order is a far more efficient way to handle Defendants' legitimate desire to resolve potentially case-dispositive issues early in the proceedings.

To that end, the Court will permit Defendants to file two motions for summary adjudication, with the first addressing the affirmative defense issues. The Court accordingly encourages the parties to prioritize discovery to address the issues that may be brought in an initial motion for summary adjudication. The Court will not reserve an additional hearing date until 14 days before a motion is filed, and advises Defendants that (1) hearings dates are generally scheduled to occur about five months after the filing date and (2) the Court will not approve an order shortening time. Should Defendants choose to divide the issues into two separate motions, the two motions shall not together exceed more than 25 pages. Similarly, the oppositions to the two motions must not together exceed 25 pages, and the supporting replies must not together exceed 15 pages. Each motion must comply with the requirements for a motion under the local rules, including the requirement that the notice of motion must be contained within the memorandum of points and authorities. *See* Civil L.R. 7-2(b)(2).

IV. **ORDER**

For the foregoing reasons, it is hereby ORDERED that:

1. Defendants' motion to bifurcate discovery is DENIED;
2. Defendants' motion to modify the case schedule is DENIED;
3. Defendants may file a total of two motions for summary adjudication over the life of this case, but no party will receive additional pages for summary judgment briefing across the two motions beyond the limits set forth in the Court's standing orders, *see* Standing Order Re Civil Cases § IV(A)(1); and
4. The Court will not reserve an additional hearing date at this point and will not shorten time in connection with an initial motion for summary adjudication.

**IT IS SO ORDERED.**

Dated: December 21, 2023

_____
Beth Labson Freeman
United States District Judge