UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>ZAZZLE, INC., et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-04844-BLF (VKD)<br><br>**ORDER RE JUNE 3, 2024 DISCOVERY DISPUTE**<br><br>Re: Dkt. Nos. 178, 191 |

On June 11, 2024, the Court held a hearing on the parties' dispute regarding defendant Zazzle Inc.'s ("Zazzle") responses to plaintiff Nicky Laatz's Requests for Admissions ("RFAs") Nos. 143, 171-209, and 221-242. Dkt. Nos. 178, 179. Following the hearing, the Court ordered the parties to confer regarding a plan for production of the information Ms. Laatz seeks by means of the disputed RFAs in the form of interrogatory answers and/or production of documents, in lieu of answers to RFAs. Dkt. No. 181. The Court ordered the parties to file a stipulation regarding a plan for Zazzle's production of this information, or in the alternative, a joint status report briefly describing any remaining areas of disagreement by June 18, 2024. *Id*.

The Court has reviewed the parties' June 18, 2024 status report (Dkt. No. 191), and based on the representations in that report, the Court finally resolves the June 3, 2024 discovery dispute as follows:

With respect to RFAs Nos. 143, 171-190, and 191-209, Zazzle shall amend its answer to Ms. Laatz's Interrogatory No. 2 and shall identify the total number of designers that created

designs depicting the disputed font[1] in Zazzle's design tools at any time.  If Zazzle is unable to identify the number of designers that created designs depicting the disputed font in Zazzle's design tools, it shall so state.  If Zazzle is able to identify only the number of designers that published or that ordered products with designs depicting the disputed font, it shall provide that information instead in answering Interrogatory No. 2.  In addition, Zazzle shall produce the documents in its possession, custody, or control that are sufficient to show:  (1) the total number of designers that created designs depicting the disputed font, (2) the total number of designers that published products with designs depicting the disputed font, and (3) the total number of designers that ordered products with designs depicting the disputed font.  If Zazzle does not have documents showing some or all of items (1)-(3) it shall so advise Ms. Laatz in writing.

With respect to RFAs Nos. 221-230, Zazzle shall amend its answer to Ms. Laatz's Interrogatory No. 13 to state the total amount of revenue that Zazzle has collected from the sale of products that depict the disputed font.

With respect to RFAs Nos. 231-240, Zazzle shall produce documents in its possession, custody, or control that are sufficient to show its gross and net profits on the revenue that Zazzle has collected from the sale of products that depict the disputed font.  If Zazzle does not maintain profits data specific to products that depict the disputed font, Zazzle shall so advise Ms. Laatz in writing.  Zazzle and Ms. Laatz shall confer regarding whether Zazzle has documents sufficient to show its relevant profit margin(s)—e.g., on a company-wide or product-line basis—in an effort to resolve their dispute on this point.

Zazzle's deadline to amend its interrogatory answers and to produce documents as directed above in this order is **July 3, 2024**.

***

The status report addresses document requests and interrogatories that concern subject matter other than the subject matter covered by the disputed RFAs in the parties' June 3, 2024 discovery dispute letter.

---

[1] In this order, "disputed font" refers to the Blooming Elegant Trio of fonts at issue in this case.

For Ms. Laatz's Interrogatories Nos. 1, 3, and 4, as to which the parties have stipulated, the Court orders Zazzle to comply with the stipulation by **July 3, 2024**, unless the parties have agreed to a different date for compliance.

For those discovery requests as to which the parties continue to disagree, the Court sets a schedule below for the submission of discovery dispute letters[2] for those disputes that remain:

1. The parties shall jointly file a discovery dispute letter or letters addressing any remaining disputes about Interrogatories Nos. 5-12 and 14 by **5:00 p.m. on June 25, 2024**.

2. The parties shall confer (such conference to include lead counsel) regarding any remaining disputes about Ms. Laatz's document requests **no later than June 27, 2024**. The parties shall jointly file a discovery dispute letter or letters addressing any remaining disputes about Ms. Laatz's document requests **no later than five court days following their conference**.

The Court advises the parties and their counsel that any refusal to participate meaningfully in the conference of lead counsel or in the preparation of a joint discovery dispute letter may be grounds for entry of an order adverse to the delaying or non-participating party or other appropriate sanctions. In addition, the Court reminds the parties and their counsel of their obligations under Rule 26(g)(1) and that failure to comply with those obligations may also subject the parties and/or their counsel to sanctions. *See* Fed. R. Civ. P. 26(g)(3) ("If a certification violates this rule without substantial justification, the court . . . must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both.").

**IT IS SO ORDERED.**

Dated: June 20, 2024

Virginia K. DeMarchi
United States Magistrate Judge

---

[2] The letters must comply with the requirements set forth in Judge DeMarchi's Standing Order for Civil Cases, https://cand.uscourts.gov/standing-order-for-civil-cases-april-2024/ (section 4).