UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ,<br><br>    Plaintiff,<br><br>v.<br><br>ZAZZLE, INC., et al.,<br><br>    Defendants. | Case No. 22-cv-04844-BLF (VKD)<br><br>**ORDER RE PENDING DISCOVERY DISPUTES**<br><br>Re: Dkt. Nos. 192, 202, 205, 206, 207, 212 |

The Court held a discovery status conference on July 2, 2024 during which the parties and the Court discussed several pending discovery disputes and other discovery-related matters. *See* Dkt. No. 213. Based on the discussion during the conference, the Court orders as follows:

**1.    Dkt. No. 202 (Ms. Laatz's Interrogatories Nos. 5-12, 14)**

Zazzle must serve amended responses to Interrogatories 5, 10-12, and 14.

Zazzle must serve an amended response to Interrogatory No. 8 that states the number of persons who published at least one design on Zazzle's website during the time the disputed font[1] was being offered for use in Zazzle's design tool.

Zazzle must serve an amended response to Interrogatory No. 9 that states the number of persons who had shops on Zazzle's website during the time the disputed font was being offered for use in Zazzle's design tool.

Zazzle need not provide amended responses to Interrogatories Nos. 6 and 7, as those interrogatories seek information that is neither relevant to a claim or defense nor proportionate to

---

[1] In this order, "disputed font" refers to the Blooming Elegant Trio of fonts at issue in this case.

the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1).

Zazzle's amended responses must be served by **July 3, 2024**.

**2.**     **Dkt. No. 205 (Ms. Laatz's Requests for Production Nos. 1-2, 32, 34-42, 53-54)**

Zazzle represents that it has produced all documents responsive to RFPs 1 and 2.  To the extent Ms. Laatz contends that these requests encompass (1) all images and web pages depicting designs using the disputed font, (2) all transaction records for designs using the dispute font, and (3) server logs showing selection or use of the disputed font, the Court concludes that such documents are not clearly within the scope of RFPs 1 and 2, and that these requests do not describe such documents with the "reasonable particularity" required by Rule 34.  *See* Fed. R. Civ. P. 34.  Zazzle need not produce the additional documents Ms. Laatz demands with respect to RFPs 1 and 2.

With respect to RFP 32, Zazzle represents that the only two actions Zazzle performed were "downloading" software for the disputed font after purchasing a license on the Creative Market website and "installing" it on Zazzle's systems for use by its customers.  Zazzle must investigate further whether there any computer or system records that show these activities, and if so, it must produce those records, in addition to other responsive documents (such as email communications) about these actions, which Zazzle represents it has already produced.

With respect to RFPs 34-40, Zazzle must investigate whether it has data (regardless of the form in which that data may be maintained) that can be queried to obtain the information called for by these requests.  *See Kannan v. Apple Inc.*, No. 17-cv-07305-EJD (VKD), 2019 WL 4668112, at *1 (N.D. Cal. Sept. 25, 2019) ("To the extent Apple maintains a database or other repository of information that may be queried to provide a report(s) or spreadsheet(s) showing [relevant responsive information] Apple must produce that information in report or spreadsheet form."); *Apple Inc. v. Samsung Elecs. Co. Ltd.*, No. 12-cv-0630-LHK (PSG), at *3 (N.D. Cal. Aug. 14, 2013) ("Courts regularly require parties to produce reports from dynamic databases, holding that the technical burden of creating a new dataset for the instant litigation does not excuse production.") (cleaned up).  If information responsive to these requests can be obtained from data maintained by Zazzle, without undue burden, then Zazzle must produce it.  Zazzle must complete

its investigation by **July 12, 2024**, and shall advise Ms. Laatz's counsel of the results of its investigation by that date.

With respect to RFPs 41 and 42, Zazzle represents that, notwithstanding its written responses, it has already produced documents responsive to the full scope of these requests. To the extent Ms. Laatz contends that these requests encompass all images and web pages depicting designs using the disputed font, the Court concludes that such documents are not clearly within the scope of RFPs 41 and 42, and that these requests do not describe such documents with the "reasonable particularity" required by Rule 34. *See* Fed. R. Civ. P. 34. If Zazzle has already produced documents sufficient to show how Zazzle used the software for the disputed font on or in relation to Zazzle's website and its online design tools, Zazzle need not produce the additional documents Ms. Laatz demands with respect to RFPs 41 and 42.

Zazzle need not produce documents responsive to RFPs 53 and 54, as those requests seek documents that are neither relevant to a claim or defense nor proportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

**3.     Dkt. No. 206 (Ms. Laatz's Requests for Production Nos. 26, 31, 43, 46, 49-52)**

With respect to RFP 26, Zazzle must produce all non-privileged documents, including communications, reflecting its decision to replace the disputed font (or any portion of it) with the Morgana font, including the reasons for selecting that font as a replacement. Zazzle need not produce "all documents, including communications, relating to any font Zazzle considered as a potential replacement" for the disputed font (or any portion of it), as such a request encompasses discovery that is neither relevant to a claim or defense nor proportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

With respect RFPs 31 and 43, Zazzle represents that it has produced all licenses purchased on Creative Market's website by Mr. Alkhatib on May 4, 2017, but it says it would be too burdensome for it to collect and produce all licenses purchased on Creative Market's website by any Zazzle employee on any date. As discussed at the hearing, the parties are **directed to confer further** to identify whether Zazzle can, without undue burden, produce font-related licenses purchased on Creative Market's website during a more narrowly defined period or periods. The

3

parties shall report back to the Court on the outcome of their further conference, as directed below. In any event, Zazzle need not produce "all documents, including communications, relating to" any such other licenses, as such a request encompasses discovery that is neither relevant to a claim or defense nor proportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

With respect to RFP 46, the parties report they have resolved their dispute.

RFPs 49-52 seek documents and communications relating to the licenses for fonts Ms. Laatz asks about in Interrogatories Nos. 6 and 7. However, as noted above, the Court will not require Zazzle to amend its responses to Interrogatories Nos. 6 and 7. For this reason, Zazzle need not separately produce documents responsive to RFPs 49-52.[2]

**4.    Dkt. No. 207 (Zazzle's privilege log); documents redacted for privilege**

The Court is not able to resolve the parties' disputes about the adequacy of Zazzle's privilege log, its privilege claims, and its privilege redactions using the Court's ordinary expedited discovery dispute resolution procedures. For this reason, the Court denies the relief Ms. Laatz requests in Dkt. No. 207, without prejudice. The Court provides the following guidance and direction.

Zazzle is directed to review its privilege log. At a minimum, Zazzle must ensure that each log entry for an "attachment" clearly identifies the attorney involved in the communication or work product identified as an "attachment" on the log. In view of the discussion at the discovery conference, including the concerns expressed by Ms. Laatz regarding the log entries that do not identify or describe each email within a multi-email thread, Zazzle may wish to make other amendments to its privilege log.

The parties are **directed to confer** regarding: (1) whether Zazzle's privilege log accurately describes the privileged communication (e.g., an individual email within a longer email thread) in a manner that complies with the Ninth Circuit's direction,[3] including clearly identifying the attorney and client involved in the particular communication; (2) whether the Court should review

---

[2] The Court recognizes there is overlap between RFPs 31 and 43 and RFPs 49-52.

[3] *See, e.g., In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992).

4

1  *in camera* a selection of disputed privilege log entries, and if so, a proposal for making that
2  selection; (3) a briefing schedule for presenting any remaining privilege disputes to the Court for
3  resolution in the form of motion under Civil Local Rule 7; and (4) any other proposals for an
4  efficient resolution of the remaining privilege disputes.

The parties shall report back to the Court regarding the outcome of their conference, as directed below.

### 5. Disputed Depositions

#### a. Ms. Laatz's Fact Depositions of Zazzle Witnesses

Based on the discovery conference, the Court understands that Ms. Laatz has taken one deposition (Robert Beaver), and seeks to take the following additional depositions:

| | |
|---|---|
| 2 | Mohamed Alkhatib |
| 3 | Pete Hottelet |
| 4 | Monica McGhie |
| 5 | Katrina Liu |
| 6 | Jeff Beaver |
| 7 | Patrick Haley |
| 8 | Irena Paschenko |
| 9 | Nizzi Renaud |
| 10 | Petar Ivanov |
| 11 | Zazzle Rule 30(b)(6) (4 designees) |
| | • Mohamed Alkhatib |
| | • Catherine Sheu |
| | • Jason Li |
| | • Jason Kang |

Depending on how one counts, if Ms. Laatz takes all of these depositions, she will exceed Rule 30's 10-deposition limit by at least one and maybe four depositions.

For purposes of this case, *unless the parties agree otherwise*, a Rule 30(b)(6) deposition

5

1  counts as a single deposition so long as it requires the testimony of only a single designee and is
2  completed in no more than 7 hours.  If a Rule 30(b)(6) deposition requires the testimony of more
3  than one designee, then each designee who testifies for more than 3.5 hours will count as another
4  deposition, while each designee who testifies for no more than 3.5 hours will count as one-half of
5  a deposition.  Thus, if Zazzle designates four representatives and each testifies for 3.5 hours or
6  less, the Rule 30(b)(6) deposition will count as two depositions.  If, on the other hand, Zazzle
7  designates four representatives and each testifies for more than 3.5 hours, the Rule 30(b)(6)
8  deposition will count as four depositions.

9  Absent agreement of the parties, Ms. Laatz may not exceed 10 depositions without leave of
10 the Court, which requires a showing "particularized need."  *See* Fed. R. Civ. P. 30(a)(2); *RJ v.*
11 *Cigna Health & Life Ins. Co.*, No. 20-cv-02255 EJD (VKD), 2022 WL 16839492, at *2 (N.D. Cal.
12 Nov. 9, 2022); *Authentec, Inc. v. Atrua Techs., Inc.*, No. C 08-1423 PJH, 2008 WL 5120767, at *1
13 (N.D. Cal. Dec. 4, 2008).  If Ms. Laatz seeks leave to take specific depositions in excess of the 10-
14 deposition limit, the parties should file a joint discovery dispute letter.

15 Zazzle objects to Ms. Laatz's requests for depositions of Jeff Beaver, Pete Hottelet, and
16 Irena Paschenko.  The parties must present this dispute for resolution by filing a joint discovery
17 dispute letter.

18 **b.      Zazzle's Fact Depositions of Ms. Laatz's Witnesses**

19 Based on the discovery conference, the Court understands that Zazzle has taken no
20 depositions, and seeks to take the following depositions:

| 1 | Nicky Laatz |
|---|---|
| 2 | John Laatz |
| 3 | Brightbox Collective Rule 30(b)(6) (2 designees) |
| 4 | Nick Laatz Creations UK Rule 30(b)(6) (2 designees) |
| 5 | Stephen Steinberg |

27 Zazzle advises that it expects that it can complete the individual depositions of Nicky Laatz, John
28 Laatz, Brightbox Collective, and Nicky Laatz Creations UK in a total of two to three days,

6

depending on whether Ms. Laatz and Mr. Laatz are willing to sit for longer than 7 hours each in a single day for combined individual and corporate testimony. The Court understands that Ms. Laatz does not object to these depositions, although the parties disagree about scheduling.

Zazzle also wishes to take the deposition of litigation counsel, Stephen Steinberg. Ms. Laatz and Mr. Steinberg object to this deposition. The parties must present this dispute for resolution by filing a joint discovery dispute letter.

### c. Deposition Scheduling

With the exception of Katrina Liu (who is not available for deposition until mid-September), Jeff Beaver, and Stephen Steinberg, counsel have identified dates for all witness depositions on or before August 8, 2024, the current fact discovery deadline.

For those witnesses as to whom there is no substantive objection pending (i.e. no objection apart from exceeding the 10-deposition limit), the Court **orders the parties to confer immediately** and confirm dates for these depositions. The parties shall report to the Court regarding the scheduled dates for these depositions by **July 8, 2024 by 5:00 p.m.**

### 6. Other Discovery Matters

The parties advise that no dispute remains as to Zazzle's responses to Ms. Laatz's RFAs Nos. 302-358. *See* Dkt. No. 212 at I.A.5.

Zazzle must serve amended responses to Ms. Laatz's RFAs Nos. 259-270, 276, 301, 359-376, 391-399, and 410-428 by **July 10, 2024**. *See id.*

In view of the Court's resolution of disputed discovery requests regarding information in Zazzle's possession, custody, or control about the number of designers that have created designs, published designs, or ordered products with designs that use the disputed font, as well as the number of such designs, and in view of the Court's resolution of disputed discovery requests regarding the servers on which Zazzle downloaded or installed the software for the disputed font, the Court believes it is unnecessary for Ms. Laatz to conduct a physical inspection of any Zazzle computer or system. However, the Court does not have sufficient information to resolve this dispute at this time. If necessary, the parties must present this dispute for resolution by filing a joint discovery dispute letter. *See* Dkt. No. 212 at I.A.6.

With respect to Zazzle's RFPs 25-27 and 87 regarding Ms. Laatz's social media content, including direct messages, relating to Zazzle, the disputed font, or this action, Ms. Laatz represents that she believes she has produced all responsive documents; however, Ms. Laatz's counsel acknowledged that they have not fully investigated whether Ms. Laatz and Mr. Laatz have conducted an adequate search. Ms. Laatz shall investigate whether all responsive documents have been collected and produced. Ms. Laatz must complete her investigation by **July 12, 2024**, and shall advise Zazzle's counsel of the results of her investigation by that date. *See* Dkt. No. 212 at I.B.4.

With respect to Zazzle's RFPs 14-16 and 22-24 regarding Ms. Laatz's creation of the disputed font, Ms. Laatz represents that she has produced all responsive documents. It appears that there is no dispute as to these requests. *See id*.

The Court declines to modify its expedited discovery dispute resolution procedures or to impose additional procedures. *See* Dkt. No. 192. The Court expects the parties to heed the admonitions given during the hearing on June 11, 2024 and the conference on July 3, 2024 about the Court's expectations for discovery dispute resolution.

**7.      Status Reports**

The parties are directed to jointly report to the Court regarding the status of deposition scheduling no later than **July 8, 2024 at 5:00 p.m.**

The parties are directed to jointly report to the Court regarding the status of the other matters, identified above, for which the Court has asked for a status report by **July 15, 2024**.

**IT IS SO ORDERED.**

Dated: July 3, 2024

Virginia K. DeMarchi
United States Magistrate Judge