UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ZAZZLE, INC., et al.,<br><br>    Defendants. | Case No. 22-cv-04844-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART SEALING MOTION**<br><br>[Re: ECF No. 186] |

Before the Court is Plaintiff Nicky Laatz's administrative motion to consider whether another party's materials should be sealed in connection with her motion for relief from the scheduling order. *See* ECF No. 186. Defendants have filed a statement in support of sealing certain exhibits identified in Laatz's motion and requesting that certain documents, which were filed publicly, be sealed. *See* ECF No. 195. Laatz filed an opposition to Defendants' statement. *See* ECF No. 201.

The Court has reviewed the motion, statement, and opposition, and for the reasons stated below, the Court GRANTS IN PART and DENIES IN PART the sealing motion.

**I.  LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed

1  upon a lesser showing of "good cause." *Id.* at 1097.

2        In addition, in this district, all parties requesting sealing must comply with Civil Local
3  Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a
4  document under seal, including an explanation of: (i) the legitimate private or public interests that
5  warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive
6  alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5
7  requires the moving party to provide "evidentiary support from declarations where necessary."
8  Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable
9  material." Civ. L.R. 79-5(c)(3).

10       Further, when a party seeks to seal a document because it has been designated as
11 confidential by another party, the filing party must file an Administrative Motion to Consider
12 Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing
13 party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the
14 party who designated the material as confidential must, within seven days of the motion's filing,
15 file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-
16 5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing
17 of the provisionally sealed document without further notice to the designating party. *Id.* Any
18 party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

19 **II.   DISCUSSION**

20       Because the motion to seal pertains to a motion for relief from the scheduling order, which
21 is only tangentially related to the merits of this action, the Court will apply the "good cause"
22 standard. *See, e.g.*, *Jones v. PGA Tour, Inc.*, No. 22-CV-04486-BLF, 2023 WL 5520771, at *6
23 (N.D. Cal. Aug. 24, 2023) (noting that the good cause standard applies to discovery-related
24 motions); *Malig as Tr. for Malig Fam. Tr. v. Lyft, Inc.*, No. 19-CV-02690-HSG, 2022 WL
25 1143360, at *1 (N.D. Cal. Mar. 31, 2022) (applying the good cause standard to documents related
26 to a motion for relief from a magistrate judge's discovery order); *Wisk Aero LLC v. Archer*
27 *Aviation Inc.*, No. 21CV02450WHODMR, 2022 WL 6251047, at *2 (N.D. Cal. Sept. 8, 2022)
28 (applying the good cause standard to a sealing motion pertaining to a discovery letter brief).

1    Laatz's sealing motion identifies highlighted portions of her motion for relief from the
2 scheduling order and Exhibits 6, 9, and 16 in support of that motion as designated "confidential"
3 by Zazzle.  *See* ECF No. 186 at 1–2.  Defendants request that the highlighted portions of Laatz's
4 motion for relief from the scheduling order and Exhibit 9 remain under seal because they contain
5 customer and revenue information about Zazzle that is not publicly available, and the public
6 disclosure of this information would harm Zazzle's competitive standing.  *See* ECF No. 195 at 3.
7 Defendants request that Exhibit 6 remain under seal because it contains information regarding
8 Zazzle's company structure, employment, and licensing and other practices.  *Id.* at 4–5.
9 Defendants request that highlighted portions of Exhibit 16 remain under seal because these
10 portions contain personal health information about a Zazzle employee.  *Id.* at 5–6.  In addition to
11 the documents identified by Laatz, Zazzle seeks to seal further portions of Laaz's motion for relief
12 from the scheduling order, the Mathews Declaration in support of that motion, and Exhibits 12–14
13 and 18–20 because they contain confidential health information about a Zazzle employee—
14 namely, that a Zazzle employee is on parental leave.  *Id.* at 6–8.
15    In opposition, Laatz argues that an employee's parental leave status is not sensitive health
16 information and that Defendants failed to properly designate Exhibits 12–14 and 18–20 as
17 confidential under the terms of the protective order.  ECF No. 201 at 1–3.  Laatz also argues that
18 Exhibit 6, which is Defendants' privilege log, does not contain any detailed confidential
19 information that would justify good cause to seal the exhibit.  *Id.* at 3–4.  Laatz has not raised any
20 argument in opposition of sealing the originally highlighted portions of its motion for relief from
21 the scheduling order and Exhibit 9.
22    The Court finds that good cause exists to seal the highlighted portions of Laatz's motion
23 for relief from the scheduling order identified at ECF No. 186-3 and Exhibit 9 because these
24 documents contain confidential business information regarding Zazzle's customer and revenue
25 information that, if publicly disclosed, would cause Zazzle competitive harm.  *See OpenTV, Inc. v.*
26 *Apple, Inc.*, No. 14-CV-01622-HSG, 2015 WL 5714851, at *2 (N.D. Cal. Sept. 17, 2015) (finding
27 good cause to seal information relating to a company's revenues, customers, and sales data).  The
28 Court also finds that the proposed redactions are narrowly tailored to seal only sealable material.

3

*See* Civ. L.R. 79-5(c)(3).

The Court does not find good cause to seal Exhibit 6, which is Defendants' privilege log. Contrary to Defendants' representations, the privilege log does not contain any sensitive information regarding Zazzle's company structure, employment, or licensing and other practices. For each document, the privilege log identifies a "Date Range," "Senders / Recipients / Custodians," a "Privilege Basis," and a "Description." *See* ECF No. 186-4. The Privilege Basis category merely states "Attorney-Client," "Attorney Work Product," or both. Similarly, each Description merely identifies the type of document withheld and states that the document reflects and/or seeks legal advice, mental impressions, and/or legal conclusions of counsel regarding various topics. None of this information is confidential business information. Accordingly, the Court finds that Defendants have failed to show good cause to maintain Exhibit 6 under seal. *See Orthopaedic Hosp. v. DJO Glob., Inc.*, No. 319CV00970JLSAHG, 2020 WL 6074110, at *2 (S.D. Cal. Aug. 21, 2020) (finding that the parties had failed to show good cause to maintain a privilege log under seal because "vague descriptions of the nature of the communications being withheld" did not constitute trade secrets or commercial information).

Finally, the Court does not find good cause to seal the additional highlighted portions of Laatz's motion for relief from the scheduling order at ECF No. 198-2, the Mathews Declaration, or Exhibits 12–14, 16, and 18–20. The highlighted portions of these documents that Defendants seek to seal merely state that a Zazzle employee is currently on parental leave. *See, e.g.*, ECF No. 198-1, 198-2. Courts have found good cause and compelling reasons to seal confidential personal identifying information and private health information. *See, e.g.*, *eBay Inc. v. Boch*, No. 19-CV-04422-BLF, 2022 WL 1131720, at *2 (N.D. Cal. Mar. 21, 2022) (sealing confidential personal identifying information); *California Spine & Neurosurgery Inst. v. United Healthcare Ins. Co.*, No. 19-CV-02417-LHK, 2021 WL 1146216, at *3 (N.D. Cal. Feb. 12, 2021) (collecting cases sealing medical records and other protected health information). However, the fact that an employee is on parental leave is neither confidential personal identifying information nor is it protected or otherwise confidential health information. Accordingly, the Court finds that Defendants have failed to show good cause to seal this information.

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 186-3 | Plaintiff's Motion for Relief from Scheduling Order | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause competitive harm. |
| 198-2 | Plaintiff's Motion for Relief from Scheduling Order | Additional Highlighted Portions | DENIED because the document does not contain sealable information. |
| 198-2 | Mathews Declaration ISO Plaintiff's Motion for Relief from Scheduling Order | Highlighted Portions | DENIED because the document does not contain sealable information. |
| 186-4 | Exhibit 6 | Entire Document | DENIED because the document does not contain sealable information. |
| 186-5 | Exhibit 9 | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause competitive harm. |
| 198-2 | Exhibit 12 | Highlighted Portions | DENIED because the document does not contain sealable information. |
| 198-2 | Exhibit 13 | Highlighted Portions | DENIED because the document does not contain sealable information. |
| 198-2 | Exhibit 14 | Highlighted Portions | DENIED because the document does not contain sealable information. |
| 198-1 | Exhibit 16 | Highlighted Portions | DENIED because the document does not contain sealable information. |
| 198-2 | Exhibit 18 | Highlighted Portions | DENIED because the document does not contain sealable information. |
| 198-2 | Exhibit 19 | Highlighted Portions | DENIED because the document does not contain sealable information. |
| 198-2 | Exhibit 20 | Highlighted Portions | DENIED because the document does not contain sealable information. |

Laatz SHALL file unredacted versions of Exhibits 6 and 16 on the public docket within 7 days of the date of this Order.

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff Nicky Laatz's administrative motion to consider whether another party's materials should be sealed in connection with her motion for relief from the scheduling order (ECF No. 186) is GRANTED IN PART and DENIED IN PART.  Laatz SHALL file unredacted versions of Exhibits 6 and 16 on the public docket within 7 days of the date of this Order.

Dated:  July 8, 2024

_____
BETH LABSON FREEMAN
United States District Judge

6