UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ZAZZLE, INC., et al., <br><br> Defendants. | Case No. 22-cv-04844-BLF (VKD) <br><br> **ORDER RE BRIEFING SCHEDULE RE PRIVILEGE DISPUTE AND OTHER DISCOVERY MATTERS** <br><br> Re: Dkt. No. 229 |

On July 15, 2024, the parties filed a status report regarding the status of disputed discovery-related matters identified in the Court's July 3, 2024 order (Dkt. No. 218). Dkt. No. 229. Having reviewed the report, as well as the transcript of the July 2, 2024 discovery conference (Dkt. No. 221), the Court orders as follows:

**1.     Ms. Laatz's Motion re Zazzle's Privilege Log and Redactions**

The Court adopts the parties' proposed briefing schedule for Ms. Laatz's motion regarding Zazzle's privilege log and redactions:

| | |
|---|---|
| July 17, 2024 | Ms. Laatz's motion |
| July 25, 2024, 6:00 p.m. | Zazzle's opposition |
| July 29, 2024 | Ms. Laatz's reply |

However, the Court cannot hear this dispute on July 30, 2024 if briefing is not complete until July 29, 2024. The Court can hear the matter on August 6 or 13, 2024 at 10:00 a.m., or the dispute may be submitted without oral argument. The parties shall confer and shall advise the Court of their preference by **July 25, 2024**.

**2.     Zazzle's Objections to Ms. Laatz's Privilege Log**

In an order dated June 26, 2024, the Court asked the parties to identify all presently existing discovery disputes in advance of the discovery conference held on July 2, 2024. Dkt. No. 203. The parties submitted a joint report identifying the outstanding discovery disputes. Dkt. No. 212. Zazzle did not identify any dispute regarding Ms. Laatz's privilege log or privilege claims in the report or at the discovery conference on July 2, 2024. *See id.*

In the July 15, 2024 status report, Zazzle now states that it objects to Ms. Laatz's invocation of the common interest doctrine as a basis to withhold responsive documents. *See* Dkt. No. 229 at 3-4. Zazzle suggests that it should be permitted to brief this issue on the same expedited schedule as Ms. Laatz's motion challenging Zazzle's privilege log and redactions. *Id.* at 4. Zazzle identifies no other dispute relating to Ms. Laatz's privilege claims.

The parties should not brief this dispute as a regularly noticed motion or on the same expedited briefing schedule as Ms. Laatz's motion. The Court expects the parties' dispute about application of the common interest doctrine can be addressed using the Court's usual dispute resolution procedures, and the Court directs the parties to comply with that procedure. *See* Judge DeMarchi's Standing Order for Civil Cases, https://cand.uscourts.gov/standing-order-for-civil-cases-april-2024/.

**3.     Ms. Laatz's RFPs 34-40**

As the Court has already ordered, if Zazzle has data that can be queried to obtain the information called for by RFPs 34-40, and if information responsive to these RFPs 34-40 can be obtained from such data and queries of such data without undue burden, then Zazzle must produce the information that is responsive to all of these requests, and not just those responsive to RFPs 37 and 38. It is not sufficient to provide an answer to an interrogatory. Rather, Zazzle must produce *documents*—e.g., the output of the relevant query—in response to these requests for *documents*. *See, e.g.,* Fed. R. Civ. P. 34(a)(1)(A).

Zazzle shall make this production by **July 19, 2024**.

**4.     Ms. Laatz's RFPs 31 and 43**

Zazzle shall produce all font or font software licenses it purchased through Creative

1  Market in the years 2016 and 2017.  Zazzle shall make this production no later than **July 19, 2024**.

2      **5.    Zazzle's RFPs 25-27**

3  With respect to Zazzle's RFPs 25-27, Ms. Laatz states that "Nicky Laatz and her counsel further searched all of Nicky Laatz's social media accounts." Dkt. No. 229 at 11.  If counsel did not, in fact, personally conduct a search of Ms. Laatz's social media content (as this statement implies), they shall advise Zazzle's counsel, in writing, of the steps they did take to ensure that an adequate search was done to collect and produce documents responsive to RFPs 25-27 from Ms. Laatz's social media content.  Counsel for Ms. Laatz must so advise counsel for Zazzle no later than **July 19, 2024.**

    **6.    Other matters**

The parties include in their status report several matters as to which the Court did not permit or invite further commentary or argument.  If a party believes that the other party has failed to comply with a Court order, or if there are discovery disputes that require resolution, the aggrieved party must follow the correct procedures for addressing those matters to the Court.

**IT IS SO ORDERED.**

Dated: July 16, 2024

Virginia K. DeMarchi
United States Magistrate Judge