1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

NICKY LAATZ,

               Plaintiff,

    v.

ZAZZLE, INC., et al.,

               Defendants.

Case No.  22-cv-04844-BLF (VKD)

**PROVISIONALLY REDACTED**

**ORDER RE DISCOVERY DISPUTE RE
JEFF BEAVER DEPOSITION**

Re: Dkt. No. 240

       Plaintiff Nicky Laatz and defendant Zazzle, Inc. ("Zazzle") ask the Court to resolve their

dispute regarding whether Zazzle should be required to produce one of its executives for

deposition.  Dkt. No. 240.  At the Court's direction, the parties filed supplemental material

concerning this dispute on August 5, 2024.[1]  *See* Dkt. No. 242; Dkt. No. 244.  The Court finds this

matter suitable for decision without oral argument.  *See* Civil L.R. 7-1(b).

**I.**      **BACKGROUND**

       Ms. Laatz identifies Jeff Beaver as Zazzle's "Chief Operating Officer."  Dkt. No. 240 at 2.

Zazzle identifies him as its "Co-Founder and Chief Strategy Officer."  *Id.* at 3.  According to

Zazzle, Jeff Beaver's responsibilities are "identifying and managing new initiatives and strategic

priorities of Zazzle[] related to growth and expansion of the business"; "oversee[ing] brand

marketing [and] generative AI investments;" and "sit[ting] on Zazzle's Board of Directors."  *Id.* at

---

[1] The Court will separately address the parties' requests to seal portions of this July 30, 2024
discovery letter and the supplemental materials submitted on August 5, 2024.  In the interest of
providing the parties with a prompt resolution of this discovery dispute, the Court will
provisionally seal portions of this order, pending its ruling on the related sealing motions.
However, the Court expects that this order can be filed in its entirely on the public docket.

4.  There appears to be no dispute that Jeff Beaver is a high-level executive of Zazzle whose deposition may be considered an "apex" deposition.

## II.    LEGAL STANDARD

Rule 30 of the Federal Rules of Civil Procedure permits "[a] party . . . [to] depose any person, including a party, without leave of court . . . ." Fed. R. Civ. P. 30(a)(1).  However, under Rule 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding a deposition, or limiting its scope.  Fed. R. Civ. P. 26(c)(1).  The party seeking a protective order bears the burden of showing good cause for the order by "demonstrating harm or prejudice that will result from the discovery."  *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

A party's request for the deposition of a high-level executive of an adverse party—a so-called "apex" deposition—may create a risk of abuse or harassment.  *Apple Inc. v. Samsung Elecs. Co., Ltd*., 282 F.R.D. 259, 263 (N.D. Cal. 2012).  A court may, in its discretion, disallow or limit such discovery if it "can be obtained from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(C)(i).  In determining whether to permit or limit an apex deposition, a court should consider (1) whether the deponent has unique first-hand knowledge of the facts at issue in the case, and (2) whether the party seeking the deposition has exhausted other less intrusive means to obtain the discovery.  *Apple,* 282 F.R.D. at 263.

## III.    DISCUSSION

Citing Rule 30(a)(1), Ms. Laatz argues that she has a right to depose Jeff Beaver unless Zazzle demonstrates good cause for why the deposition should not be allowed.  *Id.* at 2-3.  In addition, Ms. Laatz observes that Jeff Beaver is a participant in more than 30 emails listed on Zazzle's privilege log and other non-privileged communications relating to "font licensing," and that he may have specific knowledge of the license terms for the disputed font at issue here.  *Id.* ("Jeff Beaver alone knows whether he reviewed the offering page and license terms and knew that Zazzle's intended use of the Blooming Elegant Trio of fonts and Blooming Elegant Software would violate those terms.").  Ms. Laatz contends that Zazzle's Rule 30(b)(6) designee, Catherine Sheu, could not say whether Jeff Beaver had reviewed the license terms or whether anyone else at

1   Zazzle had done so, and that she could not fully respond to the following deposition topic: "The

2   decision to purchase the LICENSE, including who was involved in the decision, when the

3   decision was made, what conversations occurred regarding the decision and the reasons the

4   decision was made." *Id.* at 3.

5       Zazzle argues that Jeff Beaver does not have unique, first-hand knowledge of any relevant

6   facts, observing that he is merely copied on all but one of the emails to which Ms. Laatz refers. *Id.*

7   at 4.  Zazzle further explains that the sole email Jeff Beaver authored does not refer to the disputed

8   font or its license terms.  *Id.* at 4-5.  Zazzle insists that Jeff Beaver did not make the decision to

9   purchase the license in question, although the parties' supplemental submission suggests that he

10  may have ███████████████████████████████████████.  *Id.* at 5; Dkt. 244, Ex. 1.

11  While Zazzle acknowledges that Jeff Beaver ████████████████████████████

12  ██████████████████████████████████████████████████████

13  ██████████████████  *Id.*  Zazzle also argues that Ms. Laatz failed to exhaust less intrusive means

14  to obtain the discovery she seeks.  Specifically, Zazzle says she simply failed to ask the

15  company's Rule 30(b)(6) designee what Jeff Beaver's role was, if any, in purchasing that license.

16  *Id.*

17      The Court has now reviewed the documents and deposition excerpts to which the parties

18  refer in their discovery dispute letter and which they provided in their supplemental submission.

19  Dkt. No. 244, Exs. 1-4 (sealed).  While it is clear from those materials that Ms. Sheu, Zazzle's

20  corporate representative, did not know whether Jeff Beaver reviewed the license terms for the

21  disputed font ████████████████████████, she *did* answer the question of

22  who at Zazzle made the decision to purchase the license to the disputed font, and she identified

23  individuals other than Jeff Beaver.  *See* Dkt. No. 244, Ex. 3 (Sheu 30(b)(6) depo. 78:12-20; 92:12-

24  93:20).  Moreover, none of the email communications included with the supplemental submission

25  suggest that Jeff Beaver's role with respect to the purchase of the license for the disputed font

26  extends beyond ████████████████████████████████████████████

27  ████.  *See* Dkt. No. 244, Exs. 1, 2, and 4.

28      As Ms. Laatz does not dispute that Jeff Beaver qualifies as an apex deponent, the Court

United States District Court
Northern District of California

concludes that Zazzle has demonstrated that he does not have any unique first-hand knowledge that bears on any issue relevant to a claim or defense.  The Court has carefully considered Ms. Laatz's contrary arguments.  However, nothing in her portion of the discovery dispute letter or in the supplemental submission supports her contention that Jeff Beaver likely has knowledge or information that is relevant (whether unique or not) to any claim or defense,[2] and she has already obtained discovery from Zazzle's corporate representative identifying the Zazzle personnel who *were* involved in the decision to purchase the dispute font license.

## IV.   CONCLUSION

For the reasons explained above, the Court denies Ms. Laatz's request for an order requiring Jeff Beaver to testify in deposition.

**IT IS SO ORDERED.**

Dated: August 7, 2024

Virginia K. DeMarchi
United States Magistrate Judge

---

[2] Neither party suggests that Zazzle has identified Jeff Beaver as witness in its Rule 26(a) initial disclosures or that Zazzle intends to call him as a witness at trial.

4