UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ZAZZLE, INC., et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-04844-BLF (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE STEPHEN STEINBERG AND LIANA LARSON DEPOSITIONS**<br><br>Re: Dkt. No. 241 |

Plaintiff Nicky Laatz and defendant Zazzle, Inc. ("Zazzle") ask the Court to resolve their dispute regarding whether Zazzle should be permitted to take the deposition of Ms. Laatz's litigation counsel, Stephen Steinberg, and whether Ms. Laatz should be permitted to take the deposition of Zazzle's in-house counsel, Liana Larson. Dkt. No. 241. At the Court's direction, the parties filed supplemental material concerning this dispute on August 5, 2024. *See* Dkt. No. 242; Dkt. No. 244. The Court finds this matter suitable for decision without oral argument. *See* Civil L.R. 7-1(b).

**I.      BACKGROUND**

Mr. Steinberg, who is counsel of record for Ms. Laatz in this action, engaged in several email communications with the Copyright Office between February 18 and July 15, 2021 regarding registration of the Blooming Elegant font on behalf of Ms. Laatz. Dkt. No. 241 at 1, 4; Dkt. No. 244, Ex. 7. The original complaint in this action was filed on August 24, 2022. Dkt. No. 1. Zazzle wishes to take Mr. Steinberg's deposition in connection with its counterclaim that Ms. Laatz's copyright registration is invalid.

Ms. Larson serves as in-house counsel for Zazzle, with the current title "Senior Director,

Legal." Dkt. No. 241 at 3 n.1, 6. Ms. Laatz says that Ms. Larson is one of several Zazzle employees who received an email containing a link to the offering page for the disputed font on Creative Market's website, which in turn had links to the license terms for the disputed font.[1] *Id.* at 3. In addition, Ms. Laatz says that "Ms. Larson handled pre-lawsuit negotiations in which she stated that the Blooming Elegant license was purchased 'for use on [Zazzle's] website.'" *Id.* Ms. Laatz wishes to take Ms. Larson's deposition in connection with her claim that Zazzle engaged in fraudulent misrepresentations when it purchased a license to the disputed font. *Id.*

## II. LEGAL STANDARD

Rule 30 of the Federal Rules of Civil Procedure permits "[a] party . . . [to] depose any person, including a party, without leave of court . . . ." Fed. R. Civ. P. 30(a)(1). However, under Rule 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding a deposition, or limiting its scope. Fed. R. Civ. P. 26(c)(1). The party seeking a protective order bears the burden of showing good cause for the order by "demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

## III. DISCUSSION

### A. Mr. Steinberg

In this action, Zazzle asserts a counterclaim seeking a declaration that Ms. Laatz's copyright in the disputed font is invalid. *See* Dkt. No. 144 at 23 (Counterclaim ¶¶ 1-42). Specifically, Zazzle claims: "In connection with applying for the Blooming Elegant Copyrights, Laatz knowingly and intentionally provided materially inaccurate information to the Copyright Office regarding the manner in which she created the Blooming Elegant Computer Files, including by falsely representing that Laatz had hand-coded those files. In fact, the FontLab software actually generated

---

[1] On July 30, 2024, Ms. Laatz moved to seal portions of this discovery letter on the ground that defendants designated the subject information "Confidential." Dkt. No. 239. The letter itself was provisionally filed under seal. Dkt. No. 239-4. Defendants have offered no justification for maintaining the contents of this discovery letter under seal, and the time for doing so has passed. *See* Civil L.R. 79-5(f)(3). In any event, the Court finds no basis to conclude that the designated portions of the letter are confidential. Accordingly, Ms. Laatz's motion to seal portions of this discovery letter is denied. By **August 15, 2024,** the parties shall re-file on the public docket the July 30, 2024 letter regarding the depositions of Ms. Larson and Mr. Steinberg in its entirety.

the Blooming Elegant Computer Files by automated means." *Id.* ¶¶ 37-38.  Zazzle alleges that Mr. Steinberg, serving as Ms. Laatz's representative, provided the materially inaccurate information to the Copyright Office in a series of email communications with the Copyright Office, attached to Zazzle's counterclaim as Exhibits A-C.  *Id.* ¶¶ 18-25; Dkt. No. 241 at 4.

Citing the Eighth Circuit's *Shelton* rule, Ms. Laatz argues that Zazzle may not take Mr. Steinberg's deposition unless it can demonstrate that (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and not privileged or protected; and (3) the information is necessary to the preparation of Zazzle's case.  Dkt. No. 241 at 1; *see Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986).  Zazzle does not directly challenge application of the *Shelton* rule here, although it does argue (contrary to that rule) that "courts routinely compel depositions of counsel when those attorneys serve as critical fact witnesses."  Dkt. No. 241 at 5 (citing cases).

The Ninth Circuit has neither endorsed *Shelton* nor directly addressed the propriety of a party's deposition of opposing counsel.[2]  However, district courts in the Ninth Circuit and elsewhere have generally adopted the approach described in *Shelton* for assessing whether to permit the deposition of opposing counsel.  *See, e.g.*, *ATS Prods., Inc v. Champion Fiberglass, Inc.*, No. 13-CV-02403-SI (DMR), 2015 WL 3561611, at *3 n.5 (N.D. Cal. June 8, 2015) (collecting cases).  But the *Shelton* analysis applies only where the discovery sought concerns matters relating to counsel's representation of a party in pending litigation.  It does not apply to discovery of facts known to counsel as a percipient witness relating to matters that preceded the litigation.  *See Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 729-31 (8th Cir. 2002) (distinguishing discovery directed to information about pending litigation that could reveal counsel's litigation strategy from discovery directed to a concluded litigation in which counsel also happened to represent a party); *In re Andre*, No. 19-mc-80266-VKD, 2019 WL 6699958, at

---

[2] In an unpublished decision, the Ninth Circuit applied the three-factor *Shelton* test in addressing whether a party could depose opposing counsel.  *See Willer v. Las Vegas Valley Water Dist.*, 176 F.3d 486 (9th Cir. 1999) (citing *Massachusetts Mutual Life Ins. Co.*, 177 F.R.D. 472, 479 (N.D.Cal.1998)).

*2-3 (N.D. Cal. Dec. 9, 2019) ("The mere fact that Mr. Andre and Kramer Levin happen to represent MASA in the pending action does not insulate them from discovery about a transactional matter, now-concluded, that preceded the litigation."); *ATS Prods.*, 2015 WL 3561611, at *6 ("To permit a fact witness to evade a deposition simply because he acted as an attorney in a prior case would invite parties to retain the same counsel in subsequent cases to avoid revealing information that would otherwise be discoverable.").

Ms. Laatz objects to Zazzle's deposition of Mr. Steinberg on two grounds.[3] First, she points out that Zazzle may inquire about the truthfulness of the statements made by Mr. Steinberg on Ms. Laatz's behalf to the Copyright Office when it takes the depositions of Ms. Laatz and her husband John Laatz, and for this reason Mr. Steinberg's deposition is unnecessary. *See* Dkt. No. 241 at 2. Indeed, Zazzle has already taken these depositions. *See* Dkt. No. 244, Ex. 5 (N. Laatz rough dep. 187:13-198:16), Ex. 6 (J. Laatz, rough dep. 308:6-319:17). Second, Ms. Laatz argues that any information Zazzle seeks from Mr. Steinberg will be protected from disclosure by the attorney-client privilege or the attorney work product doctrine. Dkt. No. 241 at 2. Ms. Laatz relies heavily on *LA Printex Industries, Inc. v. VF Corp.*, No. 13-cv-0949 PSG (SSx), 2014 WL 12587037 (C.D. Cal. Jan. 14, 2014), for the proposition that Mr. Steinberg's testimony is not necessary because Zazzle could obtain the information it requires from some other source, as well as for the proposition that Mr. Steinberg's communications with Ms. Laatz in the prosecution of the copyright registration are protected from disclosure by the attorney-client privilege. *Id.* (citing *LA Printex*, 2014 WL 12587037 at *3).

Zazzle responds that it requires Mr. Steinberg's deposition so that it can inquire about his "first-hand knowledge of his awareness (at the time) of [Ms. Laatz's] creation of Blooming Elegant, his basis for the statement he made to the Copyright Office, and his knowledge of the truthfulness and accuracy of [those statements]." Dkt. No. 241 at 4-5. Zazzle points out that Mr. Steinberg is the only person who made representations to the Copyright Office, and those representations are the basis for its counterclaim. *Id.* at 5. With respect to Ms. Laatz's concerns

---

[3] Although Ms. Laatz frames her argument as three grounds, the third is just the flip side of the first. *See* Dkt. No. 241 at 2.

about the attorney-client privilege and work product protections, Zazzle argues that Mr. Steinberg's communications with the Copyright Office are not privileged or protected, and neither are the facts that form the basis for his statements. *Id.* In addition, Zazzle challenges Ms. Laatz reliance on *LA Printex*, arguing that the plaintiff's motion to quash in that case was granted on the ground that the deposition subpoena was untimely, and distinguishing the facts that formed the basis for the court's alternative holding. *Id.*

The Court concludes that the more rigorous *Shelton* rule does not apply here, where Zazzle seeks to depose Mr. Steinberg, not about matters relating to his representation of Ms. Laatz in this litigation, but about communications with the Copyright Office in connection with her copyright registration that occurred more than one year before Ms. Laatz filed this action. While a deposition of opposing counsel is by no means "routine," and necessarily raises concerns about adequately protecting attorney-client communications and attorney work product,[4] those concerns are "less pronounced when, as here, the subject matter of the deposition of opposing counsel is not his conduct in the pending case but his percipient knowledge" of events preceding the litigation. *ATS Prods.*, 2015 WL 3561611, at *6; *see also In re Andre*, 2019 WL 6699958, at *3 ("[T]he only reason Ricoh is in the position of seeking discovery of opposing counsel is that MASA chose to employ as its counsel in the Pennsylvania action against Ricoh the same counsel who had participated in the events that led to Kodak's sale of patents, including the patents at issue, to MASA—Mr. Andre and Kramer Levin.").

In any event, Zazzle *has* explained why Mr. Steinberg's deposition is necessary, and not just relevant. He is the only person who made the allegedly inaccurate statements to the Copyright Office, and nothing in the parties' discovery dispute letter or supplemental submission suggests that he was merely passing on verbatim statements from Ms. Laatz. Moreover, as Zazzle correctly observes, Mr. Steinberg's communications with the Copyright Office are not privileged, and Zazzle's questioning about those non-privileged communications need not implicate any privilege

---

[4] Such a deposition may implicate other concerns as well. *See, e.g.*, California Rule of Professional Responsibility 3.7.

or protection.

Thus, the Court will permit this deposition, but on the following conditions: First, Zazzle may question Mr. Steinberg only about his communications with the Copyright Office as reflected in Exhibits A-C to Zazzle's counterclaim, including (1) his understanding of the communications from the Copyright office, (2) the factual bases for the statements that he made in responding to the Copyright Office's communications, and (3) whether he believed the statements he made to the Copyright Office were truthful and accurate at the time they were made. Zazzle may not question Mr. Steinberg about his understanding or application of the law, or about the substance of any communications he had with Ms. Laatz or with any other person with whom he had an attorney-client relationship at the time. Second, the deposition will be limited to no more than 2 hours on the record. Third, the deposition shall be conducted at a mutually agreeable date and time **within 14 days of the date of this order**, unless the parties agree to a later date; however, as such deposition will occur after the August 8, 2024 fact discovery deadline, the parties must obtain an extension of the fact discovery deadline for this purpose by application to Judge Freeman. *See* Dkt. No. 222 at 2.

### B. Ms. Larson

In this action, Ms. Laatz asserts state law claims for fraudulent misrepresentation, fraudulent concealment, and promissory fraud. *See* Dkt. No. 82 (claims 1-3). She alleges that Zazzle "misrepresented . . . that the Blooming Elegant License was to be used in accordance with the terms of the Blooming Elegant License, including that it was for a single user named Mohamed Alkhatib"; that Zazzle "knew that the Blooming Elegant License purchased by Alkhatib did not cover Zazzle's intended use of the Blooming Elegant Trio and Blooming Elegant Software"; and that Zazzle therefore "knew that the representation that the Blooming Elegant License was for a single user was false." *Id.* ¶¶ 176-178 (fraudulent misrepresentation); *see also id.* ¶¶ 184-185 (fraudulent concealment), 191-192 (promissory fraud). Ms. Laatz contends that Ms. Larson was responsible for handling license agreements for Zazzle at the relevant time. Dkt. No. 241 at 3 n.1. She argues that whether Ms. Larson viewed the license terms for the disputed font is relevant to Ms. Laatz's fraud claims because Ms. Larson's knowledge of those terms will be imputed to Zazzle, and her remarks during pre-lawsuit

negotiations suggest she knew the statements Zazzle made when purchasing the license were false. *Id.* at 3-4.

Zazzle responds that Ms. Laatz has no need for Ms. Larson's deposition, but seeks it only in retaliation for Zazzle's demand for a deposition of Mr. Steinberg. *Id.* at 5-6. Further, Zazzle points out that Ms. Laatz was merely "copied on certain communications with Zazzle employees requesting or providing legal advice." *Id.* at 6. And, Zazzle argues, there is no justification for deposing Ms. Larson simply because she was one of several employees who received an email containing a link to the offering page for the disputed font on Creative Market's website, which in turn had links to the license terms for the disputed font, particularly when Ms. Laatz has already obtained deposition testimony indicating that three non-lawyer Zazzle employees made the decision to purchase the disputed font. *Id.* Finally, Zazzle argues that everything Ms. Laatz wishes to inquire about will require Ms. Laatz to assert the attorney-client privilege. *Id.* at 6-7.

Ms. Larson is alleged to have made certain statements in "pre-lawsuit negotiations" about Zazzle's purchase of the disputed font. The Court assumes that these statements were made to Ms. Laatz or her representatives before the complaint was filed and that these communications are therefore not privileged. Moreover, the email on which she was copied, which has been provided to the Court in the parties' supplemental submission, dates to May 2017, several years before this action was filed, and it is not "a communication with Zazzle employees requesting or providing legal advice"; it was produced by Zazzle to Ms. Laatz during discovery. *See* Dkt. No. 244, Ex. 4. Thus, as to these matters, Ms. Laatz need not satisfy the *Shelton* rule in order to take Ms. Larson's deposition.[5]

It is not entirely clear what matters Ms. Laatz wishes to inquire about during her proposed deposition of Ms. Larson. However, to the extent Ms. Laatz suggests that Zazzle has "waived the privilege" as to "Zazzle's purpose, knowledge, and intent in purchasing" a license to the disputed font, she has not made an adequate showing of any such waiver. *See, e.g., Lamartina v. VMware,*

---

[5] Zazzle does not contend that Ms. Larson is an "apex" deponent, and so Ms. Laatz need not establish that she has "unique" knowledge of relevant facts. *Cf.* Dkt. No. 249 (order re deposition of Jeff Beaver).

*Inc.,* No. 20-cv-02182-EJD (VKD), 2024 WL 3049450 (N.D. Cal. June 17, 2024) (discussing requirements for express and implied waiver). If as Ms. Laatz asserts, Ms. Larson had responsibility for handling license agreements, including the license for the disputed font, and negotiated with Ms. Laatz regarding disputes arising from the license at issue, there may well be matters as to Ms. Larson may provide factual, non-privileged testimony. However, as Ms. Laatz is in-house counsel to Zazzle, her deposition also raises concerns about adequately protecting attorney-client communications.

Thus, the Court will permit this deposition, but on the following conditions: First, Ms. Laatz may question Ms. Larson only about her personal knowledge of facts, if any, concerning the terms of the license for the disputed font at the time the license was purchased, and may not inquire about information Ms. Larson may have obtained by virtue of her communications with Zazzle employees. Second, if Ms. Larson engaged in pre-lawsuit negotiations with Ms. Laatz or her representatives regarding the disputed font, Ms. Laatz may question Ms. Larson about statements she made in the negotiations and the factual bases for those statements, but may not inquire about information Ms. Larson may have obtained by virtue of her communications with Zazzle employees. Third, Ms. Laatz may not question Ms. Larson about her understanding or application of the law or of the license terms, or about the substance of any communications she had with any Zazzle employees about those matters. Fourth, the deposition will be limited to no more than 2 hours on the record. Fifth, the deposition shall be conducted at a mutually agreeable date and time **within 14 days of the date of this order**, unless the parties agree to a later date; however, as such deposition will occur after the August 8, 2024 fact discovery deadline, the parties must obtain an extension of the fact discovery deadline for this purpose by application to Judge Freeman. *See* Dkt. No. 222 at 2.

**IV. CONCLUSION**

For the reasons explained above, the Court grants Zazzle's request for an order requiring Mr. Steinberg to testify in deposition, with limitations, and also grants Ms. Laatz's request for an

///

///

8

order requiring Ms. Larson to testify in deposition, with limitations.

**IT IS SO ORDERED.**

Dated: August 7, 2024

Virginia K. DeMarchi
United States Magistrate Judge