UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ,<br><br>          Plaintiff,<br><br>    v.<br><br>ZAZZLE, INC., et al.,<br><br>          Defendants. | Case No. 22-cv-04844-BLF (VKD)<br><br>**ORDER RE PLAINTIFF'S MOTION FOR IN CAMERA REVIEW OF ZAZZLE DOCUMENTS**<br><br>Re: Dkt. No. 232 |

Plaintiff Nicky Laatz moves for an order compelling defendant Zazzle, Inc. ("Zazzle") to provide unredacted copies of 14 documents listed on Zazzle's privilege log for *in camera* review. Dkt. No. 232. Zazzle opposes the motion. Dkt. No. 236. The Court held a hearing on the motion on August 13, 2024. *See* Dkt. No. 253.

For the reasons explained below, the Court grants Ms. Laatz's request for *in camera* review of fourteen privilege log entries.

**I.  BACKGROUND**

Ms. Laatz's motion attaches Zazzle's privilege log describing the disputed documents, as well as redacted copies of the disputed documents that have been produced with redactions. *See* Dkt. No. 232-1, Exs. 1-12, 14-16. The entries at issue are Entries 5, 240, 254, 260, 273, 462, 611, and 663, which Ms. Laatz says do not identify the attorney whose advice is reflected or sought, and Entries 1, 4, 181, 270, 271, and 272, which she says are likely to reveal that Zazzle's in-house counsel advised Zazzle and its employees on the steps those employees took in 2016 and 2017 to knowingly obtain a license by misrepresenting how the licensed font and font software would be

used. Dkt. No. 232.[1]

Zazzle opposes the motion and relies on the disclosures in its privilege log, as well as a declaration of its outside counsel, Thomas Nolan. Dkt. No. 236; Dkt. No. 236-1. The declaration attaches redacted documents corresponding to Entries 254 and 260 on Zazzle's privilege, with some of the original redactions removed. Dkt. No. 236-1 ¶¶ 4-6, Exs. 1, 2.

## II.    LEGAL STANDARD

As this action is premised on federal question jurisdiction, federal common law governs issues of privilege. Fed. R. Evid. 501; *United States v. Ruehle*, 583 F.3d 600, 608 (9th Cir. 2009). "The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020). The privilege extends to a client's confidential disclosures to an attorney in order to obtain legal advice, as well as an attorney's advice in response to such disclosures. *Ruehle*, 583 F.3d at 607 (citations and quotations omitted). "Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." *Id*. (citations and quotations omitted).

In the Ninth Circuit, whether information is protected by the attorney-client privilege is determined using an eight-part test:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*Sanmina*, 968 F.3d at 1116. Where a communication has more than one purpose, it may be protected as privileged if the primary purpose of the communication is to give or receive legal advice, as opposed to business or some other non-legal advice. *In re Grand Jury*, 23 F.4th 1088, 1092 (9th Cir. 2021) (describing and adopting the "primary purpose" test for dual-purpose communications), *cert. granted sub nom. In re Jury*, 143 S. Ct. 80 (2022), *cert. dismissed as improvidently granted*, 143 S. Ct. 543 (2023).

---

[1] Ms. Laatz's motion refers to an additional entry, Entry 443. However, during the hearing, Ms. Laatz clarified that she is not seeking *in camera* review of this entry.

1       A party claiming that a document or information is privileged has the burden to establish that the privilege or protection applies. *See United States v. Martin*, 278 F.3d 988, 999-1000 (9th Cir. 2002). A party asserting privilege may make a prima facie case that the privilege or protection applies by "describ[ing] the nature of the documents . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A); *see also Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1148 (9th Cir. 2005). The Ninth Circuit has held a party can meet this burden by providing a privilege log that identifies "(a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated." *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992) (citing *Dole v. Milonas*, 889 F.2d 885, 888 n.3 (9th Cir. 1989)). However, a party may substantiate a claim of privilege by other means. *Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 237 (N.D. Cal. 2015) ("Briefs, declarations or other proof may establish the purpose of the communication or the specific role of the sender and each individual recipient.").

      A party challenging application of the attorney-client privilege may request *in camera* review. "Although *in camera* review of documents does not destroy the attorney-client privilege, it is an intrusion which must be justified." *In re Grand Jury Investigation*, 974 F.2d at 1074. "To empower the district court to review the disputed materials *in camera,* the party opposing the privilege need only show a factual basis sufficient to support a reasonable, good faith belief that *in camera* inspection may reveal evidence that information in the materials is not privileged. If the party makes such a showing, the decision whether to conduct the review rests within the discretion of the district court." *Id.* at 1075; *see also id.* at 1072-1075 (citing *United States v. Zolin*, 491 U.S. 554, 572 (1989)). The court's discretion is guided by the following factors: (a) the amount of material to be reviewed, (b) the relevance of the material to the case, and (c) the likelihood that *in camera* review will reveal evidence establishing that the material is not privileged. *Id.* at 1073 (citing *Zolin*, 491 U.S. at 572 (listing factors)).

## III. DISCUSSION

The Court follows the parties' organization in addressing the issues that require resolution.

### A. Privilege Log Entries that Do Not Identify an Attorney

Ms. Laatz asks the Court to review *in camera* the documents corresponding to the following entries on Zazzle's privilege log:  Entries 5, 240, 254, 260, 273, 462, 611, and 663.  Dkt. No. 232 at 7.  She argues that while the privilege log entries describe each document as reflecting and/or seeking legal advice of counsel concerning either "font licensing" or "the threat of litigation from Laatz," Zazzle has not identified the attorney whose advice is reflected or sought.  *Id.*  In its opposition, Zazzle insists that it has accurately characterized the documents and redactions corresponding to these entries, and it provides further information about the source of the advice.  Dkt. No. 236 at 5-6.  However, Ms. Laatz observes, Zazzle did not disclose any of this further information in its privilege log or otherwise before Ms. Laatz filed her motion, and Zazzle's representations about the source the advice are unsupported by a fact declaration.  *See* Dkt. No. 238 at 4.

Zazzle's failure to identify the attorney involved (whether as a participant or as the source of the legal advice) means that Zazzle has not adequately made a prima facie showing that the privilege applies.  *See In re Grand Jury Investigation*, 974 F.2d at 1071; *see also In re Google RTB Consumer Priv. Litig.*, No. 21-cv-2155-YGR (VKD), 2023 WL 1787160, at *3 (N.D. Cal. Feb. 6, 2023) (rejecting privilege claim in part because proponent provided no declaration or any other evidence supporting contention that logged communications reflects legal advice, and accuracy of contention was not evident from in camera review).  On this basis alone, Ms. Laatz has shown a factual basis sufficient to support a reasonable, good faith belief that *in camera* inspection may reveal evidence that information in the materials is not privileged.  Moreover, to the extent the privileged communications are interspersed with non-privileged communications regarding matters relating to Zazzle's business, and absent a more detailed description of their subject matter in the privilege log, Ms. Laatz reasonably calls into question whether the advice sought or provided by in-house counsel (if in-house counsel is indeed the source) is legal advice or business device.

4

The Court concludes that Ms. Laatz has made a showing sufficient to support her request for *in camera* review of the documents corresponding to Entries 5, 240, 254, 260, 273, 462, 611, and 663. Review of these eight entries would require the Court to examine only a small number of redactions. To the extent the redacted communications concern "font licensing" and Ms. Laatz's "threat of litigation," as Zazzle contends, these communications are likely relevant to the case. While it is unclear whether *in camera* review is likely to reveal evidence that the redacted material is not privileged, such review is likely to assist the Court in resolving that question. Accordingly, the Court exercises its discretion to review the documents corresponding to these entries *in camera*. *In re Grand Jury Investigation*, 974 F.2d at 1073, 1075 (citing *Zolin*, 491 U.S. at 572 (listing factors)).

### B. Privilege Log Entries Related to an Alleged Crime-Fraud Exception

Ms. Laatz asks the Court to review *in camera* the documents corresponding to the following entries on Zazzle's privilege log: Entries 1, 4, 181, 270, 271, and 272. Dkt. No. 232 at 8. She argues that these entries correspond to communications that occurred in close proximity to two circumstances that together form the basis for Ms. Laatz's allegations of fraudulent misrepresentation, fraudulent concealment, and promissory fraud. *Id.* at 8-9; *see also* Dkt. No. 82 (claims 1-3). The first circumstance is Ms. McGhie's (a Zazzle employee) November 2, 2016 email to Ms. Laatz stating that Ms. McGhie could not find any licenses for the disputed font that permitted the kind of use Zazzle contemplated. Dkt. No. 232 at 8; Dkt. No. 82 ¶¶ 82-83. The second circumstance is defendant Mohamed Alkhatib's (also a Zazzle employee) May 4, 2017 purchase of a license to the disputed font, knowing that the license terms did not cover Zazzle's contemplated use, after which Zazzle used the font in a manner inconsistent with the license terms. Dkt. No. 232 at 9-10; Dkt. No. 82 ¶¶ 89-96. Ms. Laatz argues that the unredacted portions of the documents corresponding to some of these entries, and in particular Entry 1, show that Zazzle's in-house counsel, Liana Larson, provided advice regarding the conduct that gives rise to these allegations. Dkt. No. 232 at 8-10; Dkt. No. 238 at 6, 7.

Zazzle responds that Ms. Laatz cannot rely merely on her own allegations that "fraud" has been committed, or mere suspicion that "fraud" has occurred. Dkt. No. 236 at 7. To the contrary,

Zazzle suggests that Ms. Laatz is required to present "evidence of illegal activity" before the Court may review the disputed entries *in camera*. *Id.*[2] In any event, Zazzle argues that it is not enough for Ms. Laatz to cite the temporal proximity of privileged communications to the circumstances giving rise to her fraud claims. *Id.* at 8.

Zazzle is correct that the crime-fraud exception requires a demanding showing. "A party seeking to vitiate the attorney-client privilege under the crime-fraud exception must satisfy a two-part test. First, the party must show that the client was engaged in or planning a criminal or fraudulent scheme when it sought the advice of counsel to further the scheme." *In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1090 (9th Cir. 2007), *abrogated in part on other grounds by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009) (citations and internal quotation marks omitted). "Second, it must demonstrate that the attorney-client communications for which production is sought are sufficiently related to and were made *in furtherance of* the intended, or present, continuing illegality." *Id.* However, this is not the standard that governs whether a party challenging a claim of attorney-client privilege may obtain *in camera* review of the disputed material. As the Ninth Circuit explained in *In re Grand Jury Investigation*:

> *Zolin* requires only a factual showing sufficient to support a reasonable, good-faith belief that review of the privileged documents "may *reveal evidence* to establish the claim that the crime fraud exception applies." . . . The district court, however, apparently required a factual showing that supports a good-faith belief that the crime-fraud exception applies. Such a standard is set too high. There is an important difference between showing how documents may supply evidence that the crime-fraud exception applies and showing directly that the exception applies. This difference results in a considerably lower threshold for conducting *in camera* review than for fully disclosing documents.

*In re Grand Jury Investigation*, 974 F.2d 1068, 1073 (9th Cir. 1992) (citation omitted). Thus, the applicable standard here requires Ms. Laatz to show only that *in camera* review may yield evidence that establishes the crime-fraud exception applies, not to establish that it *does* apply. *Id.*; *Zolin*, 491 U.S. at 575.

---

[2] To the extent Zazzle relies on state law in discussing the standard for application of the crime-fraud exception, the Court notes that state law does not apply here.

6

1    Ms. Laatz has made this showing. She does not rely on bare allegations of "fraud" committed by Zazzle; rather, she relies on Zazzle's own documents, including its interactions directly with her, as evidence of Zazzle's knowledge and intent in support of her claims for fraudulent misrepresentation, fraudulent concealment, and promissory fraud. With respect to Zazzle's argument that these claims lack merit, Ms. Laatz correctly notes that the presiding judge found each claim "plausible" and denied Zazzle's motion to dismiss for failure to state a claim. *See* Dkt. No. 124 at 23. Thus, for purposes of Ms. Laatz's request for *in camera* review, the Court assumes that these fraud claims are based on "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

    The more difficult question is whether Ms. Laatz has shown a factual basis sufficient to support a reasonable, good faith belief that *in camera* inspection may reveal evidence that the privileged communications were made in furtherance of the alleged fraud or are otherwise not privileged. Here, Ms. Laatz points to the timing and context of the redacted communications themselves as the factual basis for her contention that Zazzle employees were advised by in-house counsel regarding matters that facilitated commission of the alleged fraud, which, she contends, involved knowing what the license terms permitted, purchasing a license knowing those terms would not permit Zazzle's intended use, and then using the disputed font contrary to those terms. Moreover, as reflected in the redacted versions of the documents provided to the Court for some of the entries at issue, in-house counsel was not merely copied on these communications but appears to have given legal advice in redacted emails directed to at least one Zazzle executive, as well as to several Zazzle employees, including Ms. McGhie and Mr. Alkhatib. *See, e.g.,* Entries 1, 181, 270 (privileged communications exchanged between Liana Larson and Bobby Beaver).

    Having reviewed the redacted versions of the documents corresponding to Entries 1, 4, 181, 270, and 271, the Court concludes that Ms. Laatz has made a showing sufficient to support her request for *in camera* review of these documents. With respect to Entry 272, which has been withheld from production in its entirety, the only information provided to the Court is that this document is an "[e]mail reflecting and/or seeking the legal advice of counsel regarding font licensing," which is the same as or similar to the descriptions provided for Entries 1, 4, 181, 270,

1  and 271.  On that basis, the Court concludes that Ms. Laatz's showing regarding these other
2  entries extends to Entry 272.  Review of these six entries would require the Court to examine only
3  a small number of redactions.  To the extent the redacted communications concern "font
4  licensing," as Zazzle contends, these communications are likely relevant to the case.  While it is
5  unclear whether *in camera* review is likely to reveal evidence that the redacted material is not
6  privileged or shows that legal advice was sought in furtherance of the alleged fraud, such review is
7  likely to assist the Court in resolving those questions.  Accordingly, the Court exercises its
8  discretion to review the documents corresponding to these entries *in camera*.  *In re Grand Jury*
9  *Investigation*, 974 F.2d at 1073, 1075 (citing *Zolin*, 491 U.S. at 572 (listing factors)).

## IV.  CONCLUSION

For the reasons explained above, the Court orders Zazzle to submit for *in camera* review unredacted copies of the documents corresponding to Entries 1, 4, 5, 181, 240, 254, 260, 270, 271, 272, 273, 462, 611, and 663.  The unredacted documents must be labeled to indicate the privilege log entry that corresponds to the document, and must also include a clear indication of the material Zazzle contends should be redacted or withheld on the basis of the attorney-client privilege (e.g. highlighting).  These documents should be delivered in paper form to Judge DeMarchi's chambers no later than **August 22, 2024**.

After the Court has reviewed the unredacted documents, it will issue an order with directions regarding further proceedings, if appropriate.

**IT IS SO ORDERED.**

Dated: August 15, 2024

Virginia K. DeMarchi
United States Magistrate Judge