UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>ZAZZLE, INC., et al.,<br><br>  Defendants. | Case No. 5:22-cv-04844-BLF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>[Re: ECF No. 266] |

Before the Court is Plaintiff Nicky Laatz's Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge ("Mot."), pursuant to Federal Rule of Civil Procedure 72 and Local Civil Rule 72-2. *See* ECF No. 266. Plaintiff requests that the Court modify Judge DeMarchi's August 7, 2024, Order denying Plaintiff's request for an order requiring Jeff Beaver to testify in deposition. *See id.* at 1. Defendants Zazzle Inc. and Mohamed Alkhatib (collectively, "Defendants") oppose Plaintiff's motion. ECF No. 282 ("Opp."). For the following reasons, Plaintiff's motion is GRANTED.

**I.     BACKGROUND**

As the Parties are well familiar with the underlying facts of this case, the Court recites only the factual background relevant to the present motion. On July 30, 2024, Plaintiff Nicky Laatz ("Plaintiff" or "Laatz") moved to compel the deposition of Jeff Beaver, Zazzle's Chief Strategy Officer. *See* ECF No. 240; Opp. at 1. Prior to ruling on the motion to compel, Magistrate Judge Virginia K. DeMarchi ordered the Parties to make a supplemental submission of emails "involving or referring to Jeff Beaver to which plaintiff" referred in the motion to compel and excerpts from a deposition transcript. ECF No. 242 at 1. The Parties made their supplemental submission on August 5, 2024, ECF No. 244, and the magistrate judge issued her order denying Plaintiff's

1  motion to compel on August 7, 2024, ECF No. 248 ("Order") (unredacted provisionally sealed
2  order at ECF No. 249). In that Order, Judge DeMarchi concluded that Mr. Beaver "does not have
3  any unique first-hand knowledge that bears on any issue relevant to a claim or defense." ECF No.
4  248 at 4. Thereafter, Plaintiff filed the present Motion for Relief from Nondispositive Pretrial
5  Order of Magistrate Judge on August 21, 2024. ECF No. 266.

## II. LEGAL STANDARD

While a magistrate judge's nondispositive pretrial order may be modified or set aside if it is "clearly erroneous or is contrary to law," the standard of review is highly deferential. Fed. R. Civ. P. 72(a). The district judge may not simply substitute his or her judgment for that of the magistrate judge. *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991). Rather, "[t]he magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). "There is clear error only when the court is 'left with the definite and firm conviction that a mistake has been committed.'" *Zepeda v. Paypal, Inc.*, No. C 10–2500 SBA, 2014 WL 4354386, at *3 (N.D. Cal. Sept. 2, 2014) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)). "A decision may be contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Rojas v. Bosch Solar Energy Corp.*, No. 18-CV-05841-BLF, 2020 WL 6557547, at *3 (N.D. Cal. July 20, 2020) (citation omitted).

## III. DISCUSSION

Plaintiff first argues that the magistrate judge's order is "contrary to law" for failing to require Zazzle to "prove 'extraordinary circumstances' exist that preclude taking the deposition." Mot. at 3. She points to *Boston Retirement System v. Uber Technologies, Inc.*, No. 19-CV-06361-RS, 2023 WL 6132961 (N.D. Cal. Sept. 19, 2023), to support the proposition that "[o]nly in 'extraordinary circumstances' will a deposition be precluded altogether." Mot. at 3; *see* 2023 WL 6132961 at *2 (citing *Hunt v. Cont'l Cas. Co.*, No. 13-CV-05966-HSG, 2015 WL 1518067, at *2 (N.D. Cal. Apr. 3, 2015)). Defendants do not respond to this argument in their Opposition brief.

It is true that "[a] party seeking to prevent a deposition carries a heavy burden to show why

discovery should be denied," and that, therefore, "it is very unusual 'for a court to prohibit the taking of a deposition altogether absent extraordinary circumstances.'" *Apple Inc. v. Samsung Elecs. Co., Ltd*, 282 F.R.D. 259, 263 (N.D. Cal. 2012) (citations omitted). Rather, when a witness has "personal knowledge of facts relevant to [a] lawsuit," the witness is generally subject to deposition. *See id.* However, in the distinctive case of apex witnesses, courts have developed the two-part test recited in Judge DeMarchi's Order: "In determining whether to allow an apex deposition, courts consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Apple Inc.*, 282 F.R.D. at 263 (quoting *In re Google Litig.*, No. C 08–03172 RMW, 2011 WL 4985279, at *2 (N.D. Cal. Oct. 19, 2011)); Order at 2. In other words, the *Apple* test helps discern whether "extraordinary circumstances" exist in the case of the targeted apex witness.

Plaintiff's own cases are consistent with this understanding of the rule. In *WebSideStory, Inc. v. NetRatings, Inc.*, No. 06-CV-408 WQH, 2007 WL 1120567 (S.D. Cal. Apr. 6, 2007), the court noted that "[w]hen a high-level corporate executive lacks unique or superior knowledge of the facts in dispute, courts have found that good cause exists to prohibit the deposition." *Id.* at *2 (citation omitted); *accord In re Transpacific Passenger Air Transp. Antitrust Litig.*, No. C-07-05634 CRB, 2014 WL 939287, at *2 (N.D. Cal. Mar. 6, 2014) (stating that unless an apex witness "has 'some unique knowledge' of the issues in the case, 'it may be appropriate to preclude a redundant deposition'" (quoting *Six W. Retail Acquisition v. Sony Theatre Mgmt. Corp.*, 203 F.R.D. 98, 102 (S.D.N.Y. 2001))). As the *Boston Retirement System* court explained, the *Apple* test helps decide "whether to *permit* an apex deposition." 2023 WL 6132961 at *2 (emphasis added). "If it appears unlikely that [the apex witness] has percipient knowledge of material facts, or if there are other witnesses who could testify to those facts from a similar vantage point," that may be a signal that the deposition is not being sought for "appropriate fact-finding purposes." *Id.* (citation omitted). In sum, Judge DeMarchi's Order was not "contrary to law" because she identified and applied the correct legal standard.

Having found that the magistrate judge applied the correct legal standard, the Court

3

reviews Judge DeMarchi's factual conclusions for clear error. After considering the Parties' arguments and the documents and deposition excerpts referred to in their discovery dispute letter, Judge DeMarchi concluded that Mr. Beaver "does not have any unique first-hand knowledge that bears on any issue relevant to a claim or defense." Order at 4. This Court has now reviewed those same materials as well as the Parties' briefing on Plaintiff's motion for relief, and concludes that there was clear error in the magistrate judge's order.

Specifically, Plaintiff is correct that Mr. Beaver *may* have unique first-hand knowledge of facts material to disputed issues in the case, including whether he "knew of the contractual terms or acted recklessly in not educating [himself] on such terms before Zazzle purchased the License." Mot. at 3. This is because he was among a limited set of Zazzle employees who were provided a link to the Blooming Elegant Offering Page, which, in turn, included a link to the License FAQ page that explained the terms of the license. *Id.* at 4. Similarly, while the deposition transcript excerpts support Judge DeMarchi's finding that Zazzle's corporate representative identified various individuals other than Mr. Beaver with first-hand knowledge of the decision to purchase the license, Order at 3, no deponent had been able to speak to Mr. Beaver's awareness of the contract terms—or lack thereof—as of the day of the Order. The deposition of Mohamed Alkhatib to which Defendants attempt to point as evidence of Mr. Beaver's lack of relevant knowledge occurred on the same day that the magistrate judge's Order was issued. *See* Opp. at 2; ECF No. 282-3 at 1. And, even if considered, Mr. Alkhatib's testimony about his conversation with Mr. Beaver is not admissible evidence. Likewise, the declaration from Mr. Beaver himself—submitted to this Court on August 28, 2024, ECF No. 282-1—has no bearing on whether the magistrate judge's Order on August 7 was erroneous.

In sum, the Court is left with a "definite and firm conviction that a mistake has been made" in reaching the conclusion that Mr. Beaver lacks unique, first-hand knowledge that might be relevant to a claim or defense in this lawsuit. "[W]here a corporate officer may have any first-hand knowledge of relevant facts, the deposition should be allowed." *In re Apple Iphone Antitrust Litig.*, No. 11-CV-06714-YGR, 2021 WL 485709, at *5 (N.D. Cal. Jan. 26, 2021) (citation omitted). In addition, the Court concludes that Plaintiff's arguments in the motion for relief make

4

the required "particularized showing" of the need for this additional deposition in excess of the presumptive limit under Rule 30 of the Federal Rules of Civil Procedure. *See Canton v. U.S. Foods, Inc.*, No. 22-CV-04226-TLT, 2023 WL 5496482, at *2 (N.D. Cal. Aug. 24, 2023). Accordingly, the Court hereby GRANTS Plaintiff's Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge. Mr. Beaver shall be made available for a limited deposition, not exceeding one hour, on the topics of (1) whether Mr. Beaver reviewed the license terms, and why or why not; and (2) whether Mr. Beaver knew that Zazzle's intended use of the fonts might violate the license terms. The deposition of Mr. Beaver shall take place on or before September 19, 2024, or on a mutually agreed subsequent date.[1]

**IT IS SO ORDERED.**

Dated:  September 5, 2024

_____
BETH LABSON FREEMAN
United States District Judge

---

[1] The deadline for Mr. Beaver's deposition has no bearing on the August 8, 2024, deadline for Close of Fact Discovery set in the Court's Scheduling Order. ECF No. 71. Relief from the Scheduling Order is the subject of a separate pending motion. *See* ECF No. 268.