# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>ZAZZLE, INC., et al.,<br><br>        Defendants. | Case No.  5:22-cv-04844-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART RENEWED MOTION FOR RELIEF FROM SCHEDULING ORDER**<br><br>[Re:  ECF No. 268] |

Before the Court is Plaintiff Nicky Laatz's ("Plaintiff") motion for relief from the Court's scheduling order. ECF No. 268 ("Mot."). Defendants filed an Opposition to the motion, ECF No. 283 ("Opp."), and Plaintiff filed a reply in support of her motion, ECF No. 285 ("Reply"). For the following reasons, the Court hereby GRANTS IN PART AND DENIES IN PART WITHOUT PREJUDICE Plaintiff's Renewed Motion for Relief from the Scheduling Order.

## I. BACKGROUND

Plaintiff first sought relief from this Court's Scheduling Order on June 14, 2024. ECF No. 187. On July 8, 2024, the Court denied Plaintiff's first motion for relief, noting that the Parties "appear[ed] to be on track to complete fact discovery by the [then] scheduled deadline of August 8, 2024." ECF No. 222 at 2. However, the denial was without prejudice to Plaintiff requesting an extension for the purpose of taking fact witness depositions, so long as any such renewed motion "include[d] a stipulated schedule of depositions showing the necessity of an extension of time." *Id.* A month and a half later, on August 21, 2024, Plaintiff filed a Renewed Motion for Relief from the Scheduling Order. ECF No. 268. In the Renewed Motion, Plaintiff seeks a general three-month extension of both fact and expert discovery. Mot. at 1.

## II. LEGAL STANDARD

A party seeking to amend a scheduling order must show "good cause" for such relief. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). This "good cause determination focuses primarily on the diligence of the moving party in his attempts to complete discovery in a timely manner." *Yeager v. Yeager*, No. 2:06-CV-001196, 2009 WL 1159175, at *2 (E.D. Cal. Apr. 29, 2009) (citing *Johnson*, 975 F.2d at 609). Courts may take into account any resulting prejudice to the opposing party, but "the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification . . . [i]f that party was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015) (quoting *Johnson*, 975 F.2d at 609) (alterations in original).

## III. DISCUSSION

Plaintiff requests a general extension of fact and expert discovery by three months, arguing that she has diligently pursued discovery and that Defendants will not be prejudiced by extending the discovery cutoff. Mot. at 9–10. Defendants oppose Plaintiff's motion, arguing that Plaintiff's renewed motion is in violation of the local rules and a prior Order of this Court, that Plaintiff has not offered a plan or schedule for her further discovery, that her arguments regarding Zazzle's pending designs and Zazzle's alleged discovery misconduct are without merit, and that Defendants would be prejudiced by a three-month extension of the discovery schedule. Opp. at 6–10.

Plaintiff has not shown good cause for a general three-month extension of both fact and expert discovery. As anticipated in the Court's July 8 Order, fact discovery largely concluded by August 8, 2024, with each side taking a number of depositions in July and August. *See* Declaration of Thomas Nolan in Support of Defendants' Opposition to Plaintiff's Renewed Motion for Relief from the Scheduling Order ("Nolan Decl."), ECF No. 283-1, ¶ 3–4; Declaration of P. Casey Mathews in Support of Plaintiff Nicky Laatz's Renewed Motion for Relief from

1  Scheduling Order ("Mathews Decl."), ECF No. 268-1, ¶ 6–7, 10.  In addition, the majority of the

2  Parties' pending discovery disputes have now been resolved, including the matter of Zazzle's

3  allegedly belated revelation regarding the maintenance of records of pending designs.  *See* ECF

4  Nos. 194, 218, 248, 250, 256, 277, 286, 287.  Through resolution of those disputes, a limited

5  number of depositions have been approved to occur after the end of fact discovery, *see* ECF

6  Nos. 222, 276, 286, and the magistrate judge has ordered that various supplemental written

7  discovery productions occur before the end of September, *see, e.g.*, ECF Nos. 277, 287.  Since, as

8  Plaintiff acknowledges, "[n]early all of the discovery disputes" on which the motion for relief

9  from the scheduling order was predicated had been posed to the magistrate judge, their resolution

10  largely moots the motion.  Mot. at 8; *see* Mot. at 4–8; Reply at 2.

11  Moreover, the Court agrees that Defendants would be prejudiced by a wholesale, three-

12  month extension of discovery.  The deadline for hearing dispositive motions in this case is

13  February 27, 2025, and the case schedule has set the deadline for any summary judgment motion

14  on November 21, 2024.  ECF Nos. 66, 71.  Plaintiff's claim that granting her "further time for fact

15  and expert discovery will not impact Defendants' motion for summary judgment," Reply at 5, is

16  not persuasive, and the Court declines to approve any extension that would close expert discovery

17  after the deadline for Defendants to file their motion for summary judgment.

18  However, the Court finds that a brief extension to the expert discovery deadlines is merited

19  so that information gleaned from the depositions and written discovery forthcoming later this

20  month can be incorporated into the Parties' expert reports.  This conclusion is bolstered by

21  Defendants' statement that they "would not object to a one-week extension" of the expert

22  discovery deadlines.  Opp. at 10.  Based on the deadlines for those various productions and

23  depositions, *see* ECF Nos. 276, 277, 286, 287, the Court finds that a two-week extension of the

24  deadlines for expert disclosure, initial expert reports, and rebuttal reports is appropriate and is not

25  more likely to prejudice Defendants than a one-week extension of each such deadline.  The

26  deadline for close of expert discovery will be extended by one week only, given the November 21,

27  2024 deadline for Defendants to file a motion for summary judgment.

28  As a final note: although Plaintiff has not shown good cause for a general extension of fact

3

discovery, Plaintiff may be able to show good cause for a specific and limited extension. Defendants appear to have engaged in obstructive tactics related to the deposition of Jason Kang, and the Court is troubled by Defendants' failure to identify dates for the depositions of its employees that fell prior to thirty days before the scheduled close of fact discovery. *See* Mot. at 3–4; Mathews Decl. ¶¶ 3–6, Ex. 3. However, time is tight, and Plaintiff will have to demonstrate the reasonableness of any additional discovery in light of the case schedule.

Therefore, Plaintiff's motion for relief from the scheduling order is GRANTED IN PART AND DENIED IN PART. The deadlines for disclosure of experts, initial expert reports, and expert rebuttal reports SHALL each be extended by two weeks. The deadline for close of expert discovery SHALL be extended by one week. Plaintiff's request to extend fact discovery is DENIED WITHOUT PREJUDICE. Any further renewed motion by Plaintiff SHALL include a chart of Plaintiff's specific requests for further fact discovery, including (1) what discovery is sought, (2) why there is good cause for a modification of the Scheduling Order for the limited purpose of seeking that discovery, and (3) the date the discovery is expected to be completed, keeping in mind that any deadlines must occur well prior to the Parties' November 21, 2024 deadline to file a motion for summary judgment.

## IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's Renewed Motion for Relief from Scheduling Order is GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE.
    a. The deadline for Close of Fact Discovery remains August 8, 2024.
    b. The deadline for Disclosure of Experts and Exchange of Initial Expert Reports shall be extended to **September 24, 2024**.
    c. The deadline for Exchange of Expert Rebuttal Reports shall be extended to **October 22, 2024**.
    d. The deadline for Close of Expert Discovery shall be extended to **November 12, 2024**.
2. Any further renewed motion by Plaintiff as to fact discovery SHALL include a chart of

4

Plaintiff's specific requests, including (1) what discovery is sought, (2) why there is good cause for a modification of the Scheduling Order for the limited purpose of seeking that discovery, and (3) by what date the discovery is expected to be completed.

**IT IS SO ORDERED.**

Dated: September 9, 2024

_____
BETH LABSON FREEMAN
United States District Judge