# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ZAZZLE, INC., et al.,<br><br>    Defendants. | Case No. 5:22-cv-04844-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER DEFENDANTS' MATERIALS SHOULD BE SEALED, AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>[Re: ECF Nos. 267, 278, 279] |

Before the Court is Plaintiff Nicky Laatz's ("Plaintiff" or "Laatz") Administrative Motion to Consider Whether Defendants' Materials Should be Sealed, filed in connection with her Renewed Motion for Relief from the Scheduling Order. ECF No. 267. Defendants filed a statement in support of sealing the materials identified in Laatz's motion, ECF No. 279, as well as their own Administrative Motion to Seal those materials, ECF No. 278. Plaintiff did not submit any response to Defendants' statement in support of sealing or Defendants' administrative motion to seal.

This order addresses Plaintiff's and Defendants' motions concurrently. For the reasons described below, Plaintiff's Administrative Motion to Consider Whether Defendants' Materials Should be Sealed, ECF No. 267, is GRANTED IN PART AND DENIED IN PART. Defendants' Administrative Motion to File Under Seal, ECF No. 278, is GRANTED IN PART AND DENIED IN PART.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records

1    and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of
2    Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435
3    U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong
4    presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto.
5    Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to
6    motions that are "more than tangentially related to the underlying cause of action" bear the burden
7    of overcoming the presumption with "compelling reasons" that outweigh the general history of
8    access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d
9    1092, 1100–01 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

10   Records attached to motions that are "not related, or only tangentially related, to the merits
11   of a case," however, are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809
12   F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to
13   court records attached only to non-dispositive motions because those documents are often
14   unrelated, or only tangentially related, to the underlying cause of action." (internal quotations
15   omitted)). Parties moving to seal the documents attached to such motions must meet the lower
16   "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1180. This standard requires a
17   "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is
18   disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir.
19   2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific
20   examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966
21   F.2d 470, 476 (9th Cir. 1992).

22   In addition, in this district, all parties requesting sealing must comply with Civil Local
23   Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a
24   document under seal, including an explanation of: (i) the legitimate private or public interests that
25   warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive
26   alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5
27   requires the moving party to provide "evidentiary support from declarations where necessary."
28   Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable

material." Civ. L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party. *Id.* Any party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

## II.  DISCUSSION

Because the motion to seal pertains to a motion for relief from the scheduling order, which is only tangentially related to the merits of this action, the Court will apply the "good cause" standard. *See, e.g.*, *Jones v. PGA Tour, Inc.*, No. 22-CV-04486, 2023 WL 5520771, at *6 (N.D. Cal. Aug. 24, 2023) (noting that the good cause standard applies to discovery-related motions); *Malig as Tr. for Malig Fam. Tr. v. Lyft, Inc.*, No. 19-CV-02690, 2022 WL 1143360, at *1 (N.D. Cal. Mar. 31, 2022) (applying the good cause standard to documents related to a motion for relief from a magistrate judge's discovery order); *Wisk Aero LLC v. Archer Aviation Inc.*, No. 21-CV-02450, 2022 WL 6251047, at *2 (N.D. Cal. Sept. 8, 2022) (applying the good cause standard to a sealing motion pertaining to a discovery letter brief).

Plaintiff's sealing motion identifies highlighted portions of her Renewed Motion for Relief from the Scheduling Order and Exhibits 3 and 4 to the Declaration of P. Casey Mathews ("Mathews Decl.") submitted in support of that motion as designated "confidential" by Zazzle under the Protective Order entered in this case. ECF No. 267 at 1–3. Defendants request that some of the highlighted portions of Plaintiff's renewed motion for relief from the scheduling order remain sealed because they contain "confidential information relating to Zazzle's electronic systems and electronic storage and backup practices, as well as confidential information relating to Zazzle's revenues," and "[p]ublic disclosure of this information would harm Zazzle's competitive

1  standing." ECF No. 278 at 2–3; ECF No. 279 at 2–3.  In addition, Defendants request that a

2  highlighted portion of Exhibit 4 remain under seal because it contains the personal address of the

3  deponent.  ECF No. 278 at 3; ECF No. 279 at 3.  Defendants argue that the request to seal is

4  narrowly tailored.  ECF No. 278 at 3; ECF No. 279 at 3.

5        The Court finds that good cause exists to seal certain highlighted portions of Plaintiff's

6  renewed motion for relief from the scheduling order and Exhibit 4 to the Mathews Declaration in

7  support thereof.  "[S]ealing may be justified to prevent judicial documents from being used 'as

8  sources of business information that might harm a litigant's competitive standing.'"  *California*

9  *Spine & Neurosurgery Inst. v. United Healthcare Ins. Co.*, No. 19-CV-02417, 2021 WL 1146216,

10  at *2 (N.D. Cal. Feb. 12, 2021) (quoting *Nixon,* 435 U.S. at 598); *see also OpenTV, Inc. v. Apple,*

11  *Inc.*, No. 14-CV-01622, 2015 WL 5714851, at *2 (N.D. Cal. Sept. 17, 2015) (finding good cause

12  to seal information relating to a company's revenues, customers, and sales data).  The Court also

13  agrees that "a party's legitimate interest in ensuring the privacy of personal information outweighs

14  the public's interest in access to court filings."  *Richter v. Oracle Am., Inc.*, No. 22-CV-04795,

15  2023 WL 5663217, at *2 (N.D. Cal. Aug. 30, 2023).  Finally, the Court finds that the proposed

16  redactions are narrowly tailored to seal only sealable material, *see* Civ. L.R. 79-5(c)(3), with the

17  modifications reflected in the chart below.

18        The Court's ruling is summarized below:

| ECF No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| 268 | Plaintiff Nicky Laatz's Renewed Motion for Relief from the Scheduling Order | Redacted portions on pages 4 & 6, within Section III.B of the Renewed Motion for Relief, and redacted portions on lines 1–2 on page 5 of the Renewed Motion for Relief | Granted, as containing confidential information relating to Zazzle's electronic systems and electronic storage and backup practices, as well as confidential information relating to Zazzle's revenues, public disclosure of which would harm Zazzle's competitive position.<br><br>Denied as to highlighted portions on pages 2–4 within Sections I-III.A of the Renewed Motion for Relief, as Zazzle does not seek to maintain those portions under seal. |

4

|  |  |  | Denied as to highlighted portions on page 5 at lines 3–4 and on page 7, as those portions do not contain confidential competitive information. |
|---|---|---|---|
| 268-4 | Excerpts of Jason Kang Deposition Transcript (Ex. 3 to the Declaration of P. Casey Mathews in Support of the Renewed Motion for Relief) | Entire Document | Denied, as Zazzle does not seek to maintain this document under seal. |
| 268-5 | Excerpts of Richard Hottelet Deposition Transcript (Ex. 4 to the Declaration of P. Casey Mathews in Support of the Renewed Motion for Relief) | Section highlighted in red at page 8, as reflected in Ex. A to the Larson Declaration submitted at ECF No. 278-2 | Granted, as containing personally identifying information; namely, Mr. Hottelet's personal address.<br><br>Otherwise denied as to the remainder of the document, as Zazzle does not seek to maintain the entire document under seal. |

## III.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff Nicky Laatz's Administrative Motion to Consider Whether Defendants' Materials Should be Sealed in connection with her renewed motion for relief from the scheduling order (ECF No. 267) is GRANTED IN PART and DENIED IN PART.  Defendants' Administrative Motion to File Under Seal (ECF No. 278) is GRANTED IN PART AND DENIED IN PART.  Plaintiff SHALL file an unredacted version of Exhibit 3 on the public docket within 7 days of the date of this Order.  In addition, Plaintiff SHALL file versions of the Renewed Motion for Relief from the Scheduling Order and Exhibit 4 with redactions adjusted to conform with this ruling within 7 days of the date of this Order.

**IT IS SO ORDERED.**

Dated:  September 18, 2024

_____
BETH LABSON FREEMAN
United States District Judge

5