**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| NICKY LAATZ, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>ZAZZLE, INC., et al.,<br><br>　　　　　Defendants. | Case No. 5:22-cv-04844-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER DEFENDANTS' MATERIALS SHOULD BE SEALED, AND GRANTING DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>[Re: ECF No. 284, 292, 293] |

Before the Court is Plaintiff Nicky Laatz's ("Plaintiff" or "Laatz") Administrative Motion to Consider Whether Defendants' Materials Should be Sealed, filed in connection with her reply in support of her Renewed Motion for Relief from the Scheduling Order. ECF No. 284. Defendants filed a statement in support of sealing certain materials identified in Laatz's motion, ECF No. 293, as well as their own Administrative Motion to Seal those materials, ECF No. 292. Plaintiff did not submit any response to Defendants' statement in support of sealing or Defendants' administrative motion to seal.

This order addresses Plaintiff's and Defendants' motions concurrently. For the reasons described below, Plaintiff's Administrative Motion to Consider Whether Defendants' Materials Should be Sealed, ECF No. 284, is GRANTED IN PART AND DENIED IN PART. Defendants' Administrative Motion to File Under Seal, ECF No. 292, is GRANTED.

**I.　LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of*

*Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1100–01 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," however, are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotations omitted)). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1180. This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

2

1 Further, when a party seeks to seal a document because it has been designated as
2 confidential by another party, the filing party must file an Administrative Motion to Consider
3 Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing
4 party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the
5 party who designated the material as confidential must, within seven days of the motion's filing,
6 file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-
7 5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing
8 of the provisionally sealed document without further notice to the designating party. *Id.* Any
9 party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

## II. DISCUSSION

Because the motion to seal pertains to a motion for relief from the scheduling order, which is only tangentially related to the merits of this action, the Court will apply the "good cause" standard. *See, e.g.*, *Jones v. PGA Tour, Inc.*, No. 22-CV-04486, 2023 WL 5520771, at *6 (N.D. Cal. Aug. 24, 2023) (noting that the good cause standard applies to discovery-related motions); *Malig as Tr. for Malig Fam. Tr. v. Lyft, Inc.*, No. 19-CV-02690, 2022 WL 1143360, at *1 (N.D. Cal. Mar. 31, 2022) (applying the good cause standard to documents related to a motion for relief from a magistrate judge's discovery order); *Wisk Aero LLC v. Archer Aviation Inc.*, No. 21-CV-02450, 2022 WL 6251047, at *2 (N.D. Cal. Sept. 8, 2022) (applying the good cause standard to a sealing motion pertaining to a discovery letter brief).

Plaintiff's sealing motion identifies highlighted portions of her Reply in Support of Renewed Motion for Relief from the Scheduling Order and Exhibits 6, 7 and 8 to the Supplemental Declaration of P. Casey Mathews ("Suppl. Mathews Decl.") submitted in support of that reply as designated "confidential" by Zazzle under the Protective Order entered in this case. ECF No. 284 at 1–3. Defendants request that some of the highlighted portions of Plaintiff's reply in support of her renewed motion for relief from the scheduling order remain sealed because they contain "confidential information relating to Zazzle's electronic systems, including its storage practices and server usage." ECF No. 292 at 3; ECF No. 293 at 3. Defendants also seek to seal Exhibit 6 to the Supplemental Declaration of P. Casey Mathews, because it "contains further

3

1  details of the technical operation of Zazzle's electronic systems." ECF No. 292 at 3; ECF No. 293
2  at 3. Exhibit 7 "contain[s] confidential information relating to Zazzle'[s] revenues and computer
3  systems" and Exhibit 8 "reflects Zazzle's business practices, including pricing and budget
4  information." ECF No. 292 at 3; ECF No. 293 at 3. Defendants argue that "[p]ublic disclosure of
5  this information would harm Zazzle's competitive standing." *Id.* Defendants also argue that the
6  request to seal is narrowly tailored. ECF No. 292 at 4; ECF No. 293 at 4.

7  The Court finds that good cause exists to seal the highlighted portions of Plaintiff's reply
8  in support of her renewed motion for relief from the scheduling order and the relevant portions of
9  Exhibits 6, 7, and 8 to the Mathews Declaration in support thereof. "[S]ealing may be justified to
10 prevent judicial documents from being used 'as sources of business information that might harm a
11 litigant's competitive standing.'" *California Spine & Neurosurgery Inst. v. United Healthcare Ins.*
12 *Co.*, No. 19-CV-02417, 2021 WL 1146216, at *2 (N.D. Cal. Feb. 12, 2021) (quoting *Nixon,* 435
13 U.S. at 598); *see also OpenTV, Inc. v. Apple, Inc.*, No. 14-CV-01622, 2015 WL 5714851, at *2
14 (N.D. Cal. Sept. 17, 2015) (finding good cause to seal information relating to a company's
15 revenues, customers, and sales data). The Court also agrees that "a party's legitimate interest in
16 ensuring the privacy of personal information outweighs the public's interest in access to court
17 filings." *Richter v. Oracle Am., Inc.*, No. 22-CV-04795, 2023 WL 5663217, at *2 (N.D. Cal. Aug.
18 30, 2023). Finally, the Court finds that the proposed redactions are narrowly tailored to seal only
19 sealable material. *See* Civ. L.R. 79-5(c)(3).

20 The Court's ruling is summarized below:

| ECF No. | Document | Portion(s) to Seal | Ruling |
| --- | --- | --- | --- |
| 285 | Plaintiff Nicky Laatz's Reply in Support of Renewed Motion for Relief from the Scheduling Order | Redacted portions | Granted, as containing confidential information relating to Zazzle's electronic systems, including its storage practices and server usage, public disclosure of which would harm Zazzle's competitive position. |

| | | | |
|---|---|---|---|
| 285-2 (Ex. 6 to the Declaration of P. Casey Mathews in Support of the Reply Brief) | Excerpts of Mohamed Alkhatib deposition transcript | Sections highlighted in yellow at pages 9, 140-142, and 161, as reflected in Ex. A to the Larson Declaration, filed at ECF No. 292-3 | Granted, as containing confidential information relating to the technical operation of Zazzle's electronic systems, public disclosure of which would harm Zazzle's competitive position, as well as containing personally identifying information; namely, Mr. Alkhatib's personal address.<br><br>Otherwise denied as to the remainder of the document, as Zazzle does not seek to maintain the entire document under seal. |
| 285-3 (Ex. 7 to the Declaration of P. Casey Mathews in Support of the Reply Brief) | Defendant Zazzle Inc.'s Second Amended Responses and Objections to Plaintiff Nicky Laatz's Interrogatories | Zazzle's Responses to Interrogatories No. 13 and 14 | Granted, as containing confidential information relating to Zazzle's revenues and computer systems, public disclosure of which would harm Zazzle's competitive position.<br><br>Otherwise denied as to the remainder of the document, as Zazzle does not seek to maintain the entire document under seal. |
| 285-4 (Ex. 8 to the Declaration of P. Casey Mathews in Support of the Reply Brief) | ZAZZLE-003054, a May 2–4, 2017 email Exchange between Mohamed Alkhatib and others | Entire document | Granted, as containing confidential correspondence between and among Zazzle employees that reflects Zazzle's business practices, including pricing and budget information regarding font licensing, discussion regarding font licensing terms, and strategies regarding font licensing, public disclosure of which would harm Zazzle's competitive position. |

### III.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff Nicky Laatz's

Administrative Motion to Consider Whether Defendants' Materials Should be Sealed in connection with her reply in support of her renewed motion for relief from the scheduling order (ECF No. 284) is GRANTED IN PART and DENIED IN PART. Defendants' Administrative Motion to File Under Seal (ECF No. 292) is GRANTED. Plaintiff SHALL file versions of Exhibit 6 and Exhibit 7 with redactions adjusted to conform with this ruling within 7 days of the date of this Order.

**IT IS SO ORDERED.**

Dated:  September 18, 2024

_____
BETH LABSON FREEMAN
United States District Judge