UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ,<br><br>   Plaintiff,<br><br>v.<br><br>ZAZZLE, INC., et al.,<br><br>   Defendants. | Case No. 5:22-cv-04844-BLF<br><br>**ORDER GRANTING DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>[Re: ECF Nos. 280, 281] |

Before the Court is Defendants' Administrative Motion to File Under Seal. ECF Nos. 280, 281. Defendants seek to file under seal Exhibits B and C to the Declaration of Thomas Nolan ("Nolan Decl.") filed in conjunction with Defendants' Opposition to Plaintiff's Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge (ECF No. 248), which were designated by Zazzle as CONFIDENTIAL under the Protective Order (ECF No. 153).

Defendants filed their motion to seal in two parts: at ECF No. 280, they filed the motion and supporting papers, and at ECF No. 281, they filed their Opposition to Plaintiff's Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge with Exhibits B and C to the Declaration of Thomas Nolan attached (under seal). This Order concurrently resolves both docket entries.

**I.  LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong

presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1100–01 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," however, are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotations omitted)). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1180. This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only sealable material." Civ. L.R. 79-5(c)(3).

## II. DISCUSSION

Defendants filed the Administrative Motion to File Under Seal on August 28, 2024. ECF

No. 280. Defendants seek to seal the entirety of Exhibit B and selected portions of Exhibit C. ECF No. 280 at 1–2. Defendants write that the information should be sealed because it "reflect[s] confidential information regarding the company's business structure, practices, analyses, and strategies, and there is no less restrictive alternative for protecting such information from disclosure." *Id*. at 3.

The Court finds that the "good cause" standard applies because the materials at issue are related to a non-dispositive pre-trial discovery motion. *See Kamakana*, 447 F.3d at 1180 (noting that "[a] 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions") (citing *Foltz*, 331 F.3d at 1135).

The Court finds that good cause exists to seal Exhibits B and C. The exhibits contain information related to Zazzle's business structure, strategies, and practices, public disclosure of which would harm Zazzle's competitive standing. *See, e.g., California Spine & Neurosurgery Inst. v. United Healthcare Ins. Co.,* No. 19-CV-02417, 2021 WL 1146216, at *2 (N.D. Cal. Feb. 12, 2021) ("[S]ealing may be justified to prevent judicial documents from being used 'as sources of business information that might harm a litigant's competitive standing.'" (quoting *Nixon*, 435 U.S. at 598)); *Herb Hallman Chevrolet, Inc. v. Gen. Motors LLC*, No. 3:22-CV-00447, 2024 WL 3160746, at *11 (D. Nev. June 24, 2024) (finding good cause to seal materials containing "sensitive trade secrets, source code, and/or confidential financial information that is proprietary and the disclosure of such information would be harmful to the parties").

The Court also finds that there is good cause to seal the personal information reflected in Exhibit C. District courts within the Ninth Circuit have noted that protecting personal information satisfies the "compelling reasons" standard and thus also satisfies the less exacting "good cause" standard. *See, e.g., Richter v. Oracle Am., Inc.*, No. 22-cv-04795, 2023 WL 5663217, at *2 (N.D. Cal. Aug. 30, 2023); *Gomo v. NetApp, Inc.*, No. 17-CV-02990, 2019 WL 1170775, at *3 (N.D. Cal. Mar. 13, 2019) (finding compelling reasons to seal exhibits containing "details regarding . . . personal information about NetApp executives and their spouses").

Finally, the Court finds that the proposed redactions are narrowly tailored to seal only sealable material. *See* Civ. L.R. 79-5(c)(3).

3

The Court's ruling is summarized below:[1]

| Ex. No. | Document | Portions to be Filed Under Seal | Sealing Basis |
|---|---|---|---|
| Ex. B to Nolan Decl. | ZAZZLE-003068 | Entire Document | Granted, as the document contains confidential correspondence regarding Zazzle's business structure, strategies, practices, and analyses, public disclosure of which would harm Zazzle's competitive position. *See* ECF No. 280-1 at 1. |
| Ex. C to Nolan Decl. | Excerpts of Catherine Sheu (30(b)(6) witness) deposition transcript | Sections highlighted in red at pages 10, 92-93, as reflected in Ex. A to the Larson Declaration submitted in support of the sealing motion. ECF No. 280-2. | Granted, as the document contains confidential correspondence reflecting Zazzle's business structure, strategies, practices, and analyses, public disclosure of which would harm Zazzle's competitive position. Additionally, the document contains personal information. *See* ECF No. 280-1 at 2. |

### III.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Administrative Motion to File Under Seal filed in conjunction with Defendants' Opposition to Plaintiff's Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge is GRANTED.

**IT IS SO ORDERED.**

Dated:  September 25, 2024

_____
BETH LABSON FREEMAN
United States District Judge

---

[1] On pages 1 and 3 of their Administrative Motion, Defendants mention requesting to seal three exhibits.  However, Defendants only discuss Exhibit B and Exhibit C in the motion, supporting declaration, and proposed order.

4