**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| NICKY LAATZ,<br><br>        Plaintiff,<br><br>v.<br><br>ZAZZLE, INC., et al.,<br><br>        Defendants. | Case No. 5:22-cv-04844-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>[Re: ECF No. 320] |

Before the Court is Plaintiff Nicky Laatz's Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge (Dkt. No. 311) ("Mot."), pursuant to Federal Rule of Civil Procedure 72 and Civil Local Rule 72-2. *See* ECF No. 320. Plaintiff requests that the Court modify Judge DeMarchi's October 4, 2024 Order denying Plaintiff's request to compel Defendant Zazzle, Inc. ("Zazzle") to produce a 30(b)(6) designee with further preparation on Topic 10(a) from Plaintiff's 30(b)(6) Deposition Notice to Zazzle. Defendants Zazzle Inc. and Mohamed Alkhatib (collectively, "Defendants") oppose Plaintiff's motion. ECF No. 329 ("Opp."). For the following reasons, Plaintiff's motion is DENIED.

**I.     BACKGROUND**

On August 19, 2024, shortly after the close of fact discovery in this matter, Plaintiff and Defendants filed a joint discovery dispute letter with Magistrate Judge Virginia K. DeMarchi. ECF No. 262. The dispute concerned Defendant Zazzle's alleged "failure to prepare its 30(b)(6) designees and/or produce appropriate designees" on certain of Plaintiff's noticed 30(b)(6) deposition topics. *Id.* at 1. Relevant here is Topic 10(a), which requested testimony as to "[t]he number of individuals who . . . [c]reated designs that used the BLOOMING ELEGANT TRIO."

*Id.* Ex. A at 11. Zazzle identified Jason Li as its designee on Topic 10(a). *Id.* Ex. A at 3. In the dispute letter, Plaintiff claimed that Mr. Li "was unable to provide competent testimony on [Topic 10(a)] due to Zazzle's spoliation and failure to prepare him." *Id.* at 3. Zazzle's position in the letter, however, was that "'pending designs' was not a 30(b)(6) topic." *Id.* at 5. Zazzle stated that testimony about pending designs had not previously been discussed by counsel, so Zazzle did not understand the term "created" to include "pending" designs. *Id.*

Following Plaintiff's submission of the 30(b)(6) deposition transcripts in question, *see* ECF No. 288 at 8, Judge DeMarchi issued an order on October 4, 2024 addressing the dispute over Topic 10(a). ECF No. 311 ("October 4 Order"). Therein, Judge DeMarchi found that it was "not clear . . . that topic 10(a) encompasses draft, auto-saved, or pending, designs, and it appears that the parties did not confer regarding the meaning of 'create' in advance of the deposition." *Id.* at 6–7. Plaintiff was obliged to describe her deposition topics with "reasonable particularity," Fed. R. Civ. P. 30(b)(6), but Judge DeMarchi concluded that she had failed to do so "with respect to examination about the number of individuals who prepared 'pending designs' using the disputed font," and therefore "no further deposition on th[at] point is warranted." ECF No. 311 at 7. Plaintiff filed the present motion for relief challenging Judge DeMarchi's October 4 Order on October 18, 2024. ECF No. 320.

## II. LEGAL STANDARD

While a magistrate judge's nondispositive pretrial order may be modified or set aside if it is "clearly erroneous or is contrary to law," the standard of review is highly deferential. Fed. R. Civ. P. 72(a). The district judge may not simply substitute his or her judgment for that of the magistrate judge. *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991). Rather, "[t]he magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). "There is clear error only when the court is 'left with the definite and firm conviction that a mistake has been committed.'" *Zepeda v. Paypal, Inc.*, No. C 10–2500, 2014 WL 4354386, at *3 (N.D. Cal. Sept. 2, 2014) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

### III. ANALYSIS

In her motion, Plaintiff argues that Judge DeMarchi's order was "clearly erroneous." *See* Mot. at 1. Plaintiff says that two factual determinations constituted clear error: (1) that "Topic 10(a) did not have the 'reasonable particularity' necessary to encompass all people who created designs using the Blooming Elegant Trio of fonts, including 'draft, auto-saved, and/or pending designs,'" and (2) that "'draft or pending designs are not "created" and are therefore not within the scope of [T]opic 10(a).'" *Id.* Plaintiff further argues in favor of the relevance of the testimony about pending designs to her damages theory. *Id.* at 3–5. Defendants respond that Plaintiff's deposition notice did not clearly require that the 30(b)(6) deponent be able to speak to the designs that Plaintiff terms "pending," and that, in any case, Plaintiff still secured testimony on the topic of the pending designs. Opp. at 2–3. Besides, Defendants argue—for various reasons—that the "pending" design discovery is not actually relevant to Plaintiff's damages theory. *Id.* at 3–5.

In the briefing on this motion, the Parties spill much ink over the relevance of Plaintiff's desired testimony, but that question is not before the Court. A motion for relief from a magistrate judge's nondispositive pretrial order is not an invitation for the district court to reconsider the issues therein with fresh eyes and substitute its own judgment. *Grimes*, 951 F.2d at 241. Instead, the narrow question here is whether the Court is "left with the definite and firm conviction that a mistake has been committed," *Zepeda*, 2014 WL 4354386, at *3, in arriving at the two factual determinations that Plaintiff challenges. The answer to that question is no. Plaintiff's third amended 30(b)(6) deposition notice did not define "create" or "created," nor did it mention "pending" designs. *See generally* ECF No. 262-1. This failure supports the magistrate judge's conclusion that the notice was not set out with reasonable particularity as to Plaintiff's desired testimony about "pending" designs. Moreover, as Defendants argue, Plaintiff only now elaborates that "created" was intended to encompass "designs [that] were 'finalized,' 'published,' 'pending,' 'draft,' or otherwise," Mot. at 1, but this after-the-fact definitional exercise has no bearing upon Judge DeMarchi's October 4 Order. Nor is the Court persuaded that it was clear error not to ascribe to the topic the extraordinarily broad and vague meaning that Plaintiff now advocates based on her dictionary citation. In short, the Court concludes that neither of Judge DeMarchi's

3

1  factual determinations were clearly erroneous.

## IV. ORDER

For the foregoing reasons, Plaintiff's Motion for Relief From Nondispositive Pretrial Order of Magistrate Judge (Dkt. No. 311) is hereby DENIED.

**IT IS SO ORDERED.**

Dated: November 12, 2024

_____
BETH LABSON FREEMAN
United States District Judge