# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ, et al.,<br>    Plaintiffs,<br>v.<br>ZAZZLE, INC., et al.,<br>    Defendants. | Case No. 5:22-cv-04844-BLF<br><br>**ORDER GRANTING DEFENDANT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>[Re: ECF 309] |

Before the Court is Defendants Zazzle Inc. ("Zazzle") and Mohamed Alkhatib's Administrative Motion to File Under Seal (collectively, "Defendants"), filed in connection with their Opposition to Plaintiff's Motion for Relief From Nondispositive Pretrial Order of Magistrate Judge (Dkt. No. 288). ECF No. 309. Plaintiff did not submit any response to Defendants' motion.

Having reviewed Defendants' submissions and applicable sealing law, the Court GRANTS Defendants' requests to seal.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1100–01 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," however, are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotations omitted)). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1180. This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

**II. DISCUSSION**

Because the motion to seal pertains to a motion for relief from a nondispositive pretrial order of a magistrate judge, which is only tangentially related to the merits of this action, the Court will apply the "good cause" standard. *See, e.g.*, *Jones v. PGA Tour, Inc.*, No. 22-CV-04486, 2023 WL 5520771, at *6 (N.D. Cal. Aug. 24, 2023) (noting that the good cause standard applies to discovery-related motions); *Malig as Tr. for Malig Fam. Tr. v. Lyft, Inc.*, No. 19-CV-02690, 2022 WL 1143360, at *1 (N.D. Cal. Mar. 31, 2022) (applying the good cause standard to documents related to a motion for relief from a magistrate judge's discovery order); *Wisk Aero LLC v. Archer Aviation Inc.*, No. 21-CV-02450, 2022 WL 6251047, at *2 (N.D. Cal. Sept. 8, 2022) (applying the good cause

1 standard to a sealing motion pertaining to a discovery letter brief).

2 The material under consideration for sealing concerns information that Defendants have deemed confidential, *i.e.*, information related to (1) Zazzle's design volumes, ECF 309-2 at 4; (2) Zazzle's database, electronic systems, and design volumes, ECF 309-3, Beaver Declaration at 2, 4; (3) Zazzle's designs, designers, users, and products, ECF 309-4, Nolan Declaration at 1; and (4) technical operation of Zazzle's Design Tool and Zazzle's electronic systems, ECF 309-5, Jason Li Deposition at 122. With respect to the first three requests, Defendants request the Court to seal selected words and phrases in Defendants' Opposition to Plaintiff's Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge and its supporting declarations on the basis that the portion contains confidential information whose public disclosure would harm Zazzle's competitive position. ECF 309-1, Larson Decl. at 2. With respect to the fourth request, Defendants request the court to seal about 10 lines of Jason Li's deposition, which was attached as an exhibit to the Nolan Declaration, on the basis that the portion contains technical details regarding Defendants' proprietary Design Tool and the disclosure of this information to the public would harm Zazzle's competitive position. ECF 309-1 at 2. Defendants argue that disclosing the information contained in these material "would harm Zazzle's competitive position." ECF 309 at 2. Defendants also argue that "there is no less restrictive alternative for protecting such information from disclosure." ECF 309 at 3.

The Court finds that Defendants have established compelling reasons to seal information that would reveal confidential information about Zazzle's database and proprietary electronic systems. *See, e.g.*, *In re Elec. Arts*, 298 F. App'x. 568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business information that might harm a litigant's competitive strategy"); *Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015) ("[T]he Court finds a compelling reason to seal the portions of this exhibit that discuss Plaintiff's network infrastructure and security systems."); *In re Google Location Hist. Litig.*, No. 5:18-cv-05062-EJD, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports[.]'") (citation omitted). Additionally, the Court finds Zazzle's sealing

3

requests to be narrowly tailored so that there is no less restrictive alternative to redacting the information at issue.

## III.   ORDER

For the foregoing reasons, the Court ORDERS redactions as outlined in the below chart. The Court directs Defendants to file a revised redacted version of the Amended Complaint that comports with the Court's order into the public record within 7 days from issuance of this order. *See* Civ. L.R. 79-5(f)(3).

| ECF No. | Document to be Sealed | Result | Ruling |
|---|---|---|---|
| 310/ (309-2) | Opposition to Motion for Relief. (Redacted portions highlighted in yellow on page 4) | GRANTED. | The portions of the documents that Defendants seek to seal contains confidential information relating to Zazzle's design volumes, public disclosure of which would harm Zazzle's competitive position. Larson Decl. ¶¶ 3-4. |
| 310-1/ (309-3) | Beaver Decl. (Redacted portions highlighted in yellow on pages 2-4). | GRANTED. | The portions of the documents that Defendants seek to seal contains confidential information relating to Zazzle's database, electronic systems, and design volumes, public disclosure of which would harm Zazzle's competitive position. Larson Decl. ¶¶ 3, 5. |
| 300-2/ (309-4) | Nolan Decl. (Redacted portions highlighted in yellow on page 1) | GRANTED. | The portions of the documents that Defendants seek to seal contains confidential information relating to the volumes of Zazzle's designs, designers, users, and products, public disclosure of which would harm Zazzle's competitive position. Larson Decl. ¶¶ 3, 6. |

| ECF No. | Document to be Sealed | Result | Ruling |
|---|---|---|---|
| 310-3/ (309-5) | Excerpts of Jason Li Deposition Transcript (Redacted portions on page 122) | GRANTED. | The portions of the documents that Defendants seek to seal contains confidential information relating to the technical operation of Zazzle's Design Tool and Zazzle's electronic systems, public disclosure of which would harm Zazzle's competitive position. Larson Decl. ¶¶ 3, 7. |

**IT IS SO ORDERED.**

Dated:  January 21, 2025

_____
BETH LABSON FREEMAN
United States District Judge