# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ZAZZLE, INC., et al.,<br><br>　　　　Defendants. | Case No.  5:22-cv-04844-BLF<br><br>**ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER DEFENDANTS' MATERIALS SHOULD BE SEALED**<br><br>[Re: ECF 312, 316] |

Before the Court is Plaintiff Nicky Laatz's ("Plaintiff") Administrative Motion to Consider Whether Defendants' Materials Should be Sealed, filed in connection with her Objections to Defendants' Opposition to her Motion for Relief From Nondispositive Pretrial Order of Magistrate Judge (Dkt. No. 288). ECF 312. Defendants Zazzle Inc. ("Zazzle") and Mohamed Alkhatib's (collectively, "Defendants") filed a statement in support of sealing the materials identified in Plaintiff's motion. ECF 316. Plaintiff did not submit any response to Defendants' statement in support of sealing.

Having reviewed the Parties' submissions and applicable sealing law, the Court GRANTS Defendant's requests to seal.

**I.　LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," bear the burden of overcoming the

1    presumption with "compelling reasons supported by specific factual findings that outweigh the
2    general history of access and the public policies favoring disclosure." *Ctr. for Auto Safety v.*
3    *Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

4        Records attached to motions that are "not related, or only tangentially related, to the merits
5    of a case," however, are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809
6    F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to
7    court records attached only to non-dispositive motions because those documents are often unrelated,
8    or only tangentially related, to the underlying cause of action." (internal quotations omitted)). Parties
9    moving to seal the documents attached to such motions must meet the lower "good cause" standard
10   of Rule 26(c). *Kamakana*, 447 F.3d at 1180. This standard requires a "particularized showing," *id.*,
11   that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates*
12   *of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); see Fed. R. Civ. P. 26(c).
13   "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not
14   suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

15       In addition, in this district, all parties requesting sealing must comply with Civil Local Rule
16   79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document
17   under seal, including an explanation of: (i) the legitimate private or public interests that warrant
18   sealing; ii) the injury that will result if sealing is denied; and iii) why a less restrictive alternative to
19   sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5 requires the moving
20   party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And
21   the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-
22   5(c)(3).

23   **II.     DISCUSSION**

24       Because the motion to seal pertains to a motion for relief from a nondispositive pretrial order
25   of a magistrate judge, which is only tangentially related to the merits of this action, the Court will
26   apply the "good cause" standard. *See, e.g., Jones v. PGA Tour, Inc.*, No. 22-CV-04486, 2023 WL
27   5520771, at *6 (N.D. Cal. Aug. 24, 2023) (noting that the good cause standard applies to discovery-
28   related motions); *Malig as Tr. for Malig Fam. Tr. v. Lyft, Inc.*, No. 19-CV-02690, 2022 WL

2

1143360, at *1 (N.D. Cal. Mar. 31, 2022) (applying the good cause standard to documents related to a motion for relief from a magistrate judge's discovery order); *Wisk Aero LLC v. Archer Aviation Inc.*, No. 21-CV-02450, 2022 WL 6251047, at *2 (N.D. Cal. Sept. 8, 2022) (applying the good cause standard to a sealing motion pertaining to a discovery letter brief).

The material under consideration for sealing concerns information that Zazzle has deemed confidential, *i.e.*, information related to Zazzle's electronic systems, including its database and backup and storage practices, ECF 312-2 at 3–5. *See* ECF 316, at 2. Zazzle requests the Court to seal about fourteen lines of ECF No. 313-2, Declaration of Daniel Garrie re: Beaver Declaration, on the basis that they reflect confidential information regarding the company's business practices and strategies. *See* ECF 312-2 at 3–5; ECF 316, at 2. Defendant argues that disclosing the information publicly could put Zazzle at a competitive business disadvantage. ECF 316 at 2. Defendants also argues that "the request to seal is narrowly tailored" and "there is no less restrictive alternative for protecting such information from disclosure" *Id.*

The Court finds that Defendants have established compelling reasons to seal information that would reveal confidential information regarding the company's business practices and strategies. *See, e.g.*, *In re Elec. Arts*, 298 F. App'x. 568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business information that might harm a litigant's competitive strategy"); *Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015) ("[T]he Court finds a compelling reason to seal the portions of this exhibit that discuss Plaintiff's network infrastructure and security systems."); *In re Google Location Hist. Litig.*, No. 5:18-cv-05062-EJD, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product specific financial information, customer information, internal reports[.]'") (citation omitted). Additionally, the Court finds Defendants' sealing requests to be narrowly tailored so that there is no less restrictive alternative to redacting the information at issue.

//

//

### III. ORDER

For the foregoing reasons, the Court ORDERS redactions as outlined in the below chart.

| ECF No. | Document | Result | Reasoning |
|---|---|---|---|
| 313-2/ (312-2) | Declaration of Daniel Garrie re: Beaver Declaration (highlighted portions at 3:12-13, 3:16-18, 3 n.1, 3 n.3, 4:24, 4 n.7, 5:3-4, 5:11-12, and 5 n.8). | GRANTED. | The portions of the document contains confidential information regarding Zazzle's electronic systems, including its database and backup and storage practices, public disclosure which would harm Zazzle's competitive position. Larson Decl. ¶¶ 4-5. |

**IT IS SO ORDERED.**

Dated:  January 22, 2025

_____
BETH LABSON FREEMAN
United States District Judge