UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>ZAZZLE, INC., et al.,<br><br>　　　　　Defendants. | Case No.  5:22-cv-04844-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER DEFENDANTS' MATERIALS SHOULD BE SEALED AND GRANTING DEFENDANT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>[Re: ECF 299, 307] |

　　　　Before the Court is Plaintiff Nicky Laatz's ("Plaintiff" or "Laatz") Administrative Motion to Consider Whether Defendants' Materials Should be Sealed, filed in connection with her Motion for Relief From Nondispositive Pretrial Order of Magistrate Judge (Dkt. No. 288).  ECF No. 299. Defendants filed a statement in support of sealing the materials identified in Laatz's motion, ECF No. 308, as well as their own Administrative Motion to Seal those materials, ECF No. 307.  Plaintiff did not submit any response to Defendants' statement in support of sealing or Defendants' administrative motion to seal.

　　　　This order addresses Plaintiff's and Defendants' motions concurrently. For the reasons described below, Plaintiff's Administrative Motion to Consider Whether Defendants' Materials Should be Sealed, ECF No. 299, is GRANTED IN PART and DENIED IN PART, and Defendants' Administrative Motion to File Under Seal is GRANTED.

**I.　LEGAL STANDARD**

　　　　"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 &

n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1100–01 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," however, are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotations omitted)). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1180. This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another

2

1    Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing party need not satisfy
2    the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the party who designated the
3    material as confidential must, within seven days of the motion's filing, file a statement and/or
4    declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(3). A designating
5    party's failure to file a statement or declaration may result in the unsealing of the provisionally
6    sealed document without further notice to the designating party. *Id.* Any party can file a response
7    to that declaration within four days. Civ. L.R. 79-5(f)(4).

## II.     DISCUSSION

Because the motion to seal pertains to a motion for relief from a nondispositive pretrial order of a magistrate judge, which is only tangentially related to the merits of this action, the Court will apply the "good cause" standard. *See, e.g.*, *Jones v. PGA Tour, Inc.*, No. 22-CV-04486, 2023 WL 5520771, at *6 (N.D. Cal. Aug. 24, 2023) (noting that the good cause standard applies to discovery-related motions); *Malig as Tr. for Malig Fam. Tr. v. Lyft, Inc.*, No. 19-CV-02690, 2022 WL 1143360, at *1 (N.D. Cal. Mar. 31, 2022) (applying the good cause standard to documents related to a motion for relief from a magistrate judge's discovery order); *Wisk Aero LLC v. Archer Aviation Inc.*, No. 21-CV-02450, 2022 WL 6251047, at *2 (N.D. Cal. Sept. 8, 2022) (applying the good cause standard to a sealing motion pertaining to a discovery letter brief).

Plaintiff's sealing motion identifies highlighted portions of her Motion for Relief from the Nondispositive Pretrail Order of Magistrate Judge, the relevant portions of Exhibits A, H, J, L to the Supplemental Declaration of P. Casey Mathews ("Mathews Decl."), and portions of the Supplemental Declaration of Daniel Garrie ("Garrie Decl."). ECF 299 at 1. Defendants request sealing some portions identified by Plaintiff that contain confidential information, which include: (1) Redacted portions in Motion for Relief, ECF 299-1 at 2, 3, 6; (2) Excerpts of Jason Li deposition transcript, red highlights in ECF 307-2 at 13-15, 39-40, 87-89, 92-93, 162, 221-222, 233-234, and 254-255; (3) Defendant Zazzle Inc.'s July 3, 2024 Amended Responses and Objections to Plaintiff Nicky Laatz's Interrogatories, ECF 299-3; (4) Exhibit J to Mathews Decl., ECF 299-4, ZAZZLE-004549 to ZAZZLE-00452; and (5) Redacted Portions in Declaration of Daniel Garrie in Support of the Motion for Relief, ECF 299-6 at 3-4, 8-9, 11. With respect to the first and fifth requests,

1  Defendants request the Court to seal selected words and phrases in Defendants' Opposition to
2  Plaintiff's Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge and its
3  supporting declaration on the basis that the portion contains confidential information whose public
4  disclosure would harm Zazzle's competitive position. ECF 307-1, Larson Decl. at 2-3. With respect
5  to the second request, Defendants request the court to seal portions of Jason Li's deposition as it
6  contains confidential information relating to the technical operation of Zazzle's electronic systems,
7  including its storage practices and reporting database, and the technical operations of Zazzle's
8  Design Tool and the disclosure of this information to the public would harm Zazzle's competitive
9  position. ECF 307-1 at 2. With respect to the third and fourth requests, Defendants request the Court
10 to seal Zazzle's July 3, 2024 Amended Responses and Objections to Plaintiff's Interrogatory and
11 data concerning the number of Zazzle's operation systems on the basis that the documents contain
12 confidential information whose public disclosure would harm Zazzle's competitive position. ECF
13 307-1, Larson Decl. at 3. Defendants argue that disclosing the information contained in these
14 material "would harm Zazzle's competitive standing." ECF 307 at 3. Defendants also argue that
15 "there is no less restrictive alternative for protecting such information from disclosure." ECF 307 at
16 4. Defendants did not request to redact all portions of every document proposed in Plaintiff's
17 Administrative Motion to Consider Whether Defendants' Materials Should Be Sealed. *See* ECF 299
18 at 1; ECF 307 at 2-3.

19 The Court finds that Defendants have established compelling reasons to seal information
20 that would reveal confidential information about Zazzle's database, proprietary electronic systems,
21 internal procedures, and proprietary customer and sales information. *See, e.g., In re Elec. Arts*, 298
22 F. App'x. 568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business information
23 that might harm a litigant's competitive strategy"); *Music Grp. Macao Com. Offshore Ltd. v. Foote*,
24 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015) ("[T]he Court finds a compelling reason to seal
25 the portions of this exhibit that discuss Plaintiff's network infrastructure and security systems."); *In*
26 *re Google Location Hist. Litig.*, No. 5:18-cv-05062-EJD, 514 F. Supp. 3d 1147, 1162 (N.D. Cal.
27 Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product
28 development plans, detailed product-specific financial information, customer information, internal

4

reports[.]'") (citation omitted). Additionally, the Court finds Zazzle's sealing requests to be narrowly tailored so that there is no less restrictive alternative to redacting the information at issue.

## III.  ORDER

For the foregoing reasons, the Court ORDERS redactions as outlined in the below chart. The Court directs Defendants to file a revised redacted version of the Motion for Relief and its supporting exhibits that comport with the Court's order into the public record within 7 days from issuance of this order. *See* Civ. L.R. 79-5(f)(3).

| ECF No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| 300/(299-1) | Motion for Relief | Redacted portions. | GRANTED as containing confidential information relating to Zazzle's electronic systems, including its storage practices and server usage, as well as discussion of Zazzle's revenues. ECF 307-1, Larson Decl. ¶¶ 4-5. |
| 300-2/(299-2) | Mathews Decl. Ex. A (Excerpts of Jason Li deposition transcript highlighted) | Red highlights at pages 13-15, 39- 40, 87-89, 92-93, 162, 221-22, 233-34, and 254-55 as reflected in ECF 307-2. | GRANTED IN PART AND DENIED IN PART as follows.

GRANTED as to excerpts highlighted in red at pages 13-15, 39- 40, 87-89, 92-93, 162, 221-22, 233-34, and 254-55 as reflected in ECF 307-2 as containing confidential information relating to the technical operation of Zazzle's electronic systems, including its storage practices and reporting database, and the technical operations of Zazzle's Design Tool. ECF 307-1, Larson Decl. ¶¶ 4, 6.

DENIED as to the remainder of the yellow highlights in ECF 307-2, as Defendants do not seek to maintain the remaining portions under seal. |

5

| ECF No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| 300-9/(299-3) | Mathews Decl. at Ex. H, Defendant Zazzle Inc.'s July 3, 2024 Amended Responses and Objections to Plaintiff Nicky Laatz's Interrogatories | Entire Document | GRANTED as containing confidential information relating to Zazzle's internal processes and procedures, as well as data concerning the number of Zazzle's designers, customers, website visitors, and products. ECF 307-1, Larson Decl. ¶¶ 4, 7. |
| 300-11/(299-4) | Mathews Decl. at Ex. J, ZAZZLE-004549 to ZAZZLE-004552 | Entire Document | GRANTED as containing confidential information relating to Zazzle's number of designs, designers, products for sale, and volume of sales. ECF 307-1, Larson Decl. ¶¶ 4, 8. |
| 300-13/(299-5) | Mathews Decl. Ex. L (highlighted portions in excerpts of Jason Kang deposition transcript) | N/A | DENIED as Defendants do not request redaction. |
| 300-18/(299-6) | Declaration of Daniel Garrie in Support of the Motion for Relief | Highlighted portions at 3:5-11, 3:24-4:3, 8:5-7, 9:10-11 and 11:15-16. | GRANTED as containing confidential information derived from the deposition of Jason Li, including confidential information about Zazzle's electronic systems and storage practices and the technical details of the operation of Zazzle's Design Tool. ECF 307-1, Larson Decl. ¶¶ 4, 10. |

**IT IS SO ORDERED.**

Dated: January 27, 2025

_____
BETH LABSON FREEMAN
United States District Judge