# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ZAZZLE, INC., et al.,<br><br>    Defendants. | Case No. 5:22-cv-04844-BLF<br><br>**ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER DEFENDNATS' MATERIALS SHOULD BE SEALED**<br><br>[Re: ECF 319] |

Before the Court is Plaintiff Nicky Laatz's ("Plaintiff" or "Laatz") Administrative Motion to Consider Whether Defendants' Materials Should be Sealed, filed in connection with her Motion for Relief From Nondispositive Pretrial Order of Magistrate Judge (Dkt. No. 311). ECF 319. Defendants filed a statement in support of sealing the materials identified in Laatz's motion. ECF 323. Plaintiff did not submit any response to Defendants' statement in support of sealing.

For the reasons described below, Plaintiff's Administrative Motion to Consider Whether Defendants' Materials Should be Sealed, ECF No. 319, is GRANTED.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public

policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1100–01 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," however, are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotations omitted)). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1180. This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally

1  sealed document without further notice to the designating party.  *Id.*  Any party can file a response
2  to that declaration within four days.  Civ. L.R. 79-5(f)(4).

## II. DISCUSSION

Because the motion to seal pertains to a motion for relief from a nondispositive pretrial order of a magistrate judge, which is only tangentially related to the merits of this action, the Court will apply the "good cause" standard.  *See, e.g.*, *Jones v. PGA Tour, Inc.*, No. 22-CV-04486, 2023 WL 5520771, at *6 (N.D. Cal. Aug. 24, 2023) (noting that the good cause standard applies to discovery-related motions); *Malig as Tr. for Malig Fam. Tr. v. Lyft, Inc.*, No. 19-CV-02690, 2022 WL 1143360, at *1 (N.D. Cal. Mar. 31, 2022) (applying the good cause standard to documents related to a motion for relief from a magistrate judge's discovery order); *Wisk Aero LLC v. Archer Aviation Inc.*, No. 21-CV-02450, 2022 WL 6251047, at *2 (N.D. Cal. Sept. 8, 2022) (applying the good cause standard to a sealing motion pertaining to a discovery letter brief).

Defendant argues that the information designated by Zazzle should be kept under seal as confidential and the information at issue was the subject matter of an earlier motion to seal. *See* ECF 323 at 1 (citing ECF 307). The Court agrees with Defendant that the designated information concerns subject matter that the Court previously granted sealing. *See* ECF 348. Thus, the Court GRANTS the Parties' sealing request for the reasons provided in its prior order.

## III. ORDER

For the foregoing reasons, the Court ORDERS redactions as outlined in the below chart.

| ECF No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| 320/(319-2) | Plaintiff's Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge | Highlighted portions at 1:27-2:1 | GRANTED as previously discussed in the Court's Order Granting In Part and Denying In Part Plaintiff's Administrative Motion to Consider Whether Defendants' Materials Should Be Sealed and Granting Defendants' Administrative Motion to File Under Seal. ECF 348. |

1 **IT IS SO ORDERED.**

3  Dated: January 27, 2025

_____
BETH LABSON FREEMAN
United States District Judge