UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>ZAZZLE, INC., et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-04844-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER DEFENDANTS' MATERIALS SHOULD BE SEALED**<br><br>[Re: ECF 341] |

Before the Court is Plaintiff Nicky Laatz's ("Plaintiff" or "Laatz") Administrative Motion to Consider Whether Defendants' Materials Should be Sealed. ECF No. 341. Defendants filed a statement in support of sealing the materials identified in Laatz's motion. ECF No. 343. Plaintiff submitted a response opposing Defendants' statement in support of sealing. ECF No. 344.

For the reasons described below, Plaintiff's Administrative Motion to Consider Whether Defendants' Materials Should be Sealed is GRANTED IN PART and DENIED IN PART.

### I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public

policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1100–01 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," however, are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotations omitted)). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1180. This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally

1  sealed document without further notice to the designating party. *Id.* Any party can file a response
2  to that declaration within four days. Civ. L.R. 79-5(f)(4).

## II. DISCUSSION

Because the sealing motion concerns Plaintiff's Opposition to Defendants' Motion for Summary Judgment ("MSJ Opposition"), the Court will apply the "compelling reasons" standard. *See Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 3993147, at *2 (N.D. Cal. June 30, 2015) (applying the "compelling reasons" standard when considering whether to seal portions of a motion for summary judgement and declarations in support of that motion).

Plaintiff's sealing motion identifies certain portions that contain confidential information designated by Defendants, including portions of the MSJ Opposition, the Declaration of Patrick Ryan in support thereof ("Ryan Declaration"), the Declaration of Daniel Garrie in support thereof ("Garrie Declaration"), Exhibits 1, 3-8, 10-15, 19, 22, and 23 to the Ryan Declaration, and Exhibit C to the Garrie Declaration ("Garrie Report"). ECF 341 at 2-3. Defendants request the sealing of all portions identified by Plaintiff, except for highlighted portions in the MSJ Opposition, ECF 343-1 at 10 and 25, and Exhibit 1 to the Ryan Declaration. *Compare* ECF 343 at 2-4 *with* ECF 341 at 1-2. Plaintiff, in her reply, opposes the sealing of all portions requested for sealing by Defendants in ECF 343 except Exhibit 10 to the Ryan Declaration, ECF 341-10. *See* ECF 344 at 1.

### A. No Request for Redaction by Defendants

The Court first considers the redactions that Defendants did not request to seal, which include highlighted portions in the MSJ Opposition at page 10 and 25 and Exhibit 1 to the Ryan Declaration. *See* ECF 343 at 2, n. 1 ("Zazzle does not seek to maintain under seal information redacted at pages 10 or 25); *compare* ECF 343 at 2-4 *with* ECF 341 at 1-2. The Court DENIES the sealing of the highlighted portions in the MSJ Opposition at page 10 and 25 and Exhibit 1 to the Ryan Declaration because Defendants did not request the redactions.

### B. Unopposed Redactions

Next, the Court considers the redactions that Plaintiff does not oppose, which includes Ex. 10 to the Ryan Declaration. *See* ECF 344 at 1. These portions include information relating to Zazzle's internal technical operations, its technical search processes for discovery in this litigation,

1 Zazzle's internal business process for evaluating and purchasing font licenses and contains a
2 witness' personal address. *See* ECF 343-1 at 2, 3-4; ECF 341-11.

3       The Court agrees with Defendants as to their unopposed redactions in Exhibit 10 to the Ryan
4 Declaration. The Court finds that Defendants have established compelling reasons to seal
5 information that would reveal confidential information about Zazzle's internal technical operations,
6 technical search processes, and internal business processes. *See, e.g., In re Elec. Arts*, 298 F. App'x.
7 568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business information that might
8 harm a litigant's competitive strategy"); *Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL
9 3993147, at *6 (N.D. Cal. June 30, 2015) ("[T]he Court finds a compelling reason to seal the
10 portions of this exhibit that discuss Plaintiff's network infrastructure and security systems."); *In re
11 Google Location Hist. Litig.*, No. 5:18-cv-05062-EJD, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. Jan.
12 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product
13 development plans, detailed product-specific financial information, customer information, internal
14 reports[.]'") (citation omitted); *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. C 10-3724 CW,
15 2014 WL 7387206, at *1 (N.D. Cal. Dec. 19, 2014) (granting motion to seal references to
16 "confidential customer lists, business practices and testing procedures"). Further, the Court finds
17 Defendants have established compelling reasons to seal a witness' personal address. *See Richter v.
18 Oracle Am., Inc.*, 2023 WL 5663217, at *2 (N.D. Cal. Aug. 30, 2023) (sealing personal financial
19 information by reasoning that a "party's legitimate interest in ensuring the privacy of personal
20 information outweighs the public's interest in access to court filings"). Additionally, the Court finds
21 Zazzle's sealing requests to be narrowly tailored so that there is no less restrictive alternative to
22 redacting the information at issue.

23     **C. Opposed Redactions**

24       Plaintiff opposes Defendants' remaining sealing request. *See* ECF 344. In those requests,
25 Defendants seek to seal documents that contain information related to "Zazzle's electronic systems,
26 including the number of and the technical specifications of Zazzle's servers; technical details of
27 Zazzle's proprietary Design Tool; details of Zazzle's internal business processes related to the
28 evaluation of potential new fonts, including the decision to purchase new fonts, the evaluation of

1    license terms for those new fonts, and the prices paid for those licenses; and confidential figures
2    related to Zazzle's revenue and its numbers of designs, designers, products, and users." ECF 343 at
3    4. Defendants argue that this information is confidential and public disclosure of such information
4    "would harm Zazzle's competitive standing, including by giving competitors, or potential
5    competitors, access to non-public information about Zazzle's Design Tool, other electronic systems,
6    and internal business processes." *Id.* at 5. Further, Defendants request to seal portions of deposition
7    transcripts that contain witnesses' personal addresses. *Id*.

8    Plaintiff opposes the sealing on three grounds. ECF 344 at 1. First, Plaintiff contends that
9    "Defendants offer only conclusory, unsubstantiated allegations of purported harm that would occur
10   if Defendants' materials are filed on the public docket." *Id*.  Second, as to the Ryan Declaration and
11   Exhibits 4, 5, 8, 12-15, 19, and 22 to the Ryan Declaration, Plaintiff contends that portions to be
12   sealed relate to a specific business decision, "made more than seven years ago," that amount to
13   "stale information" to which Defendants did not articulate "how disclosure of this stale information
14   about a decision that was made seven years ago will cause competitive harm." *Id*. at 2. Third, as to
15   the Garrie Declaration, Garrie Report, and Exhibits 7 and 23 to the Ryan Declaration, Plaintiff
16   contends that information requested to be sealed by Defendants is already public information filed
17   on the public docket. *See id*.

18   The Court finds that Defendants have established compelling reasons to seal information
19   that would reveal confidential information about Zazzle's internal technical operations, technical
20   search processes, internal business processes, customer and revenue information. *See, e.g., In re*
21   *Elec. Arts*, 298 F. App'x. 568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business
22   information that might harm a litigant's competitive strategy"); *Music Grp. Macao Com. Offshore*
23   *Ltd. v. Foote*, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015) ("[T]he Court finds a compelling
24   reason to seal the portions of this exhibit that discuss Plaintiff's network infrastructure and security
25   systems."); *In re Google Location Hist. Litig.*, No. 5:18-cv-05062-EJD, 514 F. Supp. 3d 1147, 1162
26   (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies,
27   product development plans, detailed product-specific financial information, customer information,
28   internal reports[.]'") (citation omitted); *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. C 10-3724

5

1  CW, 2014 WL 7387206, at *1 (N.D. Cal. Dec. 19, 2014) (granting motion to seal references to
2  "confidential customer lists, business practices and testing procedures"). In regard to Plaintiff's
3  second argument, the Court finds that this information is relevant to the case and confidential, such
4  that public disclosure could cause harm to Zazzle's competitive standing. In regard to Plaintiff's
5  third argument, the Court finds that the public files Plaintiff points to are not as specific or contains
6  the information that Defendants request to seal. *Compare* ECF 338-95 ¶¶ 9.m-9.ss *with* ECF 341-
7  20 at 9-20; *compare* ECF 49-2 ¶¶ 3-4 *and* ECF 102-6 ¶¶ 3-4, *with* ECF 341-9 at 130-139.

Further, the Court finds Defendants have established compelling reasons to seal multiple witnesses' personal addresses. *See Richter v. Oracle Am., Inc.*, 2023 WL 5663217, at *2 (N.D. Cal. Aug. 30, 2023) (sealing personal financial information by reasoning that a "party's legitimate interest in ensuring the privacy of personal information outweighs the public's interest in access to court filings"). Additionally, the Court finds Defendants' sealing requests to be narrowly tailored so that there is no less restrictive alternative to redacting the information at issue.

### III.  ORDER

For the foregoing reasons, the Court ORDERS redactions as outlined in the below chart. The Court directs Defendants to file a revised redacted version of the MSJ Opposition, the Ryan Declaration, the Garrie Declaration, and their supporting exhibits that comport with the Court's order into the public record within 7 days from issuance of this order. *See* Civ. L.R. 79-5(f)(3).

| ECF No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| 342 /(341-2) | Plaintiff Nicky Laatz's Opposition to Defendants' Motion for Summary Judgment | Redacted portions at pages 5, 12-13, 20, 22-23. | GRANTED IN PART AND DENIED IN PART as follows.<br><br>GRANTED as to excerpts highlighted at pages 5, 12-13, 20, 22-23 as containing confidential information relating to Zazzle's internal business process for evaluating and purchasing font licenses and details of the technical operation of Zazzle's proprietary Design Tool and Zazzle's servers. ECF 343-1, Larson Decl. ¶¶ 4-5. |

6

| ECF No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
|  |  |  | DENIED as to excerpts highlighted at pages 10 and 25, as Defendants do not seek to maintain these portions under seal. |
| 342-1/ (341-3) | Declaration of Patrick Ryan in support of Motion for Summary Judgment | Redacted portions at pages 3-4. | GRANTED as containing confidential information relating to Zazzle's internal business process for evaluating and purchasing font licenses. ECF 343-1, Larson Decl. ¶¶ 4-5. |
| 342-2/ (341-4) | Ryan Decl. Ex. 1 | N/A | DENIED as Defendants do not request sealing. |
| 342-4 /(341-5) | Ryan Decl. Ex. 3, Zazzle's Amended Responses and Objections to Interrogatories | Entire document | GRANTED as containing confidential information relating to the numbers of designers, designs, products, and users on Zazzle. ECF 343-1, Larson Decl. ¶¶ 4-5. |
| 342-5 /(341-6) | Ryan Decl. Ex. 4, excerpts of the July 16, 2024 transcript of Monica McGhie | Redacted portions at pages 6, 53, 165-167, 188. | GRANTED as containing confidential information relating to Zazzle's internal business process for evaluating and purchasing font licenses and containing the Witness' personal address. ECF 343-1, Larson Decl. ¶¶ 4-5, 7. |
| 342-6 /(341-7) | Ryan Decl. Ex. 5, May 4, 2017 internal email from Mohamed Alkhatib | Entire document | GRANTED as containing confidential information relating to Zazzle's internal business process for evaluating and purchasing font licenses. ECF 343-1, Larson Decl. ¶¶ 4-5. |
| 342-7 /(341-8) | Ryan Decl. Ex. 6, excerpts of the July 16, 2024 transcript of Patrick Haley | Redacted portions at pages 93-95. | GRANTED as containing confidential information relating to Zazzle's internal business process for evaluating and purchasing font licenses. ECF 343-1, Larson Decl. ¶¶ 4-5. |
| 342-8 /(341-9) | Ryan Decl. Ex. 7, excerpts of the July 17, 2024 transcript of Jason Li | Redacted portions at pages 6, 130-139. | GRANTED as containing confidential information relating to details of the technical operation of Zazzle's proprietary Design Tool and containing the Witness' personal address. ECF 343-1, Larson Decl. ¶¶ 4-5, 7. |

| ECF No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| 342-9 /(341-10) | Ryan Decl. Ex. 8, excerpts of the July 26, 2024 transcript of Catherine Sheu | Redacted portions at pages 10, 47, 86, 88. | GRANTED as containing confidential information relating to Zazzle's internal business process for evaluating and purchasing font licenses and containing the Witness' personal address. ECF 343-1, Larson Decl. ¶¶ 4-5, 7. |
| 342-11 /(341-11) | Ryan Decl. Ex. 10, excerpts of the August 7, 2024 transcript of Mohamed Alkhatib | Redacted portions at pages 9, 140- 142, 208-209. | GRANTED as containing confidential information relating to Zazzle's internal technical operations, its technical search processes for discovery in this litigation, Zazzle's internal business process for evaluating and purchasing font licenses, and containing the Witness' personal address. ECF 343-1, Larson Decl. ¶¶ 4-5, 7. |
| 342-12 /(341-12) | Ryan Decl. Ex. 11, Zazzle's Second Amended Responses and Objections to Interrogatories | Entire document | GRANTED as containing confidential information relating to Zazzle's revenue and technical details of Zazzle's computing equipment. ECF 343-1, Larson Decl. ¶¶ 4-5. |
| 342-13 /(341-13) | Ryan Decl. Ex. 12, May 4, 2017 email from Mohamed Alkhatib to Bobby Beaver | Entire document | GRANTED as containing confidential information relating to Zazzle's internal business process for evaluating and purchasing font licenses. ECF 343-1, Larson Decl. ¶¶ 4-5. |
| 342-14 /(341-14) | Ryan Decl. Ex. 13, excerpts of the August 30, 2024 transcript of Liana Larson | Redacted portions at pages 35, 42-45. | GRANTED as containing confidential information relating to Zazzle's internal business process for evaluating and purchasing font licenses. ECF 343-1, Larson Decl. ¶¶ 4-5. |
| 342-15 /(341-15) | Ryan Decl. Ex. 14, May 4, 2017 email from Mohamed Alkhatib to Bobby Beaver | Entire document | GRANTED as containing confidential information relating to Zazzle's internal business process for evaluating and purchasing font licenses. ECF 343-1, Larson Decl. ¶¶ 4-5. |
| 342-16 /(341-16) | Ryan Decl. Ex. 15, excerpt from internal Zazzle spreadsheet regarding font purchases | Entire document | GRANTED as containing confidential information relating to Zazzle's internal business process for evaluating and purchasing font licenses. ECF 343-1, Larson Decl. ¶¶ 4-5. |

8

| ECF No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| 342-20 | Ryan Decl. Ex. 19, excerpts of the Sept. 12, 2024 transcript of Katrina Liu | Redacted portion at page 7. | GRANTED as containing the Witness' personal address. ECF 343-1, Larson Decl. ¶¶ 4, 7. |
| 342-23 /(341-17) | Ryan Decl. Ex. 22, screenshot of internal Zazzle folder of font purchase information | Entire document | GRANTED as containing confidential information relating to Zazzle's internal business process for evaluating and purchasing font licenses. ECF 343-1, Larson Decl. ¶¶ 4-5. |
| 342-24 /(341-18) | Ryan Decl. Ex. 23, excerpts of the April 5, 2023 transcript of Bobby Beaver | Redacted portions at pages 164-166. | GRANTED as containing confidential information relating to details of the technical operation of Zazzle's servers. ECF 343-1, Larson Decl. ¶¶ 4-5. |
| 342-49 /(341-19) | Declaration of Daniel Garrie in support of Motion for Summary Judgment | Redacted portions at pages 7-8. | GRANTED as containing confidential information relating to details of the technical operation of Zazzle's proprietary Design Tool and of Zazzle's servers. ECF 343-1, Larson Decl. ¶¶ 4-5. |
| 342-52 /(341-20) | Garrie Decl. Ex. C | Entire document | GRANTED as containing confidential information relating to details of the technical operation of Zazzle's proprietary Design Tool and of Zazzle's servers. ECF 343-1, Larson Decl. ¶¶ 4-5. |

**IT IS SO ORDERED.**

Dated: February 5, 2025

BETH LABSON FREEMAN
United States District Judge