UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ZAZZLE, INC., et al.,<br><br>    Defendants. | Case No. 22-cv-04844-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>[Re: ECF No. 337] |

Before the Court are Defendants Zazzle Inc. ("Zazzle") and Mohamed Alkhatib's (collectively, "Defendants") Administrative Motion to File Under Seal and To Consider Whether Another Party's Material Should be Sealed, filed in connection with their Motion for Summary Judgment (Dkt. No. 338). ECF 337. Plaintiff Nicky Laatz ("Plaintiff") filed sealing statement opposing Defendants' administrative motion. ECF 339. For the reasons stated below, the Court GRANTS IN PART and DENIES IN PART the motion.

**I.  LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Ctr. for Auto Safety v.*

1   *Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

2       Records attached to motions that are "not related, or only tangentially related, to the merits
3   of a case," however, are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809
4   F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to
5   court records attached only to non-dispositive motions because those documents are often unrelated,
6   or only tangentially related, to the underlying cause of action." (internal quotations omitted)). Parties
7   moving to seal the documents attached to such motions must meet the lower "good cause" standard
8   of Rule 26(c). *Kamakana*, 447 F.3d at 1180. This standard requires a "particularized showing," *id.*,
9   that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates*
10  *of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); see Fed. R. Civ. P. 26(c).
11  "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not
12  suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

13      In addition, in this district, all parties requesting sealing must comply with Civil Local Rule
14  79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document
15  under seal, including an explanation of: (i) the legitimate private or public interests that warrant
16  sealing; ii) the injury that will result if sealing is denied; and iii) why a less restrictive alternative to
17  sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5 requires the moving
18  party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And
19  the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-
20  5(c)(3).

21  **II.   DISCUSSION**

22      Because the sealing motion concerns Defendants' Motion for Summary Judgment, the Court
23  will apply the "compelling reasons" standard. See *Music Grp. Macao Com. Offshore Ltd. v. Foote*,
24  2015 WL 3993147, at *1 (N.D. Cal. June 30, 2015) (applying the "compelling reasons" standard
25  when considering whether to seal records in support of motion for summary judgment).

26      Defendants filed an administrative motion to file under seal and to consider whether another
27  party's material should be sealed in connection with their Motion for Summary Judgment. ECF 337.
28  Plaintiff filed a response indicating that she does not request sealing of the information identified

by Defendants designated as confidential by herself and oppose the sealing requested by the Defendants. ECF 339. The Court addresses each sealing request in turn.

### A. Materials that Defendants Identified as Containing Confidential Information Designated by Plaintiff— Exhibits C, N, O, Q, CC, and DD to the Declaration of Thomas Nolan

The Court first considers the redactions identified by Defendants as containing confidential information designated by Plaintiff. *See* ECF 337 at 4; *See also* ECF 339 at 1. These documents include excerpts of deposition transcripts of Thomas Phinney and Daniel Garrie and communications between the parties. *See* ECF 337 at 4. In Plaintiff's opposition, Plaintiff clarified that she "[does] not request the sealing of the documents." EFC 339 at 1. Accordingly, the Court DENIES Defendants' motion to seal Exhibits C, N, O, Q, CC, and DD to the Declaration of Thomas Nolan.

### B. Materials that Defendants Request Sealing— Exhibits F, U, Y, Z, and KK to the Declaration of Thomas Nolan

The Court next considers the redactions that Defendants request sealing. *See* ECF 339 at 1. Plaintiff opposes the sealing of these redactions. ECF 339 at 1-2. The Court addressed the parties' requests below.

#### i. Exhibits F, U, Z, and Y to the Declaration of Thomas Nolan

The pertinent parts of Exhibits F, U, Z, and Z to the Declaration of Thomas Nolan are excerpts of the depositions of Zazzle's executives. *See* ECF 337 at 2. Defendants argue that the excerpts contain Zazzle's internal processes related to license purchases and creation designs and is "designated [] as CONFIDENTIAL pursuant to the terms of the Protective Order (Dkt. 153, ¶ 5.2(b))." ECF 337 at 2-3; ECF 337-1, Larson Decl. ¶¶ 3-7. Defendants further argue that the disclosure of the information would "harm Zazzle's competitive standing by giving competitors or licensors, or potential competitors or licensors, access to Zazzle's confidential internal process and the technical details of Zazzle's proprietary Design Tool." ECF 337 at 3; ECF 337-1, Larson Decl. ¶¶ 3-7. Defendants further argue that the request to seal is "narrowly focused." ECF 337-1, Larson Decl. ¶ 8.

In her opposition, Plaintiff argues that Exhibits F, U, and Z contain information concerning

1  a "specific decision" related to one license's purchase of a font and the font software from seven
2  years ago, and Defendants have failed to articulate how this information would cause competitive
3  harm. ECF 339 at 2. Further, Plaintiff argues that the conversation highlighted in Exhibit Y is not
4  confidential because it is "related to the instant lawsuit." *Id.*

Applying the legal standard set forth above, the Court finds Defendants have provided compelling reasons to seal the requested portions in the Exhibits F, U, Y and Z. *See, e.g.*, *In re Elec. Arts*, 298 F. App'x. 568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business information that might harm a litigant's competitive strategy"); *Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015) ("[T]he Court finds a compelling reason to seal the portions of this exhibit that discuss Plaintiff's network infrastructure and security systems."); *In re Google Location Hist. Litig.*, No. 5:18-cv-05062-EJD, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports[.]'") (citation omitted). The Court finds that these documents contain confidential business information regarding Zazzle's internal process related to license purchase and creation design that, if publicly disclosed, would cause Zazzle competitive harm. *See OpenTV, Inc. v. Apple, Inc.*, No. 14-CV-01622-HSG, 2015 WL 5714851, at *2 (N.D. Cal. Sept. 17, 2015) (finding good cause to seal information relating to a company's internal process). On that basis, the Court GRANTS Defendants' request to seal this narrowly tailored information in highlighted parts in Exhibits F, U, Z, and Y to the Declaration of Thomas Nolan.

        **ii.** **Exhibit KK**

Exhibit KK to the Declaration of Thomas Nolan contains excerpts of the deposition transcript of Jason Li, Zazzle's 30(b)(6) witness. ECF 337 at 2. Defendants argue that the highlighted portions of Exhibit KK contains information that relates to the technical operation of Zazzle's proprietary Design Tool, whose the disclosure to the public will harm Defendants' competitive stand. ECF 337 at 3; ECF 337-1, Larson Decl. ¶ 7. In response, Plaintiff argues that the information is not confidential because it has "already [been] publicly disclosed on the docket in this case on two separate occasions." ECF 339 at 2 (citing ECF 49-2 ¶¶ 3-4 and ECF 102-6 ¶¶ 3-4).

1   The Court finds that Defendants have failed to provide compelling reasons for their request
2   to seal Exhibit KK to the Declaration of Thomas Nolan. The requested redaction contains
3   information about the location of Zazzle's font software and the information has been previously
4   publicly disclosed on this docket. *See* ECF 337-1 at 122; *see also* ECF 49-2 ¶¶ 3-4; ECF 102-6 ¶¶
5   3-4. Thus, Court DENIES the motion to seal as to the highlighted parts of Exhibit KK to the
6   Declaration of Thomas Nolan.

## III.  ORDER

For the foregoing reasons, the Court ORDERS redactions as outlined in the below chart. The Court directs Defendants to file a revised redacted version of the Motion for Summary Judgment that comports with the Court's order into the public record within 7 days from issuance of this order. *See* Civ. L.R. 79-5(f)(3).

| ECF No. | Document | Result | Reasoning |
|---|---|---|---|
| 338-10 /(337-3) | Ex. F to Nolan Declaration: excerpts of the deposition transcript of Mohamed Alkhatib, dated August 7, 2024 (highlighted portions at pages 206, 212, and 224–225) | GRANTED | The portion of the document contains confidential information regarding Zazzle's internal processes related to license purchases, public disclosure which would harm Zazzle's competitive position. Larson Decl. ¶¶ 3, 5. |
| 338-71 /(337-4) | Ex. U to Nolan Declaration: excerpts of the deposition transcript of Catherine Sheu, dated July 26, 2024 (highlighted portions at page 49) | GRANTED | The portion of the document contains confidential information regarding Zazzle's internal processes related to license purchases, public disclosure which would harm Zazzle's competitive position. Larson Decl. ¶¶ 3, 5. |
| 338-75 /(337-5) | Ex. Y to Nolan Declaration: Excerpts of the deposition transcript of Patrick Haley, dated July 16, 2024 (highlighted portions at page 60) | GRANTED | The portion of the document contains confidential information regarding Zazzle's internal processes related to creation of design, public disclosure which would harm Zazzle's competitive position. Larson Decl. ¶¶ 3, 6. |
| 338-76 /(337-6) | Ex. Z to Nolan Declaration: Excerpts Of the deposition transcript of Liana Larson, dated August 30, 2024 (highlighted portions at pages 33 and 52) | GRANTED | The portion of the document contains confidential information regarding Zazzle's internal processes related to license purchases, public disclosure which would harm Zazzle's competitive position. Larson Decl. ¶¶ |

| ECF No. | Document | Result | Reasoning |
|---|---|---|---|
| | | | 3, 5. |
| 338-91 /(337-7) | Ex. KK to Nolan Declaration: Excerpts of the deposition transcript of Jason Li, dated July 17, 2024 (highlighted portions at page 122) | DENIED | The portion of the document contains information which has been publicly disclosed in ECF 49-2 ¶¶ 3-4; ECF 102-6 ¶¶ 3-4. |
| 338-5 /(337-8) | Ex. C to Nolan Declaration: a November 2, 2016, message from Monica McGhie to Plaintiff | DENIED | Plaintiff does not request sealing. |
| 338-64 /(337-9) | Ex. N to Nolan Declaration: an email from Zazzle to Plaintiff dated August 16, 2021 | DENIED | Plaintiff does not request sealing. |
| 338-67 /(337-10) | Ex. Q to Nolan Declaration: An email from Zazzle to Plaintiff dated July 14, 2020 | DENIED | Plaintiff does not request sealing. |
| 338-79 /(337-11) | Ex. CC to Nolan Declaration: Excerpts of the deposition transcript of Thomas Phinney, dated November 4, 2024 | DENIED | Plaintiff does not request sealing. |
| 338-80 /(337-12) | Ex. DD to Nolan Declaration: Excerpts of the Deposition transcript of Daniel Garrie, dated November 11, 2024 | DENIED | Plaintiff does not request sealing. |
| 338-65 /(337-13) | Ex. O to Nolan Declaration: an email chain between Nicky Laatz Creations and a third-party dated January 29, 2020 | DENIED | Plaintiff does not request sealing. |

**IT IS SO ORDERED.**

Dated: February 5, 2025

_____
BETH LABSON FREEMAN
United States District Judge