QUINN EMANUEL URQUHART & SULLIVAN, LLP
RACHEL HERRICK KASSABIAN (Bar No. 191060)
*rachelkassabian@quinnemanuel.com*
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

WILLIAM F. PATRY (admitted pro hac vice)
*williampatry@quinnemanuel.com*
295 Fifth Avenue
New York, NY 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

ANDREW SCHAPIRO (admitted pro hac vice)
*andrewschapiro@quinnemanuel.com*
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606-1881
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

DANIEL C. POSNER (Bar No. 232009)
*danposner@quinnemanuel.com*
THOMAS D. NOLAN (Bar No. 238213)
*thomasnolan@quinnemanuel.com*
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443 3100

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ,<br><br>                    Plaintiff,<br><br>      vs.<br><br>ZAZZLE INC. and MOHAMED ALKHATIB,<br><br>                    Defendants.<br><br>ZAZZLE INC.,<br><br>                    Counter-Claimant,<br><br>      vs.<br><br>NICKY LAATZ,<br><br>                    Counter-Defendant. | Case No. 5:22-cv-04844-BLF-VKD<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT REGARDING APPLICATION FOR ADMISSION OF MIRANDA HULKA PRO HAC VICE**<br><br>Trial Date: July 14, 2025 |

**INTRODUCTION**

Punching down is not a good look. Especially when a senior partner in a law firm does it. Patrick Ryan's "Statement" concerning a routine (and unopposed!) *pro hac vice* motion not only lacks any factual or legal basis, it also cynically smears a hardworking young associate in a public filing, apparently because Mr. Ryan cannot let go of a discovery dispute that he justifiably lost long ago. It is Mr. Ryan who has violated the requirement that attorneys "[p]ractice with the honesty, care, and decorum required for the fair and efficient administration of justice," Civ. L.R. 11-4(a)(1) & (4), and he should be admonished for his unprofessional stunt.

**ANALYSIS**

Regarding the Local Rules: Rule 11-3(b) provides that an attorney should submit her application for admission *pro hac vice* with her "first appearance in the case." Ms. Hulka[1]—a third year attorney—has complied with that directive. She (like one attorney for Plaintiff who has not filed any notice of appearance in the case) has helped with (but never taken or defended) depositions in this case, and has accompanied partners to hearings before Magistrate Judge DeMarchi, in a supporting role. Declaration of Andrew H. Schapiro ("Schapiro Decl.") at ¶¶ 4, 5. She has made limited argument to Magistrate Judge DeMarchi, **with the Court's express permission**, without any objection from Plaintiff's counsel.[2] *Id.* ¶ 4. Ms. Hulka has never improperly "appeared" in this

---

[1] Ms. Hulka's (née Roberts) Application lists her name as Miranda Roberts, the name under which she was admitted to practice. Ms. Hulka is currently in the middle of the multistep process of legally taking her married last name, Hulka. As such, until that process is complete, and until the Illinois Supreme Court processes Ms. Hulka's motion for a name change, she remains listed as Miranda Roberts on the Illinois Supreme Court's Roll of Attorneys.

[2] *See* Schapiro Decl. at ¶ 4 & Exh. 2 (7.2.24 Hearing Transcript at 3:24-4:10):

> MR. SCHAPIRO: Good morning, your Honor. I'm Andrew Schapiro from Quinn Emanuel for the Defendants. I have my colleague, Ms. Hulka, with me, Miranda Hulka, who is awaiting the certificate of good standing that in its wise judgment, the State of Illinois only

1  case. *See Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 823 (9th Cir. 2009) (holding
2  attorney's work did not rise to the level of an "appearance" where he had never "argued in front of
3  the district court," did not sign briefs, and had "nonexclusive contact with the client"); *Santiago v.*
4  *Equable Ascent Fin.*, 2013 WL 3498079, at *4 (N.D. Cal. July 12, 2013) ("[A] lawyer who did not
5  sign briefs, did not argue cases, and who filtered his work through an in-state attorney ha[s] not
6  'appeared' before the court.").

7  In advance of the upcoming summary judgment hearing—at which, consistent with Quinn
8  Emanuel's practices for attorney development, Ms. Hulka will have the opportunity to handle a
9  portion of the argument—she duly filed her *pro hac vice* application. Schapiro Decl. ¶ 6.

10  Regarding Mr. Ryan's assertions about discovery disputes: his "Statement" is a transparent
11  attempt to relitigate—for a fourth time now—the alleged issue of "pending designs," on which
12  Plaintiff has lost again and again. (*See* Dkts. 287 and 288 (Magistrate Judge DeMarchi finding
13  pending designs irrelevant to any claim or defense), and Dkts. 314 and 333 (affirming the
14  Magistrate's decision)). Defendants are not seeking themselves to relitigate that issue here, except
15  to confirm that none of Ms. Hulka's statements at the referenced meet-and-confer discussions were
16  knowingly false, and that she made no statement that "Zazzle does not have data regarding pending
17  designs." Schapiro Decl. ¶ 9. Mr. Ryan's attempt to mischaracterize a meet-and-confer
18  discussion—of which, by design, there is no formal record—in a "Statement" pretextually related
19  to a junior attorney's *pro hac vice* application, and his decision to accuse her in a public filing of

---

provides by paper in hard copy for her pro hac application. And, so, I would ask – I think there's no objection from the other side – that she be allowed to participate today as well. I can attest to her good character and great skill.

THE COURT: Yeah. I'm happy to have Ms. Hulka argue whatever portion of the hearing she chooses to argue. So, thank you.

-2-    Case No. 5:22-cv-04844-BLF-VKD
DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT REGARDING APPLICATION FOR ADMISSION OF MIRANDA HULKA PRO HAC VICE

1  violating Standards of Professional Conduct, should not be tolerated.[3]

2        All parties and the Court are devoting attention to the upcoming hearing on Defendants'
3  Motion for Summary Judgment; but should the Court find further submissions from Defendants on
4  any of the above points helpful, Defendants will make them as soon as practicable.  Ms. Hulka's
5  application should be granted, and Mr. Ryan should be reprimanded for his disgraceful filing.

7  DATED:  February 24, 2025         QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                        By  */s/ Andrew H. Schapiro*
                                               Andrew H. Schapiro

                                       *Attorneys for Defendants*
                                       *Zazzle Inc. and Mohamed Alkhatib*

---

[3] Notably, Mr. Ryan's "Statement" was filed just 26 minutes after Ms. Hulka's Application itself—strongly suggesting it was pre-drafted for this purpose. *Id*. ¶ 6.

-3-            Case No. 5:22-cv-04844-BLF-VKD
DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT REGARDING APPLICATION FOR ADMISSION OF MIRANDA HULKA PRO HAC VICE