UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ZAZZLE, INC., et al.,<br><br>Defendants. | Case No. 22-cv-04844-BLF<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>[Re: ECF No. 362] |

Before the Court is Plaintiff Nicky Laatz's ("Plaintiff") Administrative Motion to Consider Whether Another Party's Material Should be Sealed. ECF 362. For the reasons stated below, the Court DENIES the motion.

I.  **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5 requires the

1  moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-
2  5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ.
3  L.R. 79-5(c)(3).

4         Further, when a party seeks to seal a document because it has been designated as confidential
5  by another party, the filing party must file an Administrative Motion to Consider Whether Another
6  Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing party need not satisfy
7  the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the party who designated the
8  material as confidential must, within seven days of the motion's filing, file a statement and/or
9  declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(3). A designating
10 party's failure to file a statement or declaration may result in the unsealing of the provisionally
11 sealed document without further notice to the designating party. *Id.* Any party can file a response
12 to that declaration within four days. Civ. L.R. 79-5(f)(4).

## II.  DISCUSSION

14         On February 27, 2025, Plaintiff filed an administrative motion to consider whether another
15 party's materials should be sealed ("Motion") in connection with her slides ("Slides") presented at
16 the hearing on Defendants' motion for summary judgment. *See* ECF No. 362. Plaintiff identified
17 portions of her Slides as containing information designated by Defendants, as "confidential or highly
18 confidential" pursuant to a protective order in at ECF 153. ECF 362 at 2. The 10-day deadline to
19 file a statement or declaration under Civil Local Rule 79-5(f)(3) ran on March 9, 2025. As of the
20 date of the entry of this order, no party has filed a statement or declaration under Civil Local Rule
21 79-5(f)(3) regarding the materials Plaintiff provisionally filed under seal in connection with her
22 Slides. Accordingly, the Court DENIES Plaintiff's Motion.

## III.  ORDER

24         For the foregoing reasons, the Court ORDERS redactions as outlined in the below chart. The
25 Court directs Plaintiff to file a revised redacted version of the Slides that comports with the Court's
26 order into the public record within 7 days from issuance of this order. *See* Civ. L.R. 79-5(f)(3).

27 //
28 //

| ECF | Document | Portion(s) Requested to Seal | Ruling |
|---|---|---|---|
| ECF 362-2 | Slides used at the hearing for Defendants' motion for summary judgment | Highlighted portions in slides 54, 55, 68, 70, 71, 72, 75, 76, 106, 133, 135. | DENIED because no statement or declaration under Civil Local Rule 79-5(f)(3) has been filed. |

For the foregoing reasons, IT IS HEREBY ORDERED that:

Dated: March 13, 2025

_____
BETH LABSON FREEMAN
United States District Judge

3