# EXHIBIT P

ATTORNEYS' EYES ONLY - HIGHLY CONFIDENTIAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

NICKY LAATZ,                    ) Case No.

            Plaintiff,          ) 5:22-cv-04844-

        VS.                     ) BLF-VKD

ZAZZLE, INC., and              )

MOHAMED ALKHATIB,              ) Pages 1-320

            Defendants.         )

_____)

AND RELATED ACTIONS.     )

_____)

        ATTORNEYS' EYES ONLY - HIGHLY CONFIDENTIAL

VIDEOTAPED DEPOSITION OF:

        DOMINIC PERSECHINI

        THURSDAY, NOVEMBER 7, 2024

        9:04 A.M.

Reported by:  LINDA NICKERSON

            CSR No. 8746

                                          Page 1

ATTORNEYS' EYES ONLY - HIGHLY CONFIDENTIAL

legal opinions here, but I definitely used this            10:17:44

notion of incremental profitability in -- I think          10:17:47

essentially almost every case I've worked on that          10:17:50

dealt with profits.                                         10:17:53

BY MR. NOLAN:                                               10:17:54

    Q    Right.  You're describing the source of it     10:17:54

as -- of this incremental standard as Economics 101        10:17:56

as opposed to the Copyright Act or as opposed to           10:17:59

case law; is that right?                                   10:18:04

        THE REPORTER:  I'm sorry.  As opposed to

the what act?

BY MR. NOLAN:

    Q    The Copyright Act or case law; is that         10:18:05

right?                                                      10:18:05

        MR. ABRAHAM:  Objection; compound.             10:18:05

        THE WITNESS:  There may be case law that       10:18:07

goes to incremental expense, but none comes to mind.       10:18:09

BY MR. NOLAN:                                               10:18:12

    Q    Yeah.  That's not the source of your          10:18:12

standard, though?  You're not pulling the                  10:18:13

incremental standard from case law?  It's from --          10:18:15

it's from what you understand to be economic               10:18:18

principles?                                                 10:18:20

    A    I guess the best way that I can answer that    10:18:20

is I don't point specifically to any case law that         10:18:24

Page 67

arithmetic.  So in that sense, it's math and numbers 01:54:11

which are also used in economics? 01:54:12

A    Sure. 01:54:15

Q    My question is whether this theory sounds 01:54:16

for you in the field of economics at all. 01:54:20

A    Sounds what?  I'm sorry. 01:54:23

Q    Whether it -- whether you understand it to 01:54:26

be a theory based on economics or at all or not? 01:54:29

MR. ABRAHAM:  Objection; vague and 01:54:33

ambiguous, incomplete hypothetical, calls for a 01:54:35

legal conclusion. 01:54:40

THE WITNESS:  I think the best way to 01:54:40

answer that is, look it, I mean there's a price to 01:54:41

be paid when you use or access the goods, and the 01:54:44

allegation here is that Zazzle used and accessed the 01:54:47

goods ▮▮▮▮▮ times. 01:54:56

So they would need to pay -- if that case 01:54:56

law holds and that framework is valid, they would 01:54:58

need to pay $14 ▮▮▮▮▮ times.  I don't see a 01:55:02

problem with that. 01:55:07

BY MR. NOLAN: 01:55:07

Q    Again, you're not claiming that that's a 01:55:07

reasonable royalty owed, right? 01:55:09

A    I'm not opining to a reasonable royalty. 01:55:10

Q    Right.  You're not claiming that there is 01:55:13

Page 202

ATTORNEYS' EYES ONLY - HIGHLY CONFIDENTIAL

BY MR. NOLAN:                                           02:02:51

     Q    Right, I understand that.  My -- my           02:02:51

question to complete that circle is that, in fact,     02:02:54

it does not matter whether Zazzle or any similarly     02:02:56

situated party or any reasonable hypothetical party    02:03:01

would, in fact, agree to the either 14 or $20          02:03:04

additional fee for each additional user as you         02:03:10

described?  It doesn't matter?                          02:03:13

          MR. ABRAHAM:  Objection -- objection; calls   02:03:15

for a legal conclusion, objection to the narrative,    02:03:16

asked and answered, incomplete hypothetical, and       02:03:20

calls for speculation.                                 02:03:22

          THE WITNESS:  Again, my analysis does not    02:03:22

look at kind of a hypothetical negotiation, willing    02:03:27

licensor, willing licensee.  That's not the            02:03:30

framework I use.                                        02:03:32

          MR. NOLAN:  All right.  It's an hour.  Do     02:03:39

you want to take a break?                              02:03:42

          MR. ABRAHAM:  Yeah, sure.                     02:03:43

          MR. NOLAN:  Okay.                             02:03:46

          THE VIDEOGRAPHER:  We are -- we are off the   02:03:46

record.  The time is 2:03 p.m.                         02:03:48

               (Recess taken.)                          02:03:51

          THE VIDEOGRAPHER:  We are back on the         02:16:54

record.  The time is 2:16 p.m.                         02:16:58

Page 210

ATTORNEYS' EYES ONLY - HIGHLY CONFIDENTIAL

STATE OF CALIFORNIA    )

                       )   ss

COUNTY OF ORANGE       )

        I, LINDA NICKERSON, CSR #8746, in and for the State of California do hereby certify:

        That, prior to being examined, the witness named in the foregoing deposition was by me duly sworn to testify the truth, the whole truth, and nothing but the truth;

        That said deposition was taken down by me in shorthand at the time and place therein named, and thereafter reduced to typewritten form at my direction, and the same is a true, correct, and complete transcript of the testimony at said proceedings.

        Before completion of the deposition, review of transcript [X] was [ ] was not requested.  If requested, any changes made by the deponent (and provided to the reporter) during the period allowed are appended hereto.

        I further certify that I am not interested in the event of the action.

WITNESS MY HAND this 12th day of November, 2024.

LINDA NICKERSON, CSR No. 8746

Veritext Legal Solutions
Calendar-CA@veritext.com 866-299-5127