# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>ZAZZLE, INC., et al.,<br><br>   Defendants. | Case No.  22-cv-04844-BLF<br><br>**AMENDED ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTON TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>[Re:  ECF No. 362] |

Before the Court is Plaintiff Nicky Laatz's ("Plaintiff") Administrative Motion to Consider Whether Another Party's Material Should be Sealed. ECF 362. On March 6, 2025, Defendants Zazzle Inc. ("Zazzle") and Mohamed Alkhatib's (collectively, "Defendants") filed a statement in support of sealing the materials identified in Plaintiff's motion. ECF 370. Plaintiff did not submit any response to Defendants' statement in support of sealing.

For the reasons stated below, the Court GRANTS the motion.

## I.   LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the

general history of access and the public policies favoring disclosure." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," however, are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotations omitted)). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1180. This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

**II.   DISCUSSION**

Because the sealing motion concerns Plaintiff's slides used in the hearing on Defendants' Motion for Summary Judgement, the Court will apply the "compelling reasons" standard. *See* Music Grp. Macao Com. Offshore Ltd. v. Foote, 2015 WL 3993147, at *2 (N.D. Cal. June 30, 2015).

Plaintiff's sealing motion identifies certain slides that contain confidential information designated by Defendants. ECF 362. Defendants request the sealing of all portions identified by Plaintiff. ECF 370 at 2. Defendants argue that those slides contain confidential information "relating

1   to Zazzle's electronic systems, including the number of Zazzle's servers; technical details of the
2   operation of Zazzle's proprietary Design Tool; and details of Zazzle's internal business processes
3   related to the evaluation of potential new fonts, including the decision to purchase new fonts, the
4   evaluation of license terms for those new fonts, and the prices paid for those licenses." ECF 370 at
5   3.

6         The Court agrees with Defendants as to their unopposed redactions in Plaintiff's slides used
7   in the hearing on Defendants' Motion for Summary Judgement. The Court finds that Defendants
8   have established compelling reasons to seal information that would reveal confidential information
9   about Zazzle's internal technical operations and internal business processes. *See, e.g., In re Elec.*
10  *Arts*, 298 F. App'x. 568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business
11  information that might harm a litigant's competitive strategy"); *Music Grp. Macao Com. Offshore*
12  *Ltd. v. Foote*, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015) ("[T]he Court finds a compelling
13  reason to seal the portions of this exhibit that discuss Plaintiff's network infrastructure and security
14  systems."); *In re Google Location Hist. Litig.*, No. 5:18-cv-05062-EJD, 514 F. Supp. 3d 1147, 1162
15  (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies,
16  product development plans, detailed product-specific financial information, customer information,
17  internal reports[.]'") (citation omitted); *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. C 10-3724
18  CW, 2014 WL 7387206, at *1 (N.D. Cal. Dec. 19, 2014) (granting motion to seal references to
19  "confidential customer lists, business practices and testing procedures"). Additionally, the Court
20  finds Zazzle's sealing requests to be narrowly tailored so that there is no less restrictive alternative
21  to redacting the information at issue.
22  //
23  //
24  //
25  //
26  //
27  //
28  //

### III.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

| ECF | Document | Portion(s) Requested to Seal | Ruling |
|---|---|---|---|
| ECF 362-2 | Slides used at the hearing for Defendants' motion for summary judgment | Highlighted portions in slides 54, 55, 68, 70, 71, 72, 75, 76, 106, 133, 135. | GRANTED for containing details of the technical operation of Zazzle's proprietary Design Tool and of Zazzle's servers and information on Zazzle's internal business process. |

Dated:  May 16, 2025

*[signature]*

BETH LABSON FREEMAN
United States District Judge

4