**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| NICKY LAATZ, et al., <br><br>   Plaintiffs, <br><br> v. <br><br> ZAZZLE, INC., et al., <br><br>   Defendants. | Case No. 22-cv-04844-BLF <br><br> **ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** <br><br> [Re: ECF No. 373] |

Before the Court are Plaintiff's Administrative Motion to File Under Seal and To Consider Whether Defendants' Material Should be Sealed, filed in connection with their Administrative Motion for Leave to File Sur-Reply. ECF 373. Defendants filed a statement in response to Plaintiff's motion. ECF 383. For the reasons stated below, the Court DENIES the motion.

**I.   LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, *inter alia*, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant

sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79- 5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3). Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party. *Id.* Any party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

## II.   DISCUSSION

In her motion, Plaintiff identified portions of her Administrative Motion for Leave to File Sur-Reply, the Declaration of Casey Mathews in Support Thereof and its attached exhibits, and Nicky Laatz's Proposed Sur-Reply to Defendants' Motion for Summary Judgment contain information that Defendants have designated confidential or highly confidential pursuant to the Protective Order in this case at ECF 153. Defendants state that they "have no objection to these provisionally sealed documents being unsealed." ECF 383 at 1.

Accordingly, the Court DENIES Plaintiff's Motion.

## III.  ORDER

For the foregoing reasons, the Court ORDERS redactions of the following documents:

1. Plaintiff's Administrative Motion for Leave to File Sur-Reply (ECF 374);
2. Declaration of Casey Mathews in Support Thereof (ECF 374-1) and the attached Exhibit 2 (ECF 374-3), Exhibit 3 (ECF 374-4) and Exhibit 4 (ECF 374-5), and
3. Plaintiff's Proposed Sur-Reply to Defendants' Motion for Summary Judgment, (ECF 374-6).

1  The Court directs Plaintiff to file a revised redacted version of those documents that
2 comports with the Court's order into the public record within 7 days from issuance of this order. *See*
3 Civ. L.R. 79-5(f)(3).

5 Dated: May 16, 2025

_____
BETH LABSON FREEMAN
United States District Judge