UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ZAZZLE, INC., et al.,<br><br>    Defendants. | Case No.  22-cv-04844-BLF<br><br>**ORDER GRANTING DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>[Re: ECF No. 391] |

Before the Court is Defendants Zazzle Inc. ("Zazzle") and Mohamed Alkhatib's (collectively, "Defendants") Administrative Motion to File Under Seal certain portions of the transcript of the hearing on Defendants' motion for summary judgment held on February 27, 2025. ECF 391. Plaintiff Nicky Laatz's ("Plaintiff") filed an opposition. ECF 392.

Having reviewed the Parties' submissions and applicable sealing law, the Court GRANTS Defendant's requests to seal.

**I.  LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Ctr. for Auto Safety v.*

*Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," however, are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotations omitted)). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1180. This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); see Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: i) the legitimate private or public interests that warrant sealing; ii) the injury that will result if sealing is denied; and iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

**II.   DISCUSSION**

Because the sealing motion concerns Plaintiff's slides used in the hearing on Defendants' Motion for Summary Judgement, the Court will apply the "compelling reasons" standard. *See Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 3993147, at *2 (N.D. Cal. June 30, 2015).

Defendants argue that the portions they seek to seal "contain confidential information relating to Zazzle's electronic systems, including the number of Zazzle's servers, and details of Zazzle's internal business processes related to the evaluation of potential new fonts, including the decision to purchase new fonts, the evaluation of license terms for those new fonts, and the prices

1  paid for those licenses." ECF 391 at 2. Defendants argue that this information is "confidential and
2  commercially sensitive" and its public disclosure would harm Zazzle's "competitive standing." *Id.*
3        In response, Plaintiff argues that Defendants have failed to articulate the compelling
4  reasons for the sealing of this information. ECF 392 at 1. Plaintiff contends that Defendants have
5  failed to explain how this information is "commercially sensitive" because the information
6  considered by Defendants "came from publicly available websites." *Id.* at 2.
7        The Court finds that Defendants have established compelling reasons to seal information
8  that would reveal confidential information regarding details of Zazzle's electronic systems and
9  Zazzle's business practices and strategies min evaluating licenses. *See, e.g.*, *In re Elec. Arts*, 298 F.
10 App'x. 568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business information that
11 might harm a litigant's competitive strategy"); *Music Grp. Macao Com. Offshore Ltd. v. Foote*,
12 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015) ("[T]he Court finds a compelling reason to seal
13 the portions of this exhibit that discuss Plaintiff's network infrastructure and security systems."); *In*
14 *re Google Location Hist. Litig.*, No. 5:18-cv-05062-EJD, 514 F. Supp. 3d 1147, 1162 (N.D. Cal.
15 Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product
16 development plans, detailed product specific financial information, customer information, internal
17 reports[.]'") (citation omitted). Additionally, the Court finds Defendants' sealing requests to be
18 narrowly tailored so that there is no less restrictive alternative to redacting the information at issue.

### III. ORDER

For the foregoing reasons, the Court ORDERS redactions as outlined in the below chart.

| ECF No. | Document | Poritons | Result |
|---|---|---|---|
| 368 | Provisionally Sealed Transcript of Proceedings held on 02/27/2025 | 75:22-23; 90:2, 5-6, 18-20, 90:22-91:2; 91:7, 11 | GRANTED because those portions contain confidential information regarding Zazzle's electronic systems and Zazzle's internal business process for evaluating and purchasing font licenses.  Larson Decl. ¶¶ 4-5. |

Dated: May 16, 2025

BETH LABSON FREEMAN
United States District Judge