QUINN EMANUEL URQUHART & SULLIVAN, LLP
RACHEL HERRICK KASSABIAN (Bar No. 191060)
*rachelkassabian@quinnemanuel.com*
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

ANDREW SCHAPIRO (admitted *pro hac vice*)
*andrewschapiro@quinnemanuel.com*
MIRANDA M. HULKA (admitted *pro hac vice*)
mirandahulka@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606-1881
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

DANIEL C. POSNER (Bar No. 232009)
*danposner@quinnemanuel.com*
THOMAS D. NOLAN (Bar No. 238213)
*thomasnolan@quinnemanuel.com*
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443 3100

WILLIAM F. PATRY (admitted *pro hac vice*)
*williampatry@quinnemanuel.com*
KATY AKOPJAN (admitted *pro hac vice*)
*katyakopjan@quinnemanuel.com*
295 Fifth Avenue
New York, NY 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Attorneys for Defendants Zazzle Inc. and Mohamed Alkhatib

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ,<br><br>Plaintiff,<br><br>vs.<br><br>ZAZZLE INC. and MOHAMED ALKHATIB,<br><br>Defendants.<br><br>ZAZZLE INC.,<br><br>Counter-Claimant,<br><br>vs.<br><br>NICKY LAATZ,<br><br>Counter-Defendant. | Case No. 5:22-cv-04844-BLF-VKD<br><br>**DECLARATION OF THOMAS NOLAN IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION UNDER LOCAL RULE 7-9(b)**<br><br>Judge: Hon. Beth Labson Freeman<br>Trial Date: February 17, 2026 |

I, Thomas Nolan, declare as follows:

1.      I am counsel at Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), attorneys for Defendants Zazzle Inc. ("Zazzle") and Mohamed Alkhatib (together, "Defendants") in the above-captioned matter.  I make this declaration in support of Defendants' Motion for Leave to File Motion for Reconsideration Under Local Rule 7-9(b), have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify to such facts under oath.

2.      Attached as Exhibit A is a true and correct copy of exceprts of the transcript of the February 27, 2025 hearing on Defendants' Motion for Summary Judgment before the Honorable Judge Beth Labson Freeman.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this 4th day of June, 2025 in Culver City, California.

By */s/ Thomas Nolan*
Thomas Nolan

Case No. 5:22-cv-04844-BLF-VKD
DECLARATION OF THOMAS NOLAN

**ATTESTATION**

I, Andrew H. Schapiro, am the ECF user whose ID and password are being used to file the above Declaration. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Thomas Nolan has concurred in the aforementioned filing.

By */s/ Andrew H. Schapiro*
Andrew H. Schapiro

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| LAATZ, ET AL, | ) | CV-22-4844-BLF |
| | ) | |
| PLAINTIFFS, | ) | SAN JOSE, CALIFORNIA |
| | ) | |
| VS. | ) | FEBRUARY 27, 2025 |
| | ) | |
| ZAZZLE, INC., ET AL, | ) | PAGES 1-112 |
| | ) | |
| DEFENDANTS. | ) | **\*SEALED\*** |
| | ) | |
| _____ | ) | |

SEALED TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE BETH LABSON FREEMAN
UNITED STATES DISTRICT JUDGE

A P P E A R A N C E S:

FOR THE PLAINTIFF:        BARTKO, LLP
                          1100 SANSOME STREET
                          SAN FRANCISCO, CA 94111
                          BY:  **STEPHEN CORY STEINBERG**
                               **PATRICK CASEY MATHEWS**
                               **NATALIE FELSEN**


FOR THE DEFENDANT:        QUINN EMANUEL URQUHART & SULLIVAN, LLP
                          191 N. UPPER WACKER DRIVE, SUITE 2700
                          CHICAGO, IL 60606
                          BY:  **ANDREW SCHAPIRO**
                               **MIRANDA HULKA**


APPEARANCES CONTINUED ON THE NEXT PAGE


OFFICIAL COURT REPORTER:     SUMMER FISHER, CSR, CRR
                             CERTIFICATE NUMBER 13185


PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
TRANSCRIPT PRODUCED WITH COMPUTER

AS TEXT, PROVIDED THAT THEY WERE HAND-CODED RATHER THAN CREATED BY A FONT DESIGN PROGRAM.

THE COURT:  SO I ASKED THIS QUESTION.  SO THE PLAINTIFF ARGUES IN THEIR BRIEF THAT IT ACTUALLY IS A COMPUTER PROGRAM AND IT SHOULD BE CONSIDERED UNDER THE 1992 DECISION.

IN YOUR REPLY YOU POINT OUT, THAT'S ALL WELL AND GOOD BUT THAT'S NOT THE POINT BECAUSE HER COPYRIGHT WAS NOT ISSUED AS A COMPUTER PROGRAM SO SHE CAN'T ARGUE VALIDITY UNDER A DIFFERENT THEORY OF COPYRIGHTABILITY.  SO HELP ME OUT WITH THAT.

MR. POSNER:  YEAH.  WELL I THINK FOR ONE THING, IT'S UNDISPUTED SHE DID NOT GET REGISTRATIONS AS COMPUTER PROGRAMS, AND THAT --

THE COURT:  YOU ARE TRYING TO INVALIDATE IT.  SO THEY ARE SAYING, WELL EVEN IF IT DOESN'T QUALIFY HERE AS IT WAS ISSUED, IT QUALIFIES IT HERE AS A COMPUTER PROGRAM, AND THE EXAMINER WAS WRONG AND SHOULDN'T HAVE EXCLUDED THIS.

SO IS THAT EVEN AN ARGUMENT THAT I CAN CONSIDER?  I MEAN, THIS KIND OF INVALIDITY WOULD NORMALLY GO BACK TO THE COPYRIGHT OFFICE AND NOT TO ME, SO I'M STRUGGLING.

MR. POSNER:  AND IT COULD HAVE AND SHOULD HAVE GONE BACK TO THE COPYRIGHT OFFICE.

SO THIS IS HIGHLY UNUSUAL AND I THINK YOUR HONOR IS RIGHT TO BE CONFUSED ABOUT IT.  THEY HAVE A REGISTRATION IN FONT DATA AND THEY KNOW THAT THAT REGISTRATION IS VALID ONLY IF THEY CAN SHOW SHE HAND-CODED THE FONT DATA RATHER THAN USED A

FONT-GENERATING COMPUTER PROGRAM TO GENERATE IT.

THEY KNOW THEY CANNOT MEET THAT STANDARD, AND WE SUBMIT THE ONLY REASON WHY THEY DID IS BECAUSE THEY MISLEAD THE COPYRIGHT OFFICE ABOUT IT.

SO WHAT THEY ARE DOING HERE, AND REALLY WHAT THE WHOLE INDUSTRY IS DOING NOW, IS SAYING ODDLY, THAT EVEN THOUGH THEY HAVE THIS REGISTRATION, RATHER THAN DEFEND WHAT THEY HAVE, THEY WANT TO SHOW THAT THE COPYRIGHT OFFICE GOT IT WRONG AND THE EXAMINER MESSED UP AND GAVE THEM THE WRONG REGISTRATION AND THAT THEY SHOULD HAVE BEEN GIVEN A COMPUTER PROGRAM REGISTRATION.

BUT YOUR HONOR IS RIGHT ON TWO POINTS:  ONE, THEY DO NOT HAVE A COMPUTER PROGRAM REGISTRATION, THAT'S NOT WHAT THEY HAVE ASSERTED AGAINST US IN THIS LAWSUIT --

THE COURT:  AND I CAN'T GIVE HER ONE, I DON'T GIVE COPYRIGHTS.

MR. POSNER:  SO THE REMEDY THERE IS TO INVALIDATE WHAT THEY HAVE AND THE IMPLICATIONS WILL FLOW FROM THAT, BUT THAT'S NOT THE REGISTRATION THEY HAVE.

BUT TO GIVE YOUR HONOR SOME COMFORT, THE COPYRIGHT OFFICE DID KNOW ERR IN FAILING TO GIVE THEM A COMPUTER PROGRAM REGISTRATION, THE EXAMINER COULD NOT HAVE BEEN MORE CLEAR ABOUT IT, IT'S RIGHT HERE ON THIS SLIDE, IT SO HAPPENS, "WE NO LONGER DO THIS," AND IN ANOTHER SLIDE HE SAYS "WE DON'T DO THIS BECAUSE FONT DATA IS NOT A COMPUTER PROGRAM BECAUSE IT DOES NOT

YOU THAT IT'S UNDISPUTED THAT SHE HAS NO VALID COPYRIGHT UNDER THE GROUNDS THAT IT WAS ISSUED BECAUSE -- THEN I'M AT THE FRAUD.  THE ONLY WAY I REACH THAT IS YOUR FRAUD CLAIM.

MR. POSNER:  NO, YOUR HONOR, IF YOUR HONOR -- SHE HAS A COPYRIGHT REGISTRATION IN FONT DATA, NOT SOURCE CODE, NOT A COMPUTER PROGRAM, SHE HAS A FONT DATA COPYRIGHT REGISTRATION, THAT IS THE REGISTRATION THAT SHE NEEDS TO DEFEND THE VALIDITY OF IN THIS CASE.

AND SHE HAS NOT DONE THAT AND WE KNOW SHE HAS NOT DONE THAT BECAUSE SHE'S TRYING TO TURN THE ISSUE TO SOMETHING ELSE AND SAYING, OH WELL I SHOULD HAVE GOTTEN A COMPUTER PROGRAM REGISTRATION.  BUT IF YOUR HONOR DETERMINES THAT SHE SHOULD NOT HAVE RECEIVED THE FONT DATA REGISTRATION BECAUSE SHE DID NOT -- SHE USED A COMPUTER PROGRAM TO CREATE IT, THEN THE REMEDY IS TO INVALIDATE THE REGISTRATION SHE HAS, AND SHE ASSERTED IN THAT LAWSUIT AND THAT'S REALLY THE END OF STORY FOR THIS COURT.

THE COURT:  SO IT WOULD BE SUDDENLY THE COPYRIGHT OFFICE TO AGAIN PRESENT THIS AS A COMPUTER PROGRAM.

MR. POSNER:  WHICH WOULD HAVE IMPLICATIONS ON THIS CASE BECAUSE YOU NEED A VALID REGISTRATION BEFORE YOU CAN FILE A LAWSUIT.  I WOULD SAY SHE HAD REMEDIES IN THE COPYRIGHT OFFICE IF SHE FELT THE COPYRIGHT OFFICE WAS WRONG TO REJECT HER COMPUTER PROGRAM REGISTRATION, THERE IS A WHOLE APPEAL PROCESS THERE.

YOU CAN EVEN ACCEPT A REJECTION AND THEN FILE SUIT, THE

STATUTE ALLOWS YOU TO DO THAT, BUT THEY TOOK THEIR REGISTRATION, AND NOW INSTEAD OF DEFENDING THE ONE THEY HAVE, THEY ARE ARGUING THEY SHOULD HAVE RECEIVED SOMETHING ELSE, THAT IS IMPROPER.

THE COURT:  WELL SHE ONLY -- I BELIEVE, AS I RECALL FROM THE EARLY MOTIONS TO DISMISS, SHE ONLY SOUGHT TO REGISTER THIS WHEN SHE WAS READY TO SUE, 2021.

MR. POSNER:  IT WAS DAYS BEFORE, AND THAT MATTERS WHEN WE GET TO THE FRAUD ARGUMENT, IT ALSO MATTERS WHEN WE GET TO THIS ARGUMENT THAT I'M TALKING ABOUT NOW BECAUSE THEY RECOGNIZED THEY WERE IN TROUBLE, THEY APPLIED FOR THE COMPUTER PROGRAMMING AND RIGHT AWAY THE EXAMINERS, I CAN'T DO IT THAT WAY, I CAN DO IT IF YOU DIDN'T USE A COMPUTER PROGRAM.  AND INSTEAD OF SAYING OKAY, WE WILL TAKE THAT, THEY PUSHED BACK, AND THEY PUSHED BACK, AND THEY PUSHED BACK UNTIL THEIR BACKS WERE AGAINST THE WALL.

THE COURT:  BUT I DON'T NEED -- WHAT I'M TRYING TO MAKE SURE, IN YOUR VIEW, I DON'T NEED TO DECIDE WHETHER OR NOT THE COPYRIGHT EXAMINER WAS INCORRECT IN REJECTING IT AS A COMPUTER PROGRAM AND I DON'T NEED TO DECIDE WHETHER OR NOT THE 1992 DECISION OR COMPENDIUM WOULD HAVE REQUIRED THE COPYRIGHT OFFICE TO EVALUATE THE APPLICATION AS A COMPUTER PROGRAM.

MR. POSNER:  I AGREE WITH THAT, YOUR HONOR.  THAT'S NOT THE REGISTRATION THAT THEY HAVE AND THAT THEY HAVE ASSERTED IN THIS CASE.  BUT I WOULD LIKE TO GIVE YOUR HONOR COMFORT THAT

COPYRIGHT OFFICE IS THE EXPORT OF THE CODE CORRESPONDING TO THE COMPUTER PROGRAM THAT SHE CREATED, EXACTLY AS REQUIRED BY COPYRIGHT OFFICE RULES.

BOTH MR. PHINNEY AND MR. SANDLER HAVE TESTIFIED THAT WHAT THE NORMAL PRACTICE IS WHEN YOU CREATE A COMPUTER PROGRAM, YOU EXPORT IT INTO A HUMAN-READABLE PRINTOUT.  THAT IS WHAT'S REQUIRED AND THAT'S EXACTLY WHAT SHE DID AND THAT'S WHAT SHE SUBMITTED.

HOW THE EXAMINER CHOSE TO DESCRIBE IT HIMSELF, ULTIMATELY DOES NOT IMPACT WHAT DID SHE ACTUALLY CREATE AS A HUMAN BEING, WHAT DOES HER HUMAN AUTHORSHIP COVER.  AND THE SOURCE CODE SHE SUBMITTED AND THE EXECUTABLE FILES THAT SHE CREATED ORIGINALLY ARE PART IN PARCEL OF THE SAME THING.

THE COURT:  SO THE PROBLEM THAT I THINK YOU HAVE IS THAT LET'S ASSUME THE EXAMINER WAS INCORRECT IN NOT ALLOWING HER TO SUBMIT THIS AS A COMPUTER PROGRAM, I WILL JUST TAKE THAT FOR THE SAKE OF ARGUMENT.  SHE GOT HER REGISTRATION, SHE GOT IT AS FONT DATA, AND THE QUESTION IS, IS IT A VALID COPYRIGHT AS FONT DATA?

AND THAT'S THE ARGUMENT.  AND I AGREE WITH THE DEFENSE, I HAVEN'T DECIDED THAT, IF I AGREE WITH THE DEFENSE, I AM NOT GOING TO CONSIDER WHETHER THERE WAS AN ALTERNATE ROUTE FOR THE EXAMINER TO APPROVE IT, BECAUSE SHE SHOULD HAVE BROUGHT THAT TO THE EXAMINER.

THAT'S OUTSIDE MY AUTHORITY, AND I CAN'T EVALUATE WHETHER

IT WAS -- WOULD HAVE BEEN VALID UNDER A DIFFERENT SET OF CRITERION.

SO YOU CAN'T WIN THAT HERE.

MR. STEINBERG:  BUT THE QUESTION ON VALIDITY, YOUR HONOR, IS NOT HOW DID THE EXAMINER CHOOSE TO DESCRIBE IT, AND WHAT WE HAVE SHOWN IS THAT THE COPYRIGHT OFFICE IS COMPLETELY INCONSISTENT IN HOW THEY DESCRIBE THESE THINGS AND THE U.S. CODE SAYS --

THE COURT:  IF THAT'S THE CASE THEN I WILL SEND YOU BACK TO THE COPYRIGHT OFFICE.  THIS IS NOT AN ISSUE FOR A DISTRICT COURT TO DECIDE THE WAY YOU HAVE TEED IT UP.  YOU ARE ASKING ME TO BE A COPYRIGHT EXAMINER, AND NOW TO PULL ALL THE COMPENDIUM AND THE 1992 DECISION AND DECIDE WHETHER SHE CAN BE ISSUED A COPYRIGHT AS A COMPUTER PROGRAM, AND THAT'S NOT FOR ME TO DO.

MR. STEINBERG:  SO I'M NOT ASKING YOU TO DECIDE WHETHER THE ISSUANCE OR WHETHER THE LANGUAGE WAS PRECISE ON THE CERTIFICATE ITSELF, BUT WHEN YOU ARE LOOKING AT DID SHE EXERCISE THE NECESSARY LEVEL OF HUMAN AUTHORSHIP TO HAVE COPYRIGHTS IN THIS SOFTWARE, IT NEEDS --

THE COURT:  BUT THIS IS WHAT YOU ARE IGNORING, WE'VE GOT THE DIVIDE BETWEEN THE CRITERION FOR FONT DATA TO BE COPYRIGHTED VERSUS THE CRITERION FOR A COMPUTER PROGRAM TO BE COPYRIGHTED.  AND I UNDERSTAND THEY ARE DIFFERENT, THAT'S WHY YOU ARE FIGHTING THIS SO MUCH.

MR. STEINBERG:  WE RESPECTFULLY DISAGREE.

THERE IS NO PHRASE "FONT DATA" IN THE COMPENDIUM, THAT PHRASE DOESN'T EXIST IN THE COMPENDIUM, "FONT DATA" DOES NOT EXIST.  IT DOESN'T EXIST IN THE 1992 REGULATION AND DECISION, IT DOESN'T EXIST IN THE ADOBE CASE.

THE PHRASE "FONT DATA" IS AMBIGUOUS AND CREATED PERHAPS FROM WHOLE CLOTH BY THIS EXAMINER.  AND THE EVIDENCE OF THESE OTHER REGISTRATIONS SAYS THAT DIFFERENT EXAMINERS DESCRIBE FONT DATA -- FONT SOFTWARE IN DIFFERENT WAYS.

SO IT'S NOT LIKE THERE IS A SECTION OF THE COMPENDIUM THAT SAYS HERE'S HOW YOU REGISTER FONT DATA VERSUS A SECTION THAT SAYS HERE'S HOW YOU REGISTER COMPUTER PROGRAMS.  WHAT IT SAYS IS WHEN YOU HAVE CREATED A PIECE OF SOFTWARE THAT GENERATES A TYPEFACE, HERE IS WHAT YOU DO.  AND THE 1992 REGULATION AND DECISION --

THE COURT:  SHE DIDN'T CREATE SOFTWARE THOUGH.

MR. STEINBERG:  SHE DID.

THE COURT:  SHE IS A GRAPHIC DESIGNER, SHE HAND DRAWS THINGS.  DO YOU HAVE ANY EVIDENCE THAT SHE'S AN ENGINEER AND CAN WRITE CODE?  NOTHING.

MR. STEINBERG:  WELL SHE DID -- PART OF HER TESTIMONY IS THAT SHE DID WRITE PART OF THE CODE.  AND WHEN I SAY WRITE IT, I MEAN SHE MANUALLY TYPED PARTS IT.

LET'S TALK ABOUT WHAT SHE DID.

CAN WE GO TO THE SLIDE THAT DESCRIBES IN SOME DETAIL WHAT

SHE DID?

THE COURT:  I JUST THINK THIS IS A WHOLE RED HERRING ARGUMENT.  I JUST THINK YOUR WHOLE ARGUMENT ON ME DECIDING WHETHER THIS WAS PROPERLY -- THAT COPYRIGHT IS VALID BECAUSE IT QUALIFIED AS A COMPUTER PROGRAM WHEN THE EXAMINER -- WE KNOW THE EXAMINER DID NOT ANALYZE IT AS A COMPUTER PROGRAM BECAUSE HE SAID THAT.

AND YOU ARE ASKING ME TO DO SOMETHING THAT THE COURT IS NOT -- DOES NOT DO.  THIS IS A COPYRIGHT OFFICE JOB, AND SHE SHOULD HAVE CONTESTED NOT BEING ALLOWED, AND MAYBE SHE STILL CAN YEARS LATER, I DON'T KNOW WHAT SHE CAN DO.

MR. STEINBERG:  SO WE THINK THAT IT IS THE PROVINCE OF THE COURT TO DECIDE WHETHER --

THE COURT:  OKAY.  I NEED A CASE, AND IT'S NOT ADOBE, THAT TELLS ME THAT.

MR. STEINBERG:  WELL ADOBE TALKS --

THE COURT:  ADOBE IS NOT IT.  I NEED A CASE THAT TELLS ME THAT I CAN VALIDATE A COPYRIGHT UNDER A COMPLETELY DIFFERENT THEORY OF REGISTRATION THAN WHAT THE EXAMINER APPROVED IT ON.  THAT'S WHAT I'M LOOKING FOR.  ADOBE IS NOT THAT CASE.

MR. STEINBERG:  SO I THINK MAYBE THIS IS WHERE WE RESPECTFULLY DISAGREE.

THE COURT:  OKAY.

MR. STEINBERG:  THERE ISN'T THIS COMPLETELY DIFFERENT

THEORY UNDER WHICH YOU CAN REGISTER IT, FONT DATA IS NOT A SEPARATE CATEGORY OF COPYRIGHT REGISTRATION.  WE ARE TALKING HERE ABOUT FONT SOFTWARE THAT IS USED TO GENERATE A TYPEFACE OR A FONT, AND THE COMPENDIUM AND THE 1992 REGULATION EXPLAINED WHAT LEVEL OF HUMAN AUTHORSHIP, PARTICULARLY THE 1992 DECISION AND --

THE COURT:  I CAN'T WAIT TO HEAR THIS ARGUMENT BEFORE A JURY.

MR. STEINBERG:  OKAY.  BUT LET ME TALK FOR A MOMENT ABOUT WHAT MS. LAATZ DID IN ORDER TO CREATE THIS, BECAUSE I THINK IT IS VERY IMPORTANT BECAUSE IT'S BEEN MISSTATED BY THE DEFENDANTS AND I THINK IT'S IMPORTANT WE SPEND A LITTLE BIT OF TIME ON IT.

SHE SPENT WEEKS AND OVER A HUNDRED HOURS CREATING THESE FONTS.  SHE CREATED OVER 600 --

THE COURT:  OKAY.  SHE'S AN ARTIST.  I MEAN, THAT'S PERFECTLY CREDIBLE.  AND SHE -- I MEAN, SHE'S CREATED SOMETHING THAT'S ABSOLUTELY BEAUTIFUL AND IT'S BEEN VERY SUCCESSFUL.  I DON'T MEAN TO DIMINISH THE QUALITY OF HER ARTISTIC ABILITY.  SO THE QUESTION IS HOW SHE MADE IT ON THE COPYRIGHTABLE WORK.

MR. STEINBERG:  YES.  LET'S TALK ABOUT THAT.

IT'S NOT JUST ILLUSTRATING THE CHARACTERS AND PLUGGING IT INTO FONTLAB AND THEN FONTLAB DOES ALL THE WORK, FAR FROM IT. WHAT THE EVIDENCE SHOWS IS THAT AFTER THESE CHARACTERS -- SOME OF THEM WERE DRAWN OUTSIDE FONTLAB, SOME WERE DRAWN INSIDE

**CERTIFICATE OF REPORTER**

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

SUMMER A. FISHER, CSR, CRR
CERTIFICATE NUMBER 13185

DATE:  3/4/25