**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| NICKY LAATZ, et al., <br><br>          Plaintiffs, <br><br>     v. <br><br> ZAZZLE, INC., et al., <br><br>          Defendants. | Case No.  22-cv-04844-BLF <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; DEEMING MOTION FOR RECONSIDERATION FILED; AND SETTING BREIFING SCHEDULE FOR OPPOSITION AND REPLY** <br><br> [Re: ECF No. 430] |

On June 5, 2025, Defendants Zazzle, Inc. ("Zazzle") and Mohamed Mr. Alkhatib ("Mr. Alkhatib," and, with Zazzle, "Defendants") filed a Motion for Leave to File Motion for Reconsideration of the Court's Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment. ECF 430 ("Mot."). For the reasons discussed below, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion for Leave to File Motion for Reconsideration.

**I.    LEGAL STANDARD**

A motion for leave to file a motion for reconsideration may be filed prior to the entry of a final judgment in the case. Civ. L.R. 7-9(a). "The moving party must specifically show reasonable diligence in bringing the motion" and one of the following circumstances:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or

> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). Whether to grant leave to file under Rule 7-9 is committed to the Court's sound discretion. *See United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000).

## II.  DISCUSSION

Defendants seek reconsideration of the Court's Order on Plaintiff Nicky Laatz's ("Plaintiff") copyright claim for two independent reasons. First, Defendants argue that, in light of the Court's finding that Plaintiff's asserted copyrights are invalid as "font data," Plaintiff does not have a valid registration which is required for her copyright claim under 17 U.S.C. § 411(a). Mot. at 2-7. Second, Defendants argue that Plaintiff cannot prove that her copyrighted BE files are computer programs. Mot. at 7-9.

Having reviewed Defendants' motion, the Court GRANTS reconsideration ONLY on Defendants' first issue whether Plaintiff may assert a copyright infringement claim where she does not hold a valid registration or a refusal of registration under 17 U.S.C. § 411(a). On the second issue, Defendants merely rehash their prior arguments, and thus reconsideration is not proper. Reconsider of the second issue is DENIED.

In the Court's Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment, the Court invalidated Plaintiff's copyrights in the Blooming Elegant ("BE") Trio as "font data," but determined that the BE Trio may be copyrightable as a computer program. ECF 414 at 35, 37. Defendants' motion for summary judgment was denied because there were disputed facts on that issue. ECF 414 at 35. At this juncture, the Court wishes to consider Defendants' argument that there is no valid registration, thus precluding Plaintiff's copyright infringement claim. Nothing in the Court's summary judgment order could be read to hold that this Court issued a copyright **registration** on a computer program.

Plaintiff SHALL respond ONLY to the first issue.

//

**III.     ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

The Court GRANTS reconsideration on Defendants' first issue and DENIES reconsideration on Defendants' second issue.  The Court DEEMS Defendants' motion for leave to file motion for reconsideration to constitute Defendants' motion for reconsideration. Any opposition from Plaintiff on the first issue SHALL be filed by June 13, 2025, by 12:00 P.M. and may not exceed seven (7) pages in length. Defendants' reply is due by June 18, 2025, by 12:00 P.M. and may not exceed three (3) pages in length.

Dated:  June 6, 2025

_____
BETH LABSON FREEMAN
United States District Judge

3