UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ZAZZLE, INC., et al.,<br><br>    Defendants. | Case No.  22-cv-04844-BLF<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION OF THE CORUT'S ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT RE CLAIM 4, COPYRIGHT INFRINGEMENT**<br><br>[Re:  ECF No. 430] |

Pending before the Court is Defendants Zazzle, Inc. and Mohamed Alkhatib's ("Defendants") Motion for Reconsideration seeking reconsideration of the Court's Order Granting In Part and Denying In Part their Motion for Summary Judgment ("MSJ Order"). ECF 430 ("Mot."). Plaintiff Nicky Laatz ("Plaintiff") filed an opposition. ECF 434 ("Opp.") Defendants filed a reply. ECF 438 ("Reply"). The motion for reconsideration was limited by the Court to only the issue whether Plaintiff may assert a copyright infringement claim where she does not hold a valid registration or a refusal of registration under 17 U.S.C. § 411(a). For the following reasons, the Court answers that question NO, and GRANTS Defendants' Motion for Reconsideration.

**I.   BACKGROUND**

    **A.  Factual Background**

The parties are familiar with the facts giving rise to this lawsuit, which need not be repeated in full here. *See generally* ECF 414 ("MSJ Order").

Relevant to this motion, on February 18, 2021, Plaintiff applied for copyright registrations for the BE Software for each font in the BE Trio. ECF 342-34, Ex. 1 to Steinberg Decl.; ECF 342-35, Ex. 2 to Steinberg Decl.; ECF 342-36, Ex. 3 to Steinberg Decl. The applications listed "computer program" under the "Author Created" space. ECF 342-34, Ex. 1 to Steinberg Decl.; ECF 342-35,

1   Ex. 2 to Steinberg Decl.; ECF 342-36, Ex. 3 to Steinberg Decl.

2         On February 18, 2021, Copyright Examiner, A. Howard pointed out to Plaintiff's copyright
3   registration attorney, Stephen Steinberg, that the deposit submitted with Plaintiff's copyright
4   applications "d[id] not contain a computer program," but rather "appear[ed] to be a font," and thus
5   contained "font data." ECF 338-78, Ex. BB to Nolan Decl. at 7; ECF 342-33, Steinberg Decl. ¶ 4.
6   On February 25, 2025, Examiner Howard explained to Mr. Steinberg that the Copyright Office "no
7   longer register[s] fonts as 'computer programs' as they are not eligible for that registration." ECF
8   338-78, Ex. BB to Nolan Decl. at 5. On April 15, 2021, Examiner Howard further explained that
9   when registering deposits that solely contained font data, the Copyright Office required that the
10  authorship be identified as "font data," not as a "computer program" because "[computer program]
11  requires the deposit of 'source code.'" *Id.* at 4. Examiner Howard also requested that Mr. Steinberg
12  authorize changing the "[A]uthor [C]reated" space from "computer program" to "font data." *Id.* On
13  June 2, 2021, Examiner Howard advised Mr. Steinberg that if Mr. Steinberg "d[id] not authorize the
14  change to 'font data' . . . [Examiner Howard] [would] refuse this registration with no further action."
15  *Id.* at 2.

16        On July 15, 2021, Mr. Steinberg informed the examiner that Plaintiff authorized the change
17  from computer program to "font data" and that Plaintiff "hand-coded the designs and instructions
18  in the font data [] submitted." ECF 338-78, Ex. BB to Nolan Decl. at 2; ECF 342-33, Steinberg
19  Decl. ¶ 5. On July 16, 2021, the Copyright Office approved Plaintiff's applications and issued
20  copyright registrations for the BE Software associated with each font in the BE Trio, with the
21  "Author Created" space stated as "Font Data." *See* ECF 89-21 (Copyright Reg. No. TX 8-984-766
22  for the Blooming Elegant font); ECF 89-22 (Copyright Reg. No. TX 8-984-762 for the Blooming
23  Elegant Sans font); ECF 89-23 (Copyright Reg. No. TX 8-984-764 for the Blooming Elegant Hand
24  font) (collectively "Asserted Copyrights").

25  **B.  Procedural Background**

26        The operative First Amended Complaint ("FAC") asserts a claim for federal copyright
27  infringement under 17 U.S.C. § 101, among other claims. *See* First Amended Complaint, ECF 82
28  ("FAC") ¶¶ 175–219. The copyright infringement claim is based on the font data registrations

1  Plaintiff received for the Blooming Elegant ("BE") fonts. *See id.* ¶¶ 196-203.

2       On May 9, 2025, the Court granted in part and denied in part Defendants' motion for summary judgment. ECF 414 ("MSJ Order"). Relevant to this motion, the Court invalidated the registrations issued for font data, finding no human authorship, but allowed the claim to proceed on disputed facts as to whether BE is copyrightable as a computer program. MSJ Order at 30-37.

     On June 5, 2025, Defendants filed a Motion for Leave to File Motion for Reconsideration of the Court's MSJ Order, seeking reconsideration of the Court's Order on Plaintiff's copyright claim for two independent reasons. *See* Mot. First, Defendants argue that, in light of the Court's finding that Plaintiff's asserted copyrights are invalid as "font data," Plaintiff does not have a valid registration which is required for her copyright claim under 17 U.S.C. § 411(a). *Id.* at 2-7. Second, Defendants argue that Plaintiff cannot prove that her copyrighted BE files are computer programs. *Id.* at 7-9. On June 6, 2025, the Court granted reconsideration only on Defendants' first issue. ECF 432.

## II. LEGAL STANDARD

     Trial courts have inherent power to reconsider, set aside, or amend interlocutory orders at any time prior to entry of a final judgment. Fed. R. Civ. P. 54(b). The substantive standard governing reconsideration of an interlocutory order is the same as that which governs motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e). Motions for reconsideration are disfavored and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1254 (9th Cir. 1999) (per curiam) (internal quotation and citation omitted). Furthermore, "[a] motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

     The Northern District of California also has local rules governing motions for reconsideration. A motion for reconsideration may be made on three grounds: (1) a material

3

difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the moving party did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments. Civ. L.R. 7-9(b). The moving party may not reargue any written or oral argument previously asserted to the court. Civ. L.R. 7-9(c).

**III.    DISCUSSION**

Defendants argue that Plaintiff's copyright claim cannot proceed because her asserted "font-data" copyrights have been invalidated by the Court. Mot. at 2. Defendants contend that, as a result, Plaintiff does not meet the statutory requirements for a copyright infringement claim. *Id*. (citing 17 U.S.C. § 411). Defendants argue that, because Plaintiff abandoned her applications to register the BE fonts as "computer programs" and accepted the registrations as "font data," she cannot proceed with her copyright infringement claim based on the registration of "computer programs" which "the Copyright Office neither granted nor refused." Mot. at 3, 5 (citing *Syntek Semiconductor Co. v. Microchip Tech., Inc*., 307 F.3d 775 (9th Cir. 2002)). Defendants argue that Plaintiff cannot register her copyrights as "font data" and then sue for infringement of a computer program copyright. Mot. at 5-6 (citing *Action Tapes, Inc. v. Mattson*, 462 F.3d 1010, 1013-14 (8th Cir. 2006) and *Xoom, Inc. v. Imageline, Inc.*, 323 F.3d 279, 284-85 (4th Cir. 2003)).

In response, Plaintiff argues that she had registrations for the BE Software at the time she filed the lawsuit. Opp. at 3. Plaintiff contends that Defendants have failed to show that Plaintiff committed fraud on the Copyright Office. *Id.* Plaintiff argues that she applied for and received copyright registrations for "literary works." *Id.* at 3-5. Plaintiff also argues that Defendants' arguments are untimely because they were presented after the Court issued its MSJ Order. Opp. at 5-6.

As an initial matter, the Court notes that, in the reply in support of motion for summary judgment, Defendants presented the argument that whether Plaintiff could have received her registrations as "computer programs" was irrelevant because Plaintiff did not receive the registrations as "computer programs." ECF 347 at 8-9. Accordingly, Defendants' arguments here

are timely.

In the MSJ Order, the Court denied Defendants' motion for summary judgment on Plaintiff's Claim 4 for Federal Copyright Infringement in violation of 17 U.S.C. § 101. *See* MSJ Order at 56. In making its decision, the Court granted Defendants' motion for summary judgment that BE Trio is not copyrightable as font data thus invalidating the registrations for "font data." *Id.* at 35-37. Nonetheless, the Court found it "cannot conclude as a matter of law that Plaintiff's copyrights are invalid for failing to contain 'a sufficient amount of original authorship' as required for computer programs that generate typefaces." *Id.* at 35 (citing Compendium § 723). In doing so, the Court incorrectly focused on Plaintiff's argument that the BE Trio could be registered as "computer programs" and missed Defendants' argument that once the copyright registrations for font data were found invalid, it would be irrelevant whether BE was copyrightable as "computer programs." ECF 347 at 8. Focusing on this precise issue, the Court has reconsidered its prior ruling and concludes that it was mistaken in allowing the copyright claim to proceed on a possible alternative registration basis that was expressly rejected by the Copyright Office.

Under copyright law, a copyright owner enjoys copyright protection "in original works of authorship fixed in any tangible medium of expression." 17 U.S.C. § 102. § 411(a) provides that "[except for a type of action that does not apply here], no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made." 17 U.S.C. § 411(a). § 411(a) requires "[an] action by the Copyright Office—namely, its registration or refusal to register a copyright claim." *Fourth Estate Benefit Publication Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 303 (2019). "[I]f the Register determines that the deposited material 'does not constitute copyrightable subject matter or that the claim is invalid for any other reason, the Register shall refuse registration.'" *Id.* at 304 (citing 17 U.S.C. § 410(b)). If a registration has been refused, "the applicant is entitled to institute a civil action for infringement" provided that a copy of the complaint is served on the Copyright Office. 17 U.S.C. § 411(a). The Copyright Office may "become a party to the action with respect to the issue of registrability of the copyright claim." *Id.* In that case, the Court has jurisdiction to determine the registrability of the refused copyright claim. *See id.*; *Fourth Estate Benefit Publication Corp.* 586

5

U.S. at 304.

Here, it is undisputed that the Copyright Office issued Plaintiff copyright registrations for the BE Trio as "font data." *See* ECF 89-21 (Copyright Reg. No. TX 8-984-766 for the Blooming Elegant font); ECF 89-22 (Copyright Reg. No. TX 8-984-762 for the Blooming Elegant Sans font); ECF 89-23 (Copyright Reg. No. TX 8-984-764 for the Blooming Elegant Hand font). Defendants submitted undisputed evidence that BE Trio was not copyrightable as "font data," and Plaintiff offered no evidence to the contrary. *See* ECF 338 at 15-18; ECF 342 at 18-19; MSJ Order at 36. Accordingly, the Court granted Defendants' motion for summary judgment that BE Trio is not copyrightable as "font data." MSJ Order at 35-37.

Having found that BE Trio is not copyrightable as "font data," Plaintiff's copyright infringement claim cannot proceed under the statute. *See* 17 U.S.C. § 411(a). The Court is not persuaded by Plaintiff's argument that she met the statutory requirement under § 411(a) because she had a registration at the time she filed this lawsuit for infringement. Opp. at 1, 3. Rather, under § 411, civil action for copyright infringement requires a registration or a refusal of registration. *See Fourth Estate*, 586 U.S. at 303. Here, Plaintiff has neither—Plaintiff's copyrights as "font data" have been found to be invalid and Plaintiff cannot proceed without a valid registration. *See* 17 U.S.C. § 411(a); *Fourth Estate*, 586 U.S. at 303-04.

The Court also finds that Plaintiff cannot assert copyright registrations for "computer programs." The Court cannot allow suit on a copyright on which Plaintiff did not receive a registration from the Copyright Office. *See Fourth Estate*, 586 U.S. at 303 (confirming that it is the Copyright Office's decision to register a copyright). In *Syntek Semiconductor Co. v. Microchip Tech., Inc.*, the Ninth Circuit considered a manufacturer's request to declare that a "computer program" copyright registration owned by a competitor was invalid. 307 F.3d 775, 778 (9th Cir. 2002). The Ninth Circuit found that, under the doctrine of primary jurisdiction, the question of whether decompiled computer object code would qualify for registration as source code under the Copyright Act was an issue for the Register of Copyrights. *Id.* at 778, 782. Similarly, here, the Court finds that whether the BE Trio can be registered as "computer programs" is a question for the Copyright Office, not the Court or a jury.

1  Under the statute, Plaintiff also cannot commence suit on her registrations for "font data," which she received, and later upon invalidation by the Court, continue suit for "computer program" registrations, which she did not receive. Indeed, Plaintiff's attempt has been rejected by other Courts. In *Action Tapes*, the Eighth Circuit found that, under § 411(a), the owner of copyright registrations of "visual arts" for embroidery designs could not assert "computer program copyrights" for copyright infringement. *Action Tapes, Inc. v. Mattson*, 462 F.3d 1010, 1013-14 (8th Cir. 2006). The Eighth Circuit explained that § 411(a) barred the copyright owner's claims because the copyright owner obtained visual arts registrations and not computer program registrations, which the Court pointed out, had not been properly applied for during the registration process. *See id.* Similarly, in *Xoom*, the Fourth Circuit found a copyright owner who registered clip-art images as "visual arts" could not assert copyright registration for "computer programs" that the copyright owner failed to obtain. *Xoom, Inc. v. Imageline, Inc.*, 323 F.3d 279, 284 (4th Cir. 2003), *abrogated by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 130 S. Ct. 1237, 176 L. Ed. 2d 18 (2010). Here, the record shows that Examiner Howard considered the deposit submitted by Plaintiff with her copyright applications and found that they were "not eligible for" registration as "computer programs." ECF 338-78, Ex. BB to Nolan Decl. at 2, 4, 5, 7. The record also shows that Plaintiff received her registrations as "font data" not "computer program." *Id.* at 2; *see also* ECF 89-21; ECF 89-22; ECF 89-23. Accordingly, Plaintiff is barred under § 411(a) from asserting "computer program copyrights" because she did not receive any such registrations. *See Action Tapes*, 462 F.3d at 1013-14.

The Court is also not persuaded by Plaintiff's argument that she registered BE "under the correct category for computer programs" because both "computer programs" and "font data" are "nondramatic literary works." Opp. at 4. As discussed above, the Copyright Office found that Plaintiff failed to meet the deposit requirements for "computer program" and she did not receive a "computer program" registration. *See* ECF 338-78, Ex. BB to Nolan Decl. at 2, 4, 5, 7. The Court cannot allow suit on a copyright registration that Plaintiff did not receive. *See Fourth Estate*, 586 U.S. at 303.

The Court is unpersuaded by Plaintiff's argument that her copyright registrations merely

7

contain "inaccurate information" as the BE Trio was registered as "font data" as opposed to "computer programs." Opp. at 3. The Court finds that the registration of BE as "font data" rather than "computer programs" was not a clerical mistake. Rather, on at least four occasions during prosecution, the Copyright Office expressly rejected Plaintiff's request to register the BE Trio as "computer programs." *See* ECF 338-78, Ex. BB to Nolan Decl. at 2, 4, 5, 7. If Plaintiff did not agree with the Copyright Office's refusal to register the BE Trio as "computer programs," she could have accepted the refusal, "instituted a civil action for infringement" with the participation of the Copyright Office, and requested the Court to determine the copyrightability of the BE Trio as "computer programs" as required by statute. 17 U.S.C. § 411(a); *Fourth Estate*, 586 U.S. at 304. But she did not. Instead, Plaintiff accepted the Copyright Office's offer to register the BE Trio as "font data," received three registrations from the Copyright Office for the BE Trio as "font data," and commenced this lawsuit asserting those three registrations. *See* ECF 1; ECF 338-78, Ex. BB to Nolan Decl. at 2; ECF 89-21; ECF 89-22; ECF 89-23. Those registrations have now been found to be invalid. Accordingly, under the statute, Plaintiff cannot proceed with her federal copyright infringement claim once her copyright registrations for "font data" are invalidated. *See* 17 U.S.C. § 411(a); *Fourth Estate*, 586 U.S. at 303-04.

## IV.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

Defendants' Motion for Reconsideration of the Court's Order on Defendants' Motion for Summary Judgment is GRANTED. The Court GRANTS Defendants' Motion for Summary Judgment that Plaintiff's Asserted Copyrights are invalid. Accordingly, the Court GRANTS Defendants' Motion for Summary Judgment on Plaintiff's Claim 4 for Federal Copyright Infringement in violation of 17 U.S.C. § 101.

Dated:  August 4, 2025

_____
BETH LABSON FREEMAN
United States District Judge