UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ZAZZLE, INC., et al.,<br><br>    Defendants. | Case No. 22-cv-04844-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>[Re: ECF No. 396] |

Before the Court are Defendants Zazzle Inc. ("Zazzle") and Mohamed Alkhatib's (collectively, "Defendants") Administrative Motion to File Under Seal and To Consider Whether Another Party's Material Should be Sealed. ECF 396. Plaintiff Nicky Laatz ("Plaintiff") filed sealing statement opposing Defendants' administrative motion. ECF 408. For the reasons stated below, the Court GRANTS IN PART and DENIES IN PART the motion.

I.  **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," however, are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotations omitted)). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1180. This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); see Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; ii) the injury that will result if sealing is denied; and iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

**II.    DISCUSSION**

Because the sealing motion concerns Defendants' Motion to Exclude Testimony of Plaintiff's Designated Expert Witness at ECF 398 ("*Daubert* Motion"), the Court will apply the "compelling reasons" standard. *See Regis Metro Assocs., Inc. v. NBR Co., LLC*, No. 20-CV-02309-DMR, 2022 WL 267443, at *13 (N.D. Cal. Jan. 28, 2022).

Defendants filed an administrative motion to file under seal and to consider whether another party's material should be sealed in connection with their *Daubert* Motion. ECF 396. Plaintiff filed a response indicating that she does not request sealing of the information identified by Defendants designated as confidential by herself and oppose the sealing requested by the Defendants. ECF 408.

The Court addresses each sealing request in turn.

### A. Materials that Defendants Identified as Containing Confidential Information Designated by Plaintiff— Exhibits R1 and R2 to the Declaration of Thomas Nolan and Redactions at Page 22 of Defendants' *Daubert* Motion.

The Court first considers the redactions identified by Defendants as containing confidential information designated by Plaintiff. *See* ECF 396 at 4. In Plaintiff's opposition, Plaintiff clarified that she "[does] not request the sealing of the documents." ECF 408 at 1. Accordingly, the Court DENIES Defendants' motion to seal Exhibits R1 and R2 to the Declaration of Thomas Nolan, and the redactions at page 22 of Defendants' *Daubert* Motion.

### B. Materials that Defendants Request Sealing—Redactions at Pages 12-14, 19-21, and 23 of Defendants' *Daubert* Motion and Exhibits G, I, J, K, O, P and Q to the Declaration of Thomas Nolan.

The Court next considers the redactions that Defendants request sealing. *See* ECF 396 at 2-3. Plaintiff opposes the sealing of these redactions. ECF 408 at 1-2.

The Court addressed the parties' requests below.

#### i. Redactions on Page 12 of Defendants' *Daubert* Motion and Exhibits G, I, and J to the Declaration of Thomas Nolan.

Defendants argue that the redactions on Page 12 of their *Daubert* Motion and Exhibits G, I, and J to the Declaration of Thomas Nolan contain confidential information relating to details of the technical operation of Zazzle's proprietary Design Tool and of Zazzle's servers. ECF 396 at 2-3; ECF 396-1 ¶¶ 4-5. In response, Plaintiff argues that the information is not confidential because it has "already been made public as a result of the Court's order on a prior sealing motion." ECF 408 at 1 (citing ECF 396-2, 396-8, 396-11, 396-1, ECF 382).

The Court finds that Defendants have failed to provide compelling reasons for their request to seal Page 12 of Defendants' *Daubert* Motion and Exhibits G, I, and J to the Declaration of Thomas Nolan. The requested redaction contains information about Zazzle's proprietary Design Tool and of Zazzle's servers and the information has been previously publicly disclosed on this docket. *See* ECF 382. Thus, Court DENIES the motion to seal as to the redactions on Page 12 of Defendants' *Daubert* Motion and Exhibits G, I, and J to the Declaration of Thomas Nolan. *See L.S. v. Henderson*, No. 20-CV-04637-VC, 2021 WL 5149067, at *1 (N.D. Cal. Nov. 5, 2021) ("No good cause exists to seal

documents that are already publicly available elsewhere.").

**C.    Redactions at Pages 13-14, 19-21, and 23 of Defendants' *Daubert* Motion and Exhibits K, O, P and Q to the Declaration of Thomas Nolan.**

Defendants argue that the redacted portions at Pages 13-14, 19-21, and 23 of their *Daubert* Motion and exhibits K, O, P and Q to the Declaration of Thomas Nolan "contain confidential information relating to the operation of Zazzle's proprietary Design Tool; specific figures of Zazzle's numbers of designers, designs, products, and users; and details of Zazzle's sales, revenues, and expenses." ECF 396 at 3. In her opposition, Plaintiff argues that Defendants have failed "to make the evidentiary showing necessary to support sealing." ECF 408 at 2. Additionally, Plaintiff argues that the materials contain "general terms" that do not warrant sealing. *Id.* at 2-3.

Applying the legal standard set forth above, the Court finds Defendants have provided compelling reasons to seal redacted portions at Pages 13-14, 19-21, and 23 of their *Daubert* Motion and exhibits K, O, P and Q to the Declaration of Thomas Nolan. *See, e.g.*, *In re Elec. Arts*, 298 F. App'x. 568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business information that might harm a litigant's competitive strategy"); *Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015) ("[T]he Court finds a compelling reason to seal the portions of this exhibit that discuss Plaintiff's network infrastructure and security systems."); *In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports[.]'") (citation omitted). The Court finds that these documents contain confidential business information regarding Zazzle's designers, designs, products, sales, revenues, expenses, and numbers of users that, if publicly disclosed, would cause Zazzle competitive harm. *See OpenTV, Inc. v. Apple, Inc.*, No. 14-CV-01622-HSG, 2015 WL 5714851, at *2 (N.D. Cal. Sept. 17, 2015) (finding good cause to seal information relating to a company's internal process). On that basis, the Court GRANTS Defendants' request to seal this narrowly tailored information contained at the redacted portions at Pages 13-14, 19-21, and 23 of their *Daubert* Motion and exhibits K, O, P and Q to the Declaration of Thomas Nolan.

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

| ECF | Document | Portion(s) Requested to Seal | Ruling |
|---|---|---|---|
| ECF 398/(ECF 396-2) | Defendants' Motion to Exclude Testimony of Plaintiff's Designated Expert Witness | Redactions at Pages 12-14, 19-21, 22 and 23. | GRANTED as to redactions at Pages 13-14, 19-21, and 23 for containing details of the operation of Zazzle's proprietary Design Tool. Numbers of users and products sold. Figures for Zazzle's revenues and figures and details for Zazzle's expenses, and the resulting damages calculations. Larson Decl. ¶¶ 4-5; DENIED as to redactions at Page 12 because the information has been previously publicly disclosed on this docket; and DENIED as to redactions at Page 22 because Plaintiff does not request sealing. |
| ECF 398-8/(ECF 396-3) | Ex. G to Nolan Decl., Expert Report of Daniel Garrie | Entire Document | DENIED because the information has been previously publicly disclosed on this docket. |
| ECF 398-10/(ECF 396-4) | Ex. I to Nolan Decl., Excerpts of the deposition transcript of Jason Li, dated July 17, 2024 | Redacted portions on page 122, as reflected in red highlighting on Ex. I. | DENIED because the information has been previously publicly disclosed on this docket. |
| ECF 398-11/(ECF 396-5) | Ex. J to Nolan Decl., Excerpts of the deposition transcript of Bobby Beaver, dated April 5, 2023 | Redacted portions on pages 40-43, as reflected in red highlighting on Ex. J. | DENIED because the information has been previously publicly disclosed on this docket. |
| ECF 398-12/(ECF 396-6) | Ex. K to Nolan Decl., Excerpts of Zazzle's Amended Responses and Objections to Plaintiff's Interrogatories | Entire Document | GRANTED for containing confidential information relating to the numbers of designers, designs, products, and users on Zazzle. Larson Decl. ¶¶ 4-5. |

5

| ECF | Document | Portion(s) Requested to Seal | Ruling |
|---|---|---|---|
| ECF 398-16/(ECF 396-7) | Ex. O to Nolan Decl., Expert Report of Dominic Persechini | Entire Document | GRANTED for containing confidential information relating to Zazzle's sales, revenues, expenses, and numbers of users. Larson Decl. ¶¶ 4-5. |
| ECF 398-17/(ECF 396-8) | Ex. P to Nolan Decl., Excerpts of the deposition transcript of Dominic Persechini, dated November 7, 2024 | Redacted portions on page 202, as reflected in red highlighting on Ex. P. | GRANTED for containing confidential information on the number of Zazzle's users. Larson Decl. ¶¶ 4-5. |
| ECF 398-18/(ECF 396-9) | Ex. Q to Nolan Decl., Expert Report of Jeffrey Kinrich | Entire Document | GRANTED for containing confidential information relating to Zazzle's sales, revenues, expenses, and numbers of users. Larson Decl. ¶¶ 4-5. |
| ECF 398-19/(ECF 396-10) | Ex. R1 to Nolan Decl., Excerpts of the deposition transcript of Nicky Laatz, dated August 1, 2024. | Entire Document | DENIED as because Plaintiff does not request sealing. |
| ECF 398-20/(ECF 396-11) | Ex. R2 to Nolan Decl., LAATZ0516563, which appears to be an email exchange between Nicky Laatz and a representative of Minted | Entire Document | DENIED as because Plaintiff does not request sealing. |

Dated: August 28, 2025

_____
BETH LABSON FREEMAN
United States District Judge