**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| NICKY LAATZ, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>ZAZZLE, INC., et al.,<br><br>        Defendants. | Case No.  22-cv-04844-BLF<br><br>**ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>[Re:  ECF No. 397] |

Before the Court is Plaintiff Nicky Laatz's ("Plaintiff") Administrative Motion to Consider Whether Another Party's Material Should be Sealed. ECF 397. Defendants Zazzle Inc. ("Zazzle") and Mohamed Alkhatib's (collectively, "Defendants") filed a statement in support of sealing the materials identified in Plaintiff's motion. ECF 407. Plaintiff did not submit any response to Defendants' statement in support of sealing.

For the reasons stated below, the Court GRANTS the motion.

## I.    LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Ctr. for Auto Safety v.*

1    *Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

2         Records attached to motions that are "not related, or only tangentially related, to the merits

3    of a case," however, are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809

4    F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to

5    court records attached only to non-dispositive motions because those documents are often unrelated,

6    or only tangentially related, to the underlying cause of action." (internal quotations omitted)). Parties

7    moving to seal the documents attached to such motions must meet the lower "good cause" standard

8    of Rule 26(c). *Kamakana*, 447 F.3d at 1180. This standard requires a "particularized showing," *id.*,

9    that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates*

10   *of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).

11   "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not

12   suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

13        In addition, in this district, all parties requesting sealing must comply with Civil Local Rule

14   79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document

15   under seal, including an explanation of: (i) the legitimate private or public interests that warrant

16   sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative

17   to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5 requires the moving

18   party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And

19   the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-

20   5(c)(3).

21   **II.    DISCUSSION**

22        Because the sealing motion concerns material submitted in support of Plaintiff's Motion to

23   Exclude Testimony of Defendants' Experts, the Court will apply the "compelling reasons" standard.

24   *See Regis Metro Assocs., Inc. v. NBR Co., LLC*, No. 20-CV-02309-DMR, 2022 WL 267443, at *13

25   (N.D. Cal. Jan. 28, 2022).

26        Plaintiff's sealing motion identifies certain portions of expert reports contain confidential

27   information designated by Defendants. ECF 397. Defendants request the sealing of all portions

28   identified by Plaintiff. ECF 407 at 2. Defendants argue that those portions of expert reports contain

United States District Court
Northern District of California

United States District Court
Northern District of California

1    confidential information "contain confidential information relating to the operation of Zazzle's

2    proprietary Design Tool; specific figures of Zazzle's numbers of designs and users; and details of

3    Zazzle's sales, revenues, and expenses." ECF 407 at 2.

4            The Court agrees with Defendants as to their unopposed redactions in those expert reports.

5    The Court finds that Defendants have established compelling reasons to seal information that would

6    reveal confidential information about Zazzle's internal technical operations and commercially

7    sensitive information. *See, e.g., In re Elec. Arts*, 298 F. App'x. 568, 569 (9th Cir. 2008) (finding

8    compelling reasons for sealing "business information that might harm a litigant's competitive

9    strategy"); *Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 3993147, at *6 (N.D. Cal.

10   June 30, 2015) ("[T]he Court finds a compelling reason to seal the portions of this exhibit that

11   discuss Plaintiff's network infrastructure and security systems."); *In re Google Location Hist. Litig.*,

12   No. 5:18-cv-05062-EJD, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling

13   reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed

14   product-specific financial information, customer information, internal reports[.]'") (citation

15   omitted); *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. C 10-3724 CW, 2014 WL 7387206, at

16   *1 (N.D. Cal. Dec. 19, 2014) (granting motion to seal references to "confidential customer lists,

17   business practices and testing procedures"). Additionally, the Court finds Zazzle's sealing requests

18   to be narrowly tailored so that there is no less restrictive alternative to redacting the information at

19   issue.

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

United States District Court
Northern District of California

## III.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

| ECF | Document | Portion(s) Requested to Seal | Ruling |
|---|---|---|---|
| ECF 399-4 (ECF 397-2) | Ex. 3 to Mathews Decl., Expert Report of Dominic Persechini | Entire Document | GRANTED for containing confidential information relating to Zazzle's sales, revenues, expenses, and numbers of users. Larson Decl. ¶¶ 4-5 |
| ECF 399-7 (ECF 397-3) | Ex. 6 to Mathews Decl., Rebuttal Report of Christopher Rucinski | Redacted portions on pages 34, 42, 44- 45, 48-50. | GRANTED for containing confidential information relating to details of the technical operation of Zazzle's proprietary Design Tool and details of the number of Zazzle's users and designs. Larson Decl. ¶¶ 4-5. |
| ECF 399-8 (ECF 397-4) | Ex. 7 to Mathews Decl., Expert Report of Jeffrey Kinrich | Entire Document | GRANTED for containing confidential information relating to Zazzle's sales, revenues, expenses, and numbers of users. Larson Decl. ¶¶ 4-5. |

Dated:  August 28, 2025

_____
BETH LABSON FREEMAN
United States District Judge

4