UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ, et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>ZAZZLE, INC., et al.,<br><br>   Defendants. | Case No. 5:22-cv-04844-BLF<br><br>**ORDER DENYING DEFENDANTS' ADMINISTRATIVE MOTION FOR ORDER WITHDRAWING PENDING DAUBERT MOTIONS AND SETTING BRIEFING SCHEDULES FOR AMENDED DAUBERT MOTIONS**<br><br>[Re: ECF No. 446] |

  Before the Court is Defendants Zazzle Inc. and Mohamed Alkhatib's Motion for the Court to Issue an Order withdrawing the parties' respective pending *Daubert* motions and setting a schedule for filing and briefing of amended *Daubert* motions in light of the Court's ruling on Defendants' Motion for Reconsideration of Summary Judgment. ECF 446 ("Mot."). Plaintiff Nicky Laatz opposes the Motion. ECF 447 ("Opp."). The Motion is DENIED.

  The Court's scheduling order set April 7, 2025, as the last day to file *Daubert* motions. ECF 389. The parties complied with that order but shortly thereafter commenced what they represented to be serious settlement discussions presided over by Magistrate Judge Beeler. The parties jointly requested that the *Daubert* briefing and hearing date and trial be postponed to facilitate settlement. The Court agreed and reset the *Daubert* hearing to October 23, 2025, and trial to February 13, 2026. ECF 402, 411. Since then, the Court has issued orders granting summary judgment for Defendants on Plaintiff's claims for fraudulent misrepresentation, fraudulent concealment, promissory fraud, federal trademark infringement, and federal copyright infringement. *See* ECF 414, 443. As Defendants observe in their Motion, these orders have changed the claims and issues in this case, given that Plaintiffs only remaining claims are now breach of contract. *See* Mot. at 2.

  Four months after the Court's summary judgment order and more than one month after the

order on reconsideration of the copyright claim, Defendants ask to modify the case schedule to permit a do-over of their *Daubert* motions. In their Motion, Defendants urge that, in the interest of judicial efficiency, the Court should permit the parties to withdraw their pending *Daubert* motions and re-file amended *Daubert* motions that "address the state of the claims and issues in the case" at present. Mot. at 3. Plaintiff persuasively argues that Defendants have failed to show good cause to modify the scheduling order and that she would be prejudiced by the extremely short time period for her to consider and respond to a new set of motions. Opp. at 3.

The motion is denied for failure to show good cause and lack of diligence. Prejudice to Plaintiff is also clearly shown. Additionally, the Court does not find that judicial efficiency would be improved by granting the Motion, since the Court expects that the parties made their strongest arguments in their original filings when the scope of the issues in the case was wider. Under Rule 16 of the Federal Rules of Civil Procedure, Defendants have failed to meet their burden to show good cause or diligence in bringing this motion.

Based on this ruling, the Court sets the remainder of the briefing schedule. Response briefs shall be filed by September 26, 2025; replies by October 6, 2025, at 12:00 p.m. Counsel shall advise the Court of which portions of their own motions remain relevant to the remaining issues in the case. Notice to opposing counsel of withdrawn arguments shall be provided by September 19, 2025.

It is hereby ordered that:

(1) Defendants' Motion is DENIED.

(2) Opposition Briefs SHALL be filed by September 26, 2025.

(3) Reply Briefs SHALL be filed by October 6, 2025, at 12:00 p.m.

(4) Notice to opposing counsel of withdrawn arguments SHALL be provided by September 19, 2025.

**IT IS SO ORDERED.**

Dated: September 16, 2025

_____
BETH LABSON FREEMAN
United States District Judge

2