QUINN EMANUEL URQUHART & SULLIVAN, LLP
RACHEL HERRICK KASSABIAN (Bar No. 191060)
*rachelkassabian@quinnemanuel.com*
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

ANDREW H. SCHAPIRO (admitted *pro hac vice*)
*andrewschapiro@quinnemanuel.com*
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606-1881
Telephone:  (312) 705-7400
Facsimile:  (312) 705-7401

DANIEL C. POSNER (Bar No. 232009)
*danposner@quinnemanuel.com*
THOMAS D. NOLAN (Bar No. 238213)
*thomasnolan@quinnemanuel.com*
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443 3100

Attorneys for Defendants Zazzle Inc.
and Mohamed Alkhatib

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ,<br><br>  Plaintiff,<br><br>  vs.<br><br>ZAZZLE INC. and MOHAMED ALKHATIB,<br><br>  Defendants.<br><br>ZAZZLE INC.,<br><br>  Counter-Claimant,<br><br>  vs.<br><br>NICKY LAATZ,<br><br>  Counter-Defendant. | Case No. 5:22-cv-04844-BLF-VKD<br><br>**DEFENDANTS' SEALING STATEMENT PURSUANT TO CIVIL LOCAL RULE 79-5(c)(1) AND 79-5(f)(3) IN RESPONSE TO PLAINTIFF'S ADMINISTRATIVE MOTION (DKT. 451)**<br><br>Trial Date:     July 14, 2025 |

Case No. 5:22-cv-04844-BLF-VKD

DEFENDANTS' SEALING STATEMENT PURSUANT TO CIVIL LOCAL RULE 79-5(c)(1) AND 79-5(f)(3)
IN RESPONSE TO DKT. 451

## I.   INTRODUCTION

Pursuant to Civil Local Rule 79-5(c)(1) and Civil Local Rule 79-5(f)(3), Defendants Zazzle Inc. ("Zazzle") and Mohamed Alkhatib (collectively, "Defendants") submit the following statement in response to Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. 451), in support of keeping under seal certain portions of Plaintiff and Counter-Defendant Nicky Laatz's Opposition to Defendants' Motion to Exclude Testimony of Plaintiff's Designated Expert Witnesses ("*Daubert* Opposition"). These portions quote or refer to material designated by Zazzle as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Protective Order (Dkt. 153).

## II.   LEGAL STANDARD

In motions to seal material submitted in support of a potentially dispositive motion such as the present *Daubert* Opposition, the "compelling reasons" standard for sealing applies. *See Regis Metro Assocs., Inc. v. NBR Co., LLC*, No. 20-CV-02309-DMR, 2022 WL 267443, at *13 (N.D. Cal. Jan. 28, 2022) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006)). Compelling reason exists to seal "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp*., LLC, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978)). Similarly, courts in the Ninth Circuit recognize that such compelling reasons exist to seal "trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials." *Regis Metro Assocs*., 2022 WL 267443, at *13. The same is also true for "confidential business information" such as "license agreements, financial terms, details of confidential licensing negotiations, and business strategies." *Baird v. BlackRock Institutional Tr. Co., N.A*., 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019) (citing *In re Qualcomm Litig*., No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017)).

## III.    DEFENDANTS REQUEST THE FOLLOWING INFORMATION REMAIN UNDER SEAL

The portions of the *Daubert* Opposition contain information Zazzle has designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to the Protective Order.  Defendants respectfully request that the Court order that the sealed or redacted exhibits remain under seal, as identified below:

| Dkt. No. | Document | Portions to be Filed Under Seal | Sealing Basis |
|---|---|---|---|
| 452 | Plaintiff and Counter-Defendant Nicky Laatz's Opposition to Defendants' Motion to Exclude Testimony of Plaintiff's Designated Expert Witnesses | 8:19-20, 8:27-9:3, 10:7-8, 11:25, 11:27-28, 12:3-5, 12:23-24, 13:26-27, and 14:6-7 | Confidential information relating to details of the technical operation of Zazzle's proprietary Design Tool and details of the number of Zazzle's users and designs. Larson Decl. ¶¶ 4-5. |

As described in the accompanying Declaration of Liana Larson, Senior Director, Legal at Zazzle ("Larson Decl."), the *Daubert* Opposition contains confidential information relating to the operation of Zazzle's proprietary Design Tool and specific figures of Zazzle's numbers of designs and users.  Larson Decl. ¶¶ 4, 5.  Public disclosure of this information would harm Zazzle's competitive standing, including by giving competitors, or potential competitors, access to non-public information about Zazzle's Design Tool, other technical operations, and users.  *Id*.

There is compelling reason for the Court to keep the quoted and identified portions of these document under seal because it contains confidential and commercially sensitive information.  *Id.* ¶¶ 4, 5; *see, e.g.*, *California Spine & Neurosurgery Inst. v. United Healthcare Ins. Co.*, No. 19-CV-02417-LHK, 2021 WL 1146216, at *2 (N.D. Cal. Feb. 12, 2021) ("[S]ealing may be justified to prevent judicial documents from being used 'as sources of business information that might harm a litigant's competitive standing.'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Herb Hallman Chevrolet, Inc. v. Gen. Motors LLC*, No. 3:22-CV-00447-MMD-CLB, 2024

WL 3160746, at *11 (D. Nev. June 24, 2024) (granting motion to seal information containing company's proprietary business practices); *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. C 10-3724 CW, 2014 WL 7387206, at *1 (N.D. Cal. Dec. 19, 2014) (granting motion to seal references to "confidential customer lists, business practices and testing procedures").   There is no less restrictive alternative for protecting such information from disclosure.  Larson Decl. ¶ 6.  Defendants therefore respectfully request that the Court order that the above-referenced material remain sealed.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that certain portions of Plaintiff and Counter-Defendant Nicky Laatz's Opposition to Defendants' Motion to Exclude Testimony of Plaintiff's Designated Expert Witnesses filed under seal by Plaintiff remain under seal.


DATED:  October 3, 2025                    QUINN EMANUEL URQUHART &
                                           SULLIVAN, LLP

                                           By */s/ Andrew H. Schapiro*
                                              Andrew H. Schapiro

                                              Attorneys for Defendants Zazzle Inc.
                                              and Mohamed Alkhatib

Case No. 5:22-cv-04844-BLF-VKD

DEFENDANTS' SEALING STATEMENT PURSUANT TO CIVIL LOCAL RULE 79-5(c)(1) AND 79-5(f)(3) IN RESPONSE TO DKT. 451