QUINN EMANUEL URQUHART & SULLIVAN, LLP
RACHEL HERRICK KASSABIAN (Bar No. 191060)
*rachelkassabian@quinnemanuel.com*
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

ANDREW SCHAPIRO (admitted *pro hac vice*)
*andrewschapiro@quinnemanuel.com*
MIRANDA M. HULKA (admitted *pro hac vice*)
*mirandahulka@quinnemanuel.com*
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606-1881
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

DANIEL C. POSNER (Bar No. 232009)
*danposner@quinnemanuel.com*
THOMAS D. NOLAN (Bar No. 238213)
*thomasnolan@quinnemanuel.com*
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

WILLIAM F. PATRY (admitted *pro hac vice*)
*williampatry@quinnemanuel.com*
KATY AKOPJAN (admitted *pro hac vice*)
*katyakopjan@quinnemanuel.com*
295 Fifth Avenue
New York, NY 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Attorneys for Defendants Zazzle Inc. and Mohamad Alkhatib

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ,<br><br>　　　Plaintiff,<br><br>　　vs.<br><br>ZAZZLE INC. and MOHAMED ALKHATIB,<br><br>　　　Defendants. | Case No. 5:22-cv-04844-BLF-VKD<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br><br>Trial Date:　　　July 14, 2025 |
| ZAZZLE INC.,<br><br>　　　Counter-Claimant,<br><br>　　vs.<br><br>NICKY LAATZ,<br><br>　　　Counter-Defendant. | |

Case No. 5:22-cv-04844-BLF-VKD

DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL

## I.    INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Defendants Zazzle Inc. ("Zazzle") and Mohamed Alkhatib (collectively, "Defendants") respectfully move to file under seal certain portions of Defendants' Reply in Support of Motion to Exclude Plaintiff's Experts ("*Daubert* Reply"), which were designated by Zazzle as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY under the Protective Order (Dkt. 153).

This material in the *Daubert* Reply is a subset of the material sealed as part of Defendant's original Motion to Exclude Plaintiff's Experts, which was filed in association with an Administrative Motion to File Under Seal And Consider Whether Another Party's Material Should Be Sealed (Dkt. 396).  On August 28, 2025, this Court ruled on that administrative motion, upholding the sealing of "numbers of designers, designs, products, and users on Zazzle." ("Sealing Order," Dkt. 444 at 5).  The specific pieces of information sought to be sealed here are the same numbers of designs which were ordered sealed in the Sealing Order.  Defendants accordingly bring this motion pursuant to Civ. L.R. 79-5(f) to request that the Court again order the sealing of those key pieces of confidential information.

## II.    LEGAL STANDARD

In motions to seal material submitted in support of a potentially dispositive motion such as the present *Daubert* Reply, the "compelling reasons" standard for sealing applies.  *See Regis Metro Assocs., Inc. v. NBR Co., LLC*, No. 20-CV-02309-DMR, 2022 WL 267443, at *13 (N.D. Cal. Jan. 28, 2022) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006)).  Compelling reason exists to seal "sources of business information that might harm a litigant's competitive standing."  *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  Similarly, courts in the Ninth Circuit recognize that such compelling reasons exist to seal "trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials."  *Regis Metro Assocs.*, 2022 WL 267443, at *13.  The same logic applies to "confidential business information" such as "license agreements, financial terms, details of confidential licensing negotiations, and business strategies."  *Baird v.*

*BlackRock Institutional Tr. Co., N.A*., 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019) (citing *In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017).

## III.   DEFENDANTS REQUEST THE FOLLOWING DOCUMENTS AND INFORMATION REMAIN UNDER SEAL

Zazzle seeks to seal all or portions of the documents identified below, which Zazzle has designated CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY pursuant to the Protective Order.   Defendant's proposed redactions to the *Daubert* Reply are reflected in the attached Exhibit A.

| Document | Portions to be Filed Under Seal | Sealing Basis |
| --- | --- | --- |
| *Daubert* Reply | Sections highlighted in yellow at pages 9-10. | Numbers of total designs and designs featuring BE on Zazzle.  Larson Decl. ¶¶ 4-5. |

As described in the accompanying Declaration of Liana Larson, Senior Director, Legal at Zazzle ("Larson Decl."), the *Daubert* Reply contains confidential information relating to specific numbers of total designs and designs featuring the Blooming Elegant Trio of fonts on Zazzle. Larson Decl. ¶ 5.  Public disclosure of this information would harm Zazzle's competitive standing, including by giving competitors, or potential competitors, access to non-public information about Zazzle's base of designs. *Id*.

There is compelling reason for the Court to keep under seal these documents because they reflect confidential and commercially sensitive information.  *Id.*; *see, e.g.*, *California Spine & Neurosurgery Inst. v. United Healthcare Ins. Co.*, No. 19-CV-02417-LHK, 2021 WL 1146216, at *2 (N.D. Cal. Feb. 12, 2021) ("[S]ealing may be justified to prevent judicial documents from being used 'as sources of business information that might harm a litigant's competitive standing.'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Herb Hallman Chevrolet, Inc. v. Gen. Motors LLC*, No. 3:22-CV-00447-MMD-CLB, 2024 WL 3160746, at *11 (D. Nev. June 24, 2024) (granting motion to seal information containing company's proprietary business practices); *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. C 10-3724 CW, 2014 WL 7387206, at

*1 (N.D. Cal. Dec. 19, 2014) (granting motion to seal references to "confidential customer lists, business practices and testing procedures").

Further, the request to seal is narrowly tailored because it is limited to the specific lines or portions of lines of the *Daubert* Reply that reflect Zazzle's confidential information. There is no less restrictive alternative for protecting such information from disclosure. Larson Decl. ¶ 6. Defendants therefore respectfully request that the Court allow the above-referenced material to remain sealed.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the portions of the *Daubert* Reply identified above remain under seal.

DATED:  October 6, 2025                    QUINN EMANUEL URQUHART &
                                           SULLIVAN, LLP

                                           By */s/ Andrew H. Schapiro*
                                              Andrew H. Schapiro

                                              Attorneys for Defendants Zazzle Inc.
                                              and Mohamed Alkhatib