UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ZAZZLE, INC., et al.,<br><br>    Defendants. | Case No. 5:22-cv-04844-BLF<br><br>**ORDER DENYING PLAINTIFFS' PETITION FOR § 1292(B) CERTIFICATION FOR INTERLOCUTORY REVIEW**<br><br>[Re: ECF No. 461] |

Before the Court is Plaintiffs' petition for certification for interlocutory review of the Court's Order Granting Defendants' Motion for Reconsideration of the Court's Order on Defendants' Motion for Summary Judgment Re Claim 4, Copyright Infringement (ECF No. 443 ("Order")). ECF No. 461 ("Pet."). Defendants do not oppose the Petition but request that the Court stay proceedings in the case if the Court grants the petition. ECF No. 466 ("Response").

Having considered the briefing and the governing law, the Court finds that Plaintiffs have not made a sufficient showing to warrant certification for interlocutory review of the Order. The Petition is therefore DENIED.

**I.  BACKGROUND**

The parties are familiar with the facts giving rise to this lawsuit, which need not be repeated in full here.

On May 9, 2025, the Court granted-in-part and denied-in-part Defendants' motion for summary judgment as to Plaintiffs' claim for federal copyright infringement based on the font data registrations received for the Blooming Elegant ("BE") fonts. ECF No. 414. The Court invalidated the registrations issued for font data for lack of human authorship but allowed the claim to proceed on disputed facts as to whether BE is copyrightable as a computer program. *Id.*

at 30–37. Defendants moved for reconsideration, arguing that Plaintiffs no longer held a valid registration as required by 17 U.S.C. § 411(a). ECF No. 430.

On August 4, 2025, the Court granted Defendants' motion for reconsideration, determining that Plaintiff failed to meet the statutory requirements to bring a federal copyright claim because she possesses neither a registration nor a refusal of registration. Order at 6. In reconsidering its prior order denying-in-part Defendants' motion with respect to Plaintiffs' copyright claim, the Court explained that it had overlooked Defendants' argument that once the copyright registrations for font data were found invalid it became irrelevant whether BE was copyrightable as computer programs.

## II.  LEGAL STANDARD

A district court may certify an order for interlocutory review "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). For a court to grant interlocutory review of an order not otherwise appealable, the party seeking such review has the burden of showing three things: (1) there is a controlling question of law upon which (2) there is a substantial ground for difference of opinion, and (3) the immediate appeal of which will materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b).

The purpose of this statute is to provide "immediate appeal of interlocutory orders deemed pivotal and debatable." *Swint v. Chambers Cnty. Comm'n*, 51 U.S. 35, 46 (1995). Requests under § 1292(b) are to be granted sparingly. *See James v. Price Stern Sloan Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002).

## III.  DISCUSSION

Plaintiffs seek to certify the Order for interlocutory review by the Ninth Circuit under 28 U.S.C. § 1292(b) based on the following two issues:

1. Where a plaintiff obtains a copyright registration for a work before suing for infringement of that work, in satisfaction of 17 U.S.C. § 411(a), but a court later finds that the registration was based on legally or factually inaccurate information in the plaintiff's application, is the satisfaction of Section 411(a) retroactively invalidated so

        as to prevent a trier of fact from assessing the copyrightability and infringement of the work, particularly where the inaccurate information does not warrant invalidation under Section 411(b)(1)?

2. Where a plaintiff obtains a copyright registration for a work before suing for infringement of that work, in satisfaction of 17 U.S.C. § 411(a), but the defendant alleges under 17 U.S.C. § 411(b)(1) that the registration was based on inaccurate information in the application, should the court refer registrability of the work under the correct information proffered by the plaintiff to the Register of Copyrights in accordance with 17 U.S.C. § 411(b)(2), or may the court simply dismiss the claim for failure to satisfy Section 411(a)'s pre-suit registration requirement?

Pet. at 1. Plaintiffs assert that both issues present a controlling question of law with a substantial ground for differing opinions, such that an immediate appeal may materially advance termination of the action. *Id.* at 2.

### A. Controlling Question of Law

Plaintiffs argue that the issue whether Plaintiff's satisfaction of section 411(a)'s pre-suit registration requirement may be subsequently invalidated based on inaccurate information in the application is a controlling issue of law that will determine whether their copyright claim could proceed before a jury or could be adjudicated by summary judgment. Pet. at 3. Plaintiffs further argue that whether the Court must refer the matter to the Copyright Office to determine whether the registration would have been refused with the corrected information is a controlling issue of law that determines whether their copyright claim could proceed or requires a stay of proceedings pending the Copyright Office's adjudication of the issue. *Id.* at 3–4.

The Court agrees with Plaintiffs. Whether Plaintiffs satisfy section 411's pre-suit registration requirement is a pure question of law that does not depend on a material dispute of fact. Satisfaction of this requirement is a threshold issue in determining whether a plaintiff has a private cause of action under the Copyright statutes, and as such it is a question of law. The Court also agrees that this issue is controlling. A reversal on appeal would mean that Plaintiffs may proceed with their copyright claim or that the issue must be adjudicated by the Copyright Office.

Therefore, this action would be materially affected by the Ninth Circuit's resolution of the issue. *In re Cement Antitrust*, 673 F.2d at 1026 ("[A]ll that must be shown in order for a question [of law] to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court."). The Court thus finds that the first requirement for § 1292(b) is satisfied.

### B. Substantial Ground for Differing Opinion

Plaintiffs conclusorily argue that reasonable jurists could differ on the issues based on the language of section 411 and existing case law, without any explication of this argument. Plaintiffs also appear to suggest that substantial ground for differing opinion is self-evident based upon the Court's order granting reconsideration. Pet. at 4–5 ("This conclusion is also evident from the fact that the Court initially determined that the infringement claim would proceed, only to later reverse course and dismiss it upon reconsideration.").

The Court finds that Plaintiffs have not made the requisite showing as to this requirement. "To determine if a substantial ground for difference of opinion exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope, Inc.,* 611 F.3d 629, 633 (9th Cir. 2010). Here, Plaintiffs have not made any suggestion that the controlling law is unclear or that there are any novel questions implicated by its petition. *See Barone v. Los Angeles Cnty. Sheriff's Dep't*, No. 21-cv-4200-SSS-PD, 2023 WL 8042740, at *3 (C.D. Cal. Oct. 27, 2023) ("Plaintiff has not alleged that there is a circuit split on the issue he seeks to appeal. Nor has he indicated that the issue presents a difficult question of first impression. Plaintiff has not raised any dispute between sister circuits or novel questions on this issue."). To the extent that Plaintiffs suggest that the mere fact that the underlying order was a reconsideration of the Court's previous order, the Court disagrees—this novel interpretation would render any order granting reconsideration amenable to interlocutory appeal and discourage district courts from exercising their inherent authority to conserve judicial resources by reconsidering prior orders. In any case, the Court's reconsideration order only determined that Defendants had correctly pointed out that, by virtue of the Court's prior order invalidating the copyright registrations, Plaintiffs no longer satisfied section 411(a)'s registration requirement. *See* Order at 8.

4

**C. Advancing Termination of the Action**

Finally, Plaintiffs argue that interlocutory appeal would advance termination of the action by avoiding the need for a second trial in the event that the Order is reversed on appeal. *See* Pet. at 5. Plaintiffs also argue that interlocutory appeal would promote settlement because "having certainty about whether the trial of this action should or should not include the infringement claim will allow the parties to better assess the value, costs, and risks of trial versus settlement, increasing the likelihood of settlement." *Id.*

The Court disagrees. The fact that reversal on appeal would require a jury trial on Plaintiffs' copyright claim "is not enough to merit interlocutory review." *Dillon v. Murphy & Hourihane*, No. 14-cv-1908-BLF, 2014 WL 5408416, at *2 (N.D. Cal. Oct. 22, 2014); *see also Env. Prot. Info. Cntr. v. Pac. Lumber Co.,* 2004 WL 838160, at *3 (N.D. Cal. Apr. 19, 2004) (denying a motion to certify, stating that "[e]very denial of a dispositive motion *may* result in reversal at the appellate court, which *may,* in turn, conclude the case outright" (emphasis in original)). After repeatedly accommodating the Parties' scheduling requests to promote settlement negotiations to no avail, the Court simply does not find credible Plaintiffs' renewed suggestion that further delay should be afforded to the parties to promote settlement. "This action has been pending for over three years, which 'weighs significantly against' commencing an interlocutory appeal at this time." *In re Delta Air Lines, Inc.*, No. 20-cv-786-JAK, 2024 WL 3850486, at *14 (C.D. Cal. May 30, 2024) (internal citation omitted). Further postponing the scheduled trial date is simply not warranted. *See Shurance v. Plan. Control Int'l, Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988).

**IV. ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that: Plaintiffs' petition is DENIED.

Dated: October 20, 2025

_____
BETH LABSON FREEMAN
United States District Judge

5