UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| NICKY LAATZ, et al., <br><br>    Plaintiffs, <br>  v. <br><br>ZAZZLE, INC., et al., <br><br>    Defendants. | Case No.  5:22-cv-04844-BLF <br><br>**ORDER REGARDING PLAINTIFF'S MOTION FOR CLARIFICATION** <br><br>[Re: ECF No. 491] |

On November 17, 2025, the Court issued its order granting-in-part and denying-in-part Defendants' motion to exclude the testimony of Plaintiff's damages expert Mr. Persechini.  ECF No. 489 ("Order").  Specifically, the Court explained that the California Supreme Court's decision in *Desny v. Wilder*, 46 Cal. 2d 715 (1956), did not constitute sufficient foundation for Mr. Persechini's opinion that damages could be calculated by multiplying a royalty fee by the total number of users who had access to the Blooming Elegant Trio through the Design Tool or the total number of users who used the Design Tool to create a pending design.  Order at 19–21.  The Court concluded that "the opinions expressed in paragraphs 56–64, 75–78, and 83–86 lack sufficient foundation to constitute reliable expert testimony."  *Id.* at 21.

Plaintiff now "seeks clarification of whether, consistent with the Court not having excluded the opinions expressed in paragraphs 79–82 of . . . Mr. Persechini's report, [she] may present the underlying evidence, opinion, and argument that [Defendants] should pay a $14 license fee for each user who actually used the Blooming Elegant . . . fonts through [the] design tool in a finalized or finished design."  ECF No. 491 ("Mot.") at 2.  Defendants respond that the Order is not unclear, and that Plaintiff has not established any ground for clarification.  ECF No. 498 ("Opp.").

Defendants did not expressly seek exclusion of paragraphs 79–82 (relating to the number of users to whom vector paths to render Blooming Elegant were delivered) of Mr. Persechini's report, so the Court did not rule on their admissibility at trial.  To the extent that Plaintiff seeks clarification whether Mr. Persechini may testify that the jury should award damages by multiplying $14 by the number of users to whom vector paths to render Blooming Elegant were delivered, the Court ruled in no uncertain terms that he may not:

> Multiplying $14 by a series of user populations does not involve the application of any economics expertise and is not a proper form of expert testimony—the jury is fully capable of simple arithmetic. Plaintiff is advised that at trial she will need to establish the value of each breach, and that Mr. Persechini is not that witness.  If it is Plaintiff's theory that each time a consumer used the Design Tool constituted a breach, she will need evidence to support that theory, since *Desny* does not fill that analytical gap. And again, Mr. Persechini is not that witness because he performed no independent analysis of the value of any breach or the number of separate breaches and simply accepted without question Plaintiff's counsel's theory of valuation.

Order at 20.  No further clarification is necessary.

**IT IS SO ORDERED.**

Dated:  December 16, 2025

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

2