UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ZAZZLE, INC., et al.,<br><br>    Defendants. | Case No.  5:22-cv-04844-BLF<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR POSTING OF A BOND PURSUANT TO CALIOFNIRA CODE OF CIVIL PROCEDURE SECTION 1030**<br><br>[Re:  ECF No. 489] |

Before the Court is Defendants' motion for bond pursuant to California Code of Civil Procedure section 1030. ECF No. 489 ("Mot."); *see also* ECF No. 504 ("Reply").  Plaintiff opposes the motion.  See ECF No. 497 ("Opp.").  The matter is suitable for adjudication without oral argument; the hearing set for March 5, 2026, is VACATED.  *See* Civ. L.R. 7-11(b).

The motion is DENIED.

**I.  BACKGROUND**

The parties are familiar with the facts giving rise to this lawsuit, which need not be repeated in full here.

On May 9, 2025, the Court granted-in-part and denied-in-part Defendants' motion for summary judgment as to Plaintiffs' claim for federal copyright infringement based on the font data registrations received for the Blooming Elegant fonts.  ECF No. 414.  The Court invalidated the registrations issued for font data for lack of human authorship but allowed the claim to proceed on disputed facts as to whether the fonts are copyrightable as a computer program.  *See id.* at 30–37. Defendants moved for reconsideration, arguing that Plaintiff no longer held a valid registration as required by 17 U.S.C. § 411(a).  ECF No. 430.

On August 4, 2025, the Court granted Defendants' motion for reconsideration, determining

that Plaintiff failed to meet the statutory requirements to bring a federal copyright claim because she possesses neither a registration nor a refusal of registration. ECF No. 443 at 6. In reconsidering its prior order denying-in-part Defendants' motion with respect to Plaintiffs' copyright claim, the Court explained that it had overlooked Defendants' argument that once the copyright registrations for font data were found invalid it became irrelevant whether BE was copyrightable as computer programs.

After the Court's reconsideration order, the only claim left in this action is Plaintiff's breach-of-contract claim. Defendants now request an order requiring Plaintiff to post bond as to her copyright claim.

## II.  LEGAL STANDARD

Section 1030 of the California Code of Civil Procedure provides in relevant part as follows:

> (a) When the plaintiff in an action or special proceeding resides out of the state, or is a foreign corporation, the defendant may at any time apply to the court by noticed motion for an order requiring the plaintiff to file an undertaking to secure an award of costs and attorney's fees which may be awarded in the action or special proceeding. For the purposes of this section, 'attorney's fees' means reasonable attorney's fees a party may be authorized to recover by a statute apart from this section or by contract.
> (b) The motion shall be made on the grounds that the plaintiff resides out of the state or is a foreign corporation and that there is a reasonable possibility that the moving defendant will obtain judgment in the action or special proceeding. The motion shall be accompanied by an affidavit in support of the grounds for the motion and by a memorandum of points and authorities. The affidavit shall set forth the nature and amount of the costs and attorney's fees the defendant has incurred and expects to incur by the conclusion of the action or special proceeding.
> (c) If the court, after hearing, determines that the grounds for the motion have been established, the court shall order that the plaintiff file the undertaking in an amount specified in the court's order as security for costs and attorney's fees.

Cal. Civ. Code § 1030(a)–(c). "The purpose of [Section 1030] is to enable a California resident sued by an out-of-state resident to secure costs in light of the difficulty of enforcing a judgment for costs against a person who is not within the court's jurisdiction." *Yao v. Superior Court*, 104 Cal. App. 4th 327, 331 (2002). In federal question cases, application of the rule is discretionary. *Alzheimer's Inst. of Am. v. Eli Lilly & Co.*, 128 F. Supp. 3d 1249, 1256 (N.D. Cal.

2015), aff'd sub nom., *AIA Am., Inc. v. Eli Lilly & Co.*, 695 F. App'x 573 (Fed. Cir. 2017).

To establish applicability of section 1030, the defendant must show that "[i] the plaintiff resides out of state or is a foreign corporation and that [ii] there is a reasonable possibility that the moving defendant will obtain judgment in the action." *Fullove v. Fullove*, No. 24-cv-02616-JSW, 2024 WL 4951248, at *2 (N.D. Cal. Dec. 2, 2024) (alterations in original) (quoting Cal. Civ. Code § 1030(b)). Upon such a showing, the court may exercise its discretion to require the plaintiff to post a bond after considering "(i) the degree of probability/improbability of success on the merits, and the background and purpose of the suit; (ii) the reasonable extent of the security to be posted, if any, viewed from the defendant's perspective; and (iii) the reasonable extent of the security to be posted, if any, viewed from the nondomiciliary plaintiff's perspective." *Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994).

### III.  DISCUSSION.

There is no dispute that Plaintiff resides outside of California, so section 1030 authorizes the Court to require Plaintiff to post a security if Defendants demonstrate that it is "reasonably possible" that they will prevail on Plaintiff's copyright claim. The Court agrees with Defendants that, by obtaining summary judgment on copyright infringement, Defendants have cleared the "relatively low" hurdle of demonstrating a reasonable possibility of prevailing on this claim. *GmbH v. Cloud Imperium Games Corp.*, No. 17-cv-08937-DMG, 2019 WL 4149337, at *2 (C.D. Cal. July 22, 2019). To the extent that Plaintiff argues that Defendants must additionally demonstrate that they are likely to satisfy the conditions set forth by section 505 of the Copyright Act, *see* Opp. at 2, she is mistaken. To the contrary, courts applying section 1030 have consistently held that the relevant inquiry is the likelihood of prevailing on the merits of the underlying claim, not the fee-shifting statute. *See, e.g.*, *AF Holdings LLC v. Navasca*, No. 12-cv-02396-EMC, 2013 WL 450383, at *1 (N.D. Cal. Feb. 5, 2013).

The analysis does not end there, however. "If the Court finds that the purpose of the statute is not furthered, it will not require a bond." *Fullove*, 2024 WL 4951248, at *2. The Court agrees with Plaintiff that "at this late stage in the litigation, there appears to be little point in the court exercising its discretion to order an undertaking." *Alzheimer's Inst.*, 128 F. Supp. 3d

3

at 1256. Plaintiff's copyright claim has already been fully disposed of, and the Court sees little point in ordering Plaintiff to post a bond just months before trial on her claim for breach of contract. The Court concludes that the background and nature of the suit, as well as the reasonableness of the security from Plaintiff's perspective, moderately weigh against Defendants. Given the absence of any other showing that ordering a bond would further the purpose of section 1030, the Court concludes that ordering a bond would be inappropriate.

**IV.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that the motion is DENIED.

Dated:  December 17, 2025

_____
BETH LABSON FREEMAN
United States District Judge