PATRICK M. RYAN (SBN 203215)
  pryan@bartkopavia.com
STEPHEN C. STEINBERG (SBN 230656)
  ssteinberg@bartkopavia.com
CHAD E. DEVEAUX (SBN 215482)
  cdeveaux@bartkopavia.com
P. CASEY MATHEWS (SBN 311838)
  cmathews@bartkopavia.com
BARTKO PAVIA LLP
1100 Sansome Street
San Francisco, California 94111
Telephone:   (415) 956-1900
Facsimile:   (415) 956-1152

Attorneys for Plaintiff and Counter-Defendant
NICKY LAATZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ,<br><br>        Plaintiff,<br><br>    v.<br><br>ZAZZLE, INC. and MOHAMED ALKHATIB,<br><br>        Defendants.<br><br>_____<br><br>ZAZZLE, INC.,<br><br>        Counter-Claimant,<br><br>        v.<br><br>NICKY LAATZ,<br><br>        Counter-Defendant. | Case No. 5:22-cv-04844-BLF<br><br>**NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Hearing Date:   April 30, 2026<br>Time:         9:00 a.m.<br>Judge;        Hon. Beth Labson Freeman<br>Courtroom:    1<br><br>Trial Date:   February 17, 2026 |

2885.000/5905425.1

Case No. 5:22-cv-04844-BLF

NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

**TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................................1

II.   RELEVANT PROCEDURAL HISTORY .........................................................2

III.  FACTUAL BACKGROUND RELEVANT TO AMENDMENT...................3

IV.   ANALYSIS ..........................................................................................................4

   A.  Rule 16(b)(4) Good Cause Exists to Permit a Late Amendment......................4

      1.  Nicky Laatz Moved Promptly After the Trigger for Amendment Occurred. 4

      2.  Amendment Will Not Require Material Changes to Existing Deadlines......5

      3.  Defendants Cannot Show Prejudice Sufficient to Defeat Good Cause.........6

   B.  Rule 15(a)(2) Compels Leave to Amend .........................................................7

      1.  Amendment Is Sought in Good Faith and to Conform the Pleadings ...........7

      2.  There Is No Undue Delay ................................................................................8

      3.  There Is No Undue Prejudice...........................................................................8

      4.  Amendment Is Not Futile Under the Applicable Pleading Standards...........9

NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 30, 2026, at 9:00 a.m., or as soon thereafter as the matter can be heard, in the courtroom of the Honorable Beth Labson Freeman, Courtroom 1, 5th floor, San Jose Courthouse, 280 South 1st Street, San Jose, CA 95113, Plaintiff Nicky Laatz will, and hereby does move the Court for an order granting Nicky Laatz leave to file her Second Amended Complaint ("SAC") and ordering that the SAC submitted with this Motion be deemed filed. The Motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of P. Casey Mathews, and the [Proposed] Order filed herewith, on all of the files and records of this action, and on any additional material elicited at the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Before trial starts on February 17, 2026—and in light of the Court's recent *Daubert* ruling raising, for the first time, a pleading-label concern about Nicky Laatz's contract theory that Zazzle must pay for additional seats for people it allowed to use the BE Trio—Nicky Laatz seeks leave to file a targeted Second Amended Complaint ("SAC"). The SAC is narrow, case-management oriented, and designed to ensure the case is tried on the merits rather than a pleading technicality.

The amendment serves two purposes. *First*, it streamlines the pleadings by omitting causes of action the Court already adjudicated. *Second*, it explicitly asserts a cause of action for "breach of implied-in-fact contract" based on Zazzle's providing use of Nicky Laatz's Blooming Elegant Trio fonts and software to users beyond the "one seat" Defendants purchased, consistent with the facts pleaded in the First Amended Complaint ("FAC") and explored and litigated throughout fact and expert discovery. The FAC always alleged: (a) the critical licensing facts—that Nicky Laatz offered "one seat per license" and that each "unique user" required a license; and (b) breach based on Zazzle's allowing unlicensed people to use the fonts and failing to pay the per-seat license price for each such user. What changed at the *Daubert* stage was not Nicky Laatz's factual allegations or the evidentiary record, but the Court's concern that the "additional seats" aspect of Plaintiff's contract/damages theory must be expressly pleaded as an implied-in-fact contract claim separate

NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

from her existing breach of contract claim. The SAC still pleads the existence of the parties' express written license, which was already found by the Court (ECF 174, ECF 486 at 19), and it maintains the aforementioned allegations. It simply formalizes the theory that Zazzle, by its conduct of permitting use of the fonts and software beyond the one seat it purchased, accepted and entered into implied-in-fact agreements for those additional seats.

This request is also procedurally appropriate. The operative scheduling order set a March 7, 2023 deadline to amend pleadings. Thus, Nicky Laatz must meet the "good cause" standard under Rule 16(b)(4), in addition to the standard for amendment under Rule 15(a)(2). She satisfies both standards. The facts underlying the SAC have been in the pleadings since the FAC; the parties have litigated the per-seat liability and damages theory in fact and expert discovery proceedings; and the need to add a breach of implied-in-fact contract label—which was not briefed in any prior motions—arose only when the Court raised the issue in its *Daubert* ruling. Nicky Laatz moved promptly once that concern became clear. The SAC does not add new facts or new parties, nor does it expand the case. The pleading is not futile; California recognizes the existence of implied-in-fact contracts under the circumstances that Nicky Laatz pled at the outset. The SAC actually narrows and clarifies the claims for trial, with no surprise or prejudice to Defendants.

## II.    RELEVANT PROCEDURAL HISTORY

The Court set an early deadline for amending pleadings: March 7, 2023. ECF 66 [Joint Prop. Sched. Order] at 5. Shortly after that, the Court granted leave for Nicky Laatz to file the FAC. ECF 81. The FAC pleads, among other things, the facts at issue here—namely, that the Blooming Elegant License is for "one seat per license," non-transferable, and requires a separate license for each unique user, and that Zazzle breached by allowing unlicensed users to access and use the fonts and software and by failing to pay the per-seat price prescribed by the license for each such user. ECF 82 ¶¶ 66(c-d), 215, 217, 218(b, d); ECF 82-4 at 1-2; ECF 82-6 at 1-2.

The parties litigated the case through discovery and dispositive motion practice. The Court's Orders resolved certain claims (*see* ECF 414, 443), leaving the case in a posture where streamlining the operative pleading for trial also promotes clarity and judicial economy. Consistent with those Orders, the SAC omits adjudicated causes of action while reserving Nicky

NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Laatz's right to seek appellate review of the rulings that removed those claims from the case.

After expert discovery, the Court issued its *Daubert* ruling, including stating that although an express written contract existed, Nicky Laatz did not plead a claim for breach of an implied-in-fact contract. ECF 486 at 19-20. This pleading-label issue was not raised earlier through a dispositive motion, nor in Defendants' *Daubert* motion. *See* ECF 398. Instead, it arose at the *Daubert* hearing and ruling when the Court clarified that it viewed the "additional seats" theory as requiring explicit pleading of a claim for breach of implied-in-fact contract. ECF 484 at 4:19-20. After the Court's *Daubert* ruling, Nicky Laatz moved promptly to seek clarification, and noted she may seek leave to amend. ECF 491 at 4-5. The Court resolved that motion on December 16, 2025. ECF 508. Nicky Laatz met and conferred with Defendants about the present motion on December 22, 2025, and they intend to oppose. Mathews Decl. ¶ 11.

### III.   FACTUAL BACKGROUND RELEVANT TO AMENDMENT

The Complaint and FAC have always pleaded the one-seat-per-license structure and a per-user payment breach theory. From the outset, Nicky Laatz alleged that the Blooming Elegant License is expressly limited to "one seat per license" and that "each unique user … requires their own license." ECF 1 ¶ 42(a); ECF 88 ¶ 66(c)–(d), 215. The FAC likewise alleged breach based on Zazzle's conduct in allowing access and use of BE Trio fonts and software by users beyond the one licensed seat, including by: (i) allowing people other than the purchaser to access and use the BE Trio; and (ii) "[f]ailing to pay the price prescribed by the license for 'each unique user' who was provided access," including the "individuals who accessed and used the fonts and the font software on Zazzle's website." FAC ¶ 218(b, d). In sum, the factual predicate for Nicky Laatz's "additional seats" theory has been part of the pleadings since inception, and has been litigated by the parties throughout fact and expert discovery. *See, e.g.*, ECF 106 at 14:8-9 [Plf.'s Reply ISO MSJ] ("Zazzle's breach harmed Nicky Laatz in the amount of $14 per 'each unique user' Zazzle allowed to access the IP."); ECF 149 at 6 ("The breach of contract damages will thus be determined … by … the number of individuals who were thereby able to use the IP."); ECF 399-4 [Persechini Rpt.] ¶¶ 7, 20-24, 59-82; ECF 399-5 (Sandler Rpt.) ¶ 25.

The Court, in the *Daubert* proceedings, clarified that an explicit implied-in-fact contract

label would be needed, despite long-pleaded facts and notice. The case did not previously turn on whether the "additional seats" contract obligation should be characterized as (i) within the Blooming Elegant License itself or (ii) an implied-in-fact agreement formed by acceptance-by-conduct when Zazzle expanded use beyond the one licensed seat with knowledge of the per-seat terms. The Court noted in its *Daubert* ruling that Nicky Laatz did not plead a breach of implied-in-fact contract claim. ECF 486 at 19-20.

## IV.   ANALYSIS

### A.   Rule 16(b)(4) Good Cause Exists to Permit a Late Amendment

The operative case schedule set an early deadline for amending pleadings: March 7, 2023. ECF 66 [Joint Proposed Scheduling Order] at 5. Because that deadline has passed, Nicky Laatz must first establish "good cause" under Federal Rule of Civil Procedure 16(b)(4) before the Court considers the liberal amendment policy of Rule 15(a)(2). *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992); *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011); *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017). If the schedule "cannot reasonably be met despite" the plaintiff's diligence, the Rule 16 standard is met. *Johnson*, 975 F.2d at 609.

### 1.   Nicky Laatz Moved Promptly After the Trigger for Amendment Occurred

Rule 16 diligence is assessed in a practical way: whether the party "could not reasonably" meet the scheduling deadline despite acting diligently, and whether the party moved expeditiously once amendment became necessary. *Id.* This standard is satisfied for two independent reasons.

***First***, the proposed amendment does not reflect a new factual theory. From the outset, Nicky Laatz alleged that Zazzle's use required licensing on a per-seat/unique-user basis and that Zazzle's conduct resulted in unpaid per-user license fees. The FAC pleads the key licensing terms—i.e., that the license is "single user," non-transferable, and that "each unique user requires their own license" on a "one seat per license" basis. ECF 82 [FAC] ¶¶ 66(a, c-d), 215, 217. The FAC also alleges breach based on, among other things, Zazzle's provision of access to unlicensed users and failure to pay the license price for each unique user. ECF 82 [FAC] ¶ 218(b, d). That same "unique user"/per-seat premise carried through discovery and the Court's ruling on the

NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

merits. On summary judgment, the Court recited the FAC's breach allegations—including that Zazzle breached by "Failing to pay the price prescribed by the license for each unique user." ECF 414 at 41. As the Court noted, Zazzle purchased *one* license seat; the implied-in-fact theory concerns the incremental seats beyond that purchase. In short, the per-seat/unique-user framework has been in the pleadings and litigated on the merits; the amendment simply makes explicit what Nicky Laatz reasonably understood was already encompassed within the pleaded contract claim.

***Second***, the need to amend became apparent only after the Court's *Daubert* ruling, not on a Rule 12 challenge or summary judgment. The Court's *Daubert* Order stated for the first time: "There is no dispute that an express written contract existed between the Parties, and Plaintiff did not plead in her complaint a claim for breach of implied-in-fact contract." ECF 486 at 19. The Court clarified it viewed the "additional seats" theory as requiring express pleading of an implied-in-fact contract claim separate from the existing breach of contract claim, notwithstanding that the underlying facts were pleaded and litigated. (*Id.*) Once this became apparent, Nicky Laatz acted promptly. Nine days after the Court issued its *Daubert* Order, Plaintiff filed a motion seeking clarification and related relief. ECF 491. And after the Court denied that motion on December 16, 2025, Plaintiff proceeded without delay to seek leave to amend. ECF 508.

Courts routinely find diligence where, as here, the need to amend becomes apparent only after a court ruling crystallizes the operative theory, and the movant acts promptly thereafter. *See Farnan*, 654 F.3d at 984–85 (affirming Rule 16 modification where summary judgment ruling changed tenor of case and movant did not unduly delay thereafter); *Conceptus, Inc. v. Hologic, Inc.*, 2010 WL 1460162, at *2 (N.D. Cal. Apr. 12, 2010) (finding diligence where movant mistakenly believed claims were properly pled; noting that an opponent who believed the claims were improperly pled should have objected or moved to strike). Here, Plaintiff has been diligent both ***substantively*** (pleading and litigating the per-seat/unique-user licensing facts) and ***procedurally*** (moving promptly once the Court's *Daubert* Order made clear that the Court viewed more explicit pleading as necessary), satisfying Rule 16(b)(4). *See Johnson*, 975 F.2d at 609.

### 2.    Amendment Will Not Require Material Changes to Existing Deadlines

Even though diligence is the focus under Rule 16, courts also consider whether the

NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

requested modification would disrupt the schedule—particularly where the amendment would necessitate reopening discovery or otherwise forcing significant continuances. *See Farnan*, 654 F.3d at 984–85 (affirming modification where amendment created "no meaningful case management issues"; "no additional discovery was necessary and no delay ensued").

That concern is not present here because the proposed amendment is a narrow clarification that aligns the pleadings with: (i) the license's per-seat/unique-user structure and the breaches pleaded in the FAC; and (ii) the contract-damages theory already litigated through fact and expert discovery. ECF 82 ¶¶ 66(c–d), 218(b, d); ECF 414 at 41. The amendment is directed at streamlining the complaint in light of the Court's prior rulings, and the Court's concern raised in its *Daubert* Order that the "additional seats" theory should be expressly framed as a separate implied-in-fact contract claim rather than treated as an aspect of breach and damages under the express license. ECF 486 at 19-20. Plaintiff does not seek to continue the trial date; the proposed amendment is designed to ensure the pleadings match the issues already joined and litigated, not to introduce new disputes that would require wholesale reopening of discovery. *See C.F. v. Capistrano Unified Sch. Dist.*, 656 F. Supp. 2d 1190, 1198–99 (C.D. Cal. 2009) (finding Rule 16 prejudice absent where "no further discovery will be needed" and "no meaningful future delay will result" because issues were legal and record-based), *aff'd, Farnan*, 654 F.3d at 984–85.

### 3.    Zazzle Cannot Show Prejudice Sufficient to Defeat Good Cause

Although diligence is the focus of Rule 16(b)(4), the absence of prejudice confirms good cause here. Zazzle cannot plausibly claim "trial by surprise" because the FAC has always alleged the same per-seat/unique-user licensing structure and breach based on providing access to unlicensed users without paying the per-user license price. ECF 82 ¶¶ 66(c–d), 218(b, d); ECF 414 at 41. The proposed amendment merely pleads expressly—consistent with the record developed through fact and expert discovery and *Daubert* motions—the implied-in-fact contract and acceptance-by-conduct theory for use beyond the one "seat" Defendants purchased. Zazzle litigated that construct on the merits, including by attacking Plaintiff's damages expert's "alternative damages measure" that "multipl[ies] the $14 license fee" by the numbers of people who used Zazzle's design tool and who actually used the BE Trio on Zazzle's website. ECF 398

NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

[Defs.' Mot. to Exclude] at 8, 29; ECF No. 398-16 [Persechini Rep.], ¶¶ 25–29, 59–62. Rule 8 requires notice of the claim and its factual basis through "a short and plain statement"—not a particular caption—and the FAC's "one seat"/"unique user" allegations provided that notice. *See Johnson v. City of Shelby*, 574 U.S. 10, 11–12 (2014) (per curiam); ECF 82 ¶¶ 66(c–d), 218(b, d). Because the amendment adds no new factual predicate, and does not require reopening discovery nor any continuance of trial, Zazzle cannot show prejudice that might defeat modification of a scheduling order. *See Farnan*, 654 F.3d at 984–85 (no prejudice where plaintiff was "put on notice" and amendment required no additional discovery and no delay); *see also, Roling v. E\*Trade Sec. LLC*, 279 F.R.D. 522, 528 (N.D. Cal. 2012) (allowing amendment to add implied contractual duty theory where "new" theories rested on the same underlying allegations and already-discovered facts).

**B.    Rule 15(a)(2) Compels Leave to Amend**

Once the Court determines that good cause exists under Rule 16(b)(4), the Court should grant leave to amend under Rule 15(a)(2). Rule 15 embodies a strong policy favoring decisions on the merits, and provides that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has identified the relevant considerations as whether there is undue delay, bad faith (or dilatory motive), repeated failure to cure deficiencies, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In the Ninth Circuit, that policy is applied "with extreme liberality," and prejudice is the "most important" factor. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003) (quotation omitted). None of these factors are present here.

**1.    Amendment Is Sought in Good Faith and to Conform the Pleadings**

Nicky Laatz seeks leave in good faith and for the core purpose Rule 15 is intended to serve: ensuring the operative pleadings accurately reflect the issues that will actually be tried, and allowing the case to be resolved on its merits rather than on pleading formalities. The SAC serves two targeted, trial-management purposes. ***First***, the SAC removes allegations and claims on which the Court has already granted summary judgment, thereby streamlining the pleadings and eliminating claims that will not be presented to the jury. ECF 414, 443; SAC Intro. ¶. This clean-

NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

up reduces the operative pleading to the contract claims that remain for trial, avoiding jury confusion and unnecessary motion practice about claims no longer in the case.

*Second*, the SAC expressly pleads an "implied-in-fact contract" claim that has been part of the case's substantive dispute and damages presentation, but that the Court indicated was not adequately stated in the current pleading. ECF 484 at 4:19-20; ECF 486 at 19-20. The FAC has always alleged the operative facts supporting the implied-in-fact theory; the amendment is a targeted clarification to ensure the pleadings align with the evidentiary record and the theories the parties have litigated. ECF 82 ¶¶ 1, 11-13, 66, 93-95, 218; SAC ¶¶ 167-177. Rule 8 does not require a plaintiff to plead claims using particular labels. A complaint need only allege facts sufficient to give fair notice of the claim and its grounds. *See Johnson*, 574 U.S. at 11–12. The FAC did exactly that by alleging the one seat, non-transferable license, the requirement that "each unique user requires their own license," and breach based on providing access to unlicensed users and failing to pay the license price for each unique user. ECF 82 ¶¶ 66(c–d), 218(b, d).

The SAC does not add new parties, inject new factual predicates, or expand the scope of the litigation. It narrows the pleading and clarifies a contract theory already embedded in the case's record and damages presentation.

### 2.     There Is No Undue Delay

There is no undue delay here. Under Rule 15, undue delay turns on whether the movant unreasonably waited to seek amendment and whether any delay would place an unwarranted burden on the Court or the opposing party. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186–87 (9th Cir. 1987) (delay alone is insufficient to deny leave to amend). Plaintiff acted promptly once the pleading issue crystallized. *See* Section IV.A., *supra*.

### 3.     There Is No Undue Prejudice

Zazzle cannot meet its burden to show prejudice sufficient to overcome Rule 15's liberal standard. *See DCD Programs*, 833 F.2d at 187 (placing burden on party opposing amendment to show prejudice). Prejudice is the touchstone inquiry, and it typically arises where an amendment would require substantial additional discovery, materially alter trial strategy on the eve of trial, or otherwise impose an unfair surprise. *Eminence Cap.*, 316 F.3d at 1052.

No such prejudice exists here. The SAC does not inject new operative facts or a new damages model, nor does it require new evidence. It simply makes explicit an implied-in-fact, acceptance-by-conduct contracting theory for the same per-seat/unique-user licensing facts and per-user price construct that have been at the center of the case through fact and expert discovery. *See, e.g.*, Dkt. 106 at 14:8-9; Dkt. 149 at 6. Defendants' *Daubert* motion confirms the point, as they attacked Nicky Laatz's damages model as an "alternative damages measure" that "multipl[ies] the $14 license fee" by the numbers of people who used Zazzle's design tool and who used the BE Trio on Zazzle's website. ECF 398 at 8, 29; ECF No. 398-16 [Persechini Rep.], ¶¶ 25–29, 59–62.

Where the amendment rests on the same operative facts and evidentiary record already developed in discovery, Zazzle cannot show prejudice. *See Roling*, 279 F.R.D. at 528 (rejecting prejudice argument and permitting amendment to add "new" implied-contract theories where the theories were "based on the same underlying allegations" and "already discovered factual assertions"); *accord U.S. Equal Emp. Opportunity Comm'n v. Bay Club Fairbanks Ranch*, 475 F. Supp. 3d 1099, 1104 (S.D. Cal. 2020) (granting leave though discovery was nearing closure where amended claims involved "the same operative facts, witnesses, … and documentary evidence" and were "not a … new theory introduced late in the litigation").

Zazzle cannot credibly claim prejudice. The SAC simply ensures that the pleadings accurately track the dispute as it has been litigated and will be presented to the jury, and it narrows the case by removing claims already adjudicated. Leave should be granted. *See Foman*, 371 U.S. at 182 (leave should be "freely given" absent a recognized ground for denial).

### 4.    Amendment Is Not Futile Under the Applicable Pleading Standards

An amendment is futile only if it would be subject to dismissal under the Rule 12(b)(6) standard. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988); *see also Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). That is not the case here.

The SAC plausibly alleges an implied-in-fact agreement governing Zazzle's usage beyond the one seat license they purchased. It alleges that Defendants purchased one seat; they received notice that additional unique users required paying for additional seats at a stated per-seat price;

and Zazzle nonetheless made the licensed product available to additional users without paying the corresponding per-seat fees. SAC ¶¶ 167-177. California recognizes that an implied-in-fact contract is a "true contract" inferred from conduct, and that assent may be manifested by continued acceptance of a benefit after notice of the offered terms—even where the recipient's words disclaim acceptance. *Arcade Cnty. Water Dist. v. Arcade Fire Dist.*, 6 Cal. App. 3d 232, 236 n.3, 237 (1970) (implied-in-fact assent where defendants continued accepting service by using water from hydrants; "actions speak louder than … words"); *Desny v. Wilder*, 46 Cal. 2d 715, 737 (1956) (approving Williston example that an offeree may be bound by an offer's terms where the offeree's conduct in taking the offered benefit "could only lawfully mean assent").

Zazzle will likely argue that an implied-in-fact contract claim is barred because a written license exists. But California's mutual-exclusivity rule bars an implied contract only when the express and implied agreements "embrac[e] the same subject matter." *Berkla v. Corel Corp.*, 302 F.3d 909, 918 (9th Cir. 2002) (quoting *Wal-Noon Corp. v. Hill*, 45 Cal. App. 3d 605, 610 (1975)). The SAC does not plead a duplicative implied contract coextensive with the one seat purchase under a written license. Rather, it pleads a separate implied-in-fact agreement arising from Zazzle's post-purchase conduct—taking additional seats by providing additional people with use of the licensed product beyond what Defendants purchased. California authority recognizes that a transaction may be "partly express and partly implied," and that "extras" outside a fixed agreement may constitute "a separate implied contract" requiring payment. *Benson Elec. Co. v. Hale Bros. Assocs., Inc.*, 246 Cal. App. 2d 686, 697–98 (1966).

Just as importantly for the futility analysis, the amendment does not attempt to resurrect claims foreclosed by prior rulings; it drops such claims and pleads the implied-in-fact theory as part of the contract dispute that has always been part of the case. SAC Intro. ¶ ; Claims I–II. Because the SAC states an implied-in-fact contract claim that is legally cognizable alongside the express contract's limited scope, the amendment is not futile. *Miller*, 845 F.2d at 214.

For the reasons set forth above, Plaintiff has shown good cause under Rule 16(b)(4) and satisfies Rule 15(a)'s liberal amendment standard, and leave to amend should be granted.

DATED:  December 26, 2025

Respectfully submitted,

BARTKO PAVIA LLP

By:  _____/s/ Patrick M. Ryan_____
PATRICK M. RYAN
Attorneys for Plaintiff NICKY LAATZ

**ATTESTATION**

I hereby attest that Patrick M. Ryan has concurred in the filing of this document on his behalf and the inclusion of a conformed signature (/s/) within this e-filed document on his behalf.

/s/ P. Casey Mathews
P. CASEY MATHEWS

NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT