QUINN EMANUEL URQUHART & SULLIVAN, LLP
RACHEL HERRICK KASSABIAN (Bar No. 191060)
*rachelkassabian@quinnemanuel.com*
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

WILLIAM F. PATRY (admitted pro hac vice)
*williampatry@quinnemanuel.com*
295 Fifth Avenue
New York, NY 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

ANDREW SCHAPIRO (admitted pro hac vice)
*andrewschapiro@quinnemanuel.com*
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606-1881
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

DANIEL C. POSNER (Bar No. 232009)
*danposner@quinnemanuel.com*
THOMAS D. NOLAN (Bar No. 238213)
*thomasnolan@quinnemanuel.com*
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443 3100

Attorneys for Defendants Zazzle Inc. and Mohamad Alkhatib

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ,<br><br>Plaintiff,<br><br>vs.<br><br>ZAZZLE INC. and MOHAMED ALKHATIB,<br><br>Defendants.<br><br>ZAZZLE INC.,<br><br>Counter-Claimant,<br><br>vs.<br><br>NICKY LAATZ,<br><br>Counter-Defendant. | Case No. 5:22-cv-04844-BLF-VKD<br><br>**DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE AND ARGUMENT RELATING TO PLAINTIFF'S DISMISSED FRAUD CLAIMS AND OTHER IRRELEVANT DISPARAGEMENT OF DEFENDANTS**<br><br>Date:  January 22, 2026<br>Time:  1:30 p.m.<br>Courtroom:  1<br>Judge:  Hon. Beth Labson Freeman<br>Trial Date: February 17, 2026 |

**INTRODUCTION**

Defendants Zazzle Inc. ("Zazzle") and Mohamed Alkhatib ("Defendants") respectfully move to exclude from trial evidence and argument concerning Plaintiff's dismissed fraud claims and allegations of wrongdoing by Zazzle unrelated to the remaining breach of contract claim. This is now a contract case—and only a contract case. The Court has granted summary judgment dismissing Plaintiff's fraud claims for lack of any plausible evidence of false statements or fraudulent intent. Dkt. 414 at 22-29. Despite this ruling, Plaintiff intends to inject into the trial fraud-related evidence and argument, as well as inflammatory allegations that Defendants acted with a lack of diligence when licensing BE and other fonts. This evidence was not sufficient to survive summary judgment on fraud, and is wholly irrelevant to the remaining claim for breach of contract. It has no bearing on contract formation, meaning, breach, or damages, and any arguable probative value for any of those issues is substantially outweighed by the risk of undue prejudice, jury confusion, and waste of time under Federal Rule of Evidence 403. It also constitutes improper character evidence under Federal Rule of Evidence 404(b)(1). Defendants respectfully request that the Court exclude all such evidence and argument and prevent Plaintiff from improperly disparaging Zazzle with irrelevant evidence and from turning this straightforward contract trial into a mini-trial on fraud and other collateral issues the Court has already rejected.

**ARGUMENT**

Plaintiff seeks to introduce at trial (a) testimony from Zazzle witnesses regarding what license terms Defendants reviewed and how "diligently" they reviewed them; and (b) evidence and testimony about Zazzle's purchases of other, unrelated font licenses (Exs. 2-24, Trial Exs. 29, 62, 65-77, 208-211, 214-216, 231). The Court should exclude all this evidence; doing so will significantly streamline the trial by removing nearly two dozen exhibits and at least three witnesses.

**I.    THE COURT HAS ALREADY RULED THERE IS NO EVIDENCE OF FRAUD**

Plaintiff's fraud claims failed summary judgment because "no reasonable jury could make the leap to infer fraudulent intent from this evidence." Dkt. 414 at 22-23. The Order was unequivocal: "Plaintiff has failed to meet her burden to identify specific evidence demonstrating the existence of genuine disputes on Defendants' alleged misrepresentation or intent to defraud

Plaintiff." Dkt. 414 at 23. The Court found Plaintiff "failed to present any evidence to counter Defendants' evidence that Zazzle did not review the License FAQ before Mr. Alkhatib purchased the BE License." *Id*. at 28. And the Court rejected Plaintiff's entire fraud theory for a fundamental reason: "if this theory of fraud were correct in a breach of contract situation, every breach of contract would be a fraud and that's not the law." Dkt. 420 at 4:23-5:1. Plaintiff cannot relitigate fraud by repackaging the same evidence as "bad faith," "recklessness," or "lack of diligence"—none of which is relevant to the sole, straightforward remaining claim for breach of contract.

## II.     EVIDENCE OF ALLEGED "FRAUD" AND COLLATERAL WRONGDOING IS IRRELEVANT

Rule 401 defines relevant evidence as that which makes "any fact . . . of consequence" more or less probable. Fed. R. Evid. 401. Breach of contract requires proof of four elements: (1) the existence of a valid contract; (2) Plaintiff's performance or excuse for nonperformance; (3) Defendants' breach; and (4) resulting damages. *McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1489 (2006). Defendants' subjective intent, mental state, level of care, or degree of diligence is not relevant to any of these elements. *See Lockerby v. Sierra*, 535 F.3d 1038, 1042 (9th Cir. 2008) (*quoting Globe Refining Co. v. Landa Cotton Oil Co*., 190 U.S. 540, 547 (1903) (Holmes, J.)) ("In contract law, '[t]he motive for the breach commonly is immaterial in an action on the contract.'"); *KJ-Park, LLC v. Match Grp., LLC*, 2024 WL 1680044, at *2 (N.D. Cal. Apr. 17, 2024) ("[M]otive or intent…is not relevant for purposes of liability or damages for breach of contract."). The questions for a contract claim are objective: *What did the parties agree to in the BE License, and did Defendants' conduct breach it?* Evidence of what Defendants knew or subjectively believed about the BE License terms before the purchase, particularly if they never communicated those views or beliefs to Plaintiff (which they did not), could relate to, at most, Plaintiff's dismissed fraud claims, but not to whether Defendants breached the contract. Courts routinely exclude such evidence. *See, e.g.*, *VIA Techs., Inc. v. ASUS Computer Int'l*, 2017 WL 3051048, at *1 (N.D. Cal. July 19, 2017) (Freeman, J.) (excluding "evidence relating to dropped or dismissed theories of liability"); *Ramachandran v. City of Los Altos*, 2022 WL 316679, at *3 (N.D. Cal. Feb. 2, 2022) (excluding fraud evidence where plaintiff "has not pled any claim for 'fraud'"). The "fraud"

evidence is irrelevant, and the Court should exclude it as such.  *See* Fed. R. Evid. 402.

**III.    EVIDENCE OF ALLEGED "FRAUD" AND COLLATERAL WRONGDOING IS UNDULY PREJUDICIAL, RISKS CONFUSING THE JURY, AND WOULD WASTE TIME**

Even if Plaintiff's "fraud" evidence had any remaining probative value, which it does not, it would be substantially outweighed by the dangers of undue prejudice, jury confusion, and waste of time.  Fed. R. Evid. 403.

***First***, allowing evidence and argument that Defendants acted with fraudulent intent, bad faith, or lack of diligence is not just misleading and wrong—the Court has already granted summary judgment against the fraud claims—it also invites the jury to view Defendants as bad actors deserving punishment for reasons unrelated to breach of contract.  *See, e.g.*, *Tesoro Ref. & Mktg. Co. LLC v. Pac. Gas & Elec. Co.*, 2016 WL 158874, at *17 (N.D. Cal. Jan. 14, 2016) (excluding evidence that would cause jurors to "seek to punish [a Defendant]…rather than resolve the case based on the evidence"); *Interface Tech., Inc. v. Myers Bldg. Indus., Ltd.*, 13 Cal. App. 4th 949, 960-61 (Ct. App. 1993) (striking punitive award where submission of "oppression, fraud, or malice" evidence led jury to convert a straightforward contract dispute into a tort case).

Plaintiff's designated deposition testimony demonstrates this strategy by systematically attempting to portray Zazzle employees as careless.  For example, Plaintiff asked Zazzle employee Mohamed Alkhatib whether he "typically read contracts," whether it was "always [his] practice not to read the terms of those licenses," whether "[he] didn't care what the terms of the license were," and whether "Zazzle should be more careful" in licensing fonts.  Ex. 40, M. Alkhatib Tr. 79:18-80:6; 85:18-88:13; 89:9-90:9; 270:19-271:5.  Plaintiff posed similar questions to former Zazzle employee Monica McGhie about whether she was "careful and diligent" and what the "proper thing to do" would be.  *See* Ex. 41, M. McGhie Tr. 56:25-58:19.  Similarly, Plaintiff asked Zazzle employees Jeff Beaver, Liana Larson, Catherine Sheu, and Katherine Liu about reviewing license terms and whether they believed it was "important . . . for someone at Zazzle to review the terms of a license."  *See* Ex. 42, J. Beaver Tr. 47:7-22; *see, e.g.*, Ex. 43, L. Larson Tr. 42:5-42:18, 43:7-45:3; Ex. 44, C. Sheu Tr. 37:13-38:25; Ex. 45, K. Liu Tr. 33:1-37:8.  The aim of these questions is clear:

to argue that Zazzle employees were careless and indifferent.  Any such inferences that could be fairly drawn from this evidence are irrelevant to whether Defendants breached the BE License.

Plaintiff also seeks to introduce testimony about Zazzle's licensing of fonts unrelated to BE. *See, e.g.*, Ex. 40, M. Alkhatib Tr. 118:25-123:21; Ex. 46, P. Haley Tr. 93:23-95:15.  Plaintiff asked Patrick Haley, for instance, whether Zazzle replaced an unrelated font because it was "another Creative Market license that Zazzle purchased and breached."  Ex. 46, P. Haley Tr. 216:16-24. Plaintiff also intends to introduce evidence regarding the Morgana font and argue that Zazzle improperly copied BE to create the Morgana font, which it then used to replace BE.  Such questioning serves no purpose but to attempt to prejudice Zazzle.  Courts routinely exclude such inflammatory evidence. *See, e.g.*, *Bioriginal Food & Sci. Corp. v. Biotab Nutraceuticals, Inc.*, 2015 WL 10733384, at *5 (C.D. Cal. Aug. 24, 2015) (excluding evidence of prior business dealings as not relevant because such evidence concerns "collateral matters").

***Second***, admitting this evidence will confuse the jury by introducing issues irrelevant to breach of contract.  The jury must determine only whether Defendants breached the BE License. Plaintiff's evidence of these collateral issues will invite the jury to consider whether Defendants acted with fraudulent intent; what Defendants knew before purchasing BE; what happened with other font licenses; and whether Defendants acted diligently in reviewing license terms—even though none of this is relevant to breach.  The jury could easily conflate evidence that Defendants purportedly acted with improper knowledge or motives with evidence of breach. Indeed, that appears to be Plaintiff's intent.  The Court should not permit it. *In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liab. Litig.*, 2019 WL 7185548, at *2 (C.D. Cal. Dec. 9, 2019) (excluding evidence of collateral matters where "the unspoken purpose . . . is to invite the jury to decide on improper grounds, such as speculation and passion").

***Third***, permitting this evidence and argument will substantially increase the length and complexity of the trial, waste time, and require Defendants to rebut allegations that the Court has already rejected.  As stated above, this evidence would force the parties into time-consuming mini-trials on what Defendants knew, their motivations, their processes during the font acquisition project and related license reviews, and whether those processes were adequate. *See Lifshitz v. Walter*

*Drake & Sons, Inc.*, 806 F.2d 1426, 1432-33 (9th Cir. 1986) (affirming exclusion under Rule 403 where evidence concerned claims no longer in the case and risked jury confusion and undue delay). On the other hand, excluding this evidence would eliminate dozens of irrelevant exhibits and the deposition testimony of at least three witnesses—Jeff Beaver, Patrick Haley, and Liana Larson—whose testimony relates only to who reviewed license terms before purchase and issues about unrelated fonts.  Because the dangers of confusion, unfair prejudice, and time-wasting substantially outweigh any arguable, marginal probative value, the Court should exclude this evidence.

## IV.   EVIDENCE OF ALLEGED FRAUD AND COLLATERAL WRONGDOING CONSTITUTES IMPROPER CHARACTER EVIDENCE

The Court may also exclude this evidence on the separate ground that Plaintiff's fraud allegations constitute improper character evidence.  Rule 404(b)(1) bars "evidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1).  Plaintiff seeks to prove Defendants have a character for acting fraudulently, in bad faith, recklessly, or without diligence. From this, Plaintiff may ask the jury to infer that Defendants acted consistently with that character with respect to the BE License, and thus breached the contract.  This is precisely the propensity inference Rule 404(b)(1) prohibits.  *See Bioriginal*, 2015 WL 10733384, at *5 (excluding prior business dealings as its "nature [as] propensity evidence . . . would be unfairly prejudicial to defendants").  Again, the Court has already granted summary judgment on the fraud claims, finding insufficient basis to go to the jury.  Allowing Plaintiff to parade allegations of wrongdoing before the jury creates an unacceptable risk: the jury could be persuaded to punish Defendants for being "bad actors" rather than decide the breach of contract claim on its merits.  The Court should exclude the evidence for this reason too.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court exclude at trial all evidence and argument concerning Plaintiff's dismissed fraud claims and allegations of wrongdoing by Zazzle unrelated to the breach of contract claim.

DATED:  January 8, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   /s/ Andrew H. Schapiro
       Andrew H. Schapiro

       *Attorneys for Defendants*
       *Zazzle Inc. and Mohamed Alkhatib*