QUINN EMANUEL URQUHART & SULLIVAN, LLP
RACHEL HERRICK KASSABIAN (Bar No. 191060)
*rachelkassabian@quinnemanuel.com*
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

WILLIAM F. PATRY (admitted pro hac vice)
*williampatry@quinnemanuel.com*
295 Fifth Avenue
New York, NY 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

ANDREW SCHAPIRO (admitted pro hac vice)
*andrewschapiro@quinnemanuel.com*
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606-1881
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

DANIEL C. POSNER (Bar No. 232009)
*danposner@quinnemanuel.com*
THOMAS D. NOLAN (Bar No. 238213)
*thomasnolan@quinnemanuel.com*
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443 3100

Attorneys for Defendants Zazzle Inc. and Mohamad Alkhatib

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ,<br><br>Plaintiff,<br><br>vs.<br><br>ZAZZLE INC. and MOHAMED ALKHATIB,<br><br>Defendants. | Case No. 5:22-cv-04844-BLF-VKD<br><br>**DEFENDANTS' MOTION *IN LIMINE* NO. 4 TO EXCLUDE UNDISCLOSED EXPERT OPINIONS FROM DANIEL GARRIE**<br><br>Date: January 22, 2026<br>Time: 1:30 p.m.<br>Courtroom: 1<br>Judge: Hon. Beth Labson Freeman<br>Trial Date: February 17, 2026 |
| ZAZZLE INC.,<br><br>Counter-Claimant,<br><br>vs.<br><br>NICKY LAATZ,<br><br>Counter-Defendant. | |

Case No. 5:22-cv-04844-BLF-VKD

DEFENDANTS' MOTION *IN LIMINE* NO. 4

**INTRODUCTION**

Defendants Zazzle Inc. ("Zazzle") and Mohamed Alkhatib ("Defendants") respectfully move to exclude from trial evidence and testimony from Plaintiff's expert Daniel Garrie concerning Zazzle's promotional emails, Plaintiff's alleged email filtering, and his purported forensic examination of Plaintiff's computers (the "2023 Opinions"). This includes Exhibit Nos. 25 through 29 (Trial Ex. Nos. 429, 430, 431, 432, and 462)—attachments to a 2023 declaration in which Garrie documented his forensic examination. *See* Dkt. 106-9. Though Garrie listed the declaration and attachments as materials reviewed in his expert report, the actual 41-page report, which defines and limits the scope of his anticipated testimony at trial, does not disclose a single opinion involving or purporting to rely on them. Federal Rule of Civil Procedure 26(a)(2)(B) is definitive on this point: an expert may testify only to opinions disclosed in his expert report. After choosing to exclude Garrie's 2023 Opinions from his 2024 expert report, Plaintiff cannot reinsert them into trial now.

Plaintiff's failure to disclose these opinions in Garrie's expert report was not substantially justified or harmless. Nothing prevented Plaintiff from including them in Garrie's report; Garrie had already reduced them to writing in a declaration. And Plaintiff's introduction of these excluded opinions at trial would unfairly prejudice Defendants, who took expert depositions and submitted rebuttal expert reports and *Daubert* motions, and are now preparing for trial, based on the opinions actually disclosed in Garrie's expert report. The Court should exclude this evidence and preclude Garrie from offering opinions at trial that he did not properly disclose in his expert report.

**ARGUMENT**

**I.    GARRIE'S EXPERT REPORT CONTAINS NO OPINION ON EMAIL FILTERING AND THEREFORE HE MAY NOT TESTIFY ABOUT IT**

Rule 26(a)(2)(B) requires an expert report to contain "a complete statement of ***all opinions*** the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i) (emphasis added). An expert who fails to disclose an opinion in his report may not offer it at trial. *AngioScore, Inc. v. TriReme Med., Inc.*, 2015 WL 5258786, at *5 (N.D. Cal. Sept. 8, 2015) ("[n]o expert may offer testimony exceeding the bounds of their reports."); *PersonalWeb Techs. LLC v. Int'l Bus. Machines Corp.*, 2017 WL 8186294, at *3-4 (N.D. Cal. July 25, 2017) (citing *Nortek Air*

*Sols., LLC v. Energy Lab Corp.*, No. 14-CV-02919-BLF, 2016 WL 3856250, at *7 (N.D. Cal. July 15, 2016) (Freeman, J.)) ("If [an] expert's testimony is not found in his or her expert report, that evidence will not be allowed at trial.").

Plaintiff seeks to introduce at trial forensic examination reports (Ex. Nos. 25 through 29) and elicit expert testimony from Garrie regarding a forensic examination of Plaintiff's personal computers and email configuration—specifically, to show whether an email filter prevented Plaintiff from actually viewing certain promotional emails that Zazzle sent to her. Plaintiff intends to rely on this evidence to support her argument that she was not actually aware of Zazzle's use of Blooming Elegant ("BE") outside the statute-of-limitations period. But Garrie's expert report includes no discussion of these issues or any opinions based on them. His report offers opinions on multiple other issues, such as the technical operation of Zazzle's Design Tool; how Zazzle's servers store font software; how fonts are rendered and transmitted to users; and technical controls governing font usage. But Garrie did not disclose any opinions relating to the purported forensic examination of Plaintiff's computers. Therefore, the Court must preclude such testimony at trial. *See AngioScore*, 2015 WL 5258786, at *5 (excluding expert testimony not disclosed in expert report); *PersonalWeb*, 2017 WL 8186294, at *3-4 (same).

Rule 26 allows no exception for opinions that appear elsewhere in the record. Fed. R. Civ. P. 26(a)(2)(B)(i). It does not matter that Garrie listed his 2023 declaration and attachments in the "materials reviewed" section of his expert report. The "materials reviewed" section identifies what the expert considered—it does not disclose what opinions the expert will offer. *See* Fed. R. Civ. P. 26(a)(2)(B)(i)–(ii) (listing materials reviewed does not satisfy the separate requirement to state opinions). Garrie listed these materials but disclosed no opinion based on them. Thus his opinions on these issues are not properly disclosed in his expert report and are not admissible at trial.

## II. PLAINTIFF CANNOT SHOW THE FAILURE WAS SUBSTANTIALLY JUSTIFIED OR HARMLESS

Under Rule 37(c)(1), a party who fails to disclose under Rule 26 "is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The rule is self-executing, and the burden falls on the

non-disclosing party.  *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  Affirming the exclusion of untimely disclosed expert opinions, the Ninth Circuit explained: "[A] district court may properly impose an exclusion sanction where a noncompliant party has failed to show that the discovery violation was either substantially justified or harmless."  *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740-742 (9th Cir. 2021).  Plaintiff cannot make that showing.

### A. There Is No Justification for Plaintiff's Failure to Timely Disclose the 2023 Opinions

Plaintiff cannot substantially justify this failure to disclose.  A failure to disclose is not substantially justified where "the need for [such testimony] could reasonably have been anticipated."  *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1061-62 (9th Cir. 2005).  Nor does a party's choice to focus its expert report on other issues excuse the omission.  *See Nat'l Union Fire Ins. Co. v. Elec. Transit Inc.*, 2007 WL 3460280, at *3 (N.D. Cal. Nov. 14, 2007) (applying Rule 37(c)(1) and finding no substantial justification where the subject matter "w[as] known at the time of the original disclosure" and a party's "miscalculation of [its] expert's focus is not substantial justification").

Here, Plaintiff's potential need to offer evidence at trial about Garrie's 2023 Opinions was not merely anticipated—it was documented.  Plaintiff has known since at least November 2022 that Defendants intend to assert a statute of limitations defense.  *See* Dkt. 49.  And since at least April 2023, Plaintiff has known that Defendants will rely on evidence showing Plaintiff received hundreds of Zazzle promotional emails—including dozens depicting the BE typefaces—in support of that defense.  *See* Dkt. 104.  Garrie prepared the declaration and attachments in 2023.  Yet Plaintiff omitted any reference to these opinions when she submitted Garrie's report in September 2024— and still did not supplement even after Defendants raised this defense in their summary judgment motion two months later (Dkt. 338).  Rule 26's requirements were clear, and there was no impediment to compliance.  Plaintiff elected not to disclose the 2023 Opinions, and she may not present them at trial now.

### B. Plaintiff's Failure to Timely Disclose Garrie's Opinions Is Not Harmless

Plaintiff's failure to disclose Garrie's 2023 Opinions in his expert report was not harmless.  Courts assess harmlessness by examining four factors: (1) prejudice to the opposing party, (2) ability

to cure the prejudice, (3) likelihood of trial disruption, and (4) bad faith or willfulness. *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010). The party facing exclusion bears the burden of proving the failure was harmless. *Yeti by Molly*, 259 F.3d at 1107. Each factor weighs in favor of exclusion.

**First**, Plaintiff's failure to disclose these opinions prejudices Defendants. Defendants prepared for trial based on Garrie's report. They deposed Garrie on November 11, 2024, on the opinions disclosed in his report. Because the report did not offer any opinions regarding the purported forensic examination of Plaintiff's emails, Defendants had no reason to ask about these topics, and did not do so. Defendants evaluated and brought *Daubert* challenges based on disclosed opinions, and again filed no motion concerning the 2023 Opinions because Garrie's report did not contain them. Defendants retained no rebuttal expert on forensic examination of email systems—again because the report did not contain those opinions. Defendants now face opinions they had no notice Garrie intended to offer at trial, which is highly prejudicial to Defendants.

**Second**, no procedural mechanism can cure that prejudice. Defendants cannot reopen Garrie's deposition, file a *Daubert* motion, or retain a rebuttal expert with trial just one month away. This is precisely what Rule 26 is designed to prevent.

**Third**, the failure will likely disrupt trial and waste time. Defendants would be forced to object to testimony and exhibits they had no opportunity to challenge through discovery, potentially requiring the Court to resolve complex admissibility disputes mid-trial, with the jury empaneled and waiting. And if the Court permits Defendants additional time to respond—through a continuance or otherwise—trial would be even further delayed.

**Fourth**, Plaintiff acted willfully. Garrie prepared the declaration and attachments in 2023 and listed them among his materials reviewed in 2024. Yet Plaintiff chose not to disclose any opinions based on them. That was her strategic choice, which also favors exclusion.

**Further**, Plaintiff cannot rely on the alleged importance of the evidence to overcome these problems. Expert opinions must be timely disclosed in an expert report—that is the very purpose of Rule 26(a)(2). Plaintiff's failure to include the 2023 Opinions in Garrie's report suggests either that she did not consider them important at the time, or that she is attempting to backdoor expert

testimony through exhibits to avoid *Daubert* challenge and rebuttal. Neither is substantially justified, and neither is harmless. Moreover, excluding Garrie's 2023 Opinions from trial will not deprive Plaintiff of all ability to demonstrate that she was not actually aware of Zazzle's use of BE, as she can still testify that she never opened or viewed the subject emails, and the jury will be free to assess the credibility of that testimony. The Court should exclude the 2023 Opinions.

## III.   THE EXHIBITS MUST BE EXCLUDED BECAUSE PLAINTIFF CANNOT AUTHENTICATE THEM WITHOUT EXPERT TESTIMONY

The exhibits at issue are independently inadmissible for lack of authentication. Rule 901(a) requires "evidence sufficient to support a finding that the item is what the proponent claims it is." For forensic outputs, Rule 901(b)(9) requires "evidence describing a process or system and showing that it produces an accurate result." Exhibit Nos. 25 through 29 are raw forensic software outputs showing file paths, hash values, and email headers. Only Garrie can testify about the forensic software, the integrity of the data collection, and what the outputs mean. Plaintiff's theory is that an email filter prevented her from seeing Zazzle's promotional emails—but raw metadata and email headers do not prove that without an expert to interpret them. This technical data requires expert interpretation to authenticate it and explain its relevance. Garrie cannot be that witness because Plaintiff failed to disclose these opinions in his report, and Plaintiff designated no other expert who could provide such foundation. Thus, in addition to Rule 26, the Court should exclude these exhibits under Fed. R. Evid. 401–403 and 901.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court exclude Exhibit Nos. 25 through 29, and preclude Garrie from testifying at trial about Zazzle's promotional emails, email filtering, or any subject not disclosed in his expert report.

DATED:  January 8, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   */s/ Andrew H. Schapiro*
Andrew H. Schapiro

*Attorneys for Defendants*
*Zazzle Inc. and Mohamed Alkhatib*