PATRICK M. RYAN (SBN 203215)
  pryan@bartkopavia.com
STEPHEN C. STEINBERG (SBN 230656)
  ssteinberg@bartkopavia.com
CHAD E. DEVEAUX (SBN 215482)
  cdeveaux@bartkopavia.com
P. CASEY MATHEWS (SBN 311838)
  cmathews@bartkopavia.com
BARTKO PAVIA LLP
1100 Sansome Street
San Francisco, California 94111
Telephone:  (415) 956-1900
Facsimile:  (415) 956-1152

Attorneys for Plaintiff and Counter-Defendant
NICKY LAATZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ,<br><br>              Plaintiff,<br><br>       v.<br><br>ZAZZLE, INC. and MOHAMED ALKHATIB,<br><br>              Defendants.<br><hr>ZAZZLE, INC.,<br><br>              Counter-Claimant,<br><br>       v.<br><br>NICKY LAATZ,<br><br>              Counter-Defendant. | Case No. 5:22-cv-04844-BLF<br><br>**PLAINTIFF NICKY LAATZ'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE ALL EVIDENCE, TESTIMONY, AND ARGUMENT RE: THE FREE "PREVIEW" FUNCTION ON FONTSPRING, MYFONTS, NICKLYLAATZ.COM, AND CREATIVE MARKET, PARTICULARLY AS BEING COMPARABLE TO USING FONTS IN ZAZZLE'S DESIGN TOOL**<br><br>Trial Date:   February 17, 2026 |

2885.000/5907259.3

Case No. 5:22-cv-04844-BLF

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that at the Final Pretrial Conference set for January 12, 2026, at 1:30 p.m., or at such other time as the Court may direct, Plaintiff Nicky Laatz ("Plaintiff") will and hereby does move for an order excluding evidence, testimony, demonstrations, screenshots, recordings, and argument concerning the free "preview" functions on Fontspring, MyFonts, nickylaatz.com, and Creative Market, to the extent offered to suggest those features are comparable to, excuse or justify, or weigh in favor of awarding lower damages for, Defendants' integration and use of Plaintiff's fonts and font software in Zazzle's design tool.

This motion is made under Federal Rules of Evidence ("FRE) 401, 402, 403, 107, and the Court's authority under FRE 611(a) to control the mode and order of proof to avoid wasting time and confusing the issues. The motion is based on this Notice, the accompanying Memorandum, the trial record, and any further argument the Court permits.

## I.    INTRODUCTION

This case turns on how Defendants were licensed to use Plaintiff's Blooming Elegant Trio ("BE Trio") fonts and font software compared to what Defendants did, and if the jury finds that they breached, the amount of damages for such conduct. Whether unrelated font marketplaces offer prospective customers a "preview" box on a sales webpage has no bearing on such issues.

Defendants intend to analogize Zazzle's design tool that provided users with unlimited capabilities to design, order, and sell products using Nicky Laatz's BE Trio, as being comparable to free "preview" widgets on third-party font marketplaces and Plaintiff's own storefront. Defendants further intend to suggest their conduct was merely a benign "preview," or otherwise excused or justified, and that this weighs in favor of lower damages. That comparison will not help the jury decide any element of the remaining claims or defenses. To the contrary, it invites the jury to analyze and value functional elements of unrelated webpages subject to their own licensing arrangements, and to decide the case based on websites and web browser behavior that are collateral, evolving, and disputed.

The Court should exclude this evidence and argument under FRE 401, 402, 403, 107, and should use FRE 611(a) to prevent trial from devolving into a mini-trial about unrelated websites.

PLAINTIFF NICKY LAATZ'S MOTION IN LIMINE NO. 3 RE: THE FREE "PREVIEW" FUNCTION ON
FONTSPRING, MYFONTS, NICKLYLAATZ.COM, AND CREATIVE MARKET

## II.   BACKGROUND

Defendants intend to present evidence of free "preview" widgets presently available on font marketplaces and Plaintiff's online storefront and characterize them as being comparable to how millions of Zazzle users encountered Plaintiff's BE Trio fonts in Zazzle's Design Tool during the relevant time period. Defendants' damages expert, Jeffrey Kinrich, opines that Plaintiff permits unlicensed users to access and use her fonts through preview features on, Fontspring, MyFonts, nickylaatz.com, and Creative Market, and offers screenshots and a feature list, to argue for lower damages. ECF 399-8 (Expert Report of J. Kinrich) ¶¶ 69–70 & figs. 6–7 (which may correspond to Exs. 772-774 & 778-779 on Defs.' Trial Exh. List). Defendants also intend to present a demonstration of the "preview" feature by their technical expert, Christopher Rucinski. *See* Ex. 790 ("Video of Blooming Elegant on nickylaatz.com …").

A "preview" widget is not (nor even remotely close to) what Zazzle did. A preview widget is a feature that lets a prospective buyer type a word or phrase and see an on-screen rendering of that text in the font—i.e., "see what it looks like before I buy it." Daubert Hr'g Tr. 23:1–5 (Oct. 30, 2025). Zazzle, by contrast, admits it "made BE available in its publicly accessible Design Tool" and "put the BE typefaces to use publicly in its Design Tool." ECF No. 338 (Defs.' Mot. for Summ. J.) at 8, 11. As the Court has recognized, the legally consequential conduct in this case is "putting it into design tools," because "the consequence of putting it into design tools is that people can create their own products and mock them up." Daubert Hr'g Tr. 23:18–21 (Oct. 30, 2025. Users could then order such products, offer them for sale on Zazzle's website to generate revenue for both parties, or use designs and sell the products elsewhere, among other things.

Plaintiff seeks to exclude evidence, demonstrations, and argument offered to invite the jury to treat free "preview" widgets as a functional or legal analogue to, or justification for, Defendants' integration and use of Plaintiff's BE Trio in Zazzle's Design Tool.

## III.   LEGAL STANDARD

Evidence is admissible only if it is relevant. FRE 401, 402. Even relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time. FRE 403. The Court also

PLAINTIFF NICKY LAATZ'S MOTION IN LIMINE NO. 3 RE: THE FREE "PREVIEW" FUNCTION ON
FONTSPRING, MYFONTS, NICKLYLAATZ.COM, AND CREATIVE MARKET

has discretion to control the mode and order of presenting evidence to make procedures effective and avoid wasting time. FRE 611(a).

An illustrative aid is admissible only if it is relevant and its probative value is not substantially outweighed by dangers including confusing the issues, misleading the jury, or wasting time. FRE 107(a). On request, the Court may require advance disclosure of any illustrative aid, and if practicable, must enter it into the record. FRE 107(c) and 2024 comm. notes. Consistent with these rules, "[t]he admissibility of demonstrative evidence lies largely within the discretion of the trial court." *Rogers v. Raymark Indus., Inc.*, 922 F.2d 1426, 1429 (9th Cir. 1991).

**IV.    ARGUMENT**

**A.    The Free "Preview" Comparison is Irrelevant Under FRE 401 and 402.**

Evidence is relevant only if it has "any tendency" to make a consequential fact more or less probable. FRE 401. "Irrelevant evidence is not admissible." FRE 402.

The issues for trial concern: (i) the scope of the license rights Defendants obtained; (ii) what Defendants did with Plaintiff's fonts and font software and whether those actions constituted a breach; and (iii) if so, the resulting damages. Thus, Defendants' relevant conduct is the integration and public use of Plaintiff's fonts and font software in Zazzle's Design Tool and on Zazzle's website—***not*** the existence of marketing previews on unrelated retail websites. Defendants' free "preview" evidence does not make it more or less likely that Defendants breached, nor does it bear on the resulting damages for such breach. FRE 401, 402.

Instead, Defendants' proposed "preview" comparison invites an improper inference: because Plaintiff (and authorized third-party retailers) allow the public to view on-screen rendering of text before purchasing their own license, Defendants' use of the font software in its platform to allow users to create product designs was equivalent and thus permissible, or worth nothing in damages. ECF 399-8 ¶¶ 69–70. Those inferences are not tethered to any element of the claims or defenses and would risk deciding liability and damages on the functionality of unrelated webpages rather than the governing license and Defendants' actual conduct.

2885.000/5907259.3    3    Case No. 5:22-cv-04844-BLF

PLAINTIFF NICKY LAATZ'S MOTION IN LIMINE NO. 3 RE: THE FREE "PREVIEW" FUNCTION ON FONTSPRING, MYFONTS, NICKLYLAATZ.COM, AND CREATIVE MARKET

**B.    Even if Marginally Relevant, "Preview" Evidence Should Be Excluded Under FRE 403, 611, and 107 Because it Will Confuse the Jury and Waste Trial Time.**

Any minimal probative value is substantially outweighed by the risks of confusion and wasted time. *See* FRE 403. Defendants' theory would require side litigation over each website's current and historical licenses, functionality, user flows, and technical implementation—none of which helps the jury decide whether Defendants' integration and public use of Plaintiff's fonts and font software in Zazzle's Design Tool were authorized, and if not, the resulting damages. *See Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 690 (9th Cir. 2001) (affirming exclusion where proposed evidence would have "injected a mini trial" and caused an "inefficient allocation of trial time"). It also risks misleading jurors into equating limited demonstrations made to sell licenses to fonts and font software, with embedding font software into a design platform that allows users to "create their own products and mock them up," and then order or offer such products for sale. *See Daubert* Hr'g Tr. 23:18–21 (Oct. 30, 2025). The Court should exclude Defendants' "preview" evidence offered to argue comparability, equivalence, justification, and for lower damages. FRE 403, 611(a).

Finally, any screenshots, recordings, or live demonstrations of these websites are, at most, "illustrative aids" subject to FRE 107's balancing test and limitations. FRE 107(a), (c); *see also U.S. v. Cox*, 633 F.2d 871, 875 (9th Cir. 1980) (warning illustrative aids have "great persuasiveness" and should not be sent to the jury room); *U.S. v. Wood*, 943 F.2d 1048, 1054 (9th Cir. 1991) (explaining "pedagogical devices" are not evidence). The Court should bar such demonstrations absent a proffer outside the jury's presence establishing what the jury would be shown and for what purpose. FRE 107(c), 611(a).

**C.    Defendants' Free "Preview" Screenshots, Recordings, and Live Demonstrations Should Be Excluded.**

Defendants' proposed free "preview" comparison will almost certainly be presented through demonstratives—screenshots, recordings (e.g., Exs. 772-774 & 778-779, 790), or live website demonstrations—designed to invite the jury to equate previews on unrelated websites with Zazzle's Design Tool. The Court has broad discretion to exclude or limit such material. *Rogers*,

PLAINTIFF NICKY LAATZ'S MOTION IN LIMINE NO. 3 RE: THE FREE "PREVIEW" FUNCTION ON FONTSPRING, MYFONTS, NICKLYLAATZ.COM, AND CREATIVE MARKET

922 F.2d at 1429. And FRE 107 now provides a specific, 403-style balancing framework for "illustrative aids," keyed to utility versus the dangers of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time. FRE 107(a).

Here, the utility of free "preview" demonstratives is minimal because they do not prove any element of a claim or defense. The risk of unfair prejudice and confusion is high because the jury may consider any equivalence of functionality as equivalence of permissibility or value, with no legal basis for doing so. *See Rogers*, 922 F.2d at 1432 (affirming exclusion where a proffered comparison lacked proper foundation and risked confusing and misleading the jury). Ninth Circuit authority recognizes that pedagogical/illustrative devices are properly limited to aiding the jury's understanding, not serving as substantive proof. *See Wood*, 943 F.2d at 1053–54 (pedagogical devices used as "testimonial aids" and generally not admitted as evidence); *U.S. v. Soulard*, 730 F.2d 1292, 1300 (9th Cir. 1984) (approving summary charts as illustrative aids with cautionary instructions).

Accordingly, the Court should exclude free "preview" screenshots, recordings, and demonstrations to the extent offered to compare to Zazzle's Design Tool or suggest Defendants' conduct was authorized or excused, or that damages should be lower. At minimum, Plaintiff requests that Defendants be barred from any live in-court Internet demonstration of such websites absent prior leave of Court after a foundational proffer outside the jury's presence.

## V.    RELIEF REQUESTED

Plaintiff respectfully requests that the Court order as follows: Defendants should be precluded from introducing or relying on any "preview" widget evidence or in-court demonstrations to imply Plaintiff's fonts were offered "for free," or to suggest such previews are comparable to, authorize, excuse, or justify Defendants' integration and public use of Plaintiff's font software in Zazzle's Design Tool, or to argue for reduced damages.

DATED: January 8, 2026                                Respectfully submitted,

                                                      BARTKO PAVIA LLP

                                          By:    _____/s/ Patrick M. Ryan_____
                                                      PATRICK M. RYAN
                                                 Attorneys for Plaintiff NICKY LAATZ

## ATTESTATION

I hereby attest that Patrick M. Ryan has concurred in the filing of this document on his behalf and the inclusion of a conformed signature (/s/) within this e-filed document on his behalf.

                                          _/s/ P. Casey Mathews_____
                                                 P. CASEY MATHEWS

PLAINTIFF NICKY LAATZ'S MOTION IN LIMINE NO. 3 RE: THE FREE "PREVIEW" FUNCTION ON FONTSPRING, MYFONTS, NICKLYLAATZ.COM, AND CREATIVE MARKET

# [PROPOSED] ORDER

The Court, having considered Plaintiff's Motion in Limine regarding "preview" widget evidence and live demonstrations, and good cause appearing, hereby ORDERS as follows:

1.    Defendants, their counsel, and witnesses shall not offer or elicit any evidence, testimony, screenshots, recordings, demonstrations, or argument concerning free "preview" widgets on Fontspring, MyFonts, nickylaatz.com, or Creative Market for the purpose of suggesting that such previews are comparable to, authorize, excuse, or justify Defendants' integration and public use of Plaintiff's font software in Zazzle's Design Tool, or that such previews weigh in favor of lower damages.

2.    Defendants shall not conduct any live in-court demonstration, including any Internet browsing of the foregoing "preview" websites, in the presence of the jury absent prior leave of Court granted after a proffer made outside the presence of the jury.

3.    Defendants, their counsel, and witnesses shall not argue or suggest, expressly or by implication, that the existence of any "preview" widget means Plaintiff offered her fonts or font software "for free," or that Defendants' conduct was thereby excused or warrants little or no damages.

IT IS SO ORDERED.

PLAINTIFF NICKY LAATZ'S MOTION IN LIMINE NO. 3 RE: THE FREE "PREVIEW" FUNCTION ON FONTSPRING, MYFONTS, NICKLYLAATZ.COM, AND CREATIVE MARKET