PATRICK M. RYAN (SBN 203215)
  pryan@bartkopavia.com
STEPHEN C. STEINBERG (SBN 230656)
  ssteinberg@bartkopavia.com
CHAD E. DEVEAUX (SBN 215482)
  cdeveaux@bartkopavia.com
P. CASEY MATHEWS (SBN 311838)
  cmathews@bartkopavia.com
BARTKO PAVIA LLP
1100 Sansome Street
San Francisco, California 94111
Telephone:   (415) 956-1900
Facsimile:   (415) 956-1152

Attorneys for Plaintiff and Counter-Defendant
NICKY LAATZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ,<br><br>             Plaintiff,<br><br>     v.<br><br>ZAZZLE, INC. and MOHAMED ALKHATIB,<br><br>             Defendants.<br><br>_____<br><br>ZAZZLE, INC.,<br><br>             Counter-Claimant,<br><br>      v.<br><br>NICKY LAATZ,<br><br>             Counter-Defendant. | Case No. 5:22-cv-04844-BLF<br><br>**PLAINTIFF NICKY LAATZ'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE AND ARGUMENT RE: NICKY LAATZ'S AND ZAZZLE, INC.'S OVERALL FINANCIAL CONDITION**<br><br>Hearing Date:   January 22, 2026<br>Time:               1:30 p.m.<br>Judge:             Hon. Beth Labson Freeman<br>Courtroom:       1<br><br>Trial Date:   February 17, 2026 |

2885.000/5907960.4

Case No. 5:22-cv-04844-BLF

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that at the pretrial conference (or another time set by the Court), Plaintiff Nicky Laatz will and hereby does move *in limine* for an order excluding evidence and argument regarding her or Defendant Zazzle, Inc.'s ("Zazzle") overall financial condition, including her or Zazzle's total income, revenue, or profit for any given year or net worth, because: (a) such evidence is irrelevant under Fed. R. Evid. ("FRE") 401-402; and (b) to the extent such evidence may have some marginal relevance, its probative value is outweighed by the risk of prejudice, confusing or misleading the jury, and causing undue delay and wasting time at trial under FRE 403. This motion is based on this Notice of Motion and Motion, the supporting declaration, the papers and orders on file in this case, and any argument the Court permits.

## I.      INTRODUCTION

Defendants' trial exhibit list includes evidence regarding Zazzle's overall financial condition, including its overall revenues and ███████████████. Defendants' trial exhibit list similarly includes evidence regarding Ms. Laatz's overall finances, including financial planning documents for her family and evidence related to the overall revenues she has made from her design business. Defendants' damages expert's report shows they intend to argue that such evidence justifies lower damages. *See, e.g.*, ECF 399-8, ¶ 76 (citing article on Ms. Laatz's overall earnings, marked as Exs. 775, 777), ¶¶ 100-105 (citing Zazzle's overall net worth, revenues, expenses, and cash balances). After meeting and conferring, Defendants refused to remove such evidence.

The remaining issues to be decided at trial are narrow—the jury need only decide whether Ms. Laatz performed her obligations (or was excused from performance) under the Blooming Elegant License ("License"), whether Defendants breached the License, and the amount of damages (in addition to Defendants' statute of limitations defense). Zazzle's and Ms. Laatz's overall financial conditions do not bear on any of the remaining issues to be decided. More specifically, Ms. Laatz's overall financial condition is not relevant to whether the damages she seeks would constitute a "windfall" as Defendants seek to argue—a legal question that asks ***not*** about Ms. Laatz's overall financial condition but about the measure of damages as compared with

the nature of Defendants' breach and its impact on Ms. Laatz. Nor is Zazzle's overall financial condition relevant to what it is obligated to pay by virtue of its breach. To the extent that Ms. Laatz's or Zazzle's overall financial condition has any marginal relevance to any of the remaining issues, introduction of evidence regarding their financial conditions would only serve to mislead or confuse the jury, prejudice Ms. Laatz, and waste the parties' and Court's limited time at trial. This risk includes misleading the jury into comparing the potential damages to each side's financial conditions and thinking that Ms. Laatz's overall financial condition or Zazzle's overall profitability (███████████████) are factors to consider in assessing the damages flowing from Zazzle's breach.

## II.    LEGAL STANDARD

Evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FRE 401. "Irrelevant evidence is not admissible." FRE 402. Even where evidence may be relevant, the Court may exclude it "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403.

The sole remaining cause of action to be decided at trial is Ms. Laatz's breach-of-contract claim against Defendants Zazzle, Inc. and Mohamed Alkhatib. The Court has already established the existence of the contract between the parties. ECF 174. The sole remaining issues to be decided by the jury are "[1] [Ms. Laatz's] performance or excuse for nonperformance, [2] defendants' breach, and [3] damage to [Ms. Laatz] therefrom" (*id.* (citing *Wall St. Network, Ltd. v. N.Y. Times Co.*, 164 Cal. App. 4th 1171, 1178 (2008)), and Defendants' statute-of-limitations defense. "[E]vidence of a defendant's wealth is ordinarily irrelevant to any issue of liability or compensatory damages." *Williams v. Lorenz*, 2018 WL 5095165 at *2 (N.D. Cal. Oct. 17, 2018) (Freeman, J.) (citing *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)). This principle is equally true for a plaintiff's wealth.

## III.    DISCUSSION

### A.    Evidence of Zazzle's Overall Financial Condition and Profitability Is Inadmissible

"[I]t has been widely held by the courts that have considered the problem that the financial standing of the defendant is inadmissible as evidence in determining the amount of compensatory damages to be awarded." *Geddes*, 559 F.2d at 560. Despite this black-letter law, Defendants have indicated their intention to offer evidence of Zazzle's overall financial condition and profitability at trial. For instance, Defendants' exhibit list includes a copy of Zazzle's "Consolidated Financial Statements of Operations for the Years Ended March 31, 2022 and March 31, 2023." ECF 515-2 (Joint Exhibit List), Ex. 770. In addition, Defendants' witness list includes Robert Beaver III, who Zazzle indicated will testify to the "history and development of Zazzle." At his deposition, Mr. Beaver proffered testimony that Zazzle is "███████████████████████," while also claiming the business had been valued at "██████████████." Mathews Decl. ¶ 106. When the parties met and conferred in an attempt to reach evidentiary stipulations excluding this evidence in lieu of a motion *in limine*, Defendants refused. *Id.* ¶ 2.

None of the evidence of overall financial condition Defendants plan to offer at trial has any relevance to the issues the jury must decide. Zazzle's overall financial condition and profitability holds no bearing on whether Defendants breached the License. The License has no terms that would be impacted in any way by Zazzle's overall financial condition. *See* ECF 89-36, 89-40, 89-41.  Zazzle's financial condition is also not relevant to Defendants' statute-of-limitations defense, which only asks when Ms. Laatz learned the facts underlying Defendants' breach, and whether she should have discovered it more than four years before filing suit through a reasonably diligent investigation. *See* ECF 414 at 11-17.

Nor does Zazzle's overall financial condition or profitability have any bearing on the amount of damages. As the *Geddes* court held, "the design of compensatory damages is to make plaintiff whole … and the ability of a defendant to pay the necessary damages injects into the damage determination a foreign, diverting, and distracting issue which may effectuate a prejudicial result." 559 F.2d at 560. This is not to say that the revenues and profits Zazzle earned specifically from sales of products depicting the Blooming Elegant Trio are not relevant or should be

excluded. As the Court recognized at the *Daubert* hearing, evidence of Zazzle's revenues and profits from sales of products depicting the BE Trio "for impeachment of [Defendants' damages expert's] testimony … can be entirely appropriate." Dkt. 485 at 15:18-16:6. That is especially so where, as here, Defendants have indicated their intention to argue that Ms. Laatz's damages are economically unreasonable. *See, e.g.*, Dkt. 457 at 11-12. Defendants apparently seek to offer this evidence for the purpose of playing to the jury's emotions and skewing the jury's assessment of breach and damages by suggesting that Defendants should be cut some slack and damages should be lower because Zazzle ███████████████████████████. That would be an improper purpose having no relevance to any of the issues the jury must decide.

In short, case-specific evidence of Zazzle's profits from products sold as a result of Defendants' breach of the License are relevant to damages, but Zazzle's overall financial condition and profitability are categorically inadmissible.

**B.    The Court Should Exclude Evidence of Nicky Laatz's Overall Financial Condition**

Defendants have similarly indicated their intention to introduce evidence of Ms. Laatz's overall financial condition and the total profits and revenues she has earned from her business. Specifically, Defendants have included on their exhibit list two separate copies of an article titled "How Nicky Laatz Designed Her Way to One Million Dollars" (Exs. 775 & 777), an email between Ms. Laatz and her husband summarizing her income for 2017-18 (Ex. 145), a financial planning document for the Laatz family regarding a house purchase budget (Ex. 146), a document titled "Laatz Family Budget for [Month] 2020" (Ex. 147), and an email to their accountant mentioning potential damages in relation to their annual income (Ex. 149).

For the same reasons that evidence of "the financial standing of the defendant is inadmissible as evidence in determining the amount of compensatory damages to be awarded," evidence of Ms. Laatz's financial standing and the financial status of her family must be excluded. *See Geddes*, 559 F.2d at 560. In fact, such evidence would be extremely prejudicial to Ms. Laatz, and is highly likely to mislead the jury, as it would suggest that the jury should consider her overall financial condition in assessing whether Defendants breached and how much would fairly compensate Ms. Laatz for the breach. Of course, that is exactly why Defendants are attempting to

get this evidence before the jury, and it would be improper.

The purpose of compensatory damages for a breach of contract claim is to ensure the non-breaching party "receive as nearly as possible the equivalent of the benefits of performance." *Copenbarger v. Morris Cerullo World Evangelism, Inc.*, 29 Cal. App. 5th 1, 9 (2018). Just as "the ability of a defendant to pay the necessary damages injects into the damage determination a foreign, diverting, and distracting issue which may effectuate a prejudicial result," the financial condition of Ms. Laatz and her family holds no weight as to the appropriate amount of damages that would compensate her for the harm from Defendants' breach.

Defendants have argued that Ms. Laatz impermissibly seeks a "windfall" in the amount of damages she seeks. Dkt. 457 at 12:17-20. But the financial condition of Ms. Laatz and her family is irrelevant to this analysis. Whether a plaintiff's breach-of-contract damages would constitute a "windfall" does not require analysis of the plaintiff's personal finances. Rather, the question of a "windfall" asks simply whether the damages being awarded are "disproportionate to the ***nature of [Defendants'] breach and its impact on [Ms. Laatz]***." *Watson Labs. Inc. v. Rhone-Poulenc Rorer, Inc.*, 2001 WL 1673258 at *3 (C.D. Cal. 2001.) The personal finances of Ms. Laatz and her family have no bearing on this analysis, and must be excluded under FRE 401, 402, and 403.

## IV.    RELIEF REQUESTED

For the foregoing reasons, the Court should exclude Trial Exs. 145, 146, 147, 149, 168, 178, 770, 775, and 777, and any testimony or argument as to Zazzle's or Ms. Laatz's overall financial condition.

DATED:  January 8, 2026

Respectfully submitted,

BARTKO PAVIA LLP

By:    _____*/s/ Patrick M. Ryan*_____
PATRICK M. RYAN
Attorneys for Plaintiff NICKY LAATZ

## [PROPOSED] ORDER

Defendants, their counsel, and their expert and lay witnesses shall not present any evidence or argument concerning Nicky Laatz's or Zazzle's overall financial condition, net worth, overall revenues, or overall profits, including Trial Exs. 145, 146, 147, 149, 168, 178, 770, 775, and 777.