PATRICK M. RYAN (SBN 203215)
  *pryan@bartkopavia.com*
STEPHEN C. STEINBERG (SBN 230656)
  *ssteinberg@bartkopavia.com*
CHAD E. DEVEAUX (SBN 215482)
  *cdeveaux@bartkopavia.com*
P. CASEY MATHEWS (SBN 311838)
  *cmathews@bartkopavia.com*
BARTKO PAVIA LLP
1100 Sansome Street
San Francisco, California 94111
Telephone:   (415) 956-1900
Facsimile:    (415) 956-1152

Attorneys for Plaintiff and Counter-Defendant
NICKY LAATZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| NICKY LAATZ,<br><br>          Plaintiff,<br><br>      v.<br><br>ZAZZLE, INC. and MOHAMED ALKHATIB,<br><br>          Defendants.<br><br>ZAZZLE, INC.,<br><br>          Counter-Claimant,<br><br>      v.<br><br>NICKY LAATZ,<br><br>          Counter-Defendant. | Case No. 5:22-cv-04844-BLF<br><br>**REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND**<br><br>Date:      January 22, 2026<br>Time:      1:30 pm<br><br><br>Trial Date:   February 17, 2026 |

Case No. 5:22-cv-04844-BLF

## I.   INTRODUCTION

Zazzle recasts Plaintiff Nicky Laatz's motion as an eleventh-hour effort to reverse the Court's *Daubert* ruling and invent a new contract and new theory. That is not what Ms. Laatz seeks. Ms. Laatz seeks leave to file a targeted Second Amended Complaint that (1) streamlines the operative pleading by omitting adjudicated claims, and (2) clarifies that Zazzle's taking additional seats by providing the Blooming Elegant Trio to more than one unique users is pleaded as an implied-in-fact contract theory. This claim is based on the same "one seat / unique user" facts alleged in the FAC and litigated throughout discovery and *Daubert*. (ECF 510.)

Prejudice is the "touchstone" under Rule 15 and "carries the greatest weight." (ECF 529 at 9:23-25.) But Zazzle identifies no concrete prejudice and admits the implied-in-fact theory rests on "no new facts." (*Id.* at 4:28-5:2.)

Ms. Laatz is not asking the Court to revisit its *Daubert* Order. She is responding to the Court's articulation of a pleading-label concern about whether the "additional seats" aspect of Ms. Laatz's contract theory must be expressly pleaded as a separate implied-in-fact contract claim, which was raised for the first time at the *Daubert* stage. Ms. Laatz moved promptly, first seeking clarification and then seeking leave to amend. (ECF Nos. 486, 491, 508, 510.)

## II.   ARGUMENT

**A.**      **Rule 16(b)(4): Good cause exists because Ms. Laatz acted diligently once the Court first raised the Pleading-Label Concern at the *Daubert* Stage**

      **1.**      **The "trigger" was the Court's pleading-label concern first raised at the *Daubert* stage—not in Rule 12 or summary judgment motion practice**

Rule 16's good-cause inquiry focuses on whether the schedule "cannot reasonably be met despite" the movant's diligence. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992).

As Ms. Laatz's Motion explained and Zazzle does not dispute, the FAC always pleaded the key licensing facts—that it was "one seat per license" and non-transferable, meaning each unique user required their own license—and pleaded breach based on Zazzle's providing access to users beyond the single seat and failing to pay the per-user/per-seat license price for each such user. (*See*

ECF 510 at 3–6; ECF 414 at 41.) No pleading-label concern was raised at the Rule 12 stage, during discovery when Ms. Laatz further articulated her theory, including in discovery disputes filed with the Court, nor in summary judgment motion practice.

What changed at the *Daubert* stage was not the factual theory. It was what amounted to a pleading-label concern raised by the Court as to whether the "additional seats" aspect of Ms. Laatz's contract theory must be expressly pleaded as an implied-in-fact contract claim separate from the existing breach of contract claim. (ECF 486 at 19–20; ECF 484 at 4:19–20.) Having litigated the facts concerning the additional seats and Zazzle's obligation to pay for each unique user on the merits, Zazzle cannot now recast the issue as a "tactical choice" that should have been made in early 2023.

Zazzle leans on cases disfavoring late new theories known since inception. But those cases do not apply where (as here) the theory and facts were already litigated throughout the case and the Court later raises what amounts to a pleading-label question in a ruling. (*See* Dkt. 510 at 7.)

**2.      Ms. Laatz acted promptly: clarification first (9 days), then amendment after**

Zazzle's "six-week delay" argument ignores the actual sequence and why it demonstrates diligence. Within nine days of the Court's *Daubert* Order, Ms. Laatz filed a motion for clarification and noted that she may seek leave to amend. (ECF 491 at 4–5; *see also* ECF 510.) After the Court ruled on clarification on December 16, 2025 (ECF 508), Ms. Laatz met and conferred with Zazzle on December 22, 2025 and then filed this motion. (ECF 510-1 ¶ 11.)

That is diligence. The clarification-first approach was reasonable and efficient: it sought to understand the Court's ruling before engaging in potentially unnecessary amendment proceedings. Nothing in Rule 16 requires a party to file an amendment motion simultaneously with a clarification motion—especially where the amendment sought is narrow and meant to align pleadings with the Court's expressed concern.

Zazzle's attempt to distinguish *Farnan* and *Conceptus* does not change the Rule 16 inquiry here: the question is practical diligence measured from when the need to amend became apparent, and Ms. Laatz moved promptly once the Court's concern became clear and was confirmed by the denial of clarification. (*See* ECF 510 at 6.)

**3.      The amendment will not require schedule or case-management changes.**

Even though diligence is the centerpiece, the absence of schedule disruption reinforces good cause. Ms. Laatz seeks to file a targeted SAC that removes adjudicated claims and adds an express implied-in-fact label contract label for an "additional seats" theory that was already litigated from the FAC through discovery. (ECF 510 at 5.)

Ms. Laatz is not seeking to reopen fact discovery, add new parties, introduce new operative facts, or expand expert discovery, nor does Zazzle identify any specific discovery that it claims to lack. Amending serves case-management and narrows the operative pleading.

**B.      Rule 15(a)(2): Leave should be freely given because the SAC narrows issues, is sought in good faith, is not futile, and causes no undue prejudice**

Rule 15 directs that leave should be freely given. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In the Ninth Circuit, that policy is applied "with extreme liberality," and prejudice is the most important factor. *Eminence Capital*, 316 F.3d at 1051–52.

**1.      No undue prejudice: the beach of implied-in-fact contract claim relies on the same facts already pleaded and litigated; Zazzle had notice and litigated the "additional seats/unique users" theory through the *Daubert* stage**

Zazzle's prejudice argument is conclusory and unsupported. Zazzle merely points to the case schedule and complains it lacked a chance to "develop evidence," but it identifies no specific discovery it needs—other than vague assertions that it would ask unspecified witnesses what the implied contract terms were. ECF 529 at 10:1-10. That is not prejudice. Implied-in-fact contracts turn on the parties' objective conduct, and here the SAC (like the FAC) alleges definite, known terms (one seat per unique user; $20 per additional seat) and Zazzle's conduct in providing access beyond the single seat. Moreover, Zazzle repeatedly admits the implied-in-fact theory rests on "no new facts" (ECF 529 at 4:28-5:2), and it litigated the per-seat license-fee construct throughout fact and expert discovery and *Daubert* motion practice. (ECF 486 at 16). Rule 8 requires fair notice, not "magic words." *Johnson v. City of Shelby*, 574 U.S. 10, 11–12 (2014).

**2.      Ms. Laatz is acting in good faith, and Zazzle's rhetoric is unjustified**

Zazzle's "bad faith" rhetoric rests on the same mischaracterization addressed above. Ms.

REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND

Laatz is not attempting to relitigate the *Daubert* motions. The SAC does what Rule 15 is for. It conforms the operative pleading to the facts litigated throughout the case and the issues that will be tried. And it addresses the Court's newly expressed concern about how the "additional seats" theory is pleaded, while also streamlining by omitting causes of action already adjudicated. To avoid any distraction, Ms. Laatz will remove the SAC's disgorgement allegation; Ms. Laatz respects the Court's *Daubert* ruling and does not seek disgorgement as a remedy through this amendment, but merely to preserve the issue for appeal.

Zazzle's cases (*Lockheed*, *Wave Loch*) involve amendments to evade pending dispositive motions. Here, by contrast, Ms. Laatz is responding to a completed *Daubert* ruling and the Court's expressed pleading concern, which is an appropriate litigation step, not bad faith nor "a failure of Ms. Laatz's duty of candor to the Court," as Zazzle baselessly argues. *See* ECF 529 at 8:28-9:1.

**3.      No undue delay (for the same reasons supporting Rule 16 diligence)**

Delay alone is insufficient to deny leave, and for the same reasons Ms. Laatz satisfies Rule 16's diligence requirement, there is no undue delay under Rule 15. Plaintiff moved promptly once the Court's concern became clear and was confirmed by clarification. ECF 486, 491, 508, 510.

**4.      The amendment is not futile: California law recognizes implied-in-fact contracts; the "same subject matter" bar does not defeat an implied-in-fact theory addressing additional seats beyond a one-seat license**

Zazzle's futility argument turns on the general rule that a plaintiff cannot recover on both an express and implied contract covering the same subject matter (*Berkla*, *Letizia*, *Cal. Medical Ass'n*, *O'Connor*). But that rule does not bar the proposed amendment for two independent reasons. First, Ms. Laatz's implied-in-fact contract theory addresses Zazzle's conduct of taking extra seats beyond the one seat it purchased in the express transaction. Second, even if Zazzle disputes the scope of the written license, Rule 8(d)(2) permits alternative pleading, and California law recognizes relief under an implied contract where its material terms do not conflict with an express contract. *See Santa Clara Waste Water Co. v. Allied World Nat'l Assurance Co.*, 18 Cal. App. 5th 881, 889 (2017); *Feldman v. Nassi*, 111 Cal. App. 3d 881, 884 (1980).

California law recognizes implied-in-fact contracts as "true contracts" inferred from

REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND

conduct, including where a party continues to accept a benefit after notice of offered terms, and where a party previously had an express contract covering the same services. *Desny v. Wilder*, 46 Cal. 2d 715, 739 (1956); *Arcade Cnty. Water Dist. v. Arcade Fire Dist.*, 6 Cal. App. 3d 232, 236 (Cal. Ct. App. 1970) ("a true contract despite the possible absence of a simultaneous 'meeting of the minds.'"). The SAC alleges that Zazzle purchased a one-seat license; knew additional unique users required additional licenses at the standard $20 fee; and nonetheless provided access beyond the purchased seat—constituting acceptance-by-conduct for additional seats on the known terms.

*Benson Electric* does not defeat, but confirms this theory. *Benson* holds that where a party requests or takes "extras" beyond an original contract, those extras may form separate implied agreements. *Benson Elec. Co. v. Hale Bros. Assocs.*, 246 Cal. App. 2d 686, 697 (1966). Here, the express license governs the one seat Defendants purchased; the implied-in-fact agreement arises from Zazzle's subsequent conduct of taking additional seats on the same known pricing terms.

Zazzle's cited cases are distinguishable. *Letizia* and *California Medical Ass'n* involved quasi-contract/unjust-enrichment theories where an express contract governed the exact same services; *O'Connor* involved attempts to imply obligations (tips) that conflicted with express terms that disclaimed reliance on advertising. *Letizia v. Facebook Inc.*, 267 F. Supp. 3d 1235, 1253–1254 (N.D. Cal. 2017); *California Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Cal., Inc.*, 94 Cal. App. 4th 151, 173 (2001); *O'Connor v. Uber Techs., Inc.*, 58 F. Supp. 3d 989, 1001 (N.D. Cal. 2014). None involved an implied-in-fact agreement where acceptance was created by conduct for additional consideration for "extras" beyond an express one-seat license.

*Berlanga*'s "indefiniteness" point conflates pleading with proof. *Berlanga v. Univ. of San Francisco*, 100 Cal. App. 5th 75, 82 (2024), *reh'g denied* (Mar. 15, 2024). At the pleading stage, Ms. Laatz need only allege definite terms—here, additional seats for additional unique users at the standard $20 license fee. Whether Ms. Laatz can prove those terms is for trial.

### III.    CONCLUSION

For the reasons above, Nicky Laatz respectfully requests that the Court (1) find good cause under Rule 16(b)(4) to permit the proposed narrow amendment, and (2) grant leave to file the Second Amended Complaint under Rule 15(a)(2).

DATED:  January 13, 2026

Respectfully submitted,

BARTKO PAVIA LLP

By: _____/s/ Patrick M. Ryan_____
PATRICK M. RYAN
Attorneys for Plaintiff and Counter-Defendant
NICKY LAATZ

6

Case No. 5:22-cv-04844-BLF

REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND